IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| JOHN COREY FRASER<br>on behalf of himself and all others similarly<br>situated as a Class;<br><br>*Plaintiff*,<br>v.<br><br>BUREAU OF ALCOHOL, TOBACCO,<br>FIREARMS, AND EXPLOSIVES, et al.,<br><br>*Defendants*. | Civil Action No.<br>3:22-cv-00410<br><br>Judge Robert E. Payne |

### MOTION OF GIFFORDS LAW CENTER
### TO PREVENT GUN VIOLENCE AND BRADY
### FOR LEAVE TO FILE AN *AMICUS CURIAE* BRIEF

Giffords Law Center to Prevent Gun Violence ("Giffords Law Center") and Brady (together, "*Amici*") state the following in support of their motion for leave to file an *amicus curiae* brief:

1. Giffords Law Center is a non-profit policy organization serving lawmakers, advocates, legal professionals, gun violence survivors, and others who seek to reduce gun violence and improve the safety of their communities.[1] The organization was founded more than a quarter-century ago following a gun massacre at a San Francisco law firm and was renamed Giffords Law Center in 2017 after joining forces with the gun-safety organization led by former Congresswoman Gabrielle Giffords. Today, through partnerships with gun violence researchers, public health experts, and community organizations, Giffords Law Center researches, drafts, and defends laws,

---

[1] Giffords Law Center's website, www.giffords.org/lawcenter, is the premier clearinghouse for comprehensive information about federal, state, and local firearms laws and Second Amendment litigation nationwide.

policies, and programs proven to effectively reduce gun violence. Together with its partner organization known simply as Giffords, Giffords Law Center also advocates for the interests of gun owners and law enforcement officials who understand that Second Amendment rights have always been consistent with gun safety legislation and community violence prevention strategies.

2. Giffords Law Center has contributed technical expertise and informed analysis as an *amicus* in numerous cases involving firearm regulations and constitutional principles affecting gun policy. *See, e.g.*, *District of Columbia* v. *Heller*, 554 U.S. 570 (2008); *McDonald* v. *City of Chicago*, 561 U.S. 742 (2010); *NYSRPA* v. *Bruen*, 142 S. Ct. 2111 (2022). Several courts have cited research and information from Giffords Law Center's *amicus* briefs in Second Amendment rulings. *See, e.g.*, *Ass'n of N.J. Rifle & Pistol Clubs* v. *Att'y Gen. N.J.*, 910 F.3d 106, 121-22 (3d Cir. 2018); *Hirschfeld* v. *BATFE*, 417 F. Supp. 3d 747, 754, 759 (W.D. Va. 2019); *Md. Shall Issue* v. *Hogan*, 353 F. Supp. 3d 400, 403-05 (D. Md. 2018); *Stimmel* v. *Sessions*, 879 F.3d 198, 204, 208, 210 (6th Cir. 2018); *Peruta* v. *County of San Diego*, 824 F.3d 919, 943 (9th Cir. 2016) (en banc) (Graber, J., concurring).[2]

3. Brady is the nation's most longstanding nonprofit, nonpartisan organization dedicated to reducing gun violence in America through education, legal advocacy, and political action. Brady has a substantial interest in ensuring that the Constitution is construed to protect Americans' fundamental right to live. Brady also has a substantial interest in protecting the authority of democratically elected officials to address the nation's gun violence epidemic. Brady works across Congress, courts, and communities, uniting gun owners and non-gun-owners alike, to take action to prevent gun violence.

---

[2] Giffords Law Center filed the last two referenced briefs under its former name, the Law Center to Prevent Gun Violence.

4. Brady has filed *amicus* briefs in many cases involving state and federal firearms legislation. *See, e.g.*, *NYSRPA* v. *Bruen*, 142 S. Ct. 2111 (2022); *District of Columbia* v. *Heller*, 554 U.S. 570 (2008); *Bauer* v. *Becerra*, 858 F.3d 1216 (9th Cir. 2017). Courts have cited Brady's research and expertise in rulings on firearms regulations, most recently in *National Association for Gun Rights, Inc.* v. *San Jose*, 2022 WL 3083715, at *9-11 & nn.4, 5 (N.D. Cal. Aug. 3, 2022). Further, Brady has previously filed *amicus* briefs supporting federal minimum-age laws in *Hirschfeld* v. *BATFE*, 14 F.4th 322 (4th Cir. 2021) and *NRA* v. *BATFE*, 700 F.3d 185 (5th Cir. 2012).

5. *Amici* have expertise with laws restricting firearm purchase by minors under the age of 21, and represent the interests of communities—particularly victims of gun violence—who benefit from those laws.[3] *Amici*'s proposed brief, attached to this Motion, identifies compelling social science demonstrating that 18-to-20-year-olds are more impulsive and emotionally volatile than older adults because their brains are still developing, and that this age cohort commits a disproportionate share of violent crimes and is at a high risk of suicide. This research shows that the laws challenged here are analogous to historical restrictions on 18-to-20-year-olds and other groups of individuals who present a heightened risk of violence. It also confirms that minimum-age laws promote public safety and save lives.

6. District courts possess "the inherent authority to appoint 'friends of the court' to assist in their proceedings." *Perry-Bey* v. *City of Norfolk, Virginia*, 2008 WL 11348007, at *2 (E.D. Va. Aug. 14, 2008) (quoting *In re Bayshore Ford Trucks Sales, Inc.*, 471 F.3d 1233, 1249

---

[3] *See, e.g.*, *Minimum Age to Purchase & Possess*, GIFFORDS LAW CENTER, https://lawcenter.giffords.org/gun-laws/policy-areas/who-can-have-a-gun/minimum-age/ (last visited Nov. 14, 2022).

n.34 (11th Cir. 2006)). In deciding whether to permit the filing of an *amicus* brief, this Court has broad discretion. *Id.*

7. The Court's discretion may be informed by Federal Rule of Appellate Procedure 29, which requires an explanation of "why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case." Fed. R. App. P. 29(a)(3)(B). The appellate rule allows prospective *amici curiae* to submit a proposed brief accompanied by a motion for leave to file up to "7 days after the . . . principal brief is filed." Fed. R. App. P. 29(a)(6).

8. *Amici curiae* with policy and social science expertise, like Giffords Law Center and Brady, often assist courts through so-called "Brandeis briefs," a "well-known technique for asking the court to take judicial notice of social facts," including empirical evidence. *McCleskey* v. *Kemp*, 753 F.2d 877, 888 (11th Cir. 1985) (internal quotation marks omitted), *aff'd*, 481 U.S. 279 (1987). *Amici*'s expertise in neuroscience and social science could be particularly helpful to the Court here by explaining the potential real-world consequences of the federal age-based restriction. *See Graham* v. *Florida*, 560 U.S. 48, 68 (2010) (citing Brandeis-style *amicus* briefs that described how "developments in psychology and brain science continue to show fundamental differences between juvenile and adult minds"). *Amici*'s proposed brief presents several publicly available social science studies, which the Court may properly consider at this stage of the proceedings. *See Papasan* v. *Allain*, 478 U.S. 265, 268 n.1 (1986) (at motion to dismiss stage, courts may consider "items in the public record").

9. *Amici*'s participation is desirable because they have substantial expertise with the minimum-age restriction at issue in this case, the legal framework applicable to Second Amendment challenges as presented in the Supreme Court's recent decision, *NYSRPA* v. *Bruen*, and the relevant social science evidence demonstrating the restriction's effectiveness. The

important constitutional principles at stake here are fundamental to *Amici*'s mission and critically important to their supporters. The proposed *amicus* brief can help the Court evaluate the parties' claims by presenting timely social science research that supports the federal restriction on 18-to-20-year-olds' ability to purchase handguns from a federally licensed firearms dealer.

<center>* * *</center>

For the foregoing reasons, *Amici* respectfully request that the Court grant their motion for leave to file an *amicus* brief.


Dated: November 15, 2022

Respectfully submitted,

/s/ *Alison Deich*
Alison Deich (Virginia State Bar No. 87452)
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Ave. NW, Fifth Floor
Washington, DC 20005
(202) 408-4600
ADeich@cohenmilstein.com

*Counsel of Record for* Amicus Curiae *Giffords Law Center to Prevent Gun Violence and Brady*

*Of Counsel for* Amicus Curiae *Giffords Law Center to Prevent Gun Violence:*

Esther Sanchez-Gomez
GIFFORDS LAW CENTER TO PREVENT GUN VIOLENCE
268 Bush St. # 555
San Francisco, CA 94104
(415) 433-2062

Robert A. Sacks
Leonid Traps
Sophie A. Kivett
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004-2498
(212) 558-4000

Elizabeth A. Rose
Madeline B. Jenks
SULLIVAN & CROMWELL LLP
1700 New York Avenue NW, Suite 700
Washington, DC 20006
(202) 956-7500

*Of Counsel for* Amicus Curiae *Brady:*

Shira Lauren Feldman
BRADY
840 First Street NE
Suite 400
Washington, DC 20002
(202) 370-8100