IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

JOHN COREY FRASER, on behalf of himself and all other similarly situated as a Class,

    *Plaintiff*,

  v.

BUREAU OF ALCOHOL, TOBACCO, FIREARMS, AND EXPLOSIVES et al.,

    *Defendants*.

Civil Action No.
3:22-cv-00410-REP

**MEMORANDUM OF LAW IN SUPPORT OF UNOPPOSED MOTION OF EVERYTOWN FOR GUN SAFETY FOR LEAVE TO APPEAR AS AMICUS CURIAE AND FILE AMICUS BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Lauren Cassady Andrews (Bar #92149)
KRAMER LEVIN NAFTALIS & FRANKEL LLP
2000 K Street NW, 4th Floor
Washington, DC 20006
Phone: (202) 775-4500
landrews@kramerlevin.com

*Counsel for Amicus Curiae*
*Everytown for Gun Safety*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................................... ii

INTEREST OF AMICUS CURIAE .......................................................................................... 1

ARGUMENT ............................................................................................................................. 2

CONCLUSION .......................................................................................................................... 4

## TABLE OF AUTHORITIES

**Cases**                                                                                        **Page(s)**

*Andersen v. Leavitt*,
    No. 2:03-cv-6115, 2007 WL 2343672 (E.D.N.Y. Aug. 13, 2007) ..........................................2, 4

*Ass'n of N.J. Rifle & Pistol Clubs, Inc. v. Att'y Gen. N.J.*,
    910 F.3d 106 (3d Cir. 2018)..............................................................................................................2

*FERC v. Powhatan Energy Fund, LLC*,
    No. 3:15-cv-00452, 2017 WL 11682615 (E.D. Va. Mar. 15, 2017)......................................2, 3

*New York State Rifle & Pistol Ass'n v. Bruen*,
    142 S. Ct. 2111 (2022)..................................................................................................................3

*Rehaif v. United States*,
    139 S. Ct. 2191 (2019) ................................................................................................................2

*Rupp v. Becerra*,
    401 F. Supp. 3d 978 (C.D. Cal. 2019), *vacated and remanded*, No. 19-56004,
    2022 WL 2382319 (9th Cir. June 28, 2022) ................................................................................2

*Tafas v. Dudas*,
    511 F. Supp. 2d 652 (E.D. Va. 2007) ..........................................................................................2

*Teter v. Connors*,
    460 F. Supp. 3d 989 (D. Haw. 2020), *appeal docketed*, No. 20-15948 (9th Cir.
    May 19, 2020)..............................................................................................................................2

**Rules**

Fed. R. App. P. 29....................................................................................................................................3

Everytown for Gun Safety (formally, Everytown for Gun Safety Action Fund; hereafter "Everytown") respectfully submits this memorandum of law in support of its motion for leave to appear as amicus curiae and file an amicus curiae brief in the above-captioned action in support of Defendants' motion to dismiss Plaintiff's complaint. Everytown's proposed amicus brief is attached as Exhibit A to this memorandum. Defendants consent to Everytown's motion for leave. Plaintiff has no objection to the motion.

## INTEREST OF AMICUS CURIAE

Everytown is the nation's largest gun-violence-prevention organization, with nearly ten million supporters across the country. Everytown was founded in 2014 as the combined effort of Mayors Against Illegal Guns, a national, bipartisan coalition of mayors combating illegal guns and gun trafficking, and Moms Demand Action for Gun Sense in America, an organization formed after a gunman murdered twenty children and six adults at an elementary school in Newtown, Connecticut. Everytown also includes a large network of gun-violence survivors who are empowered to share their stories and advocate for responsible gun laws, as well as a national movement of high school and college students working to end gun violence.

Over the past several years, Everytown has devoted substantial resources to researching and developing expertise in historical firearms legislation. Everytown has drawn on that expertise to file more than 50 amicus briefs in Second Amendment and other firearms cases, offering historical and doctrinal analysis, as well as social science and public policy research, that might otherwise be overlooked. *See, e.g.*, *Lara v. Comm'r Pa. State Police*, No. 21-1832 (3d Cir.), Dkts. 31, 61; *Hirschfeld v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, No. 19-2250 (4th Cir.), Dkts. 21, 90; *Angelo v. District of Columbia*, No. 1:22-cv-01878 (D.D.C.), Dkt. 23; *Worth v. Harrington*, No. 0:21-cv-01348 (D. Minn.), Dkt. 70.

Several courts have expressly relied on Everytown's amicus briefs in deciding Second Amendment and other firearms cases. *See Ass'n of N.J. Rifle & Pistol Clubs, Inc. v. Att'y Gen. N.J.*, 910 F.3d 106, 112 n.8 (3d Cir. 2018); *Rupp v. Becerra*, 401 F. Supp. 3d 978, 991-92, 992 n.11 (C.D. Cal. 2019), *vacated and remanded*, No. 19-56004, 2022 WL 2382319 (9th Cir. June 28, 2022); *Teter v. Connors*, 460 F. Supp. 3d 989, 1002-03 (D. Haw. 2020), *appeal docketed*, No. 20-15948 (9th Cir. May 19, 2020); *see also Rehaif v. United States*, 139 S. Ct. 2191, 2210-11, 2210 n.4, 2211 n.7 (2019) (Alito, J., dissenting).

## ARGUMENT

A district court "has broad discretion in deciding whether to allow a non-party to participate as an *amicus curiae*. Such non-party participants have been allowed at the trial level where they provide helpful analysis of the law, they have a special interest in the subject matter of the suit, or existing counsel is in need of assistance." *Tafas v. Dudas*, 511 F. Supp. 2d 652, 659 (E.D. Va. 2007) (internal quotation marks and citations omitted). Although "[a] motion for leave to file an amicus curiae brief ... should not be granted unless the court deems the proffered information timely and useful," courts have "accepted [amicus briefs] as timely even when filed on the eve of summary judgment motions." *Id.* at 659-60 (internal quotation marks omitted); *see also, e.g., FERC v. Powhatan Energy Fund, LLC*, No. 3:15-cv-00452, 2017 WL 11682615, at *2 (E.D. Va. Mar. 15, 2017) (granting leave to file amicus brief as "timely and useful," explaining that amici "clearly have a special interest in the subject matter of this suit," and that, even though amici "filed the Motion several months after briefing had been submitted to the Court, no opinion has been issued, and the matter is still pending"); *Andersen v. Leavitt*, No. 2:03-cv-6115, 2007 WL 2343672, at *2 (E.D.N.Y. Aug. 13, 2007) ("A court may grant leave to appear as an amicus if the information offered is timely and useful," and a "court is more likely to grant leave to appear as an amicus curiae in cases involving matters of public interest" (internal quotation marks omitted)).

2

As the nation's largest gun-violence-prevention organization, Everytown has a substantial interest in the subject matter of this suit—in particular, the proper interpretation and application of the Second Amendment to individuals under age 21. In addition, Everytown respectfully submits that the proposed amicus brief would offer helpful insight to the Court regarding certain methodological issues presented by Second Amendment cases in the wake of *New York State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022). *First*, Everytown's proposed brief explains that on the initial, textual inquiry of the *Bruen* framework, Plaintiff has the burden, and has not met that burden. *Second*, Everytown's proposed brief addresses an important question regarding historical analysis after *Bruen*—that is, whether the analysis should focus on the public understanding of the right to keep and bear arms in 1791, when the Second Amendment was ratified, or 1868, when the Fourteenth Amendment made it applicable to the states. *Bruen* identified, but did not resolve, that question. *See id.* at 2137-38. Everytown's proposed brief explains that 1868 is the correct focus, including for cases against the federal government. *Third*, Everytown's proposed brief explains that sources in the period after 1868 are also critical to the historical analysis. Everytown respectfully submits that the explication of these methodological issues in the attached amicus brief would assist the Court's decision-making. *Cf.* Order, *Goldstein v. Hochul*, No. 1:22-cv-08300 (S.D.N.Y. Oct. 19, 2022), Dkt. 44 (reasoned order granting Everytown's motion for leave to file amicus brief raising similar issues).

This motion is timely by analogy to the Federal Rules of Appellate Procedure. *See* Fed. R. App. P. 29(a)(6) ("An amicus curiae must file its brief, accompanied by a motion for filing when necessary, no later than 7 days after the principal brief of the party being supported is filed."). Everytown is filing this motion 7 days after Defendants filed their motion to dismiss. Accordingly, granting this motion would not cause any delays to the litigation. *See, e.g.*, *FERC*, 2017 WL

11682615, at *2 (granting leave to file amicus brief submitted over seven months after hearing held); *Andersen*, 2007 WL 2343672, at *5-6 (granting motion for leave to file amicus brief submitted five months after summary judgment was fully briefed, concluding that granting the motion "will not cause *unnecessary* delay").

## CONCLUSION

Everytown respectfully requests that this Court grant it leave to file the amicus curiae brief attached as Exhibit A hereto.

Respectfully submitted,

/s/ *Lauren C. Andrews*
Lauren Cassady Andrews (Bar #92149)
KRAMER LEVIN NAFTALIS & FRANKEL LLP
2000 K Street NW, 4th Floor
Washington, DC 20006
Phone: (202) 775-4500
landrews@kramerlevin.com

*Counsel for Amicus Curiae*
*Everytown for Gun Safety*

4

## CERTIFICATE OF SERVICE

I hereby certify that on November 15, 2022, I electronically filed the foregoing with the Clerk of the Court of the United States District Court for the Eastern District of Virginia by using the CM/ECF system. All participants will be served by the CM/ECF system.

/s/ *Lauren C. Andrews*
Lauren Cassady Andrews (Bar #92149)
KRAMER LEVIN NAFTALIS & FRANKEL LLP
2000 K Street NW, 4th Floor
Washington, DC 20006
Phone: (202) 775-4500
landrews@kramerlevin.com

*Counsel for Amicus Curiae*
*Everytown for Gun Safety*