IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JOHN COREY FRASER, on behalf
of himself and all others
similarly situated as a Class,

    Plaintiff,

v.                                            No. 3:22-cv-410

BUREAU OF ALCOHOL, TOBACCO,
FIREARMS AND EXPLOSIVES, ET AL.,

    Defendants.

**ORDER**

This matter is before the Court on DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT (ECF No. 21), MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT (ECF No. 22), PLAINTIFFS' RESPONSE IN OPPOSITION TO THE DEFENDANTS' MOTION TO DISMISS (ECF No. 27), PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT (ECF No. 28), DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS (ECF No. 29), DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT (ECF No. 30), and PLAINTIFFS' REPLY TO THE DEFENDANTS' RESPONSE IN OPPOSITION TO THEIR MOTION FOR SUMMARY JUDGMENT (ECF No. 31). Having heard oral argument in the perspective of the briefs, the Court is of the opinion that both parties, to some extent, have modified the positions taken in their briefing on important

questions and therefore the Court concludes that it will be in the interest of justice to have replacement briefs filed that more accurately reflect and develop the positions taken during oral argument. Without limiting what the parties may wish to address, it is ORDERED that the replacement briefs shall cover the following issues:

1) The briefing shall first consider whether the conduct in question falls under the "Second Amendment's plain text." N.Y. Rifle & Pistol Ass'n v. Bruen, 597 U.S. __ (2022) (slip op. at 8). The parties shall address the following questions:

(a) Do eighteen-to-twenty-year-olds fall within the definition of "the people" protected by the Second Amendment? Why or why not?

(b) Does the purchasing of handguns fall within the Second Amendment's protection of the right to "keep and bear" arms? Why or why not?

2) Regardless of the parties' arguments and conclusions in reference to the first question, the parties shall address whether "the regulation is consistent with this Nation's historical tradition of firearms regulation." Bruen, slip op. at 8. In answering this question, the parties shall organize their historical evidence in the following categories:

(a) Pre-1776;

(b) Revolution and Articles of Confederation (1776 to 1789);

(c) Early Republic (1789 to 1815);

(d) Antebellum (1815 to 1861);

(e) Civil War and Reconstruction (1861 to 1877); and

(f) Post-Reconstruction; and

3) The briefing shall also consider the legislative history surrounding the adoption of the regulations in question.

The briefing shall be filed according to the following schedule:

A) On March 8, 2023, the parties shall simultaneously file opening briefs; and

B) On March 15, 2023, the parties shall simultaneously file responses; and

C) The Court will notify the parties if further oral argument is necessary.

The parties shall also forthwith file the legislative history they provided to Chambers pursuant to ECF Nos. 33 and 35 as part of the record of this case.

It is SO ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: February 9, 2023