

Public Law 90-618
90th Congress, H. R. 17735
October 22, 1968

# An Act

To amend title 18, United States Code, to provide for better control of the interstate traffic in firearms.

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,* That this Act may be cited as the "Gun Control Act of 1968".

Gun Control
Act of 1968.

## TITLE I—STATE FIREARMS CONTROL ASSISTANCE

### PURPOSE

Sec. 101. The Congress hereby declares that the purpose of this title is to provide support to Federal, State, and local law enforcement officials in their fight against crime and violence, and it is not the purpose of this title to place any undue or unnecessary Federal restrictions or burdens on law-abiding citizens with respect to the acquisition, possession, or use of firearms appropriate to the purpose of hunting, trapshooting, target shooting, personal protection, or any other lawful activity, and that this title is not intended to discourage or eliminate the private ownership or use of firearms by law-abiding citizens for lawful purposes, or provide for the imposition by Federal regulations of any procedures or requirements other than those reasonably necessary to implement and effectuate the provisions of this title.

82 STAT. 1213
82 STAT. 1214

Sec. 102. Chapter 44 of title 18, United States Code, is amended to read as follows:

Ante, p. 226.

### "Chapter 44.—FIREARMS

"Sec.
"921. Definitions.
"922. Unlawful acts.
"923. Licensing.
"924. Penalties.
"925. Exceptions: Relief from disabilities.
"926. Rules and regulations.
"927. Effect on State law.
"928. Separability clause.

#### "§ 921. Definitions

"(a) As used in this chapter—

"(1) The term 'person' and the term 'whoever' include any individual, corporation, company, association, firm, partnership, society, or joint stock company.

"(2) The term 'interstate or foreign commerce' includes commerce between any place in a State and any place outside of that State, or within any possession of the United States (not including the Canal Zone) or the District of Columbia, but such term does not include commerce between places within the same State but through any place outside of that State. The term 'State' includes the District of Columbia, the Commonwealth of Puerto Rico, and the possessions of the United States (not including the Canal Zone).

"(3) The term 'firearm' means (A) any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive; (B) the frame or receiver of any such weapon; (C) any firearm muffler or firearm silencer; or (D) any destructive device. Such term does not include an antique firearm.

20-974(525) O - 68

Pub. Law 90-618        - 2 -        October 22, 1968

"(4) The term 'destructive device' means—
   "(A) any explosive, incendiary, or poison gas—
      "(i) bomb,
      "(ii) grenade,
      "(iii) rocket having a propellant charge of more than four ounces,
      "(iv) missile having an explosive or incendiary charge of more than one-quarter ounce,
      "(v) mine, or
      "(vi) device similar to any of the devices described in the preceding clauses;

<span style="float:left">82 STAT. 1214</span>
<span style="float:left">82 STAT. 1215</span>

   "(B) any type of weapon (other than a shotgun or a shotgun shell which the Secretary finds is generally recognized as particularly suitable for sporting purposes) by whatever name known which will, or which may be readily converted to, expel a projectile by the action of an explosive or other propellant, and which has any barrel with a bore of more than one-half inch in diameter; and
   "(C) any combination of parts either designed or intended for use in converting any device into any destructive device described in subparagraph (A) or (B) and from which a destructive device may be readily assembled.
The term 'destructive device' shall not include any device which is neither designed nor redesigned for use as a weapon; any device, although originally designed for use as a weapon, which is redesigned for use as a signaling, pyrotechnic, line throwing, safety, or similar device; surplus ordnance sold, loaned, or given by the Secretary of the Army pursuant to the provisions of section 4684(2), 4685, or 4686 of

<span style="float:left">70A Stat. 263.</span>

title 10; or any other device which the Secretary of the Treasury finds is not likely to be used as a weapon, is an antique, or is a rifle which the owner intends to use solely for sporting purposes.
   "(5) The term 'shotgun' means a weapon designed or redesigned, made or remade, and intended to be fired from the shoulder and designed or redesigned and made or remade to use the energy of the explosive in a fixed shotgun shell to fire through a smooth bore either a number of ball shot or a single projectile for each single pull of the trigger.
   "(6) The term 'short-barreled shotgun' means a shotgun having one or more barrels less than eighteen inches in length and any weapon made from a shotgun (whether by alteration, modification, or otherwise) if such weapon as modified has an overall length of less than twenty-six inches.
   "(7) The term 'rifle' means a weapon designed or redesigned, made or remade, and intended to be fired from the shoulder and designed or redesigned and made or remade to use the energy of the explosive in a fixed metallic cartridge to fire only a single projectile through a rifled bore for each single pull of the trigger.
   "(8) The term 'short-barreled rifle' means a rifle having one or more barrels less than sixteen inches in length and any weapon made from a rifle (whether by alteration, modification, or otherwise) if such weapon, as modified, has an overall length of less than twenty-six inches.
   "(9) The term 'importer' means any person engaged in the business of importing or bringing firearms or ammunition into the United States for purposes of sale or distribution; and the term 'licensed importer' means any such person licensed under the provisions of this chapter.
   "(10) The term 'manufacturer' means any person engaged in the manufacture of firearms or ammunition for purposes of sale or dis-

October 22, 1968        - 3 -        Pub. Law 90-618        82 STAT. 1216

tribution; and the term 'licensed manufacturer' means any such person licensed under the provisions of this chapter.

"(11) The term 'dealer' means (A) any person engaged in the business of selling firearms or ammunition at wholesale or retail, (B) any person engaged in the business of repairing firearms or of making or fitting special barrels, stocks, or trigger mechanisms to firearms, or (C) any person who is a pawnbroker. The term 'licensed dealer' means any dealer who is licensed under the provisions of this chapter.

"(12) The term 'pawnbroker' means any person whose business or occupation includes the taking or receiving, by way of pledge or pawn, of any firearm or ammunition as security for the payment or repayment of money.

"(13) The term 'collector' means any person who acquires, holds, or disposes of firearms or ammunition as curios or relics, as the Secretary shall by regulation define, and the term 'licensed collector' means any such person licensed under the provisions of this chapter.

"(14) The term 'indictment' includes an indictment or information in any court under which a crime punishable by imprisonment for a term exceeding one year may be prosecuted.

"(15) The term 'fugitive from justice' means any person who has fled from any State to avoid prosecution for a crime or to avoid giving testimony in any criminal proceeding.

"(16) The term 'antique firearm' means—

"(A) any firearm (including any firearm with a matchlock, flintlock, percussion cap, or similar type of ignition system) manufactured in or before 1898; and

"(B) any replica of any firearm described in subparagraph (A) if such replica—

"(i) is not designed or redesigned for using rimfire or conventional centerfire fixed ammunition, or

"(ii) uses rimfire or conventional centerfire fixed ammunition which is no longer manufactured in the United States and which is not readily available in the ordinary channels of commercial trade.

"(17) The term 'ammunition' means ammunition or cartridge cases, primers, bullets, or propellent powder designed for use in any firearm.

"(18) The term 'Secretary' or 'Secretary of the Treasury' means the Secretary of the Treasury or his delegate.

"(19) The term 'published ordinance' means a published law of any political subdivision of a State which the Secretary determines to be relevant to the enforcement of this chapter and which is contained on a list compiled by the Secretary, which list shall be published in the Federal Register, revised annually, and furnished to each licensee under this chapter.

Publication in Federal Register.

"(20) The term 'crime punishable by imprisonment for a term exceeding one year' shall not include (A) any Federal or State offenses pertaining to antitrust violations, unfair trade practices, restraints of trade, or other similar offenses relating to the regulation of business practices as the Secretary may by regulation designate, or (B) any State offense (other than one involving a firearm or explosive) classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of two years or less.

"(b) For the purposes of this chapter, a member of the Armed Forces on active duty is a resident of the State in which his permanent duty station is located.

## "§ 922. Unlawful acts

"(a) It shall be unlawful—

"(1) for any person, except a licensed importer, licensed manufacturer, or licensed dealer, to engage in the business of importing,

manufacturing, or dealing in firearms or ammunition, or in the course of such business to ship, transport, or receive any firearm or ammunition in interstate or foreign commerce;

"(2) for any importer, manufacturer, dealer, or collector licensed under the provisions of this chapter to ship or transport in interstate or foreign commerce any firearm or ammunition to any person other than a licensed importer, licensed manufacturer, licensed dealer, or licensed collector, except that—

"(A) this paragraph and subsection (b) (3) shall not be held to preclude a licensed importer, licensed manufacturer, licensed dealer, or licensed collector from returning a firearm or replacement firearm of the same kind and type to a person from whom it was received; and this paragraph shall not be held to preclude an individual from mailing a firearm owned in compliance with Federal, State, and local law to a licensed importer, licensed manufacturer, or licensed dealer for the sole purpose of repair or customizing;

"(B) this paragraph shall not be held to preclude a licensed importer, licensed manufacturer, or licensed dealer from depositing a firearm for conveyance in the mails to any officer, employee, agent, or watchman who, pursuant to the provisions of section 1715 of this title, is eligible to receive through the mails pistols, revolvers, and other firearms capable of being concealed on the person, for use in connection with his official duty; and

"(C) nothing in this paragraph shall be construed as applying in any manner in the District of Columbia, the Commonwealth of Puerto Rico, or any possession of the United States differently than it would apply if the District of Columbia, the Commonwealth of Puerto Rico, or the possession were in fact a State of the United States;

"(3) for any person, other than a licensed importer, licensed manufacturer, licensed dealer, or licensed collector to transport into or receive in the State where he resides (or if the person is a corporation or other business entity, the State where it maintains a place of business) any firearm purchased or otherwise obtained by such person outside that State, except that this paragraph (A) shall not preclude any person who lawfully acquires a firearm by bequest or intestate succession in a State other than his State of residence from transporting the firearm into or receiving it in that State, if it is lawful for such person to purchase or possess such firearm in that State, (B) shall not apply to the transportation or receipt of a rifle or shotgun obtained in conformity with the provisions of subsection (b) (3) of this section, and (C) shall not apply to the transportation of any firearm acquired in any State prior to the effective date of this chapter;

"(4) for any person, other than a licensed importer, licensed manufacturer, licensed dealer, or licensed collector, to transport in interstate or foreign commerce any destructive device, machinegun (as defined in section 5845 of the Internal Revenue Code of 1954), short-barreled shotgun, or short-barreled rifle, except as specifically authorized by the Secretary consistent with public safety and necessity;

"(5) for any person (other than a licensed importer, licensed manufacturer, licensed dealer, or licensed collector) to transfer, sell, trade, give, transport, or deliver any firearm to any person (other than a licensed importer, licensed manufacturer, licensed dealer, or licensed collector) who the transferor knows or has reasonable cause to believe resides in any State other than that in

62 Stat. 781;
63 Stat. 95.

Post, p. 1231.

October 22, 1968        - 5 -        Pub. Law 90-618    82 STAT. 1218

which the transferor resides (or other than that in which its place of business is located if the transferor is a corporation or other business entity); except that this paragraph shall not apply to (A) the transfer, transportation, or delivery of a firearm made to carry out a bequest of a firearm to, or an acquisition by intestate succession of a firearm by, a person who is permitted to acquire or possess a firearm under the laws of the State of his residence, and (B) the loan or rental of a firearm to any person for temporary use for lawful sporting purposes; and

"(6) for any person in connection with the acquisition or attempted acquisition of any firearm or ammunition from a licensed importer, licensed manufacturer, licensed dealer, or licensed collector, knowingly to make any false or fictitious oral or written statement or to furnish or exhibit any false, fictitious, or misrepresented identification, intended or likely to deceive such importer, manufacturer, dealer, or collector with respect to any fact material to the lawfulness of the sale or other disposition of such firearm or ammunition under the provisions of this chapter.

"(b) It shall be unlawful for any licensed importer, licensed manufacturer, licensed dealer, or licensed collector to sell or deliver—

"(1) any firearm or ammunition to any individual who the licensee knows or has reasonable cause to believe is less than eighteen years of age, and, if the firearm, or ammunition is other than a shotgun or rifle, or ammunition for a shotgun or rifle, to any individual who the licensee knows or has reasonable cause to believe is less than twenty-one years of age.

"(2) any firearm or ammunition to any person in any State where the purchase or possession by such person of such firearm or ammunition would be in violation of any State law or any published ordinance applicable at the place of sale, delivery or other disposition, unless the licensee knows or has reasonable cause to believe that the purchase or possession would not be in violation of such State law or such published ordinance;

"(3) any firearm to any person who the licensee knows or has reasonable cause to believe does not reside in (or if the person is a corporation or other business entity, does not maintain a place of business in) the State in which the licensee's place of business is located, except that this paragraph (A) shall not apply to the sale or delivery of a rifle or shotgun to a resident of a State contiguous to the State in which the licensee's place of business is located if the purchaser's State of residence permits such sale or delivery by law, the sale fully complies with the legal conditions of sale in both such contiguous States, and the purchaser and the licensee have, prior to the sale, or delivery for sale, of the rifle or shotgun, complied with all of the requirements of section 922(c) applicable to intrastate transactions other than at the licensee's business premises, (B) shall not apply to the loan or rental of a firearm to any person for temporary use for lawful sporting purposes, and (C) shall not preclude any person who is participating in any organized rifle or shotgun match or contest, or is engaged in hunting, in a State other than his State of residence and whose rifle or shotgun has been lost or stolen or has become inoperative in such other State, from purchasing a rifle or shotgun in such other State from a licensed dealer if such person presents to such dealer a sworn statement (i) that his rifle or shotgun was lost or stolen or became inoperative while participating in such a match or contest, or while engaged in hunting, in such other State, and (ii) identifying the chief law enforcement officer of the locality in which such person resides, to whom such licensed dealer shall forward such statement by registered mail;

Pub. Law 90-618     - 6 -     October 22, 1968

82 STAT. 1219

Post, p. 1231.

"(4) to any person any destructive device, machinegun (as defined in section 5845 of the Internal Revenue Code of 1954), short-barreled shotgun, or short-barreled rifle, except as specifically authorized by the Secretary consistent with public safety and necessity; and

Recordkeeping.

"(5) any firearm or ammunition to any person unless the licensee notes in his records, required to be kept pursuant to section 923 of this chapter, the name, age, and place of residence of such person if the person is an individual, or the identity and principal and local places of business of such person if the person is a corporation or other business entity.

Paragraphs (1), (2), (3), and (4) of this subsection shall not apply to transactions between licensed importers, licensed manufacturers, licensed dealers, and licensed collectors. Paragraph (4) of this subsection shall not apply to a sale or delivery to any research organization designated by the Secretary.

"(c) In any case not otherwise prohibited by this chapter, a licensed importer, licensed manufacturer, or licensed dealer may sell a firearm to a person who does not appear in person at the licensee's business premises (other than another licensed importer, manufacturer, or dealer) only if—

"(1) the transferee submits to the transferor a sworn statement in the following form:

Ante, p. 1214.

"'Subject to penalties provided by law, I swear that, in the case of any firearm other than a shotgun or a rifle, I am twenty-one years or more of age, or that, in the case of a shotgun or a rifle, I am eighteen years or more of age; that I am not prohibited by the provisions of chapter 44 of title 18, United States Code, from receiving a firearm in interstate or foreign commerce; and that my receipt of this firearm will not be in violation of any statute of the State and published ordinance applicable to the locality in which I reside. Further, the true title, name, and address of the principal law enforcement officer of the locality to which the firearm will be delivered are _____

_____
Signature _____ Date _____?

and containing blank spaces for the attachment of a true copy of any permit or other information required pursuant to such statute or published ordinance;

"(2) the transferor has, prior to the shipment or delivery of the firearm, forwarded by registered or certified mail (return receipt requested) a copy of the sworn statement, together with a description of the firearm, in a form prescribed by the Secretary, to the chief law enforcement officer of the transferee's place of residence, and has received a return receipt evidencing delivery of the statement or has had the statement returned due to the refusal of the named addressee to accept such letter in accordance with United States Post Office Department regulations; and

"(3) the transferor has delayed shipment or delivery for a period of at least seven days following receipt of the notification of the acceptance or refusal of delivery of the statement.

Recordkeeping.

A copy of the sworn statement and a copy of the notification to the local law enforcement officer, together with evidence of receipt or rejection of that notification shall be retained by the licensee as a part of the records required to be kept under section 923(g).

October 22, 1968      - 7 -      Pub. Law 90-618

82 STAT. 1220

"(d) It shall be unlawful for any licensed importer, licensed manufacturer, licensed dealer, or licensed collector to sell or otherwise dispose of any firearm or ammunition to any person knowing or having reasonable cause to believe that such person—

"(1) is under indictment for, or has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;

"(2) is a fugitive from justice;

"(3) is an unlawful user of or addicted to marihuana or any depressant or stimulant drug (as defined in section 201(v) of the Federal Food, Drug, and Cosmetic Act) or narcotic drug (as defined in section 4731(a) of the Internal Revenue Code of 1954) ; or

79 Stat. 227.
21 USC 321.
74 Stat. 57.
26 USC 4731.

"(4) has been adjudicated as a mental defective or has been committed to any mental institution.

This subsection shall not apply with respect to the sale or disposition of a firearm or ammunition to a licensed importer, licensed manufacturer, licensed dealer, or licensed collector who pursuant to subsection (b) of section 925 of this chapter is not precluded from dealing in firearms or ammunition, or to a person who has been granted relief from disabilities pursuant to subsection (c) of section 925 of this chapter.

"(e) It shall be unlawful for any person knowingly to deliver or cause to be delivered to any common or contract carrier for transportation or shipment in interstate or foreign commerce, to persons other than licensed importers, licensed manufacturers, licensed dealers, or licensed collectors, any package or other container in which there is any firearm or ammunition without written notice to the carrier that such firearm or ammunition is being transported or shipped; except that any passenger who owns or legally possesses a firearm or ammunition being transported aboard any common or contract carrier for movement with the passenger in interstate or foreign commerce may deliver said firearm or ammunition into the custody of the pilot, captain, conductor or operator of such common or contract carrier for the duration of the trip without violating any of the provisions of this chapter.

"(f) It shall be unlawful for any common or contract carrier to transport or deliver in interstate or foreign commerce any firearm or ammunition with knowledge or reasonable cause to believe that the shipment, transportation, or receipt thereof would be in violation of the provisions of this chapter.

"(g) It shall be unlawful for any person—

"(1) who is under indictment for, or who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;

"(2) who is a fugitive from justice;

"(3) who is an unlawful user of or addicted to marihuana or any depressant or stimulant drug (as defined in section 201(v) of the Federal Food, Drug, and Cosmetic Act) or narcotic drug (as defined in section 4731(a) of the Internal Revenue Code of 1954) ; or

"(4) who has been adjudicated as a mental defective or who has been committed to a mental institution;

to ship or transport any firearm or ammunition in interstate or foreign commerce.

"(h) It shall be unlawful for any person—

"(1) who is under indictment for, or who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;

"(2) who is a fugitive from justice;

Pub. Law 90-618      - 8 -      October 22, 1968

82 STAT. 1221

79 Stat. 227.
21 USC 321.
74 Stat. 57.
26 USC 4731.

"(3) who is an unlawful user of or addicted to marihuana or any depressant or stimulant drug (as defined in section 201(v) of the Federal Food, Drug, and Cosmetic Act) or narcotic drug (as defined in section 4731(a) of the Internal Revenue Code of 1954); or

"(4) who has been adjudicated as a mental defective or who has been committed to any mental institution;
to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

"(i) It shall be unlawful for any person to transport or ship in interstate or foreign commerce, any stolen firearm or stolen ammunition, knowing or having reasonable cause to believe that the firearm or ammunition was stolen.

"(j) It shall be unlawful for any person to receive, conceal, store, barter, sell, or dispose of any stolen firearm or stolen ammunition, or pledge or accept as security for a loan any stolen firearm or stolen ammunition, which is moving as, which is a part of, or which constitutes, interstate or foreign commerce, knowing or having reasonable cause to believe that the firearm or ammunition was stolen.

"(k) It shall be unlawful for any person knowingly to transport, ship, or receive, in interstate or foreign commerce, any firearm which has had the importer's or manufacturer's serial number removed, obliterated, or altered.

"(l) Except as provided in section 925(d) of this chapter, it shall be unlawful for any person knowingly to import or bring into the United States or any possession thereof any firearm or ammunition; and it shall be unlawful for any person knowingly to receive any firearm or ammunition which has been imported or brought into the United States or any possession thereof in violation of the provisions of this chapter.

Record-
keeping.

"(m) It shall be unlawful for any licensed importer, licensed manufacturer, licensed dealer, or licensed collector knowingly to make any false entry in, to fail to make appropriate entry in, or to fail to properly maintain, any record which he is required to keep pursuant to section 923 of this chapter or regulations promulgated thereunder.

"**§ 923. Licensing**

"(a) No person shall engage in business as a firearms or ammunition importer, manufacturer, or dealer until he has filed an application with, and received a license to do so from, the Secretary. The application shall be in such form and contain such information as the Secretary shall by regulation prescribe. Each applicant shall pay a fee for obtaining such a license, a separate fee being required for each place in which the applicant is to do business, as follows:

Fees.

"(1) If the applicant is a manufacturer—
"(A) of destructive devices or ammunition for destructive devices, a fee of $1,000 per year;
"(B) of firearms other than destructive devices, a fee of $50 per year; or
"(C) of ammunition for firearms other than destructive devices, a fee of $10 per year.
"(2) If the applicant is an importer—
"(A) of destructive devices or ammunition for destructive devices, a fee of $1,000 per year; or
"(B) of firearms other than destructive devices or ammunition for firearms other than destructive devices, a fee of $50 per year.
"(3) If the applicant is a dealer—
"(A) in destructive devices or ammunition for destructive devices, a fee of $1,000 per year;

82 STAT. 1222

"(B) who is a pawnbroker dealing in firearms other than destructive devices or ammunition for firearms other than destructive devices, a fee of $25 per year; or

"(C) who is not a dealer in destructive devices or a pawnbroker, a fee of $10 per year.

"(b) Any person desiring to be licensed as a collector shall file an application for such license with the Secretary. The application shall be in such form and contain such information as the Secretary shall by regulation prescribe. The fee for such license shall be $10 per year. Any license granted under this subsection shall only apply to transactions in curios and relics.

"(c) Upon the filing of a proper application and payment of the prescribed fee, the Secretary shall issue to a qualified applicant the appropriate license which, subject to the provisions of this chapter and other applicable provisions of law, shall entitle the licensee to transport, ship, and receive firearms and ammunition covered by such license in interstate or foreign commerce during the period stated in the license.

"(d)(1) Any application submitted under subsection (a) or (b) of this section shall be approved if— *Approval.*

"(A) the applicant is twenty-one years of age or over;

"(B) the applicant (including, in the case of a corporation, partnership, or association, any individual possessing, directly or indirectly, the power to direct or cause the direction of the management and policies of the corporation, partnership, or association) is not prohibited from transporting, shipping, or receiving firearms or ammunition in interstate or foreign commerce under section 922 (g) and (h) of this chapter;

"(C) the applicant has not willfully violated any of the provisions of this chapter or regulations issued thereunder;

"(D) the applicant has not willfully failed to disclose any material information required, or has not made any false statement as to any material fact, in connection with his application; and

"(E) the applicant has in a State (i) premises from which he conducts business subject to license under this chapter or from which he intends to conduct such business within a reasonable period of time, or (ii) in the case of a collector, premises from which he conducts his collecting subject to license under this chapter or from which he intends to conduct such collecting within a reasonable period of time.

"(2) The Seretary must approve or deny an application for a license within the forty-five-day period beginning on the date it is received. If the Secretary fails to act within such period, the applicant may file an action under section 1361 of title 28 to compel the Secretary to act. If the Secretary approves an applicant's application, such applicant shall be issued a license upon the payment of the prescribed fee. *76 Stat. 744.*

"(e) The Secretary may, after notice and opportunity for hearing, revoke any license issued under this section if the holder of such license has violated any provision of this chapter or any rule or regulation prescribed by the Secretary under this chapter. The Secretary's action under this subsection may be reviewed only as provided in subsection (f) of this section. *Revocation.*

"(f)(1) Any person whose application for a license is denied and any holder of a license which is revoked shall receive a written notice from the Secretary stating specifically the grounds upon which the application was denied or upon which the license was revoked. Any notice of a revocation of a license shall be given to the holder of such license before the effective date of the revocation. *Hearing.*

Pub. Law 90-618          - 10 -          October 22, 1968

82 STAT. 1223

"(2) If the Secretary denies an application for, or revokes, a license, he shall, upon request by the aggrieved party, promptly hold a hearing to review his denial or revocation. In the case of a revocation of a license, the Secretary shall upon the request of the holder of the license stay the effective date of the revocation. A hearing held under this paragraph shall be held at a location convenient to the aggrieved party.

Judicial review.

"(3) If after a hearing held under paragraph (2) the Secretary decides not to reverse his decision to deny an application or revoke a license, the Secretary shall give notice of his decision to the aggrieved party. The aggrieved party may at any time within sixty days after the date notice was given under this paragraph file a petition with the United States district court for the district in which he resides or has his principal place of business for a judicial review of such denial or revocation. In a proceeding conducted under this subsection, the court may consider any evidence submitted by the parties to the proceeding. If the court decides that the Secretary was not authorized to deny the application or to revoke the license, the court shall order the Secretary to take such action as may be necessary to comply with the judgment of the court.

Recordkeeping.

"(g) Each licensed importer, licensed manufacturer, licensed dealer, and licensed collector shall maintain such records of importation, production, shipment, receipt, sale, or other disposition, of firearms and ammunition at such place, for such period, and in such form as the Secretary may by regulations prescribe. Such importers, manufacturers, dealers, and collectors shall make such records available for inspection at all reasonable times, and shall submit to the Secretary such reports and information with respect to such records and the contents thereof as he shall by regulations prescribe. The Secretary may enter during business hours the premises (including places of storage) of any firearms or ammunition importer, manufacturer, dealer, or collector for the purpose of inspecting or examining (1) any records or documents required to be kept by such importer, manufacturer, dealer, or collector under the provisions of this chapter or regulations issued under this chapter, and (2) any firearms or ammunition kept or stored by such importer, manufacturer, dealer, or collector at such premises. Upon the request of any State or any political subdivision thereof, the Secretary may make available to such State or any political subdivision thereof, any information which he may obtain by reason of the provisions of this chapter with respect to the identification of persons within such State or political subdivision thereof, who have purchased or received firearms or ammunition, together with a description of such firearms or ammunition.

Posting of license.

"(h) Licenses issued under the provisions of subsection (c) of this section shall be kept posted and kept available for inspection on the premises covered by the license.

"(i) Licensed importers and licensed manufacturers shall identify, by means of a serial number engraved or cast on the receiver or frame of the weapon, in such manner as the Secretary shall by regulations prescribe, each firearm imported or manufactured by such importer or manufacturer.

Exemption.

"(j) This section shall not apply to anyone who engages only in hand loading, reloading, or custom loading ammunition for his own firearm, and who does not hand load, reload, or custom load ammunition for others.

## "§ 924. Penalties

"(a) Whoever violates any provision of this chapter or knowingly makes any false statement or representation with respect to the information required by the provisions of this chapter to be kept in the records of a person licensed under this chapter, or in applying for any

October 22, 1968        - 11 -        Pub. Law 90-618        82 STAT. 1224

license or exemption or relief from disability under the provisions of this chapter, shall be fined not more than $5,000, or imprisoned not more than five years, or both, and shall become eligible for parole as the Board of Parole shall determine.

"(b) Whoever, with intent to commit therewith an offense punishable by imprisonment for a term exceeding one year, or with knowledge or reasonable cause to believe that an offense punishable by imprisonment for a term exceeding one year is to be committed therewith, ships, transports, or receives a firearm or any ammunition in interstate or foreign commerce shall be fined not more than $10,000, or imprisoned not more than ten years, or both.

"(c) Whoever—

"(1) uses a firearm to commit any felony which may be prosecuted in a court of the United States, or

"(2) carries a firearm unlawfully during the commission of any felony which may be prosecuted in a court of the United States,

shall be sentenced to a term of imprisonment for not less than one year nor more than 10 years. In the case of his second or subsequent conviction under this subsection, such person shall be sentenced to a term of imprisonment for not less than five years nor more than 25 years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of such person or give him a probationary sentence.

"(d) Any firearm or ammunition involved in or used or intended to be used in, any violation of the provisions of this chapter or any rule or regulation promulgated thereunder, or any violation of any other criminal law of the United States, shall be subject to seizure and forfeiture and all provisions of the Internal Revenue Code of 1954 relating to the seizure, forfeiture, and disposition of firearms, as defined in section 5845(a) of that Code, shall, so far as applicable, _Post,_ p.1230. extend to seizures and forfeitures under the provisions of this chapter.

**"§ 925. Exceptions: Relief from disabilities**

"(a)(1) The provisions of this chapter shall not apply with respect to the transportation, shipment, receipt, or importation of any firearm or ammunition imported for, sold or shipped to, or issued for the use of, the United States or any department or agency thereof or any State or any department, agency, or political subdivision thereof.

"(2) The provisions of this chapter shall not apply with respect to (A) the shipment or receipt of firearms or ammunition when sold or issued by the Secretary of the Army pursuant to section 4308 of title 10, and (B) the transportation of any such firearm or ammunition 70A Stat. 236. carried out to enable a person, who lawfully received such firearm or ammunition from the Secretary of the Army, to engage in military training or in competitions.

"(3) Unless otherwise prohibited by this chapter or any other Federal law, a licensed importer, licensed manufacturer, or licensed dealer may ship to a member of the United States Armed Forces on active duty outside the United States or to clubs, recognized by the Department of Defense, whose entire membership is composed of such members, and such members or clubs may receive a firearm or ammunition determined by the Secretary of the Treasury to be generally recognized as particularly suitable for sporting purposes and intended for the personal use of such member or club.

"(4) When established to the satisfaction of the Secretary to be consistent with the provisions of this chapter and other applicable Federal and State laws and published ordinances, the Secretary may

authorize the transportation, shipment, receipt, or importation into the United States to the place of residence of any member of the United States Armed Forces who is on active duty outside the United States (or who has been on active duty outside the United States within the sixty day period immediately preceding the transportation, shipment, receipt, or importation), of any firearm or ammunition which is (A) determined by the Secretary to be generally recognized as particularly suitable for sporting purposes, or determined by the Department of Defense to be a type of firearm normally classified as a war souvenir, and (B) intended for the personal use of such member.

"United States."

"(5) For the purpose of paragraphs (3) and (4) of this subsection, the term 'United States' means each of the several States and the District of Columbia.

"(b) A licensed importer, licensed manufacturer, licensed dealer, or licensed collector who is indicted for a crime punishable by imprisonment for a term exceeding one year, may, notwithstanding any other provision of this chapter, continue operation pursuant to his existing license (if prior to the expiration of the term of the existing license timely application is made for a new license) during the term of such indictment and until any conviction pursuant to the indictment becomes final.

Post, p. 1227.

"(c) A person who has been convicted of a crime punishable by imprisonment for a term exceeding one year (other than a crime involving the use of a firearm or other weapon or a violation of this chapter or of the National Firearms Act) may make application to the Secretary for relief from the disabilities imposed by Federal laws with respect to the acquisition, receipt, transfer, shipment, or possession of firearms and incurred by reason of such conviction, and the Secretary may grant such relief if it is established to his satisfaction that the circumstances regarding the conviction, and the applicant's record and reputation, are such that the applicant will not be likely to act in a manner dangerous to public safety and that the granting of the relief would not be contrary to the public interest. A licensed importer, licensed manufacturer, licensed dealer, or licensed collector conducting operations under this chapter, who makes application for relief from the disabilities incurred under this chapter by reason of such a conviction, shall not be barred by such conviction from further operations under his license pending final action on an application for relief filed pursuant to this section. Whenever the Secretary grants relief to any person pursuant to this section he shall promptly publish in the Federal Register notice of such action, together with the reasons therefor.

Publication in Federal Register.

"(d) The Secretary may authorize a firearm or ammunition to be imported or brought into the United States or any possession thereof if the person importing or bringing in the firearm or ammunition establishes to the satisfaction of the Secretary that the firearm or ammunition—

"(1) is being imported or brought in for scientific or research purposes, or is for use in connection with competition or training pursuant to chapter 401 of title 10;

70A Stat. 234.
10 USC 4301-4313.
Post, p. 1231.

"(2) is an unserviceable firearm, other than a machinegun as defined in section 5845(b) of the Internal Revenue Code of 1954 (not readily restorable to firing condition), imported or brought in as a curio or museum piece;

"(3) is of a type that does not fall within the definition of a firearm as defined in section 5845(a) of the Internal Revenue Code of 1954 and is generally recognized as particularly suitable for or readily adaptable to sporting purposes, excluding surplus military firearms; or

"(4) was previously taken out of the United States or a possession by the person who is bringing in the firearm or ammunition. The Secretary may permit the conditional importation or bringing in of a firearm or ammunition for examination and testing in connection with the making of a determination as to whether the importation or bringing in of such firearm or ammunition will be allowed under this subsection.

## "§ 926. Rules and regulations

"The Secretary may prescribe such rules and regulations as he deems reasonably necessary to carry out the provisions of this chapter, including—

"(1) regulations providing that a person licensed under this chapter, when dealing with another person so licensed, shall provide such other licensed person a certified copy of this license; and

"(2) regulations providing for the issuance, at a reasonable cost, to a person licensed under this chapter, of certified copies of his license for use as provided under regulations issued under paragraph (1) of this subsection.

The Secretary shall give reasonable public notice, and afford to interested parties opportunity for hearing, prior to prescribing such rules and regulations.

## "§ 927. Effect on State law

"No provision of this chapter shall be construed as indicating an intent on the part of the Congress to occupy the field in which such provision operates to the exclusion of the law of any State on the same subject matter, unless there is a direct and positive conflict between such provision and the law of the State so that the two cannot be reconciled or consistently stand together.

## "§ 928. Separability

"If any provision of this chapter or the application thereof to any person or circumstance is held invalid, the remainder of the chapter and the application of such provision to other persons not similarly situated or to other circumstances shall not be affected thereby."

SEC. 103. The administration and enforcement of the amendment made by this title shall be vested in the Secretary of the Treasury.

SEC. 104. Nothing in this title or the amendment made thereby shall be construed as modifying or affecting any provision of—

(a) the National Firearms Act (chapter 53 of the Internal Revenue Code of 1954) ; *Post*, p. 1227.

(b) section 414 of the Mutual Security Act of 1954 (22 U.S.C. 1934), as amended, relating to munitions control; or 68 Stat. 848.
62 Stat. 781;

(c) section 1715 of title 18, United States Code, relating to non-mailable firearms. 63 Stat. 95.
Effective

SEC. 105. (a) Except as provided in subsection (b), the provisions dates.
of chapter 44 of title 18, United States Code, as amended by section 102 of this title, shall take effect on December 16, 1968.

(b) The following sections of chapter 44 of title 18, United States Code, as amended by section 102 of this title shall take effect on the date of the enactment of this title: Sections 921, 922(1), 925(a)(1), and 925(d).

82 STAT. 1227

## TITLE II—MACHINE GUNS, DESTRUCTIVE DEVICES, AND CERTAIN OTHER FIREARMS

National Fire-
arms Act Amend-
ments of 1968.
68A Stat. 721.
72 Stat. 1428.
26 USC 5801-
5862.

SEC. 201. Chapter 53 of the Internal Revenue Code of 1954 is amended to read as follows:

# "CHAPTER 53—MACHINE GUNS, DESTRUCTIVE DEVICES, AND CERTAIN OTHER FIREARMS

"Subchapter A. Taxes.
"Subchapter B. General provisions and exemptions.
"Subchapter C. Prohibited acts.
"Subchapter D. Penalties and forfeitures.

## "Subchapter A—Taxes

"Part   I. Special (occupational) taxes.
"Part  II. Tax on transferring firearms.
"Part III. Tax on making firearms.

### "PART I—SPECIAL (OCCUPATIONAL) TAXES

"Sec. 5801. Tax.
"Sec. 5802. Registration of importers, manufacturers, and dealers.

**"SEC. 5801. TAX.**

"On first engaging in business and thereafter on or before the first day of July of each year, every importer, manufacturer, and dealer in firearms shall pay a special (occupational) tax for each place of business at the following rates:

"(1) IMPORTERS.—$500 a year or fraction thereof;
"(2) MANUFACTURERS.—$500 a year or fraction thereof;
"(3) DEALERS.—$200 a year or fraction thereof.

Except an importer, manufacturer, or dealer who imports, manufactures, or deals in only weapons classified as 'any other weapon' under section 5845 (e), shall pay a special (occupational) tax for each place of business at the following rates: Importers, $25 a year or fraction thereof; manufacturers, $25 a year or fraction thereof; dealers, $10 a year or fraction thereof.

**"SEC. 5802. REGISTRATION OF IMPORTERS, MANUFACTURERS, AND DEALERS.**

"On first engaging in business and thereafter on or before the first day of July of each year, each importer, manufacturer, and dealer in firearms shall register with the Secretary or his delegate in each internal revenue district in which such business is to be carried on, his name, including any trade name, and the address of each location in the district where he will conduct such business. Where there is a change during the taxable year in the location of, or the trade name used in, such business, the importer, manufacturer, or dealer shall file an application with the Secretary or his delegate to amend his registration. Firearms operations of an importer, manufacturer, or dealer may not be commenced at the new location or under a new trade name prior to approval by the Secretary or his delegate of the application.

## "PART II—TAX ON TRANSFERRING FIREARMS

"Sec. 5811. Transfer tax.
"Sec. 5812. Transfers.

**"SEC. 5811. TRANSFER TAX.**

"(a) RATE.—There shall be levied, collected, and paid on firearms transferred a tax at the rate of $200 for each firearm transferred, except, the transfer tax on any firearm classified as any other weapon under section 5845(e) shall be at the rate of $5 for each such firearm transferred.

"(b) BY WHOM PAID.—The tax imposed by subsection (a) of this section shall be paid by the transferor.

"(c) PAYMENT.—The tax imposed by subsection (a) of this section shall be payable by the appropriate stamps prescribed for payment by the Secretary or his delegate.

**"SEC. 5812. TRANSFERS.**

"(a) APPLICATION.—A firearm shall not be transferred unless (1) the transferor of the firearm has filed with the Secretary or his delegate a written application, in duplicate, for the transfer and registration of the firearm to the transferee on the application form prescribed by the Secretary or his delegate; (2) any tax payable on the transfer is paid as evidenced by the proper stamp affixed to the original application form; (3) the transferee is identified in the application form in such manner as the Secretary or his delegate may by regulations prescribe, except that, if such person is an individual, the identification must include his fingerprints and his photograph; (4) the transferor of the firearm is identified in the application form in such manner as the Secretary or his delegate may by regulations prescribe; (5) the firearm is identified in the application form in such manner as the Secretary or his delegate may by regulations prescribe; and (6) the application form shows that the Secretary or his delegate has approved the transfer and the registration of the firearm to the transferee. Applications shall be denied if the transfer, receipt, or possession of the firearm would place the transferee in violation of law.

"(b) TRANSFER OF POSSESSION.—The transferee of a firearm shall not take possession of the firearm unless the Secretary or his delegate has approved the transfer and registration of the firearm to the transferee as required by subsection (a) of this section.

## "PART III—TAX ON MAKING FIREARMS

"Sec. 5821. Making tax.
"Sec. 5822. Making.

**"SEC. 5821. MAKING TAX.**

"(a) RATE.—There shall be levied, collected, and paid upon the making of a firearm a tax at the rate of $200 for each firearm made.

"(b) BY WHOM PAID.—The tax imposed by subsection (a) of this section shall be paid by the person making the firearm.

"(c) PAYMENT.—The tax imposed by subsection (a) of this section shall be payable by the stamp prescribed for payment by the Secretary or his delegate.

**"SEC. 5822. MAKING.**

"No person shall make a firearm unless he has (a) filed with the Secretary or his delegate a written application, in duplicate, to make and register the firearm on the form prescribed by the Secretary or his delegate; (b) paid any tax payable on the making and such payment is evidenced by the proper stamp affixed to the original application form; (c) identified the firearm to be made in the application form

Pub. Law 90-618        - 16 -        October 22, 1968

82 STAT. 1229

in such manner as the Secretary or his delegate may by regulations prescribe; (d) identified himself in the application form in such manner as the Secretary or his delegate may by regulations prescribe, except that, if such person is an individual, the identification must include his fingerprints and his photograph; and (e) obtained the approval of the Secretary or his delegate to make and register the firearm and the application form shows such approval. Applications shall be denied if the making or possession of the firearm would place the person making the firearm in violation of law.

## "Subchapter B—General Provisions and Exemptions

"Part I. General provisions.
"Part II. Exemptions.

### "PART I—GENERAL PROVISIONS

"Sec. 5841. Registration of firearms.
"Sec. 5842. Identification of firearms.
"Sec. 5843. Records and returns.
"Sec. 5844. Importation.
"Sec. 5845. Definitions.
"Sec. 5846. Other laws applicable.
"Sec. 5847. Effect on other law.
"Sec. 5848. Restrictive use of information.
"Sec. 5849. Citation of chapter.

"SEC. 5841. REGISTRATION OF FIREARMS.

National Firearms Registration and Transfer Record.

"(a) CENTRAL REGISTRY.   The Secretary or his delegate shall maintain a central registry of all firearms in the United States which are not in the possession or under the control of the United States. This registry shall be known as the National Firearms Registration and Transfer Record. The registry shall include—

"(1) identification of the firearm;

"(2) date of registration; and

"(3) identification and address of person entitled to possession of the firearm.

"(b) BY WHOM REGISTERED.—Each manufacturer, importer, and maker shall register each firearm he manufactures, imports, or makes. Each firearm transferred shall be registered to the transferee by the transferor.

"(c) HOW REGISTERED.—Each manufacturer shall notify the Secretary or his delegate of the manufacture of a firearm in such manner as may by regulations be prescribed and such notification shall effect the registration of the firearm required by this section. Each importer, maker, and transferor of a firearm shall, prior to importing, making, or transferring a firearm, obtain authorization in such manner as required by this chapter or regulations issued thereunder to import, make, or transfer the firearm, and such authorization shall effect the registration of the firearm required by this section.

"(d) FIREARMS REGISTERED ON EFFECTIVE DATE OF THIS ACT.—A person shown as possessing a firearm by the records maintained by the Secretary or his delegate pursuant to the National Firearms Act in force on the day immediately prior to the effective date of the National Firearms Act of 1968 shall be considered to have registered under this section the firearms in his possession which are disclosed by that record as being in his possession.

68A Stat. 721;
72 Stat. 1428.
26 USC 5801-5862.
Post, p. 1235.

"(e) PROOF OF REGISTRATION.—A person possessing a firearm registered as required by this section shall retain proof of registration which shall be made available to the Secretary or his delegate upon request.

**"SEC. 5842. IDENTIFICATION OF FIREARMS.** .

"(a) IDENTIFICATION OF FIREARMS OTHER THAN DESTRUCTIVE DEVICES.—Each manufacturer and importer and anyone making a firearm shall identify each firearm, other than a destructive device, manufactured, imported, or made by a serial number which may not be readily removed, obliterated, or altered, the name of the manufacturer, importer, or maker, and such other identification as the Secretary or his delegate may by regulations prescribe.

"(b) FIREARMS WITHOUT SERIAL NUMBER.—Any person who possesses a firearm, other than a destructive device, which does not bear the serial number and other information required by subsection (a) of this section shall identify the firearm with a serial number assigned by the Secretary or his delegate and any other information the Secretary or his delegate may by regulations prescribe.

"(c) IDENTIFICATION OF DESTRUCTIVE DEVICE.—Any firearm classified as a destructive device shall be identified in such manner as the Secretary or his delegate may by regulations prescribe.

**"SEC. 5843. RECORDS AND RETURNS.**

"Importers, manufacturers, and dealers shall keep such records of, and render such returns in relation to, the importation, manufacture, making, receipt, and sale, or other disposition, of firearms as the Secretary or his delegate may by regulations prescribe.

**"SEC. 5844. IMPORTATION.**

"No firearm shall be imported or brought into the United States or any territory under its control or jurisdiction unless the importer establishes, under regulations as may be prescribed by the Secretary or his delegate, that the firearm to be imported or brought in is—

"(1) being imported or brought in for the use of the United States or any department, independent establishment, or agency thereof or any State or possession or any political subdivision thereof; or

"(2) being imported or brought in for scientific or research purposes; or

"(3) being imported or brought in solely for testing or use as a model by a registered manufacturer or solely for use as a sample by a registered importer or registered dealer;

except that, the Secretary or his delegate may permit the conditional importation or bringing in of a firearm for examination and testing in connection with classifying the firearm.

**"SEC. 5845. DEFINITIONS.**

"For the purpose of this chapter—

"(a) FIREARM.—The term 'firearm' means (1) a shotgun having a barrel or barrels of less than 18 inches in length; (2) a weapon made from a shotgun if such weapon as modified has an overall length of less than 26 inches or a barrel or barrels of less than 18 inches in length; (3) a rifle having a barrel or barrels of less than 16 inches in length; (4) a weapon made from a rifle if such weapon as modified has an overall length of less than 26 inches or a barrel or barrels of less than 16 inches in length; (5) any other weapon, as defined in subsection (e); (6) a machinegun; (7) a muffler or a silencer for any firearm whether or not such firearm is included within this definition; and (8) a destructive device. The term 'firearm' shall not include an antique firearm or any device (other than a machinegun or destructive device) which, although designed as a weapon, the Secretary or his delegate finds by reason of the date of its manufacture, value, design, and other characteristics is primarily a collector's item and is not likely to be used as a weapon.

Pub. Law 90-618      - 18 -      October 22, 1968

"(b) MACHINEGUN.—The term 'machinegun' means any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger. The term shall also include the frame or receiver of any such weapon, any combination of parts designed and intended for use in converting a weapon into a machinegun, and any combination of parts from which a machinegun can be assembled if such parts are in the possession or under the control of a person.

"(c) RIFLE.—The term 'rifle' means a weapon designed or redesigned, made or remade, and intended to be fired from the shoulder and designed or redesigned and made or remade to use the energy of the explosive in a fixed cartridge to fire only a single projectile through a rifled bore for each single pull of the trigger, and shall include any such weapon which may be readily restored to fire a fixed cartridge.

"(d) SHOTGUN.—The term 'shotgun' means a weapon designed or redesigned, made or remade, and intended to be fired from the shoulder and designed or redesigned and made or remade to use the energy of the explosive in a fixed shotgun shell to fire through a smooth bore either a number of projectiles (ball shot) or a single projectile for each pull of the trigger, and shall include any such weapon which may be readily restored to fire a fixed shotgun shell.

"(e) ANY OTHER WEAPON.—The term 'any other weapon' means any weapon or device capable of being concealed on the person from which a shot can be discharged through the energy of an explosive, a pistol or revolver having a barrel with a smooth bore designed or redesigned to fire a fixed shotgun shell, weapons with combination shotgun and rifle barrels 12 inches or more, less than 18 inches in length, from which only a single discharge can be made from either barrel without manual reloading, and shall include any such weapon which may be readily restored to fire. Such term shall not include a pistol or a revolver having a rifled bore, or rifled bores, or weapons designed, made, or intended to be fired from the shoulder and not capable of firing fixed ammunition.

"(f) DESTRUCTIVE DEVICE.—The term 'destructive device' means (1) any explosive, incendiary, or poison gas (A) bomb, (B) grenade, (C) rocket having a propellent charge of more than four ounces, (D) missile having an explosive or incendiary charge of more than one-quarter ounce, (E) mine, or (F) similar device; (2) any type of weapon by whatever name known which will, or which may be readily converted to, expel a projectile by the action of an explosive or other propellant, the barrel or barrels of which have a bore of more than one-half inch in diameter, except a shotgun or shotgun shell which the Secretary or his delegate finds is generally recognized as particularly suitable for sporting purposes; and (3) any combination of parts either designed or intended for use in converting any device into a destructive device as defined in subparagraphs (1) and (2) and from which a destructive device may be readily assembled. The term 'destructive device' shall not include any device which is neither designed nor redesigned for use as a weapon; any device, although originally designed for use as a weapon, which is redesigned for use as a signaling, pyrotechnic, line throwing, safety, or similar device; surplus ordnance sold, loaned, or given by the Secretary of the Army pursuant to the provisions of section 4684(2), 4685, or 4686 of title 10 of the United States Code; or any other device which the Secretary of the Treasury or his delegate finds is not likely to be used as a weapon, or is an antique or is a rifle which the owner intends to use solely for sporting purposes.

70A Stat. 263.

"(g) ANTIQUE FIREARM.—The term 'antique firearm' means any firearm not designed or redesigned for using rim fire or conventional

center fire ignition with fixed ammunition and manufactured in or before 1898 (including any matchlock, flintlock, percussion cap, or similar type of ignition system or replica thereof, whether actually manufactured before or after the year 1898) and also any firearm using fixed ammunition manufactured in or before 1898, for which ammunition is no longer manufactured in the United States and is not readily available in the ordinary channels of commercial trade.

"(h) UNSERVICEABLE FIREARM.—The term 'unserviceable firearm' means a firearm which is incapable of discharging a shot by means of an explosive and incapable of being readily restored to a firing condition.

"(i) MAKE.—The term 'make', and the various derivatives of such word, shall include manufacturing (other than by one qualified to engage in such business under this chapter), putting together, altering, any combination of these, or otherwise producing a firearm.

"(j) TRANSFER.—The term 'transfer' and the various derivatives of such word, shall include selling, assigning, pledging, leasing, loaning, giving away, or otherwise disposing of.

"(k) DEALER.—The term 'dealer' means any person, not a manufacturer or importer, engaged in the business of selling, renting, leasing, or loaning firearms and shall include pawnbrokers who accept firearms as collateral for loans.

"(l) IMPORTER.—The term 'importer' means any person who is engaged in the business of importing or bringing firearms into the United States.

"(m) MANUFACTURER.—The term 'manufacturer' means any person who is engaged in the business of manufacturing firearms.

## "SEC. 5846. OTHER LAWS APPLICABLE.

"All provisions of law relating to special taxes imposed by chapter 51 and to engraving, issuance, sale, accountability, cancellation, and distribution of stamps for tax payment shall, insofar as not inconsistent with the provisions of this chapter, be applicable with respect to the taxes imposed by sections 5801, 5811, and 5821.

72 Stat. 1313.
26 USC 5001-
5692.
Post, p. 1235.

## "SEC. 5847. EFFECT ON OTHER LAWS.

"Nothing in this chapter shall be construed as modifying or affecting the requirements of section 414 of the Mutual Security Act of 1954, as amended, with respect to the manufacture, exportation, and importation of arms, ammunition, and implements of war.

68 Stat. 848.
22 USC 1934.

## "SEC. 5848. RESTRICTIVE USE OF INFORMATION.

"(a) GENERAL RULE.—No information or evidence obtained from an application, registration, or records required to be submitted or retained by a natural person in order to comply with any provision of this chapter or regulations issued thereunder, shall, except as provided in subsection (b) of this section, be used, directly or indirectly, as evidence against that person in a criminal proceeding with respect to a violation of law occurring prior to or concurrently with the filing of the application or registration, or the compiling of the records containing the information or evidence.

"(b) FURNISHING FALSE INFORMATION.—Subsection (a) of this section shall not preclude the use of any such information or evidence in a prosecution or other action under any applicable provision of law with respect to the furnishing of false information.

## "SEC. 5849. CITATION OF CHAPTER.

"This chapter may be cited as the 'National Firearms Act' and any reference in any other provision of law to the 'National Firearms Act' shall be held to refer to the provisions of this chapter.

## "PART II—EXEMPTIONS

"Sec. 5851. Special (occupational) tax exemption.
"Sec. 5852. General transfer and making exemption.
"Sec. 5853. Exemption from transfer and making tax available to
            certain governmental entities and officials.
"Sec. 5854. Exportation of firearms exempt from transfer tax.

"SEC. 5851. SPECIAL (OCCUPATIONAL) TAX EXEMPTION.

"(a) BUSINESS WITH UNITED STATES.—Any person required to pay special (occupational) tax under section 5801 shall be relieved from payment of that tax if he establishes to the satisfaction of the Secretary or his delegate that his business is conducted exclusively with, or on behalf of, the United States or any department, independent establishment, or agency thereof. The Secretary or his delegate may relieve any person manufacturing firearms for, or on behalf of, the United States from compliance with any provision of this chapter in the conduct of such business.

Renewal.

"(b) APPLICATION.—The exemption provided for in subsection (a) of this section may be obtained by filing with the Secretary or his delegate an application on such form and containing such information as may by regulations be prescribed. The exemptions must thereafter be renewed on or before July 1 of each year. Approval of the application by the Secretary or his delegate shall entitle the applicant to the exemptions stated on the approved application.

"SEC. 5852. GENERAL TRANSFER AND MAKING TAX EXEMPTION.

"(a) TRANSFER.—Any firearm may be transferred to the United States or any department, independent establishment, or agency thereof, without payment of the transfer tax imposed by section 5811.

"(b) MAKING BY A PERSON OTHER THAN A QUALIFIED MANUFACTURER.—Any firearm may be made by, or on behalf of, the United States, or any department, independent establishment, or agency thereof, without payment of the making tax imposed by section 5821.

"(c) MAKING BY A QUALIFIED MANUFACTURER.—A manufacturer qualified under this chapter to engage in such business may make the type of firearm which he is qualified to manufacture without payment of the making tax imposed by section 5821.

"(d) TRANSFERS BETWEEN SPECIAL (OCCUPATIONAL) TAXPAYERS.—A firearm registered to a person qualified under this chapter to engage in business as an importer, manufacturer, or dealer may be transferred by that person without payment of the transfer tax imposed by section 5811 to any other person qualified under this chapter to manufacture, import, or deal in that type of firearm.

"(e) UNSERVICEABLE FIREARM.—An unserviceable firearm may be transferred as a curio or ornament without payment of the transfer tax imposed by section 5811, under such requirements as the Secretary or his delegate may by regulations prescribe.

"(f) RIGHT TO EXEMPTION.—No firearm may be transferred or made exempt from tax under the provisions of this section unless the transfer or making is performed pursuant to an application in such form and manner as the Secretary or his delegate may by regulations prescribe.

"SEC. 5853. TRANSFER AND MAKING TAX EXEMPTION AVAILABLE TO CERTAIN GOVERNMENTAL ENTITIES.

"(a) TRANSFER.—A firearm may be transferred without the payment of the transfer tax imposed by section 5811 to any State, possession of the United States, any political subdivision thereof, or any official police organization of such a government entity engaged in criminal investigations.

"(b) MAKING.—A firearm may be made without payment of the making tax imposed by section 5821 by, or on behalf of, any State, or

possession of the United States, any political subdivision thereof, or any official police organization of such a government entity engaged in criminal investigations.

"(c) RIGHT TO EXEMPTION.—No firearm may be transferred or made exempt from tax under this section unless the transfer or making is performed pursuant to an application in such form and manner as the Secretary or his delegate may by regulations prescribe.

"SEC. 5854. EXPORTATION OF FIREARMS EXEMPT FROM TRANSFER TAX.

"A firearm may be exported without payment of the transfer tax imposed under section 5811 provided that proof of the exportation is furnished in such form and manner as the Secretary or his delegate may by regulations prescribe.

## "Subchapter C—Prohibited Acts

"SEC. 5861. PROHIBITED ACTS.

"It shall be unlawful for any person—

"(a) to engage in business as a manufacturer or importer of, or dealer in, firearms without having paid the special (occupational) tax required by section 5801 for his business or having registered as required by section 5802; or

"(b) to receive or possess a firearm transferred to him in violation of the provisions of this chapter; or

"(c) to receive or possess a firearm made in violation of the provisions of this chapter; or

"(d) to receive or possess a firearm which is not registered to him in the National Firearms Registration and Transfer Record;    Ante, p.1229. or

"(e) to transfer a firearm in violation of the provisions of this chapter; or

"(f) to make a firearm in violation of the provisions of this chapter; or

"(g) to obliterate, remove, change, or alter the serial number or other identification of a firearm required by this chapter; or

"(h) to receive or possess a firearm having the serial number or other identification required by this chapter obliterated, removed, changed, or altered; or

"(i) to receive or possess a firearm which is not identified by a serial number as required by this chapter; or

"(j) to transport, deliver, or receive any firearm in interstate commerce which has not been registered as required by this chapter; or

"(k) to receive or possess a firearm which has been imported or brought into the United States in violation of section 5844; or

"(l) to make, or cause the making of, a false entry on any application, return, or record required by this chapter, knowing such entry to be false.

## "Subchapter D—Penalties and Forfeitures

"Sec. 5871. Penalties.
"Sec. 5872. Forfeitures.

"SEC. 5871. PENALTIES.

"Any person who violates or fails to comply with any provision of this chapter shall, upon conviction, be fined not more than $10,000, or be imprisoned not more than ten years, or both, and shall become eligible for parole as the Board of Parole shall determine.

**"SEC. 5872. FORFEITURES.**

"(a) LAWS APPLICABLE.—Any firearm involved in any violation of the provisions of this chapter shall be subject to seizure and forfeiture, and (except as provided in subsection (b)) all the provisions of internal revenue laws relating to searches, seizures, and forfeitures of unstamped articles are extended to and made to apply to the articles taxed under this chapter, and the persons to whom this chapter applies.

"(b) DISPOSAL.—In the case of the forfeiture of any firearm by reason of a violation of this chapter, no notice of public sale shall be required; no such firearm shall be sold at public sale; if such firearm is forfeited for a violation of this chapter and there is no remission or mitigation of forfeiture thereof, it shall be delivered by the Secretary or his delegate to the Administrator of General Services, General Services Administration, who may order such firearm destroyed or may sell it to any State, or possession, or political subdivision thereof, or at the request of the Secretary or his delegate, may authorize its retention for official use of the Treasury Department, or may transfer it without charge to any executive department or independent establishment of the Government for use by it."

<span style="float:left">Citation of<br>amendments.<br>Repeal.<br>68A Stat. 756.<br>26 USC 6107.</span>

SEC. 202. The amendments made by section 201 of this title shall be cited as the "National Firearms Act Amendments of 1968".

SEC. 203. (a) Section 6107 of the Internal Revenue Code of 1954 is repealed.

(b) The table of sections for subchapter B of chapter 61 of the Internal Revenue Code of 1954 is amended by striking out:

"Sec. 6107. List of special taxpayers for public inspection."

SEC. 204. Section 6806 of the Internal Revenue Code of 1954 is amended to read as follows:

**"SEC. 6806. OCCUPATIONAL TAX STAMPS.**

<span style="float:left">26 USC 4411-<br>4414, 4461-<br>4463, 5001-<br>5862.</span>

"Every person engaged in any business, avocation, or employment, who is thereby made liable to a special tax (other than a special tax under subchapter B of chapter 35, under subchapter B of chapter 36, or under subtitle E) shall place and keep conspicuously in his establishment or place of business all stamps denoting payment of such special tax."

SEC. 205. Section 7273 of the Internal Revenue Code of 1954 is amended to read as follows:

**"SEC. 7273. PENALTIES FOR OFFENSES RELATING TO SPECIAL TAXES.**

"Any person who shall fail to place and keep stamps denoting the payment of the special tax as provided in section 6806 shall be liable to a penalty (not less than $10) equal to the special tax for which his business rendered him liable, unless such failure is shown to be due to reasonable cause. If such failure to comply with section 6806 is through willful neglect or refusal, then the penalty shall be double the amount above prescribed."

<span style="float:left">Repeal.<br>72 Stat. 1413.</span>

SEC. 206. (a) Section 5692 of the Internal Revenue Code of 1954 is repealed.

(b) The table of sections for part V of subchapter J of chapter 51 of the Internal Revenue Code of 1954 is amended by striking out:

"Sec. 5692. Penalties relating to posting of special tax stamps."

<span style="float:left">Effective dates.</span>

SEC. 207. (a) Section 201 of this title shall take effect on the first day of the first month following the month in which it is enacted.

(b) Notwithstanding the provisions of subsection (a) or any other provision of law, any person possessing a firearm as defined in section 5845(a) of the Internal Revenue Code of 1954 (as amended by this title) which is not registered to him in the National Firearms Registra-

<span style="float:left">Ante, p. 1230.</span>

October 22, 1968      - 23 -      Pub. Law 90-618

82 STAT. 1236

tion and Transfer Record shall register each firearm so possessed with the Secretary of the Treasury or his delegate in such form and manner as the Secretary or his delegate may require within the thirty days immediately following the effective date of section 201 of this Act. Such registrations shall become a part of the National Firearms Registration and Transfer Record required to be maintained by section 5841 of the Internal Revenue Code of 1954 (as amended by this title). No information or evidence required to be submitted or retained by a natural person to register a firearm under this section shall be used, directly or indirectly, as evidence against such person in any criminal proceeding with respect to a prior or concurrent violation of law.

*Ante,* p. 1229.

(c) The amendments made by sections 202 through 206 of this title shall take effect on the date of enactment.

(d) The Secretary of the Treasury, after publication in the Federal Register of his intention to do so, is authorized to establish such periods of amnesty, not to exceed ninety days in the case of any single period, and immunity from liability during any such period, as the Secretary determines will contribute to the purposes of this title.

Publication in Federal Register.

### TITLE III—AMENDMENTS TO TITLE VII OF THE OMNIBUS CRIME CONTROL AND SAFE STREETS ACT OF 1968

SEC. 301. (a) Title VII of the Omnibus Crime Control and Safe Streets Act of 1968 (Public Law 90-351) is amended—

*Ante,* p. 236.

(1) by striking out "other than honorably discharged" in section 1201, and substituting therefor "discharged under dishonorable conditions"; and

(2) by striking out "other than honorable conditions" in subsections (a) (2) and (b) (2) of section 1202 and substituting therefor in each instance "dishonorable conditions".

(b) Section 1202(c) (2) of such title is amended to read as follows:

"(2) 'felony' means any offense punishable by imprisonment for a term exceeding one year, but does not include any offense (other than one involving a firearm or explosive) classified as a misdemeanor under the laws of a State and punishable by a term of imprisonment of two years or less;".

"Felony."

SEC. 302. The amendments made by paragraphs (1) and (2) of subsection (a) of section 301 shall take effect as of June 19, 1968.

Effective date.

Approved October 22, 1968.

---

LEGISLATIVE HISTORY:

HOUSE REPORTS: No. 1577 (Comm. on the Judiciary) and No. 1956 (Comm. of Conference).
SENATE REPORT No. 1501 accompanying S. 3633 (Comm. on the Judiciary).
CONGRESSIONAL RECORD, Vol. 114 (1968):
    July 17, 19, 23-25: Considered and passed House.
    Sept. 11-13, 16-18: Considered and passed Senate, amended, in lieu of S. 3633.
    Sept. 25: Considered in House.
    Oct.  9: Senate agreed to conference report.
    Oct. 10: House agreed to conference report.