# Rules and Regulations

## Title 26—INTERNAL REVENUE

### Chapter I—Internal Revenue Service, Department of the Treasury

SUBCHAPTER E—ALCOHOL, TOBACCO, AND OTHER EXCISE TAXES

### PART 178—COMMERCE IN FIREARMS AND AMMUNITION

On November 6, 1968, a notice of proposed rule making and hearing to issue 26 CFR Part 178, with respect to commerce in firearms and ammunition, was published in the FEDERAL REGISTER (33 F.R. 16285). In accordance with the notice, interested persons were afforded an opportunity to submit written comments or suggestions, or to be heard at a hearing held on November 21, 1968. After consideration of all written and oral comments, the regulations as published, including the correction published in the FEDERAL REGISTER (33 F.R. 16647) are hereby adopted, subject to the changes set forth below:

PARAGRAPH 1. § 178.1 is changed as follows:

(A) By striking in paragraph (a) "(82 Stat. 236)" and by inserting in lieu thereof "(82 Stat. 236; 18 U.S.C. Appendix)".

(B) By striking the word "of" after the word "business" in paragraph (b)(3) and inserting in lieu thereof the words "or activity by".

PAR. 2. Section 178.2 is changed by striking the word "traffic" and inserting in lieu thereof the word "commerce".

PAR. 3. Section 178.11 is changed as follows:

(A) The definition of "Ammunition" is changed by striking the period at the end thereof and inserting in lieu thereof "other than an antique firearm. The term shall not include (a) any shotgun shot or pellet not designed for use as the single, complete projectile load for one shotgun hull or casing, nor (b) any unloaded nonmetallic shotgun hull or casing not having a primer."

(B) The definition of "Antique firearm" is changed by striking the designations "(1)", "(2)", "(1)", "(i)", and "(ii)" and inserting in lieu thereof "(a)", "(b)", "paragraph (a)", "(1)", and "(2)", respectively.

(C) Immediately after the definition of "Business premises" there is inserted a new definition.

(D) The definition of "Crime punishable by imprisonment for a term exceeding 1 year" is revised to reflect editorial changes.

(E) The definition of "Customs officer" is changed.

(F) The definition of "Date of importation" is deleted.

(G) The definition of "Destructive device" is changed by striking the word "clauses" in paragraph (a)(6) and inserting in lieu thereof the words "subparagraphs of this definition"; and by inserting in paragraph (c) the word "paragraph" immediately before the designations "(a) or (b)".

(H) The definition of "Firearm frame or receiver" is changed by striking the word "breechlock" and inserting in lieu thereof the word "breechblock,".

(I) The definitions of "Licensed dealer", "Licensed importer", and "Licensed manufacturer" are changed by striking the words "Public Law 90-351" and inserting in lieu thereof the words "the Omnibus Crime Control and Safe Streets Act of 1968".

(J) The definition of "Replica", immediately following the definition of Regional Commissioner, is deleted.

(K) Immediately following the definition of "State" there is inserted a new definition.

PAR. 4. Section 178.23 is revised to provide clarifying changes.

PAR. 5. Section 178.26 is changed by striking the word "testing" in each place it appears and inserting in lieu thereof the word "evaluation".

PAR. 6. Section 178.27 is changed by striking from the second sentence thereof the words "to the Assistant Regional Commissioner for transmittal"; by striking from the fourth sentence thereof the words ", or to an officer designated by him,"; by striking from the fourth sentence the words "or testing." and by inserting in lieu thereof the words "and evaluation."; by striking from the fifth sentence the word "impractible" and the word "testing.", and inserting in lieu thereof the word "impracticable" and the word "evaluation.", respectively.

PAR. 7. Section 178.28 is changed as follows:

(A) The first sentence of paragraph (a) is changed to read as follows: "(a) The Assistant Regional Commissioner for the internal revenue region in which a person resides may authorize that person to transport in interstate or foreign commerce any destructive device, machine gun, short-barreled shotgun, or short-barreled rifle, if he finds that such transportation is reasonably necessary and is consistent with public safety and applicable State and local law."

(B) Paragraph (c) is changed.

PAR. 8. Section 178.30 is changed by inserting after the word "give" in the first sentence thereof a ",".

PAR. 9. Immediately after § 178.34 there is inserted a new § 178.35.

PAR. 10. Paragraph (b) of § 178.41 is revised to make editorial changes; paragraph (c) is redesignated as paragraph (d); and a new paragraph (c) is added.

PAR. 11. Section 178.43 is changed by adding a new sentence at the end thereof to read as follows: "However, the license fee submitted with an application for a license shall be refunded if that application is denied."

PAR. 12. Section 178.44 is changed by striking from the first sentence of paragraph (b) the words "engage in such activity" and inserting in lieu thereof the words "maintain his collection premises"; and by inserting in the second sentence of paragraph (c) the word "Firearms" immediately following the word "Federal".

PAR. 13. Section 178.46 is changed.

PAR. 14. Paragraphs (b)(6) and (c) of § 178.47 are changed.

PAR. 15. Section 178.48 is changed by striking the words ", and the copy thereof furnished with the license," from each place they appear; by striking the words "and the copy thereof" and ", and the copy thereof," from each place they appear; and by striking the word "may" in the last sentence of paragraph (b) and inserting in lieu thereof the word "shall".

PAR. 16. Section 178.52 is changed by revising the first sentence thereof to read: "A licensee may during the term of his current license remove his business or activity to a new location at which he intends regularly to carry on such business or activity, without procuring a new license."

PAR. 17. Immediately after § 178.58 there are inserted two new sections, §§ 178.59 and 178.60.

PAR. 18. The first sentence of § 178.78 is changed by striking the words "If, after" and inserting in lieu thereof the word "After".

PAR. 19. Section 178.81 is changed by striking the words "such as meets the needs of the parties:" and inserting in lieu thereof the words "at a location convenient to the aggrieved party:".

PAR. 20. The first sentence of § 178.82 is changed by adding a "," immediately following the words "has expired"; and by adding a proviso immediately following the words "licensee has passed" to read as follows: ": Provided, That under the condition of paragraph (a) of this section, the licensee has timely filed an application for the renewal of his license".

PAR. 21. Section 178.92 is changed (A) by striking the designation "(a)"; (B) by striking the designation "(b)" and inserting in lieu thereof the words "and by engraving, casting, stamping (impressing), or otherwise conspicuously placing or causing to be engraved, cast, stamped (impressed) or placed on the frame, receiver, or barrel thereof in a manner not susceptible of being readily obliterated, altered or removed,"; (C) by striking the designation ", (c)" and inserting in lieu thereof ";"; (D) by striking the words "guage, (d)" and inserting in lieu thereof the word "gauge;"; (E) by striking the designation ", (e)" and inserting in lieu thereof ";" and (F) by striking the words

", and (f)" and inserting in lieu thereof the word "; and".

PAR. 22. Section 178.93 is changed by striking the word "shipments" in paragraph (a) thereof and inserting in lieu thereof the word "shipment"; and by striking the text following "and (b)" and inserting in lieu thereof "any transaction with a nonlicensee involving any firearm or ammunition other than a curio or relic. (See also § 178.50.)"

PAR. 23. Section 178.94 is changed.

PAR. 24. Section 178.95 is changed as follows:

(A) by changing paragraph (b) thereof to read: "(b) Make a reproduction of his license, enter upon such reproduction the statement: 'I certify that this is a true copy of a license issued to me to engage in the business specified in Item 5,' and sign his name adjacent thereto, or"; and

(B) by striking the word "additional" in the first sentence of paragraph (c) thereof and inserting in lieu thereof the word "certified".

PAR. 25. Paragraphs (b), (c), and (d) of § 178.96 are changed.

PAR. 26. Sections 178.97 and 178.98 are changed.

PAR. 27. Paragraphs (a) and (c) of § 178.99 are changed.

PAR. 28. Section 178.100 is changed by adding the words "and ammunition" immediately following the word "firearms".

PAR. 29. Paragraph (b)(1) of § 178.111 is changed, and paragraph (c) is added.

PAR. 30. Section 178.112 is changed as follows:

(A) Paragraph (a) is changed by striking ") unless (1) if a firearm, it is identified as required by this part, and (2)" and by deleting "(3)" immediately following "ammunition, or".

(B) Paragraphs (b) and (d) are changed by striking "(if ammunition)" immediately following the word "size".

PAR. 31. Section 178.113 is changed as follows:

(A) Paragraph (b) is changed by deleting "(if ammunition)" immediately following the word "size" in subparagraph (2), by inserting the word "and" following existing text of subparagraph (5), by deleting all of subparagraph (6), and by renumbering subparagraph "(7)" as "(6)".

(B) Paragraph (c) is changed by revising the second sentence to read "In obtaining the release of the firearm or ammunition from Customs custody, the licensee importing same shall furnish a Form 6A (Firearms) to the Customs officer releasing the firearm or ammunition."

(C) Paragraphs (d) and (e) are deleted.

PAR. 32. Section 178.114 is changed by deleting paragraph (a); redesignating paragraphs (b) and (c) as paragraphs (a) and (b), respectively, and revising such redesignated paragraphs; and adding a new paragraph (c).

PAR. 33. Section 178.115 is changed by adding at the end of paragraph (a), "Registration on Customs Form 4457 or on any other registration document available for this purpose may be completed before departure from the United States at any U.S. customhouse or any office of an Assistant Regional Commissioner. A bill of sale or other commercial document showing transfer of the firearm or ammunition in the United States to such person also may be used to establish proof that the firearm or ammunition was taken out of the United States by such person. Firearms and ammunition furnished under the provisions of section 925(a)(3) of the Act to military members of the U.S. Armed Forces on active duty outside of the United States also may be imported into the United States or any possession thereof by such military members upon establishing to the satisfaction of Customs that such firearms and ammunition were so obtained."; and by adding a new paragraph (d).

PAR. 34. Section 178.116 is changed by adding, in the last sentence and immediately following the words "released from Customs custody" the words "upon the payment of customs duties, if applicable, and".

PAR. 35. A new section, § 178.117, is added immediately following § 178.116.

PAR. 36. Paragraph (a) of § 178.121 is changed.

PAR. 37. Paragraphs (a), (b), and (d) of §§ 178.122 and 178.123 are changed.

PAR. 38. Sections 178.124 and 178.125 are changed.

PAR. 39. Paragraph (b) of § 178.144 is changed by revising the last sentence to read "The application shall be filed, in triplicate, with the Assistant Regional Commissioner for the internal revenue region wherein the applicant resides."

PAR. 40. Section 178.166 is changed by striking "5848(a)" and by inserting in lieu thereof "5845(a)".

Because these regulations implement Title I, State Firearms Control Assistance (18 U.S.C., chapter 44) of the Gun Control Act of 1968 (82 Stat. 1213) which becomes effective December 16, 1968, it is found that it is impracticable and contrary to the public interest to publish these regulations subject to the effective date limitation of 5 U.S.C. 553(d). Accordingly, these regulations shall become effective on December 16, 1968.

SHELDON S. COHEN,
*Commissioner of Internal Revenue.*

Approved: December 12, 1968.

JAMES PONEROY HENDRICK,
*Special Assistant to the Secretary (for Enforcement).*

In order to implement the provisions of Title I, State Firearms Control Assistance (18, U.S.C., chapter 44), of the Gun Control Act of 1968 (82 Stat. 1213), and Title VII, Unlawful Possession or Receipt of Firearms (82 Stat. 236; 18 U.S.C., Appendix), of the Omnibus Crime Control and Safe Streets Act of 1968 (82 Stat. 197), as amended by Title III of the Gun Control Act of 1968 (82 Stat. 1236), the following regulations are hereby prescribed as Part 178 of Title 26 of the Code of Federal Regulations:

*Preamble.* 1. These regulations, 26 CFR Part 178, "Commerce in Firearms and Ammunition," supersede regulations 26 CFR Part 177 issued under the Federal Firearms Act (U.S.C., title 15, chapter 18).

2. These regulations shall not affect any act done or any liability or right accruing, or accrued, or any suit or proceeding had or commenced before the effective date of these regulations.

3. These regulations shall be effective on and after December 16, 1968.

## PART 178—COMMERCE IN FIREARMS AND AMMUNITION

### Subpart A—Introduction

Sec.
178.1   Scope of regulations.
178.2   Relation to other provisions of law.

### Subpart B—Definitions

178.11   Meaning of terms.

### Subpart C—Administrative and Miscellaneous Provisions

178.21   Forms prescribed.
178.22   Emergency variations from requirements.
178.23   Right of entry and examination.
178.24   Published ordinances.
178.25   Disclosure of information.
178.26   Curio and relic determination.
178.27   Destructive device determination.
178.28   Transportation of destructive devices and certain firearms.
178.29   Out-of-State acquisition of firearms by nonlicensees.
178.30   Out-of-State disposition of firearms by nonlicensees.
178.31   Delivery by common or contract carrier.
178.32   Prohibited shipment, transportation, or receipt of firearms and ammunition by certain persons.
178.33   Stolen firearms and ammunition.
178.34   Removed, obliterated, or altered serial number.
178.35   Skeet, trap, target, and similar shooting activities.

### Subpart D—Licenses

178.41   General.
178.42   License fees.
178.43   License fee not refundable.
178.44   Original license.
178.45   Renewal of license.
178.46   Procedure by District Director.
178.47   Issuance of license.
178.48   Correction of error on license.
178.49   Duration of license.
178.50   Locations covered by license.
178.51   License not transferable.
178.52   Change of address.
178.53   Change in trade name.
178.54   Change of control.
178.55   Continuing partnerships.
178.56   Right of succession by certain persons.
178.57   Discontinuance of business.
178.58   State or other law.
178.59   Abandoned application.
178.60   Certain continuances of business.

### Subpart E—License Proceedings

178.71   Denial of an application for license.
178.72   Hearing after application denial.
178.73   Notice of contemplated revocation.
178.74   Request for hearing after notice of contemplated revocation.
178.75   Hearing after notice of revocation.
178.76   Recommended decision of hearing examiner.
178.77   Certification and transmittal of record and recommended decision to Director.
178.78   Decision of Director.
178.79   Service on applicant or licensee.
178.80   Representation at a hearing.
178.81   Designated place of hearing.
178.82   Operations by licensees after notice.

**Subpart F—Conduct of Business**

Sec.
178.91  Posting of license.
178.92  Identification of firearms.
178.93  Authorized operations by a licensed collector.
178.94  Sales or deliveries between licensees.
178.95  Certified copy of license.
178.96  Out-of-State and mail order sales.
178.97  Loan or rental of firearms.
178.98  Sales or deliveries of destructive devices and certain firearms.
178.99  Certain prohibited sales or deliveries.
178.100 Record of transactions.

**Subpart G—Importation**

178.111 General.
178.112 Importation by a licensed importer.
178.113 Importation by other licensees.
178.114 Importation by members of the U.S. Armed Forces.
178.115 Exempt importation.
178.116 Conditional importation.
178.117 Function outside a customs territory.

**Subpart H—Records**

178.121 General.
178.122 Records maintained by importers.
178.123 Records maintained by manufacturers.
178.124 Firearms transaction record.
178.125 Record of receipt and disposition.
178.126 Furnishing transaction information.
178.127 Discontinuance of business.

**Subpart I—Exemptions**

178.141 General.
178.142 Effect of Presidential pardon.
178.143 Relief from disabilities incurred by indictment.
178.144 Relief from disabilities incurred by conviction.
178.145 Research organizations.
178.146 Deliveries by mail to certain persons.
178.147 Repair of firearm.
178.148 Ammunition loading for personal use.

**Subpart J—Penalties, Seizures, and Forfeitures**

178.161 False statement or representation.
178.162 Transportation or receipt to commit a crime.
178.163 Commission of a Federal crime.
178.164 Receipt, etc., of firearms by certain persons.
178.165 Receipt, etc., of firearms by certain employees.
178.166 Seizure and forfeiture.

**Subpart K—Exportation**

178.171 Exportation.

AUTHORITY: The provisions of this Part 178 issued under 82 Stat. 1213–1226, 18 U.S.C. 921–928, 82 Stat. 236, as amended, unless otherwise noted.

**Subpart A—Introduction**

§ 178.1  Scope of regulations.

(a) *In general.* The regulations contained in this part relate to commerce in firearms and ammunition and are promulgated to implement Title I, State Firearms Control Assistance (18 U.S.C. Chapter 44), of the Gun Control Act of 1968 (82 Stat. 1213), and Title VII, Unlawful Possession or Receipt of Firearms (82 Stat. 236; 18 U.S.C. Appendix) of the Omnibus Crime Control and Safe Streets Act of 1968 (82 Stat. 197) as amended by Title III of the Gun Control Act of 1968 (82 Stat. 1236).

(b) *Procedural and substantive requirements.* This part contains the procedural and substantive requirements relative to:

(1) The interstate or foreign commerce in firearms and ammunition;
(2) The licensing of manufacturers, importers, and collectors of, and dealers in, firearms and ammunition;
(3) The conduct of business or activity by licensees;
(4) The importation of firearms and ammunition;
(5) The records and reports required of licensees;
(6) Relief from disabilities under this part; and
(7) Exempt interstate and foreign commerce in firearms and ammunition.

(c) *Federal Firearms Act licenses.* This part fully applies to operations by persons licensed under the Federal Firearms Act and Part 177 of this chapter who are continuing their operations under such license pursuant to section 907 of the Omnibus Crime Control and Safe Streets Act of 1968 (82 Stat. 235). Any reference in this part to "license," "licensee," "licensed dealer," "licensed importer," "licensed manufacturer," etc., shall apply equally as the case may be to licenses and persons licensed under the Federal Firearms Act who are continuing operations pursuant to a license issued under that Act.

§ 178.2  Relation to other provisions of law.

The provisions in this part are in addition to, and are not in lieu of, any other provision of law, or regulations, respecting commerce in firearms or ammunition. For regulations applicable to traffic in machine guns, destructive devices, and certain other firearms, see Part 179 of this chapter. For statutes applicable to the registration and licensing of persons engaged in the business of manufacturing, importing or exporting arms, ammunition, or implements of war, see section 414 of the Mutual Security Act of 1954 (22 U.S.C. 1934), and regulations thereunder. For statutes applicable to nonmailable firearms, see 18 U.S.C. 1715 and regulations thereunder.

**Subpart B—Definitions**

§ 178.11  Meaning of terms.

When used in this part and in forms prescribed under this part, where not otherwise distinctly expressed or manifestly incompatible with the intent thereof, terms shall have the meanings ascribed in this section. Words in the plural form shall include the singular, and vice versa, and words importing the masculine gender shall include the feminine. The terms "includes" and "including" do not exclude other things not enumerated which are in the same general class or are otherwise within the scope thereof.

*Act.* Chapter 44 of title 18 of the United States Code.

*Ammunition.* Ammunition or cartridge cases, primers, bullets, or propellent powder designed for use in any firearm other than an antique firearm. The term shall not include (a) any shotgun shot or pellet not designed for use as the single, complete projectile load for one shotgun hull or casing, nor (b) any unloaded, non-metallic shotgun hull or casing not having a primer.

*Antique firearm.* (a) Any firearm (including any firearm with a matchlock, flintlock, percussion cap, or similar type of ignition system) manufactured in or before 1898; and (b) any replica of any firearm described in paragraph (a) of this definition if such replica (1) is not designed or redesigned for using rimfire or conventional centerfire fixed ammunition, or (2) uses rimfire or conventional centerfire fixed ammunition which is no longer manufactured in the United States and which is not readily available in the ordinary channels of commercial trade.

*Assistant Regional Commissioner.* An Assistant Regional Commissioner, Alcohol and Tobacco Tax, who is responsible to, and functions under the direction and supervision of, a Regional Commissioner of Internal Revenue.

*Business premises.* The property on which firearms or ammunition importing, manufacturing or dealing business is or will be conducted. A private dwelling, no part of which is open to the public, shall not be recognized as coming within the meaning of the term.

*Collection premises.* The premises described on the license of a collector as the location at which he maintains his collection of curios and relics.

*Collector.* Any person who acquires, holds, or disposes of firearms or ammunition as curios or relics.

*Commerce.* Travel, trade, traffic, commerce, transportation, or communication among the several States, or between the District of Columbia and any State, or between any foreign country or any territory or possession and any State or the District of Columbia, or between points in the same State but through any other State or the District of Columbia or a foreign country.

*Commissioner.* The Commissioner of Internal Revenue.

*Crime punishable by imprisonment for a term exceeding 1 year.* Any offense for which the maximum penalty, whether or not imposed, is capital punishment or imprisonment in excess of 1 year. The term shall not include (a) any Federal or State offenses pertaining to antitrust violations, unfair trade practices, restraints of trade, or other similar offenses relating to the regulations of business practices excluded from the meaning of the term under provisions contained in this part, or (b) any State offense (other than one involving a firearm or explosive) classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of 2 years or less.

*Curios or relics.* Firearms or ammunition which are of special interest to collectors by reason of some quality other than is ordinarily associated with firearms intended for sporting use or as offensive or defensive weapons. To be recognized as curios or relics, firearms and ammunition must fall within one of the following categories:

(a) Firearms and ammunition which were manufactured at least 50 years prior to the current date, but not including replicas thereof;
(b) Firearms and ammunition which are certified by the curator of a municipal, State, or Federal museum which exhibits firearms to be curios or relics of museum interest; and
(c) Any other firearms or ammunition which derive a substantial part of their monetary value from the fact that they are novel, rare, bizarre, or because of their association with some historical figure, period, or event. Proof of qualification of a particular firearm or item of ammunition under this category may be established by evidence of present value and evidence that like firearms or ammunition are not available except as collector's items, or that the value of like firearms or ammunition available in ordinary commercial channels is substantially less.

*Customs officer.* Any officer of the Bureau of Customs or any agent or other person authorized by law or by the Secretary of the Treasury, or appointed in writing by a Regional Commissioner of Customs, or by another principal customs officer under delegated authority, to perform the duties of an officer of the Bureau of Customs.

*Dealer.* Any person engaged in the business of selling firearms or ammunition at wholesale or retail; any person engaged in the business of repairing firearms or of making or fitting special barrels, stocks, or trigger mechanisms to firearms; or any person who is a pawnbroker.

*Destructive device.* (a) Any explosive, incendiary, or poison gas (1) bomb, (2) grenade, (3) rocket having a propellant charge of more than 4 ounces, (4) missile having an explosive or incendiary charge of more than one-quarter ounce, (5) mine, or (6) device similar to any of the devices described in the preceding subparagraphs of this definition; (b) any type of weapon (other than a shotgun or a shotgun shell which the Director finds is generally recognized as particularly suitable for sporting purposes) by whatever name known which will, or which may be readily converted to, expel a projectile by the action of an explosive or other propellant, and which has any barrel with a bore of more than one-half inch in diameter; and (c) any combination of parts either designed or intended for use in converting any device into any destructive device described in paragraph (a) or (b) of this definition and from which a destructive device may be readily assembled. The term shall not include any device which is neither designed nor redesigned for use as a weapon; any device, although originally designed for use as a weapon, which is redesigned for use as a signaling, pyrotechnic, line throwing, safety, or similar device; surplus ordnance sold, loaned, or given by the Secretary of the Army pursuant to the provisions of section 4684(2), 4685, or 4686 of title 10, United States Code; or any other device which the Director finds is not likely to be used as a weapon, is an antique, or is a rifle which the owner intends to use solely for sporting purposes.

*Director.* The Director, Alcohol and Tobacco Tax Division, Internal Revenue Service, Treasury Department, Washington, D.C. 20224.

*Discharged under dishonorable conditions.* Separation from the U.S. Armed Forces resulting from a Bad Conduct Discharge or a Dishonorable Discharge.

*District Director.* A District Director of Internal Revenue.

*Executed under penalties of perjury.* Signed with the prescribed declaration under the penalties of perjury as provided on or with respect to the return, form, or other document or, where no form of declaration is prescribed, with the declaration: "I declare under the penalties of perjury that this—(insert type of document, such as, statement, application, request, certificate), including the documents submitted in support thereof, has been examined by me and, to the best of my knowledge and belief, is true, correct, and complete."

*Federal Firearms Act.* Chapter 18 of title 15, United States Code, as in effect on December 15, 1968.

*Felony.* Any offense punishable by imprisonment for a term exceeding 1 year. The term shall not include any offense (other than one involving a firearm or explosive) classified as a misdemeanor under the laws of a State and punishable by a term of imprisonment of 2 years or less.

*Firearm.* Any weapon, including a starter gun, which will or is designed to or may readily be converted to expel a projectile by the action of an explosive; the frame or receiver of any such weapon; any firearm muffler or firearm silencer; or any destructive device; but the term shall not include an antique firearm. In the case of a licensed collector, the term shall mean only curios and relics.

*Firearm frame or receiver.* That part of a firearm which provides housing for the hammer, bolt or breechblock, and firing mechanism, and which is usually threaded at its forward portion to receive the barrel.

*Fugitive from justice.* Any person who has fled from any State to avoid prosecution for a crime or to avoid giving testimony in any criminal proceeding.

*Importation.* The bringing of a firearm or ammunition into the United States; except that the bringing of a firearm or ammunition from outside the United States into a foreign-trade zone for storage pending shipment to a foreign country or subsequent importation into this country, pursuant to this part, shall not be deemed importation.

*Importer.* Any person engaged in the business of importing or bringing firearms or ammunition into the United States for purposes of sale or distribution.

*Indictment.* Includes an indictment or information in any court under which a crime punishable by imprisonment for a term exceeding 1 year may be prosecuted.

*Internal Revenue Code of 1954.* Title 26, United States Code.

*Internal revenue district.* An internal revenue district under the jurisdiction of a District Director of Internal Revenue.

*Internal revenue region.* An internal revenue region under the jurisdiction of a Regional Commissioner of Internal Revenue.

*Interstate or foreign commerce.* Includes commerce between any place in a State and any place outside of that State, or within any possession of the United States (not including the Canal Zone) or the District of Columbia. The term shall not include commerce between places within the same State but through any place outside of that State.

*Licensed collector.* A collector of curios and relics only and licensed under the provisions of this part.

*Licensed dealer.* A dealer licensed under the provisions of this part, and a dealer licensed under the Federal Firearms Act if such license is deemed valid under section 907 of the Omnibus Crime Control and Safe Streets Act of 1968 (82 Stat. 235).

*Licensed importer.* An importer licensed under the provisions of this part, and a manufacturer (as that term was defined in the Federal Firearms Act) licensed under the Federal Firearms Act if such license is deemed valid under section 907 of the Omnibus Crime Control and Safe Streets Act of 1968 (82 Stat. 235).

*Licensed manufacturer.* A manufacturer licensed under the provisions of this part, and a manufacturer (as that term was defined in the Federal Firearms Act) licensed under the Federal Firearms Act if such license is deemed valid under section 907 of the Omnibus Crime Control and Safe Streets Act of 1968 (82 Stat. 235).

*Machine gun.* Any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger. The term shall also include the frame or receiver of any such weapon, any combination or parts designed and intended for use in converting a weapon into a machine gun, and any combination of parts from which a machine gun can be assembled if such parts are in the possession or under the control of a person.

*Manufacturer.* Any person engaged in the manufacture of firearms or ammunition for purposes of sale or distribution.

*National Firearms Act.* Chapter 53 of the Internal Revenue Code of 1954.

*Pawnbroker.* Any person whose business or occupation includes the taking or receiving, by way of pledge or pawn, of any firearm or ammunition as security for the payment or repayment of money.

*Person.* Any individual, corporation, company, association, firm, partnership, society, or joint stock company.

*Published ordinance.* A published law of any political subdivision of a State which the Director determines to be relevant to the enforcement of this part and which is contained on a list compiled by the Director, which list is published in the FEDERAL REGISTER, revised annually, and

furnished to each licensee under this part.

*Regional Commissioner.* A Regional Commissioner of Internal Revenue.

*Rifle.* A weapon designed or redesigned, made or remade, and intended to be fired from the shoulder, and designed or redesigned and made or remade to use the energy of the explosive in a fixed metallic cartridge to fire only a single projectile through a rifled bore for each single pull of the trigger.

*Short-barreled rifle.* A rifle having one or more barrels less than 16 inches in length, and any weapon made from a rifle, whether by alteration, modification, or otherwise, if such weapon, as modified, has an overall length of less than 26 inches.

*Short-barreled shotgun.* A shotgun having one or more barrels less than 18 inches in length, and any weapon made from a shotgun, whether by alteration, modification, or otherwise, if such weapon as modified has an overall length of less than 26 inches.

*Shotgun.* A weapon designed or redesigned, made or remade, and intended to be fired from the shoulder, and designed or redesigned and made or remade to use the energy of the explosive in a fixed shotgun shell to fire through a smooth bore either a number of ball shot or a single projectile for each single pull of the trigger.

*State.* A State of the United States. The term shall include the District of Columbia, the Commonwealth of Puerto Rico, and the possessions of the United States (not including the Canal Zone).

*State of residence.* The State in which an individual regularly resides, or maintains his home, or if such person is on active duty as a member of the United States Armed Forces, the State in which his permanent duty station is located: *Provided,* That an alien who is legally in the United States shall be considered to be a resident of the State in which (a) he is residing and has so resided for a period of at least 90 days prior to the date of sale or delivery of a firearm or ammunition, or (b) his embassy or consulate is located if the principal officer of such embassy or consulate issues a written statement to such alien authorizing his acquisition of a firearm or ammunition. Temporary sojourn in a State does not make the State of temporary sojourn the State of residence.

*Example 1.* A maintains his home in State X. He travels to State Y on a hunting, fishing, business or other type of trip. He does not become a resident of State Y by reason of such trip.

*Example 2.* A maintains a home in State X and a home in State Y. He resides in State X except for the summer months of the year and in State Y for the summer months of the year. During the time that he actually resides in State X he is a resident of State X, and during the time that he actually resides in State Y he is a resident of State Y.

*Unserviceable firearm.* A firearm which is incapable of discharging a shot by means of an explosive and is incapable of being readily restored to a firing condition.

*U.S.C.* The United States Code.

## Subpart C—Administrative and Miscellaneous Provisions

### § 178.21   Forms prescribed.

The Director is authorized to prescribe all forms required by this part. All of the information called for in each form shall be furnished, as indicated by the headings on the form and the instructions thereon or issued in respect thereto, and as required by this part.

### § 178.22   Emergency variations from requirements.

(a) The Director may approve variations from the requirements of this part when he finds that an emergency exists and that the proposed variations from the specific requirements (1) are necessary, (2) will not hinder the effective administration of this part, and (3) will not be contrary to any provisions of law.

(b) Variations from requirements granted under this section are conditioned on compliance with the procedures, conditions, and limitations with respect thereto set forth in the approval of the application. Failure to comply in good faith with such procedures, conditions, and limitations shall automatically terminate the authority for such variations, and the licensee thereupon shall fully comply with the prescribed requirements of regulations from which the variations were authorized. Authority for any variation may be withdrawn whenever in the judgment of the Director the effective administration of this part is hindered by the continuation of such variation. A licensee who desires to employ such variation shall submit a written application so to do, in triplicate, to the Assistant Regional Commissioner for transmittal to the Director. The application shall describe the proposed variation and set forth the reasons therefor. A variation shall not be employed until the application has been approved. The licensee shall retain, as part of his records, available for examination by internal revenue officers, any application approved by the Director under the provisions of this section.

### § 178.23   Right of entry and examination.

Any internal revenue officer may enter during business hours the premises, including places of storage, of any licensed importer, licensed manufacturer, licensed dealer, or licensed collector for the purpose of inspecting or examining any records or documents required to be kept by such importer, manufacturer, dealer, or collector under this part, and any firearms or ammunition kept or stored by such importer, manufacturer, dealer, or collector at such premises.

### § 178.24   Published ordinances.

The Director is authorized to compile, publish in the FEDERAL REGISTER, annually revise, and furnish to each licensee, a list of published ordinances which are relevant to the enforcement of this part.

### § 178.25   Disclosure of information.

Upon receipt of written request of any State or any political subdivision thereof, the Assistant Regional Commissioner may make available to such State or any political subdivision thereof, any information which the Assistant Regional Commissioner may obtain by reason of the provisions of the Act with respect to the identification of persons within such State or political subdivision thereof, who have purchased or received firearms or ammunition, together with a description of such firearms or ammunition.

### § 178.26   Curio and relic determination.

A licensed collector who desires to obtain a determination whether a particular firearm or ammunition is a curio or relic shall submit a written request, in duplicate, for a ruling thereon to the Assistant Regional Commissioner. Each such request shall be executed under the penalties of perjury and shall contain a complete and accurate description of the firearm or ammunition, and such photographs, diagrams, or drawings as may be necessary to enable the Assistant Regional Commissioner to make his determination. The Assistant Regional Commissioner may require the submission to him, or to an officer designated by him, of the firearm or ammunition for examination and evaluation. If the submission of the firearm or ammunition is impractical, the licensed collector shall so advise the Assistant Regional Commissioner and designate the place where the firearm or ammunition will be available for examination and evaluation.

### § 178.27   Destructive device determination.

The Director shall determine in accordance with 18 U.S.C. 921(a)(4) whether a device is excluded from the definition of a destructive device. A person who desires to obtain a determination under that provision of law for any device which he believes is not likely to be used as a weapon shall submit a written request, in triplicate, for a ruling thereon to the Director. Each such request shall be executed under the penalties of perjury and contain a complete and accurate description of the device, the name and address of the manufacturer or importer thereof, the purpose of and use for which it is intended, and such photographs, diagrams, or drawings as may be necessary to enable the Director to make his determination. The Director may require the submission to him, of a sample of such device for examination and evaluation. If the submission of such device is impracticable, the person requesting the ruling shall so advise the Director and designate the place where the device will be available for examination and evaluation.

### § 178.28   Transportation of destructive devices and certain firearms.

(a) The Assistant Regional Commissioner for the internal revenue region in which a person resides may authorize that person to transport in interstate or foreign commerce any destructive device, machine gun, short-barreled shotgun, or short-barreled rifle, if he finds that such transportation is reasonably necessary

and is consistent with public safety and applicable State and local law. A person who desires to transport in interstate or foreign commerce any such device or weapon shall submit a written request so to do, in duplicate, to the Assistant Regional Commissioner. The request shall contain:

(1) A complete description and identification of the device or weapon to be transported;
(2) A statement whether such transportation involves a transfer of title;
(3) The need for such transportation;
(4) The approximate date such transportation is to take place;
(5) The present location of such device or weapon and the place to which it is to be transported;
(6) The mode of transportation to be used (including, if by common or contact carrier, the name and address of such carrier); and
(7) Evidence that the transportation or possession of such device or weapon is not inconsistent with the laws at the place of destination.

(b) No person shall transport any destructive device, machine gun, short-barreled shotgun, or short-barreled rifle in interstate or foreign commerce under the provisions of this section until he has received specific authorization so to do from the Assistant Regional Commissioner. Authorization granted under this section does not carry or import relief from any other statutory or regulatory provision relating to firearms.

(c) This section shall not be construed as requiring licensees to obtain authorization to transport destructive devices, machine guns, short-barreled shotguns, and short-barreled rifles in interstate or foreign commerce: *Provided*, That in the case of a licensed importer, licensed manufacturer, or licensed dealer, such a licensee is qualified under the National Firearms Act (see also Part 179 of this chapter) and this part to engage in the business with respect to the device or weapon to be transported, and that in the case of a licensed collector, the device or weapon to be transported is a curio or relic.

§ 178.29  Out-of-State acquisition of firearms by nonlicensees.

No person, other than a licensed importer, licensed manufacturer, licensed dealer, or licensed collector, shall transport into or receive in the State where he resides (or if a corporation or other business entity, where it maintains a place of business) any firearm purchased or otherwise obtained by such person outside that State: *Provided*, That the provisions of this section (a) shall not preclude any person who lawfully acquires a firearm by bequest or intestate succession in a State other than his State of residence from transporting the firearm into or receiving it in that State, if it is lawful for such person to purchase or possess such firearm in that State, (b) shall not apply to the transportation or receipt of a rifle or shotgun obtained in conformity with the provisions of §§ 178.30, 178.96, and 178.97, and (c) shall not apply to the transportation of any firearm acquired in any State prior to the effective date of the Act.

§ 178.30  Out-of-State disposition of firearms by nonlicensees.

No nonlicensee shall transfer, sell, trade, give, transport, or deliver any firearm to any other nonlicensee, who the transferor knows or has reasonable cause to believe resides in any State other than that in which the transferor resides (or if a corporation or other business entity, where it maintains a place of business): *Provided*, That the provisions of this section shall not apply to (a) the transfer, transportation, or delivery of a firearm made to carry out a bequest of a firearm to, or any acquisition by intestate succession of a firearm by, a person who is permitted to acquire or possess a firearm under the laws of the State of his residence, and (b) the loan or rental of a firearm to any person for temporary use for lawful sporting purposes.

§ 178.31  Delivery by common or contract carrier.

(a) No person shall knowingly deliver or cause to be delivered to any common or contract carrier for transportation or shipment in interstate or foreign commerce to any person other than a licensed importer, licensed manufacturer, licensed dealer, or licensed collector, any package or other container in which there is any firearm or ammunition without written notice to the carrier that such firearm or ammunition is being transported or shipped: *Provided*, That any passenger who owns or legally possesses a firearm or ammunition being transported aboard any common or contract carrier for movement with the passenger in interstate or foreign commerce may deliver said firearm or ammunition into the custody of the pilot, captain, conductor or operator of such common or contract carrier for the duration of that trip without violating any provision of this part.

(b) No common or contract carrier shall transport or deliver in interstate or foreign commerce any firearm or ammunition with knowledge or reasonable cause to believe that the shipment, transportation, or receipt thereof would be in violation of any provision of this part: *Provided, however*, That the provisions of this paragraph shall not apply in respect to the transportation of firearms or ammunition in in-bond shipment under Customs laws and regulations.

§ 178.32  Prohibited shipment, transportation, or receipt of firearms and ammunition by certain persons.

(a) No person may ship or transport any firearm or ammunition in interstate or foreign commerce, or receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce, who (1) is under indictment for, or who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding 1 year, (2) is a fugitive from justice, (3) is an unlawful user of or addicted to marihuana or any depressant or stimulant drug (as defined in section 201(v) of the Federal Food, Drug, and Cosmetic Act), or narcotic drug (as defined in section 4731(a) of the Internal Revenue Code of 1954), or (4) has been adjudicated as a mental defective or who has been committed to a mental institution.

(b) A firearm may not be received, possessed, or transported in commerce or affecting commerce by any person who (1) has been convicted by a court of the United States or of a State or any political subdivision thereof of a felony, (2) has been discharged from the Armed Forces under dishonorable conditions, (3) has been adjudged by a court of the United States or of a State or any political subdivision thereof of being mentally incompetent, or (4) having been a citizen of the United States has renounced his citizenship, or (5) being an alien is illegally in the United States.

(c) Any individual who to his knowledge and while being employed by any person coming within a classification contained in paragraph (b) of this section, may not in the course of such employment receive, possess, or transport a firearm in commerce or affecting commerce.

(d) The provisions of paragraph (b) of this section shall not apply to any prisoner who by reason of duties connected with law enforcement has expressly been entrusted with a firearm by competent authority of the prison, and the provisions of paragraphs (b) and (c) of this section shall not apply to any person, or any employee employed by such person, who has been pardoned by the President of the United States or the chief executive of a State and has expressly been authorized by the President or such chief executive, as the case may be, to receive, possess, or transport in commerce a firearm.

§ 178.33  Stolen firearms and ammunition.

No person shall transport or ship in interstate or foreign commerce any stolen firearm or stolen ammunition knowing or having reasonable cause to believe that the firearm or ammunition was stolen, and no person shall receive, conceal, store, barter, sell, or dispose of any stolen firearm or stolen ammunition which is moving as, which is a part of, or which constitutes interstate or foreign commerce, knowing or having reasonable cause to believe that the firearm or ammunition was stolen.

§ 178.34  Removed, obliterated, or altered serial number.

No person shall knowingly transport, ship, or receive in interstate or foreign commerce any firearm which has had the importer's or manufacturer's serial number removed, obliterated, or altered.

§ 178.35  Skeet, trap, target, and similar shooting activities.

Licensing and recordkeeping requirements, including permissible alternate records, for skeet, trap, target, and similar organized activities shall be determined by the Assistant Regional Commissioner on a case by case basis.

## Subpart D—Licenses

### § 178.41  General.

(a) Each person intending to engage in business as an importer or manufacturer of, or a dealer in, firearms or ammunition shall, before commencing such business, obtain the license required by this subpart for the business to be operated. Each person who desires to obtain the privileges granted by the Act and this part to a licensed collector may obtain such a license under the provisions of this subpart.

(b) Each person intending to engage in business as a firearms or ammunition importer, manufacturer, or dealer shall file an application, with the required fee (see § 178.42), with the District Director for the internal revenue district in which his premises are to be located, and, pursuant to § 178.47, receive the license required for such business from the Assistant Regional Commissioner. A separate license must be obtained for each business and each place at which the applicant is to do business. Such license shall, subject to the provisions of the Act and other applicable provisions of law, entitle the licensee to transport, ship, and receive firearms and ammunition covered by such license in interstate or foreign commerce, and to engage in the business specified by the license, at the location described on the license, and for the period stated on the license: *Provided,* That it shall not be necessary for a licensed importer or a licensed manufacturer to also obtain a dealer's license in order to engage in business on his licensed premises as a dealer in the same type of firearms or ammunition authorized by his license to be imported or manufactured: *Provided further,* That the payment of the license fee as an importer or manufacturer of, or a dealer in, destructive devices and ammunition for destructive devices includes the privilege of importing, manufacturing or dealing in, as the case may be, firearms other than destructive devices and ammunition for other than destructive devices by such a licensee at his licensed premises.

(c) Each person seeking the privileges of a collector licensed under this part shall file an application, with the required fee (see § 178.42), with the District Director for the internal revenue district in which his collection premises are to be located, and, pursuant to § 178.47, receive from the Assistant Regional Commissioner the license covering the collection of curios and relics. A separate license may be obtained for each collection premises, and such license shall, subject to the provisions of the Act and other applicable provisions of law, entitle the licensee to transport, ship, receive, and acquire curios and relics in interstate or foreign commerce, and to make disposition of curios and relics in interstate or foreign commerce to any other person licensed under the provisions of this part, for the period stated on the license.

(d) The collector license provided by this part shall apply only to transactions related to a collector's activity in acquiring, holding or disposing of curios and relics. A collector's license does not authorize the collector to engage in a business required to be licensed under the Act or this part. Therefore, if the acquisitions and dispositions of curios and relics by a collector bring the collector within the definition of a manufacturer, importer, or dealer under this part, he shall qualify as such. (See also § 178.93 of this part.)

### § 178.42  License fees.

Each applicant shall pay a fee for obtaining a license, a separate fee being required for each business or collecting activity at each place of such business or activity, as follows:

(a) For a manufacturer:
 (1) Of destructive devices or ammunition for destructive devices—$1,000 per year.
 (2) Of firearms other than destructive devices—$50 per year.
 (3) Of ammunition for firearms other than destructive devices—$10 per year.

(b) For an importer:
 (1) Of destructive devices or ammunition for destructive devices—$1,000 per year.
 (2) Of firearms other than destructive devices or ammunition for firearms other than destructive devices—$50 per year.

(c) For a dealer:
 (1) In destructive devices or ammunition for destructive devices—$1,000 per year.
 (2) Who is a pawnbroker dealing in firearms other than destructive devices or ammunition for firearms other than destructive devices—$25 per year.
 (3) Who is not a dealer in destructive devices or a pawnbroker—$10 per year.

(d) For a collector of curios and relics—$10 per year.

### § 178.43  License fee not refundable.

No refund of any part of the amount paid as a licensee fee shall be made where the operations of the licensee are, for any reason, discontinued during the period of an issued license. However, the license fee submitted with an application for a license shall be refunded if that application is denied.

### § 178.44  Original license.

(a) Any person who intends to engage in business as a firearms or ammunition importer, manufacturer, or dealer on or after the effective date of this part, or who has not previously been licensed under the provisions of this part to so engage in business, or who has not timely submitted application for renewal of his previous license issued under this part, shall, except as provided in paragraph (c) of this section, file with the District Director for the internal revenue district in which the applicant is to do business an application, Form 7 (Firearms), in duplicate. The application, Form 7 (Firearms), shall include information as to the ownership of the business, the type of firearms or ammunition to be dealt in, the type of business premises, the business hours, the business history, and the identity of the responsible persons in the business. The application must be executed under the penalties of perjury and the penalties imposed by 18 U.S.C. 924. The application shall be accompanied by the appropriate fee in the form of (1) cash, or (2) money order or check made payable to the Internal Revenue Service. Forms 7 (Firearms) may be obtained from any Assistant Regional Commissioner or from any District Director.

(b) Any person who desires to obtain the privileges granted to a licensed collector under the Act and this part on or after the effective date of this part, or who has not timely submitted application for renewal of his previous license issued under this part, shall file with the District Director for the internal revenue district in which the applicant is to maintain his collection premises an application, Form 7 (Firearms), in duplicate. The application, Form 7 (Firearms), shall include information as to the ownership of the activity, the type of premises to be maintained by the applicant for the activity, and the identity of the responsible persons in the activity. The application must be executed under the penalties of perjury and the penalties imposed by 18 U.S.C. 924. The application shall be accompanied by a $10 fee in the form of (1) cash, or (2) money order or check made payable to the Internal Revenue Service. Forms 7 (Firearms) may be obtained from any Assistant Regional Commissioner or from any District Director.

(c) Any person holding a valid license issued pursuant to the provisions of the Federal Firearms Act to manufacture, import or deal in firearms or ammunition for pistols or revolvers may continue to conduct such business under such license until that license expires according to its terms, unless that license be sooner terminated pursuant to applicable provisions of law. If the holder of a license issued pursuant to the Federal Firearms Act intends to continue his firearms or ammunition business following the expiration of such license, he shall comply with the provisions contained in paragraph (a) of this section prior to the expiration of the period covered by the license, and upon compliance with those provisions such an applicant may continue such operations as were authorized by his expired license under this part until his application is finally acted upon.

### § 178.45  Renewal of license.

If a licensee intends to continue the business or activity described on a license issued under this part during any portion of the ensuing year, he shall, unless otherwise notified in writing by the Assistant Regional Commissioner, execute and file prior to the expiration of his license an application for license renewal, Form 7 (Firearms) (Part 3), accompanied by the required fee, with the District Director for the internal revenue district in which the business or activity is operated. The Assistant Regional Commissioner may, in writing, require an applicant for license renewal to also file completed Form 7 (Firearms) in the manner required by § 178.44. In the event the licensee does not timely file a

Form 8 (Firearms) (Part 3), he must file a Form 7 (Firearms) as required by § 178.44, and obtain the required license before continuing business or collecting activity. If a Form 8 (Firearms) (Part 3) is not timely received through the mails, the licensee should so notify his Assistant Regional Commissioner.

§ 178.46  Procedure by District Director.

Upon receipt of an application for an original license on Form 7 (Firearms) or an application for renewal of a license on Form 8 (Firearms) (Part 3) or a required Form 7 (Firearms), the District Director shall deposit the fee accompanying the license application and forward the application to the Assistant Regional Commissioner. Where an application is filed with an insufficient fee, the application and any fee submitted shall be returned.

§ 178.47  Issuance of license.

(a) Upon receipt of a properly executed application for a license on Form 7 (Firearms), or Form 8 (Firearms) (Part 3), the Assistant Regional Commissioner may, upon finding through further inquiry or investigation, or otherwise, that the applicant is entitled thereto, issue the appropriate license and a copy thereof. Each license shall bear a serial number and such number may be assigned to the licensee to whom issued for so long as he maintains continuity of annual renewal in the same internal revenue district.

(b) The Assistant Regional Commissioner shall approve a properly executed application for license on Form 7 (Firearms), or Form 8 (Firearms) (Part 3), if:

(1) The applicant is 21 years of age or over;

(2) The applicant (including, in the case of a corporation, partnership, or association, any individual possessing, directly or indirectly, the power to direct or cause the direction of the management and policies of the corporation, partnership, or association) is not prohibited from transporting, shipping, or receiving firearms or ammunition in interstate or foreign commerce under the provisions of the Act;

(3) The applicant has not willfully violated any of the provisions of the Act or this part;

(4) The applicant has not willfully failed to disclose any material information required, or has not made any false statement as to any material fact, in connection with his application;

(5) The applicant has in a State (i) premises from which he conducts business subject to license under the Act or from which he intends to conduct such business within a reasonable period of time, or (ii) in the case of a collector, premises from which he conducts his collecting subject to license under the Act or from which he intends to conduct such collecting within a reasonable period of time; and

(6) The applicant is not prohibited by the provisions of Title VII of the Omnibus Crime Control and Safe Streets Act of 1968, as amended (82 Stat. 236; 18 U.S.C. Appendix) from receiving, possessing or transporting firearms in commerce or affecting commerce, if the application is for a license relating to firearms.

(c) The Assistant Regional Commissioner shall approve or deny an application for license within the 45-day period beginning on the date the application was received by the District Director: *Provided,* That when an applicant for license renewal is a person who is, pursuant to the provisions of § 178.82, § 178.143, or § 178.144, conducting business or collecting activity under a previously issued license, action regarding the application will be held in abeyance pending the completion of the proceedings against the applicant's existing license or license application, final determination of the applicant's criminal case, or final action by the Commissioner of an application for relief submitted pursuant to § 178.144, as the case may be.

(d) When the Assistant Regional Commissioner fails to act on an application for license within the 45-day period prescribed by paragraph (c) of this section, the applicant may file an action under section 1361 of title 28, United States Code, to compel the Assistant Regional Commissioner to act.

§ 178.48  Correction of error on license.

(a) Upon receipt of a license issued under the provisions of this part, each licensee shall examine same to ensure that the information contained thereon is accurate. If the license is incorrect, the licensee shall return the license to the Assistant Regional Commissioner with a statement showing the nature of the error. The Assistant Regional Commissioner shall correct the error, if the error was made in his office, and return the license. However, if the error resulted from information contained in the licensee's application for the license, the Assistant Regional Commissioner shall require the licensee to file an amended application setting forth the correct information and a statement explaining the error contained in the application. Upon receipt of the amended application and a satisfactory explanation of the error, the Assistant Regional Commissioner shall make the correction on the license and return same to the licensee.

(b) When the Assistant Regional Commissioner finds through any means other than notice from the licensee that an incorrect license has been issued, the Assistant Regional Commissioner may require the holder of the incorrect license to (1) return the license for correction, and (2) if the error resulted from information contained in the licensee's application for the license, the Assistant Regional Commissioner shall require the licensee to file an amended application setting forth the correct information, and a statement explaining the error contained in the application. The Assistant Regional Commissioner then shall make the correction on the license and return same to the licensee.

§ 178.49  Duration of license.

A license shall not be issued for a period of less than 1 year. The license shall entitle the person to whom issued to engage in the business or activity specified on the license, within the limitations of the Act and the regulations contained in this part, for the period stated on the license, unless sooner terminated.

§ 178.50  Locations covered by license.

The license covers the class of business or the activity specified in the license at the address described therein. Accordingly, a separate license must be obtained for each location at which a firearms or ammunition business or activity requiring a license under this part is conducted; however, no license is required to cover a separate warehouse used by the licensee solely for storage of firearms or ammunition if the records required by this part are maintained at the licensed premises served by such warehouse: *Provided,* That a licensed collector may acquire curios and relics at any location, and dispose of curios or relics to any licensee, or to other persons who are residents of the State where the collector's license is held and the disposition is made.

§ 178.51  License not transferable.

Licenses issued under this part are not transferable. In the event of the lease, sale, or other transfer of the operations authorized by the license, the successor must obtain the license required by this part prior to commencing such operations. However, for rules on right of succession, see § 178.56.

§ 178.52  Change of address.

A licensee may during the term of his current license remove his business or activity to a new location at which he intends regularly to carry on such business or activity, without procuring a new license. However, in every case, whether or not the removal is from one internal revenue region to another, notification of the new location of the business or activity must be given not less than 10 days prior to such removal to the Assistant Regional Commissioner for the internal revenue region from which or within which the removal is to be made, and the Assistant Regional Commissioner for the internal revenue region to which the removal is to be made. In each instance, the license and the copy thereof furnished with the license must be submitted for endorsement to the Assistant Regional Commissioner having jurisdiction over the internal revenue region to which or within which removal is to be made. After endorsement of the license and the copy thereof to show the new address, and the new license number, if any, the Assistant Regional Commissioner will return same to the licensee.

§ 178.53  Change in trade name.

A licensee continuing to conduct business at the location shown on his license is not required to obtain a new license by reason of a mere change in trade name under which he conducts his business: *Provided,* That such licensee furnishes his license for endorsement of such

change to the Assistant Regional Commissioner for the internal revenue region in which the licensee conducts his business within 30 days from the date the licensee begins his business under the new trade name.

§ 178.54  Change of control.

In the case of a corporation or association holding a license under this part, if actual or legal control of the corporation or association changes, directly or indirectly, whether by reason of change in stock ownership or control (in the licensed corporation or in any other corporation), by operations of law, or in any other manner, the licensee shall, within 30 days of such change, give written notification thereof, executed under the penalties of perjury, to the Assistant Regional Commissioner. Upon expiration of the license, the corporation or association must file a Form 7 (Firearms) as required by § 178.44.

§ 178.55  Continuing partnerships.

Where, under the laws of the particular State, the partnership is not terminated on death or insolvency of a partner, but continues until the winding up of the partnership affairs is completed, and the surviving partner has the exclusive right to the control and possession of the partnership assets for the purpose of liquidation and settlement, such surviving partner may continue to operate the business under the license of the partnership. If such surviving partner acquires the business on completion of the settlement of the partnership, he shall obtain a license in his own name from the date of acquisition, as provided in § 178.44. The rule set forth in this section shall also apply where there is more than one surviving partner.

§ 178.56  Right of succession by certain persons.

(a) Certain persons other than the licensee may secure the right to carry on the same firearms or ammunition business at the same address shown on, and for the remainder of the term of, a current license. Such persons are:

(1) The surviving spouse or child, or executor, administrator, or other legal representative of a deceased licensee; and

(2) A receiver or trustee in bankruptcy, or an assignee for benefit of creditors.

(b) In order to secure the right provided by this section, the person or persons continuing the business shall furnish the license for that business for endorsement of such succession to the Assistant Regional Commissioner for the internal revenue region in which the business is conducted within 30 days from the date on which the successor begins to carry on the business.

§ 178.57  Discontinuance of business.

Where a firearm or ammunition business is either discontinued or succeeded by a new owner, the owner of the business discontinued or succeeded shall within 30 days thereof furnish to the Assistant Regional Commissioner for the internal revenue region in which his business was located notification of the discontinuance or succession. (See also § 178.127.)

§ 178.58  State or other law.

A license issued under this part confers no right or privilege to conduct business or activity contrary to State or other law. The holder of such a license is not by reason of the rights and privileges granted by that license immune from punishment for operating a firearm or ammunition business or activity in violation of the provisions of any State or other law. Similarly, compliance with the provisions of any State or other law affords no immunity under Federal law or regulations.

§ 178.59  Abandoned application.

Upon receipt of an incomplete or improperly executed application on Form 7 (Firearms), or Form 8 (Firearms) (Part 3), the applicant shall be notified of the deficiency in the application. If the application is not corrected and returned within 30 days following the date of notification, the application shall be considered as having been abandoned and the license fee returned.

§ 178.60  Certain continuances of business.

A licensee who furnishes his license to the Assistant Regional Commissioner for correction or endorsement in compliance with the provisions contained in this subpart may continue his operations while awaiting its return.

### Subpart E—License Proceedings

§ 178.71  Denial of an application for license.

Whenever the Assistant Regional Commissioner has reason to believe that an applicant is not eligible to receive a license under the provisions of § 178.47, he may issue a notice of denial, on Form 4498, to the applicant. The notice shall set forth the matters of fact and law relied upon in determining that the application should be denied, and shall afford the applicant 15 days from the date of receipt of the notice in which to request a hearing to review the denial. If no request for a hearing is filed within such time, the application shall be disapproved and a copy, so marked, shall be returned to the applicant.

§ 178.72  Hearing after application denial.

If the applicant for an original or renewal license desires a hearing to review the denial of his application, he shall file a request therefor, in duplicate, with the Assistant Regional Commissioner within 15 days after receipt of the notice of denial. The request should include a statement of the reasons therefor. On receipt of the request, the Assistant Regional Commissioner shall, as expeditiously as possible, make the necessary arrangements for the hearing and advise the applicant of the date, time, location, and the name of the officer before whom the hearing will be held. Such notification shall be made not less than 10 days in advance of the date set for the hearing. On conclusion of the hearing and consideration of all relevant facts and circumstances presented by the applicant or his representative, the Assistant Regional Commissioner shall render his decision confirming or reversing the denial of the application. If the decision is that the denial should stand, a certified copy of the Assistant Regional Commissioner's findings and conclusions shall be furnished to the applicant with a final notice of denial, Form 4501. A copy of the application, marked "Disapproved," will be returned to the applicant. If the decision is that the license applied for should be issued, the applicant shall be so notified, in writing, and the license shall be issued as provided by § 178.47.

§ 178.73  Notice of contemplated revocation.

Whenever the Assistant Regional Commissioner has reason to believe that a licensee has violated any provision of the Act or this part, he may issue a notice, on Form 4499, of contemplated revocation of the license. The notice shall set forth the matters of fact constituting the violations specified, dates, places, and the sections of law and regulations violated. The Assistant Regional Commissioner shall afford the licensee 15 days from the date of receipt of the notice in which to request a hearing prior to revocation of the license. If the licensee does not file a timely request for a hearing, the Assistant Regional Commissioner shall issue a notice of revocation, Form 4500, as provided in § 178.74.

§ 178.74  Request for hearing after notice of contemplated revocation.

If a licensee desires a hearing pursuant to receipt of a notice of contemplated revocation of his license, he shall file a request therefor, in duplicate, with the Assistant Regional Commissioner within 15 days after receipt of the notice of contemplated revocation. On receipt thereof, the Assistant Regional Commissioner shall, as expeditiously as possible, make the necessary arrangements for the hearing and advise the licensee of the date, time, location and the name of the officer before whom the hearing will be held. Such notification shall be made not less than 10 days in advance of the date set for the hearing. On conclusion of the hearing and consideration of all relevant presentations made by the licensee or his representative, the Assistant Regional Commissioner shall render his decision and shall prepare a brief summary of the findings and conclusions on which the decision is based. If the decision is that the license should be revoked, a certified copy of the summary shall be furnished to the licensee with the notice of revocation on Form 4500. If the decision is that the license should not be revoked, the licensee shall be so notified in writing.

§ 178.75  Hearing after notice of revocation.

(a) *No hearing held prior to notice of revocation.* If the licensee did not request a hearing on receipt of the notice of contemplated revocation of his license,

Form 4499, but does file a timely request for a hearing after being served the notice of revocation, Form 4500, the Assistant Regional Commissioner shall arrange for, and conduct, a hearing in the manner prescribed in § 178.74, except that the place of hearing will be determined as provided by § 178.81. If, after hearing, the Assistant Regional Commissioner is still of the opinion that the license should be revoked, he will serve final notice of revocation, Form 4501, on the licensee, with a copy of his findings and conclusions. If he decides that the license should not be revoked, he will so notify the licensee, in writing.

(b) *Hearing held prior to notice of revocation.* If a hearing was held prior to notice of revocation, Form 4500, and the licensee files a timely request for a hearing after receipt of a notice of revocation, the Assistant Regional Commissioner shall refer the matter to the hearing examiner, appointed under 5 U.S.C. 3105, designated to preside over such hearing. The examiner shall set a time and place for the hearing and shall serve notice thereof on the licensee and the Assistant Regional Commissioner at least 10 days in advance of the hearing date. Such hearing shall be conducted under the applicable provisions of Part 200 of this chapter, including those with respect to stipulations at hearings, evidence, and closing of hearings.

§ 178.76 Recommended decision of hearing examiner.

Within a reasonable time after the conclusion of a hearing held as provided in § 178.75, and as expeditiously as possible, the examiner shall render a recommended decision. Such decision shall become a part of the record and, if proposed findings and conclusions have been filed, shall show the examiner's ruling upon each of such proposed findings and conclusions. Decisions shall consist of (a) a brief statement of the issues of fact involved in the proceeding; (b) the examiner's findings and conclusions, as well as the reasons and basis therefor, upon all the material issues of fact, law or discretion presented on the record; and (c) the examiner's recommended determination on the record.

§ 178.77 Certification and transmittal of record and recommended decision to Director.

After reaching his decision, the examiner shall certify to the complete record of the proceeding before him and shall immediately forward it, together with two copies of his recommended decision, to the Director, and will forward two copies of his recommended decision to the Assistant Regional Commissioner for his files.

§ 178.78 Decision of Director.

After consideration of the record and the recommended decision of the examiner, the Director shall approve or disapprove the findings, conclusion, and recommended decision of the examiner, and he shall direct the Assistant Regional Commissioner to issue a final notice of revocation on Form 4501; or to inform the licensee that the license shall remain in effect. Any decision of the Director for the revocation of a license shall include a statement of the findings and conclusions upon which it is based, including his ruling on each proposed finding, conclusion, and exception to the examiner's recommended decision, together with a statement of his findings and conclusions, and reasons or basis therefor, upon all material issues of fact, law, or discretion presented on the record. A signed duplicate original of the decision shall be served on the licensee and a copy containing certificate of service shall be retained by the Assistant Regional Commissioner for his files, and the original shall be placed in the official record of the proceeding.

§ 178.79 Service on applicant or licensee.

All notices and other formal documents required to be served on an applicant or licensee under this subpart shall be served by certified mail or by personal delivery. Where service is by certified mail, a signed duplicate original copy of the formal document shall be mailed, with return receipt requested, to the applicant or licensee at the address stated in his application or license, or at his last known address. Where service is by personal delivery, a signed duplicate original copy of the formal document shall be delivered to the applicant or licensee, or, in the case of a corporation, partnership, or association, by delivering it to an officer, manager, or general agent thereof, or to its attorney of record.

§ 178.80 Representation at a hearing.

An applicant or licensee may be represented by an attorney or other person recognized to practice before the Internal Revenue Service as provided in 31 CFR Part 10 (Treasury Department Circular No. 230), if he has otherwise complied with the applicable requirements of §§ 601.521–601.527 of this chapter. The Assistant Regional Commissioner may be represented in proceedings under § 178.75(b) by an attorney in the office of the regional counsel who is authorized to execute and file motions, briefs and other papers in the proceeding, on behalf of the Assistant Regional Commissioner, in his own name as "Attorney for the Government."

§ 178.81 Designated place of hearing.

The designated place of hearing shall be at a location convenient to the aggrieved party: *Provided,* That any hearing held after notice of contemplated revocation but prior to the notice of revocation shall be at the office of the Assistant Regional Commissioner.

§ 178.82 Operations by licensees after notice.

In any case where denial or revocation proceedings are pending before the Internal Revenue Service, or notice of denial or revocation has been served on the licensee and he has filed timely request for a hearing, the license in the possession of the licensee shall remain in effect even though (a) such license has expired, or (b) the revocation date specified in the notice of revocation on Form 4500 served on the licensee has passed: *Provided,* That under the condition of paragraph (a) of this section, the licensee has timely filed an application for the renewal of his license. If a licensee is dissatisfied with a posthearing decision revoking the license or denying the application, as the case may be, he may, pursuant to 18 U.S.C. 923(f)(3), within 60 days after receipt of the final notice denying the application or revoking the license, file a petition for judicial review of such action. Such petition should be filed with the U.S. district court for the district in which the applicant or licensee resides or has his principal place of business. In such case, when the Assistant Regional Commissioner finds that justice so requires, he may (1) postpone the effective date of revocation of a license or (2) authorize continued operations under the expired license, as applicable, pending judicial review.

Subpart F—Conduct of Business

§ 178.91 Posting of license.

Any license issued under this part shall be kept posted and kept available for inspection on the premises covered by the license.

Each licensed manufacturer or licensed importer of any firearm manufactured or imported on or after the effective date of this part shall legibly identify each such firearm by engraving, casting, stamping (impressing), or otherwise conspicuously placing or causing to be engraved, cast, stamped (impressed) or placed on the frame or receiver thereof in a manner not susceptible of being readily obliterated, altered, or removed, an individual serial number not duplicating any serial number placed by the manufacturer or importer on any other firearm, and by engraving, casting, stamping (impressing), or otherwise conspicuously placing or causing to be engraved, cast, stamped (impressed) or placed on the frame, receiver, or barrel thereof in a manner not susceptible of being readily obliterated, altered or removed, the model, if such designation has been made; the caliber or gauge; the name (or recognized abbreviation of same) of the manufacturer and also, when applicable, of the importer; in the case of a domestically made firearm, the city and State (or recognized abbreviation thereof) wherein the licensed manufacturer maintains his place of business; and in the case of an imported firearm, the name of the country in which manufactured and the city and State (or recognized abbreviation thereof) of the importer: *Provided,* That the Director may authorize other means of identification of the licensed manufacturer or licensed importer upon receipt of letter application, in duplicate, from same showing that such other identification is reasonable and will not hinder the effective administration of this part: *Provided, further,* That in the case of a destructive device, the Director may authorize other means of identifying that weapon upon receipt of letter applica-

tion, in duplicate, from the licensed manufacturer or licensed importer showing that engraving, casting, or stamping (impressing) such a weapon would be dangerous or impracticable. A firearm frame or receiver which is not a component part of a complete weapon at the time it is sold, shipped, or otherwise disposed of by a licensed manufacturer or licensed importer, shall be identified as required by this section.

§ 178.93 Authorized operations by a licensed collector.

The license issued to a collector of curios or relics under the provisions of this part shall cover only transactions by the licensed collector in curios and relics. The collector's license is of no force or effect and a licensed collector is of the same status under the Act and this part as a nonlicensee with respect to (a) any acquisition or disposition of firearms or ammunition other than curios or relics, or any transportation, shipment, or receipt of firearms or ammunition other than curios or relics in interstate or foreign commerce, and (b) any transaction with a nonlicensee involving any firearm or ammunition other than a curio or relic. (See also § 178.50.)

§ 178.94 Sales or deliveries between licensees.

A licensed importer, licensed manufacturer, or licensed dealer selling or otherwise disposing of firearms or ammunition, and a licensed collector selling or otherwise disposing of curios or relics, to another licensee shall verify the identity and licensed status of the transferee prior to making the transaction. On and after February 14, 1969, such verification shall be established by the transferee furnishing to the transferor a certified copy of the transferee's license and by such other means as the transferor deems necessary: *Provided*, That it shall not be required (a) for a transferee who has furnished a certified copy of his license to a transferor to again furnish such certified copy to that transferor during the term of the transferee's current license, and (b) for licensees of multilicensed business organizations to furnish certified copies of their licenses to other licensed locations operated by such organization: *Provided further*, That a multilicensed business organization may furnish to a transferor, in lieu of a certified copy of each license, a list, certified to be true, correct and complete, containing the name, address, license number, and the date of license expiration of each licensed location operated by such organization, and the transferor may sell or otherwise dispose of firearms and ammunition as provided by this section to any licensee appearing on such list without requiring a certified copy of a license therefrom. A transferor licensee who has the certified information required by this section may sell or dispose of firearms or ammunition to a licensee for not more than 45 days following the expiration date of the transferee's license.

§ 178.95 Certified copy of license.

Each person licensed under the provisions of this part shall be furnished together with his license a copy thereof for his certification. If such a person desires an additional copy of his license for certification and for use pursuant to § 178.-94, he shall:

(a) Make a reproduction of the copy of his license and execute same, or

(b) Make a reproduction of his license, enter upon such reproduction the statement: "I certify that this is a true copy of a license issued to me to engage in the business specified in Item 5" and sign his name adjacent thereto, or

(c) Submit a request, in writing, for certified copies of his license to the Assistant Regional Commissioner for the internal revenue region in which the license was issued. The request shall set forth the name, trade name (if any) and address of the licensee, and the number of copies of the license desired. There shall be imposed a fee of $1 for each copy of a license issued by the Assistant Regional Commissioner under the provisions of this paragraph. Fee payment shall accompany each such request for additional copies of a license. Such fee shall be paid by (1) cash, or (2) money order or check made payable to the Internal Revenue Service.

§ 178.96 Out-of-State and mail order sales.

(a) The provisions of this section shall apply in any case where a firearm purchased by or delivered to the person so receiving the firearm is not otherwise prohibited by the Act or this part.

(b) A licensed importer, licensed manufacturer, or licensed dealer may sell a firearm to a nonlicensee who does not appear in person at the licensee's business premises if the nonlicensee is a resident of the same State in which the licensee's business premises are located, and the nonlicensee furnishes to the licensee the firearms transaction record, Form 4473, required by § 178.124. The nonlicensee shall attach to such record a true copy of any permit or other information required pursuant to any statute of the State and published ordinance applicable to the locality in which he resides. The licensee shall prior to shipment or delivery of the firearm, forward by registered or certified mail (return receipt requested) a copy of the record, Form 4473, to the chief law enforcement officer named on such record, and delay shipment or delivery of the firearm for a period of at least 7 days following receipt by the licensee of the return receipt evidencing delivery of the copy of the record to such chief law enforcement officer, or the return of the copy of the record to him due to the refusal of such chief law enforcement officer to accept same in accordance with U.S. Post Office Department regulations. The original Form 4473, and evidence of receipt or rejection of delivery of the copy of the Form 4473 sent to the chief law enforcement officer shall be retained by the licensee as a part of the records required of him to be kept under the provisions of Subpart H of this part.

(c) A licensed importer, licensed manufacturer, or licensed dealer may sell or deliver a rifle or shotgun, and (a licensed collector may sell or deliver a rifle or shotgun which is a curio or relic), to a nonlicensed resident of a State contiguous to the State in which the licensee's place of business is located if the purchaser's State of residence has enacted legislation, currently in force, specifically authorizing a resident of that State to purchase a rifle or shotgun in a contiguous State, the sale fully complies with the legal conditions of sale in both such contiguous States, and the purchaser and the licensee have, prior to the sale or delivery for sale, of the rifle or shotgun, complied with all the requirements of paragraph (b) of this section applicable to intrastate transactions occurring on other than the licensee's business premises.

(d) A licensed dealer may sell to any nonlicensee who is a resident of a State other than the State in which the licensed dealer's premises are located, and who is participating in any organized rifle or shotgun match or contest, or is engaged in hunting, in the State in which the licensed dealer's premises are located, and whose rifle or shotgun has been lost or stolen or has become inoperative in the State in which the licensed dealer's premises are located, if the nonlicensee presents to the licensed dealer a sworn statement, in duplicate, (1) that his rifle or shotgun was lost or stolen or became inoperative while participating in such a match or contest, or while engaged in hunting, in the State in which the licensed dealer's business premises are located, (2) setting forth the name and address of the organized rifle or shotgun match or contest, or the nature and location of the hunting, and the circumstances surrounding the firearm's loss or theft, or the reason why the firearm has become inoperative, and (3) identifying the chief law enforcement officer (sheriff, chief of police, or police precinct captain) of the locality in which the nonlicensee resides. Immediately upon delivery of the rifle or shotgun to the nonlicensee, the licensed dealer shall forward a copy of the sworn statement, by registered mail, to the chief law enforcement officer named by the nonlicensee. The licensee shall retain the original sworn statement, and evidence of delivery of the copy thereof to the chief law enforcement officer, as a part of the records required of him under Subpart H of this part.

§ 178.97 Loan or rental of firearms.

A licensee may loan or rent a firearm to any person for temporary use off the premises of the licensee for lawful sporting purposes: *Provided*, That the delivery of the firearm to such person is not prohibited by § 178.99(b) or § 178.99(c), and the licensee records such loan or rental in the records required to be kept by him under Subpart H of this part. A club, association, or similar organization temporarily furnishing firearms

(whether by loan, rental, or otherwise) to participants in a skeet, trap, target, or similar shooting activity for use at the time and place such activity is held does not, unattended by other circumstances, cause such club, association, or similar organization to be engaged in the business of a dealer in firearms or as engaging in firearms transactions. Therefore, the licensing and recordkeeping requirements contained in this part pertaining to firearms transactions would not apply to this temporary furnishing of firearms for use on premises on which such an activity is conducted.

§ 178.98 Sales or deliveries of destructive devices and certain firearms.

The sale or delivery by a licensee of any destructive device, machinegun, short-barreled shotgun, or short-barreled rifle, to any person other than another licensee who is licensed under this part to deal in such device or firearm, is prohibited unless the person to receive such device or firearm furnishes to the licensee a sworn statement, in triplicate, setting forth (a) the reasons why there is a reasonable necessity for such person to purchase or otherwise acquire the device or weapon, and (b) that such person's receipt or possession of the device or weapon would be consistent with public safety. Such sworn statement shall be attached to the application to transfer and register the firearm required by Part 179 of this chapter. The sale or delivery of the device or weapon shall not be made until the application for transfer is approved by the Director and returned to the licensee (transferor) as provided in Part 179 of this chapter.

§ 178.99 Certain prohibited sales or deliveries.

(a) A licensed importer, licensed manufacturer, licensed dealer, or licensed collector shall not sell or deliver any firearm to any person not licensed under this part, or the Federal Firearms Act, and who the licensee knows or has reasonable cause to believe does not reside in (or if a corporation or other business entity, does not maintain a place of business in) the State in which the licensee's place of business or activity is located: *Provided,* That the foregoing provisions of this paragraph (1) shall not apply to the sale or delivery of a rifle or shotgun (curio or relic, in the case of a licensed collector) to a resident of a State contiguous to the State in which the licensee's place of business or collection premises is located if the requirements of § 178.96(c) are fully met, (2) shall not preclude any person who is participating in any organized rifle or shotgun match or contest, or is engaged in hunting, in a State other than his State of residence and whose rifle or shotgun has been lost or stolen or has become inoperative in such other State, from purchasing a rifle or shotgun in such other State from a licensed dealer if the requirements of § 178.96(d) are fully met, and (3) shall not apply to the loan or rental of a firearm to any p⸺son for temporary use for lawful sporting purposes (see § 178.97).

(b) A licensed importer, licensed manufacturer, licensed dealer, or licensed collector shall not sell or deliver (1) any firearm or ammunition to any individual who the importer, manufacturer, dealer, or collector knows or has reasonable cause to believe is less than 18 years of age, and, if the firearm, or ammunition, is other than a shotgun or rifle, or ammunition for a shotgun or rifle, to any individual who the importer, manufacturer, dealer, or collector knows or has reasonable cause to believe is less than 21 years of age, or (2) any firearm or ammunition to any person in any State where the purchase or possession by such person of such firearm or ammunition would be in violation of any State law or any published ordinance applicable at the place of sale, delivery or other disposition, unless the importer, manufacturer, dealer or collector knows or has reasonable cause to believe that the purchase or possession would not be in violation of such State law or such published ordinance.

(c) A licensed importer, licensed manufacturer, licensed dealer, or licensed collector shall not sell or otherwise dispose of any firearm or ammunition to any person knowing or having reasonable cause to believe that such person (1) is except as provided under § 178.143, under indictment for, or, except as provided under § 178.144, has been convicted in any court of a crime punishable by imprisonment for a term exceeding 1 year, (2) is a fugitive from justice, (3) is an unlawful user of or addicted to marihuana or any depressant or stimulant drug (as defined in section 201(v) of the Federal Food, Drug, and Cosmetic Act; 21 U.S.C. 321(v)), or narcotic drug (as defined in section 4731(a) of the Internal Revenue Code of 1954), or (4) has been adjudicated as a mental defective or has been committed to any mental institution.

§ 178.100 Record of transactions.

Every licensee shall maintain firearms and ammunition records in such form and manner as is prescribed by Subpart H of this part.

### Subpart G—Importation

§ 178.111 General.

(a) Section 922(a)(3) of the Act makes it unlawful, with certain exceptions not pertinate here, for any person other than a licensee, to transport into or receive in the State where he resides any firearm purchased or otherwise obtained by him outside of that State. However, section 925(a)(4) provides a limited exception for the transportation, shipment, receipt or importation of certain firearms and ammunition by certain members of the United States armed forces. Section 922(1) of the Act makes it unlawful for any person knowingly to import or bring into the United States or any possession thereof any firearm or ammunition except as provided by section 925(d) of the Act, which section provides standards for importing or bringing firearms or ammunition into the United States. Accordingly, no firearm or ammunition may be imported or brought into the United States except as provided by this part.

(b) Where a firearm or ammunition is imported and the authorization for importation required by this subpart has not been obtained by the person importing same, such person shall:

(1) Store, at his expense, such firearm or ammunition at a facility designated by U.S. Customs or the Assistant Regional Commissioner to await the issuance of the required authorization or other disposition; or

(2) Abandon such firearm or ammunition to the U.S. Government; or

(3) Export such firearm or ammunition.

(c) Any inquiry relative to the provisions or procedures under this subpart, other than that pertaining to the payment of customs duties or the release from Customs custody of firearms or ammunition authorized by the Director to be imported, shall be directed to the Assistant Regional Commissioner for reply.

§ 178.112 Importation by a licensed importer.

(a) No firearm or ammunition shall be imported or brought into the United States by a licensed importer (as defined in § 178.11) unless the Director has authorized the importation of the firearm or ammunition, or the firearm or ammunition is listed on the Importation List compiled by the Director as provided by paragraph (c) of this section.

(b) An application for a permit, Form 6 (Firearms), to import or bring a firearm or ammunition into the United States or a possession thereof under this section shall be filed, in triplicate, with the Director. The application shall contain (1) the name, address, and license number of the importer, (2) a description of the firearm or ammunition to be imported, including type (e.g.: rifle, shotgun, pistol, revolver), model, caliber, size or gauge, barrel length (if a firearm), country of manufacture, and name of the manufacturer, (3) the unit cost of the firearm to be imported, (4) the country from which to be imported, (5) the name and address of the foreign seller and the foreign shipper, (6) verification that if a firearm, it will be identified as required by this part, and (7) (i) if imported or brought in for scientific or research purposes, a statement describing such purposes, or (ii) if for use in connection with competition or training pursuant to chapter 401 of title 10, U.S.C., a statement describing such intended use, or (iii) if an unserviceable firearm (other than a machine gun) being imported as a curio or museum piece, a description of how it was rendered unserviceable and an explanation of why it is a curio or museum piece, or (iv) if a firearm, other than a surplus military firearm, of a type that does not fall within the definition of a firearm by section 5845(a) of the Internal Revenue Code of 1954, and is for sporting purposes, an explanation of why the applicant believes the firearm is generally recognized as particularly suitable

for or readily adaptable to sporting purposes, or (v) if ammunition being imported for sporting purposes, a statement why the applicant believes it is generally recognized as particularly suitable for or readily adaptable to sporting purposes. In determining whether a firearm or ammunition is particularly suitable for or readily adaptable to sporting purposes, the Director may seek the recommendation of the advisory board authorized by paragraph (c) of this section. If the Director approves the application, such approved application shall serve as the permit to import the firearms or ammunition described therein, and importation of such firearms or ammunition may continue to be made by the licensed importer under the approved application (permit) during the period specified thereon. The Director shall furnish the approved application (permit) to the applicant and retain two copies thereof for administrative use. If the Director disapproves the application, the licensed importer shall be notified of the basis for the disapproval.

(c) The Director may compile an Importation List of firearms and ammunition which he determines to be generally recognized as particularly suitable for or readily adaptable to sporting purposes. The determination of the Director that a firearm or ammunition is generally recognized to be particularly suitable for or readily adaptable to sporting purposes may be made with the assistance of an advisory board to be appointed by the Commissioner. Such board may be composed of persons from within and without governmental agencies who are recognized as being particularly knowledgeable in the use and classification of firearms and ammunition. No firearm shall be placed on the Importation List unless it is found that (1) the caliber or gauge of the firearm is suitable for use in a recognized shooting sport, (2) the type of firearm is generally recognized as particularly suitable for or readily adaptable to such use, and (3) the use of the firearm in a recognized shooting sport will not endanger the person using it due to deterioration through such use or because of inferior workmanship, materials or design. No ammunition shall be placed on the Importation List unless it is found that (i) the caliber, size or gauge of the ammunition is suitable for use in a recognized shooting sport, (ii) the type of ammunition is generally recognized as particularly suitable for or readily adaptable to such use, and (iii) the use of the ammunition in a recognized shooting sport will not endanger the person using it.

(d) A firearm or ammunition imported or brought into the United States by a licensed importer may be released from Customs custody to the licensed importer upon his showing that he has obtained a permit from the Director for the importation of the firearm or ammunition to be released, or that the firearm or ammunition appears on the Importation List. In obtaining the release from Customs custody of a firearm or ammunition authorized by this section to be imported through use of a permit or because the firearm or ammunition appears on the Importation List, the licensed importer shall prepare Form 6A (Firearms), in duplicate, and furnish the original Form 6A (Firearms) to the Customs officer releasing the firearm or ammunition. The Customs officer shall, after certification, forward the Form 6A (Firearms) to the Assistant Regional Commissioner for the region wherein the licensed importer maintains his place of business. The Form 6A (Firearms) shall show the name, address, and license number of the importer, the name of the manufacturer of the firearm or ammunition, the country of manufacture, the type, model, and caliber, size or gauge, and the number of firearms or rounds of ammunition released.

(e) Within 15 days of the date of release from Customs custody, the licensed importer shall (1) forward to the Assistant Regional Commissioner a copy of Form 6A (Firearms) on which shall be reported any error or discrepancy appearing on the Form 6A (Firearms) certified by Customs, (2) pursuant to § 178.-92, place all required identification data on each imported firearm if same did not bear such identification data at the time of its release from Customs custody, and (3) post in the records required to be maintained by him under Subpart H of this part, all required information regarding the importation.

§ 178.113   Importation by other licensees.

(a) No person other than a licensed importer (as defined in § 178.11) shall engage in the business of importing firearms or ammunition. Therefore, no firearm or ammuntion shall be imported or brought into the United States or a possession thereof by any licensee other than a licensed importer unless the Director issues a permit authorizing the importation of the firearm or ammunition.

(b) An application for a permit, Form 6 (Firearms), to import or bring a firearm or ammunition into the United States or a possession thereof by a licensee, other than a licensed importer, shall be filed, in triplicate, with the Director. The application shall contain (1) the name, address, and the license number of the applicant, (2) a description of the firearm or ammunition to be imported, including type (e.g.: rifle, shotgun, pistol, revolver), model, caliber, size or gauge, barrel length (if a firearm), country of manufacture, and name of the manufacturer, (3) the unit cost of the firearm or ammunition to be imported, (4) the name and address of the foreign seller and the foreign shipper, (5) the country from which the firearm or ammunition is to be imported, and (6) (i) if the firearm or ammunition is being imported or brought in for scientific or research purposes, a statement describing such purposes, or (ii) if for use in connection with competition or training pursuant to chapter 401 of title 10, U.S.C., a statement describing such intended use, or (iii) if an unserviceable firearm (other than a machine gun) being imported as a curio or museum piece, a description of how it was rendered unserviceable and an explanation of why it is a curio or museum piece, or (iv) if a firearm, other than a surplus military firearm, of a type that does not fall within the definition of a firearm under 5845(a) of the Internal Revenue Code of 1954, and is for sporting purposes, an explanation of why the applicant believes the firearm is generally recognized as particularly suitable for or readily adaptable to sporting purposes, or (v) if ammunition being imported for sporting purposes, a statement why the applicant believes it is generally recognized as particularly suitable for or readily adaptable to sporting purposes. If the Director approves the application, such approved application shall serve as the permit to import the firearm or ammunition described therein. The Director shall furnish the approved application (permit) to the applicant and retain two copies thereof for administrative use. If the Director disapproves the application, the applicant shall be notified of the basis for the disapproval.

(c) A firearm or ammunition imported or brought into the United States or a possession thereof under the provisions of this section may be released from Customs custody to the licensee importing the firearm or ammunition upon his showing that he has obtained a permit from the Director for the importation. In obtaining the release of the firearm or ammunition from Customs custody, the licensee importing same shall furnish a Form 6A (Firearms) to the Customs officer releasing the firearm or ammunition. The Customs officer shall, after certification, forward the Form 6A (Firearms) to the Assistant Regional Commissioner for the region wherein the licensee importing the firearm or ammunition maintains his licensed premises. The Form 6A (Firearms) shall show the name, address, and the license number of the licensee, the name of the manufacturer, the country of manufacture, and the type, model, and caliber, size (if ammunition) or gauge of the firearm or ammunition so released, and, if applicable, the number of firearms or rounds of ammunition released.

§ 178.114   Importation by members of the U.S. Armed Forces.

(a) The Director may issue a permit authorizing the importation of a firearm or ammunition into the United States to the place of residence of any military member of the U.S. Armed Forces who is on active duty outside the United States, or who has been on active duty outside the United States within the 60-day period immediately preceding the intended importation: *Provided*, That such firearm or ammunition is generally recognized as particularly suitable for or readily adaptable to sporting purposes and is intended for the personal use of such member. An application for such a permit, Form 6 (Firearms), shall be filed, in triplicate, with the Director. The application shall contain (1) the name and current address of the applicant, (2) certification that the transportation, receipt, or possession of the firearm or

ammunition to be imported would not constitute a violation of any provision of the Act, Title VII of the Omnibus Crime Control and Safe Streets Act of 1968, as amended (82 Stat. 236; 18 U.S.C. Appendix), or of any State law or local ordinance at the place of the applicant's residence, (3) a description of the firearm or ammunition to be imported, including type (e.g.: rifle, shotgun, pistol, revolver), model, caliber, size or gauge, barrel length (if a firearm), country of manufacture, and the name of the manufacturer, (4) the unit cost of the firearm or ammunition to be imported, (5) the name and address of the foreign seller (if applicable) and the foreign shipper, (6) the country from which the firearm or ammunition is to be imported, (7)(i) that the firearm or ammunition being imported is for the personal use of the applicant, and (ii) if a firearm, a statement that it is not a surplus military firearm, that it does not fall within the definition of a firearm under section 5845(a) of the Internal Revenue Code of 1954, and an explanation of why the applicant believes the firearm is generally recognized as particularly suitable for or readily adaptable to sporting purposes, or (iii) if ammunition, a statement why the applicant believes it is generally recognized as particularly suitable for or readily adaptable to sporting purposes, and (8) the applicant's date of birth, his rank or grade, his place of residence, his present foreign duty station or his last foreign duty station, as the case may be, the date of his reassignment to a duty station within the United States, if applicable, and the military branch of which he is a member. If the Director approves the application, such approved application shall serve as the permit to import the firearm or ammunition described therein. The Director shall furnish the approved application (permit) to the applicant and shall retain the two copies thereof for administrative purposes. If the Director disapproves the application, the applicant shall be notified of the basis for the disapproval.

(b) Upon receipt of an approved application (permit) to import the firearm or ammunition, the applicant may obtain the release of same from Customs custody upon his showing that he has obtained a permit from the Director for the importation. In obtaining the release of the firearm or ammunition from Customs custody, the military member of the U.S. Armed Forces importing same shall furnish a Form 6A (Firearms) to the Customs officer releasing the firearm or ammunition. The Customs officer shall, after certification, forward the Form 6A (Firearms) to the Assistant Regional Commissioner for the region wherein the State of residence of the military member of the U.S. Armed Forces is located. The Form 6A (Firearms) shall show the name and address of such military member, the name of the manufacturer, the country of manufacture, and the type, model, and caliber, size or gauge of the firearm or ammunition so released, and, if applicable, the number of firearms or rounds of ammunition released. However, when such military member is on active duty outside the United States, he may appoint, in writing, an agent to obtain the release of the firearm or ammunition from Customs custody for him. Such agent shall present sufficient identification of himself and the written authorization to act on behalf of such military member to the Customs officer who is to release the firearm or ammunition.

(c) Firearms determined by the Department of Defense to be war souvenirs may be imported into the United States by the military members of the U.S. Armed Forces under such provisions and procedures as the Department of Defense may issue.

§ 178.115   Exempt importation.

(a) Firearms and ammunition may be brought into the United States or any possession thereof by any person who can establish to the satisfaction of Customs that such firearm or ammunition was previously taken out of the United States or any possession thereof by such person. Registration on Customs Form 4457 or on any other registration document available for this purpose may be completed before departure from the United States at any U.S. customhouse or any office of an Assistant Regional Commissioner. A bill of sale or other commercial document showing transfer of the firearm or ammunition in the United States to such person also may be used to establish proof that the firearm or ammunition was taken out of the United States by such person. Firearms and ammunition furnished under the provisions of section 925(a)(3) of the Act to military members of the U.S. Armed Forces on active duty outside of the United States also may be imported into the United States or any possession thereof by such military members upon establishing to the satisfaction of Customs that such firearms and ammunition were so obtained.

(b) Firearms and ammunition may be imported or brought into the United States by or for the United States or any department or agency thereof, or any State or any department, agency, or political subdivision thereof. A firearm or ammunition imported or brought into the United States under this paragraph may be released from Customs custody upon a showing that the firearm or ammunition is being imported or brought into the United States by or for such a governmental entity.

(c) The provisions of this subpart shall not apply with respect to the importation into the United States of any antique firearm.

(d) Firearms and ammunition are not imported into the United States, and the provisions of this subpart shall not apply, when such firearms and ammunition are brought into the United States by:

(1) A nonresident of the United States for legitimate hunting or lawful sporting purposes, and such firearms and such ammunition as remains following such shooting activity are to be taken back out of the territorial limits of the United States by such person upon conclusion of the shooting activity;

(2) Foreign military personnel on official assignment to the United States who bring such firearms or ammunition into the United States for their exclusive use while on official duty in the United States;

(3) Official representatives of foreign governments who are accredited to the U.S. Government or are en route to or from other countries to which accredited;

(4) Officials of foreign governments and distinguished foreign visitors who have been so designated by the Department of State; and

(5) Foreign law enforcement officers of friendly foreign governments entering the United States on official law enforcement business.

§ 178.116   Conditional importation.

The Director may permit the conditional importation or bringing into the United States or any possession thereof of any firearm or ammunition for the purpose of examining and testing the firearm or ammunition in connection with making a determination as to whether the importation or bringing in of such firearm or ammunition will be authorized under this part. An application for such conditional importation shall be filed, in duplicate, with the Director. The Director may impose conditions upon any importation under this section including a requirement that the firearm or ammunition be shipped directly from Customs custody to the Director and that the person importing or bringing in the firearm or ammunition must agree to either export the firearm or ammunition or destroy same if a determination is made that the firearm or ammunition may not be imported or brought in under this part. A firearm or ammunition imported or brought into the United States or any possession thereof under the provisions of this section shall be released from Customs custody upon the payment of customs duties, if applicable, and in the manner prescribed in the conditional authorization issued by the Director.

§ 178.117   Function outside a customs territory.

In the insular possessions of the United States outside customs territory, the functions performed by U.S. Customs officers under this subpart within a customs territory may be performed by the appropriate authorities of a territorial government or other officers of the United States who have been designated to perform such functions. For the purpose of this subpart, the term customs territory means the United States, the District of Columbia, and the Commonwealth of Puerto Rico.

## Subpart H—Records

### § 178.121  General.

(a) The records pertaining to firearms transactions prescribed by this part shall be in permanent form, and shall be retained on the licensed premises in the manner prescribed by this subpart. The records pertaining to ammunition prescribed by this part shall be retained on the licensed premises in the manner prescribed by § 178.125.

(b) Internal revenue officers may enter the premises of any licensed importer, licensed manufacturer, licensed dealer, or licensed collector for the purpose of examining or inspecting any record or document required by or obtained under this part (see § 178.23). Section 923(g) of the Act requires licensed importers, licensed manufacturers, licensed dealers, and licensed collectors to make such records available for such examination or inspection at all reasonable times.

(c) Each licensed importer, licensed manufacturer, licensed dealer, and licensed collector shall maintain such records of importation, production, shipment, receipt, sale, or other disposition, whether temporary or permanent, of firearms and ammunition as the regulations contained in this part prescribe. Section 922(m) of the Act makes it unlawful for any licensed importer, licensed manufacturer, licensed dealer, or licensed collector knowingly to make any false entry in, to fail to make appropriate entry in, or to fail to properly maintain any such record.

| Quantity | Type | Manufacturer | Country of manufacture | Caliber, size or gauge | Model | Serial No. | Name, address, and license No. of licensee to whom transferred | Date of the transaction |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |

(c) Notwithstanding the provisions of paragraph (b) of this section, the Assistant Regional Commissioner may authorize alternate records to be maintained by a licensed importer to record his disposal of firearms and ammunition when it is shown by the licensed importer that such alternate records will accurately and readily disclose the information required by paragraph (b) of this section. A licensed importer who proposes to use alternate records shall submit a letter application, in duplicate, to the Assistant Regional Commissioner and shall describe the proposed alternate records and the need therefor. Such alternate records shall not be employed by the licensed importer until approval in such regard is received from the Assistant Regional Commissioner.

(d) Each licensed importer shall maintain separate records of the sales or other dispositions made of firearms and ammunition to nonlicensees. Such records shall be maintained in the form and manner as prescribed by § 178.125 in regard to ammunition transactions, and by §§ 178.124 and 178.125 in regard to firearms transaction records and records of acquisition and disposition of firearms.

### § 178.122  Records maintained by importers.

(a) Each licensed importer shall, within 15 days of the date of importation or other acquisition, record the type, model, caliber or gauge, manufacturer, country of manufacture, and the serial number of each firearm he imports or otherwise acquires, and the date such importation or other acquisition was made. Each licensed importer shall, within 15 days of the date of release from Customs custody or other acquisition, record the type, caliber, size or gauge manufacturer, and country of manufacture of the ammunition he imports or otherwise acquires, and the date such importation or other acquisition was made.

(b) A record of firearms and a separate record of ammunition disposed of by a licensed importer to another licensee shall be maintained by the licensed importer on his licensed premises and shall show the quantity, type, manufacturer, country of manufacture, caliber, size or gauge, serial number (in the case of firearms only), of the firearms or ammunition so transferred, the name, address, and license number of the licensee to whom the firearms or ammunition were transferred, and the date of the transaction. The information required by this paragraph shall be entered in the proper record book not later than the seventh day following the date of the transaction, and such information shall be recorded under the following format:

### § 178.123  Records maintained by manufacturers.

(a) Each licensed manufacturer shall record the type, model, caliber or gauge, and serial number of each complete firearm he manufactures or otherwise acquires, and the date such manufacture or other acquisition was made. Each licensed manufacturer shall record the type, caliber, size or gauge of the ammunition he manufactures or otherwise acquires. The information required by this paragraph shall be recorded not later than the seventh day following the date such manufacture or other acquisition was made.

(b) A record of firearms and a separate record of ammunition disposed of by a licensed manufacturer to another licensee shall be maintained by the licensed manufacturer on his licensed premises and shall show the quantity, type, caliber, size or gauge, serial number (in the case of firearms only), of the firearms or ammunition so transferred, the name, address, and license number of the licensee to whom the firearms or ammunition were transferred, and the date of the transaction. The information required by this paragraph shall be entered in the proper record book not later than the seventh day following the date of the transaction, and such information shall be recorded under the format prescribed by § 178.122 except that the name of the manufacturer and the country of manufacture need not be recorded if the firearm or ammunition is of the manufacturer's own manufacture.

(c) Notwithstanding the provisions of paragraph (b) of this section, the Assistant Regional Commissioner may authorize alternate records to be maintained by a licensed manufacturer to record his disposal of firearms and ammunition when it is shown by the licensed manufacturer that such alternate records will accurately and readily disclose the information required by paragraph (b) of this section. A licensed manufacturer who proposes to use alternate records shall submit a letter application, in duplicate, to the Assistant Regional Commissioner and shall describe the proposed alternate records and the need therefor. Such alternate records shall not be employed by the licensed manufacturer until approval in such regard is received from the Assistant Regional Commissioner.

(d) Each licensed manufacturer shall maintain separate records of the sales or other dispositions made of firearms and ammunition to nonlicensees. Such records shall be maintained in the form and manner as prescribed by § 178.125 in regard to ammunition transactions, and by §§ 178.124 and 178.125 in regard to firearms transaction records and records of acquisition and disposition of firearms.

### § 178.124  Firearms transaction record.

(a) A licensed importer, licensed manufacturer, or licensed dealer shall not sell or otherwise dispose, temporarily or permanently, of any firearm to any person, other than another licensee, and a licensed collector shall not sell or otherwise dispose of any curio or relic to any person, other than another licensee, unless he records the transaction on a firearms transaction record, Form 4473: *Provided*, That a firearms transaction record, Form 4473, shall not be required to record the disposition made of a firearm delivered to a licensee for the sole purpose of repair or customizing when such firearm is returned to the person from whom received.

(b) A licensed importer, licensed manufacturer, licensed dealer, or licensed collector shall retain in alphabetical (by name of purchaser), chronological (by date of disposition), or numerical (by transaction serial number) order, and as a part of his permanent records, each Form 4473 he obtains in the course of transferring custody of his firearms.

(c) Prior to making an over-the-counter transfer of a firearm to a nonlicensee who is a resident of the State in which the licensee maintains his business or collection premises, the licensed importer, licensed manufacturer, licensed dealer, or licensed collector so transferring the firearm shall obtain a Form 4473 from the transferee showing the name, address, date and place of

birth, height, weight, and race of the transferee, and certification by the transferee that he is not prohibited by the Act or Title VII of the Omnibus Crime Control and Safe Streets Act of 1968 (82 Stat. 236; 18 U.S.C. Appendix) from receiving a firearm in interstate or foreign commerce. The licensee shall identify the firearm to be transferred by listing in the Form 4473 the name of the manufacturer, the name of the importer (if any), the type, model, caliber or gauge, and the serial number of the firearm. Before transferring the firearm described in the Form 4473, the licensee (1) shall cause the transferee to identify himself in any manner customarily used in commercial transactions (e.g., a driver's license), and shall note on the form the method used, and (2) if satisfied that the transferee is lawfully entitled to receive the firearm, shall sign and date the form.

(d) Prior to making an over-the-counter transfer of a shotgun or rifle to a nonlicensee who is not a resident of the State in which the licensee maintains his business or collection premises, and such nonlicensee is acquiring the shotgun or rifle under the provisions contained in § 178.96(d), the licensed dealer so transferring the shotgun or rifle, and such transferee, shall comply with the requirements of paragraph (c) of this section. In addition, the sworn statement requirements imposed upon the transferee and the licensee by § 178.96(d) also shall be fully met.

(e) Prior to making a transfer of a firearm to any nonlicensee who is not a resident of the State in which the licensee maintains his business or collection premises, and such nonlicensee is acquiring the firearm by loan or rental from the licensee for temporary use for lawful sporting purposes, the licensed importer, licensed manufacturer, licensed dealer, or licensed collector so furnishing the firearm, and such transferee, shall comply with the requirements of paragraph (c) of this section.

(f) Form 4473 shall be submitted, in duplicate, to a licensed importer, licensed manufacturer, licensed dealer, or licensed collector, by a transferee who; (1) is purchasing or otherwise acquiring a firearm by other than an over-the-counter transaction, and who is a resident of the State in which the licensee maintains his business or collection premises, or (2) is purchasing or otherwise acquiring a shotgun or rifle, and who is a resident of a State contiguous to the State in which the licensee maintains his business or collection premises. The Form 4473 shall show the name, address, date and place of birth, height, weight, and race of the transferee; and the title, name, and address of the principal law enforcement officer of the locality to which the firearm will be delivered. The transferee also must date and execute the sworn statement contained on the form showing that, in case the firearm to be transferred is a firearm other than a shotgun or rifle, he is 21 years or more of age; that, in case the firearm to be transferred is a shotgun or rifle, he is 18 years or more of age; that he is not prohibited by the provisions of the Act from receiving a firearm in interstate or foreign commerce; and that his receipt of the firearm would not be in violation of any statute of the State and published ordinance applicable to the locality in which he resides. Upon receipt of such Forms 4473, the licensee shall identify the firearm to be transferred by listing in the Forms 4473 the name of the manufacturer, the name of the importer (if any), the type, model, caliber or gauge, and the serial number of the firearm to be transferred. The licensee shall prior to shipment or delivery of the firearm to such transferee, forward by registered or certified mail (return receipt requested) a copy of the Form 4473 to the chief law enforcement officer named in the Form 4473 by the transferee, and shall delay shipment or delivery of the firearm to the transferee for a period of at least 7 days following receipt by the licensee of the return receipt evidencing delivery of the copy of the Form 4473 to such chief law enforcement officer, or the return of the copy of the Form 4473 to the licensee due to the refusal of such chief law enforcement officer to accept same in accordance with U.S. Post Office Department regulations. The original Form 4473, and evidence of receipt or rejection of delivery of the copy of the Form 4473 sent to the chief law enforcement officer, shall be retained by the licensee as a part of the records required of him to be kept under this subpart.

(g) A licensee who sells or otherwise disposes of a firearm to a nonlicensee, who is other than an individual, shall obtain from the transferee the information required by this section from an individual authorized to act on behalf of the transferee. In addition, the licensee shall obtain from the individual acting on behalf of the transferee a written statement, executed under the penalties of perjury, that the firearm is being acquired for the use of and will be the property of the transferee, and showing the name and address of that transferee.

(h) The requirements of this section shall be in addition to any other recordkeeping requirement contained in this part.

(i) A licensee may obtain, upon request, a supply of Form 4473 from any Assistant Regional Commissioner or any District Director.

§ 178.125   Record of receipt and disposition.

(a) Each licensed dealer shall maintain records of all ammunition he receives for the purposes of sale or distribution. Such record may consist of invoices or other commercial records which shall be filed in an orderly manner separate from other commercial records he maintains, and be readily available for inspection. Such record shall; (1) show the name of the manufacturer and the transferor, and the type, caliber or gauge, and quantity of the ammunition acquired in the transaction, and the date of such acquisition, and (2) be retained on the licensed premises of the dealer for a period of not less than two years following the date of the acquisition.

(b) Each licensed collector shall maintain records of all ammunition he acquires as curios or relics for his collection. Such record may consist of invoices or other commercial records which shall be filed in an orderly manner separate from other commercial records he maintains, and be readily available for inspection. Such records shall show the information required by paragraph (a) of this section and be retained in the same manner.

(c) The sale or other disposition of ammunition, or of an ammunition curio or other commercial records which shall graph (d) of this section, be recorded in a bound record at the time such transaction is made. The bound record entry shall show; (1) the date of the transaction, (2) the name of the manufacturer, the caliber, gauge or type of component, and the quantity of the ammunition transferred, (3) the name, address, and date of birth of the purchaser (transferee), and (4) the method used by the licensee to establish the identity of the purchaser (transferee). The bound record shall be maintained in chronological order by date of sale or disposition of the ammunition, and shall be retained on the licensed premises of the licensee for a period of not less than two years following the date of the sale or disposition of the ammunition recorded therein. The format required for the bound record is as follows:

| Date | Manufacturer | Caliber, gauge, or type of component | Quantity | Name | Address | Date of birth | Mode of identification | |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | Driver's license (✓) | Other (specify) |

(d) When a commercial record is made at the time of sale or other disposition of ammunition, or of an ammunition curio or relic, and such record contains all information required by the bound record prescribed by paragraph (c) of this section, the licensed dealer or licensed collector transferring the ammunition, or ammunition curio or relic, may, for a period not exceeding 7 days following the date of such transfer, delay making the required entry into such bound record: *Provided*, That the commercial record pertaining to the transfer is; (1) maintained by the licensed dealer or licensed collector separate from other commercial documents maintained by such licensee, and (2) is readily available for inspection

on the licensed premises until such time as the required entry into the bound record is made.

(e) Each licensed dealer and each licensed collector shall on and after the effective date of this part enter into a permanent record each receipt and disposition of firearms or firearms curios or relics. In addition, before commencing or continuing firearms business or firearms curio and relic collection, each licensed dealer and licensed collector shall inventory the firearms or firearms curios and relics possessed for such business or in such collection and shall record same in the record required by this paragraph: *Provided*, That when a licensed dealer or licensed collector has records maintained under the Federal Firearms Act which readily disclose his inventory of firearms or firearms curios and relics, such inventory need not be recorded in the record required by this paragraph. The record required by this paragraph shall be maintained in bound form under the format prescribed below. The purchase or other acquisition of a firearm by a licensed dealer, or of a firearm curio or relic by a licensed collector, shall, except as provided in paragraph (f) of this section, be recorded not later than the close of the next business day following the date of such purchase or acquisition. The record shall show the date of receipt, the name and address or the name and license number of the person from whom received, the name of the manufacturer and importer (if any), the model, serial number, type of action, and the caliber or gauge of the firearm or firearm curio or relic. The sale or other disposition of a firearm or of a firearm curio or relic shall be recorded by the licensed dealer or the licensed collector not later than seven days following the date of such transaction. When such disposition is made to a nonlicensee, the firearms transaction record, Form 4473, obtained by the licensed dealer or the licensed collector shall be retained, until the transaction is recorded, separate from his Form 4473 file and be readily available for inspection. When such disposition is made to a licensee, the commercial record of the transaction shall be retained, until the transaction is recorded, separate from other commercial documents maintained by the licensed dealer or licensed collector, and be readily available for inspection. The record shall show the date of the sale or other disposition of each firearm or firearm curio or relic, the name of the person to whom the firearm curio or relic is transferred, and the address or license number of the person to whom transferred if such person is a licensee, or the firearms transaction record, Form 4473, serial number if the licensed dealer or the licensed collector transferring the firearm or curio or relic serially numbers his Forms 4473 and files them numerically. The format required for the record of receipt and disposition of firearms or firearms curios and relics is as follows:

FIREARMS ACQUISITION AND DISPOSITION RECORD

| Description of firearm | | | | | Receipt | | Disposition | | |
|---|---|---|---|---|---|---|---|---|---|
| Manufacturer and/or Importer | Model | Serial No. | Type of action | Caliber and gauge | Date | From whom (name and address or name and license number) | Date | Name | Address or license No. if licensee, or Form 4473 Serial No. if Forms 4473 filed numerically |

(f) When a commercial record is held by a licensed dealer or licensed collector showing his acquisition of a firearm or firearm curio or relic, and such record contains all acquisition information required by the bound record prescribed by paragraph (e) of this section, the licensed dealer or licensed collector acquiring such firearm or curio or relic, may, for a period not exceeding seven days following the date of such acquisition, delay making the required entry into such bound record: *Provided*, That the commercial record is, until such time as the required entry into the bound record is made, (1) maintained by the licensed dealer or licensed collector separate from other commercial documents maintained by such licensee, and (2) is readily available for inspection on the licensed premises: *Provided, further*, That when disposition is made of a firearm or firearm curio or relic not entered in the bound record under the provisions of this paragraph, the licensed dealer or licensed collector making such disposition shall enter all required acquisition information regarding the firearm or firearm curio or relic in the bound record at the time such transfer or disposition is made.

(g) Notwithstanding the provisions of paragraphs (c) and (e) of this section, the Assistant Regional Commissioner may authorize alternate records to be maintained by a licensed dealer or a licensed collector to record his acquisition and disposal of firearms and ammunition, or curios and relics, when it is shown by the licensed dealer or the licensed collector that such alternate records will accurately and readily disclose the required information. A licensed dealer or licensed collector who proposes to use alternate records shall submit a letter application, in duplicate, to the Assistant Regional Commissioner and shall describe the proposed alternate records and the need therefor. Such alternate records shall not be employed by the licensed dealer or the licensed collector until approval in such regard is received from the Assistant Regional Commissioner.

(h) Each licensed importer and licensed manufacturer selling or otherwise disposing of firearms or ammunition to nonlicensees shall maintain such records of such transactions as are required of licensed dealers and licensed collectors by this section.

§ 178.126 Furnishing transaction information.

(a) Each licensee shall, when required by letter issued by the Assistant Regional Commissioner, and until notified to the contrary in writing by such officer, submit on Form 4483, Report of Firearms Transactions, for the periods and at the times specified in the letter issued by the Assistant Regional Commissioner, all record information required by this subpart, or such lesser record information as the Assistant Regional Commissioner in his letter may specify.

(b) The Assistant Regional Commissioner may authorize the information to be submitted in a manner other than that prescribed in paragraph (a) of this section when it is shown by a licensee that an alternate method of reporting is reasonably necessary and will not unduly hinder the effective administration of this part. A licensee who proposes to use an alternate method of reporting shall submit a letter application, in duplicate, to the Assistant Regional Commissioner and shall describe the proposed alternate method of reporting and the need therefor. An alternate method of reporting shall not be employed by the licensee until approval in such regard is received from the Assistant Regional Commissioner.

§ 178.127 Discontinuance of business.

Where a firearms or ammunition business is discontinued and succeeded by a new licensee, the records prescribed by this subpart shall appropriately reflect such facts and shall be delivered to the successor. Where discontinuance of the business is absolute, the records prescribed by this subpart shall be delivered within 30 days following the business discontinuance to the Assistant Regional Commissioner for the internal revenue region in which the business was operated: *Provided, however*, Where State law or local ordinance requires the delivery of records to other responsible authority, the Assistant Regional Commissioner may arrange for the delivery of the records required by this subpart to such authority.

Subpart I—Exemptions

§ 178.141 General.

The provisions of this part shall not apply with respect to:

(a) The transportation, shipment, receipt, or importation of any firearm or

ammunition imported for, sold or shipped to, or issued for the use of, the United States or any department or agency thereof or any State or any department, agency, or political subdivision thereof.

(b) The shipment or receipt of firearms or ammunition when sold or issued by the Secretary of the Army pursuant to section 4308 of title 10, U.S.C., and the transportation of any such firearm or ammunition carried out to enable a person, who lawfully received such firearm or ammunition from the Secretary of the Army, to engage in military training or in competitions.

(c) The shipment, unless otherwise prohibited by the Act or any other Federal law, by a licensed importer, licensed manufacturer, or licensed dealer to a member of the U.S. Armed Forces on active duty outside the United States or to clubs, recognized by the Department of Defense, whose entire membership is composed of such members of the U.S. Armed Forces, and such members or clubs may receive a firearm or ammunition determined by the Director to be generally recognized as particularly suitable for sporting purposes and intended for the personal use of such member or club. Before making a shipment of firearms or ammunition under the provisions of this paragraph, a licensed importer, licensed manufacturer, or licensed dealer may submit a written request, in duplicate, to the Director for a determination by the Director whether such shipment would constitute a violation of the Act or any other Federal law, or whether the firearm or ammunition is considered by the Director to be generally recognized as particularly suitable for sporting purposes.

(d) The transportation, shipment, receipt, or importation of any antique firearm.

§ 178.142 Effect of Presidential pardon.

A pardon granted by the President of the United States regarding a conviction for a crime punishable by imprisonment for a term exceeding 1 year shall remove any disability which otherwise would be imposed by the provisions of this part in respect to that conviction.

§ 178.143 Relief from disabilities incurred by indictment.

A licensed importer, licensed manufacturer, licensed dealer, or licensed collector who is indicted for a crime punishable by imprisonment for a term exceeding 1 year may, notwithstanding any other provision of the Act, continue operations pursuant to his existing license during the term of such indictment and until any conviction pursuant to the indictment becomes final: *Provided,* That if the term of the license expires during the period between the date of the indictment and the date the conviction thereunder becomes final, such importer, manufacturer, dealer, or collector must file a timely application for the renewal of his license in order to continue operations. Such application shall show that the applicant is under indictment for a crime punishable by imprisonment for a term exceeding 1 year.

§ 178.144 Relief from disabilities incurred by conviction.

(a) Any person may make application for relief from the disabilities under Federal law incurred by reason of a conviction of a crime punishable by imprisonment for a term exceeding 1 year if such conviction was not of a crime involving the use of a firearm or other weapon or a violation of the Act or the National Firearms Act.

(b) An application for such relief shall be addressed to the Commissioner and shall include such supporting data as the applicant deems appropriate. In the case of a corporation, the supporting data should include information as to the absence of culpability in the offense of which the corporation was convicted, or of any person having the power to direct or control the management of the corporation, if such be the fact. The application shall be filed, in triplicate, with the Assistant Regional Commissioner for the internal revenue region wherein the applicant resides.

(c) The Commissioner may grant relief to an applicant if it is established to the satisfaction of the Commissioner that the circumstances regarding the conviction, and the applicant's record and reputation are such that the applicant will not be likely to act in a manner dangerous to public safety, and that the granting of the relief would not be contrary to the public interest.

(d) Whenever the Commissioner grants relief to any person pursuant to this section, he shall promptly publish in the FEDERAL REGISTER notice of such action, together with the reasons therefor.

(e) A person who has been granted relief under this section shall be relieved of any disabilities imposed by Federal laws with respect to the acquisition, receipt, transfer, shipment, or possession of firearms and incurred by reason of such conviction.

(f) (1) A licensee who is convicted of a crime punishable by imprisonment for a term exceeding 1 year during the term of a current license or while he has pending a license renewal application, and who qualifies under this section to file an application for removal of disabilities resulting from such conviction, shall not be barred from licensed operations for 30 days after the date upon which his conviction becomes final, and if he files his application for relief as provided by this section within such 30-day period, he may further continue licensed operations during the pendency of his application. A licensee who is not qualified under this section to file an application for relief or, if so qualified, does not file such application within 30 days from the date his conviction becomes final shall not continue licensed operations beyond 30 days from the date his conviction becomes final.

(2) In the event the term of a license of a person qualified to seek relief under this section expires during the 30-day period following the date upon which his conviction becomes final or during the pendency of his application for relief, he must file a timely application for renewal of his license in order to continue licensed operations. Such license application shall show that the applicant has been convicted of a crime punishable by imprisonment for a term exceeding 1 year.

(3) A licensee shall not continue licensed operations beyond 30 days following the date the Commissioner issues notification that the licensee's application for removal of disabilities resulting from a conviction has been denied.

(4) When as provided in this section a licensee may no longer continue licensed operations, any application for renewal of license filed by the licensee during the term of his indictment or the pendency of his application for removal of disabilities resulting from such conviction, shall be denied by the Assistant Regional Commissioner.

§ 178.145 Research organizations.

The provisions of this part with respect to the sale or delivery of destructive devices, machine guns, short-barreled shotguns, and short-barreled rifles shall not apply to the sale or delivery of such devices and weapons to any research organization designated by the Director to receive same. A research organization desiring such designation shall submit a letter application, in duplicate, to the Director. Such application shall contain the name and address of the research organization, the names and addresses of the persons directing or controlling, directly or indirectly, the policies and management of such organization, the nature and purpose of the research being conducted, a description of the devices and weapons to be received, and the identity of the person or persons from whom such devices and weapons are to be received.

§ 178.146 Deliveries by mail to certain persons.

The provisions of this part shall not be construed as prohibiting a licensed importer, licensed manufacturer, or licensed dealer from depositing a firearm for conveyance in the mails to any officer, employee, agent, or watchman who, pursuant to the provisions of section 1715 of title 18, U.S.C., is eligible to receive through the mails pistols, revolvers, and other firearms capable of being concealed on the person, for use in connection with his official duties.

§ 178.147 Repair of firearm.

A person not otherwise prohibited by Federal, State or local law may ship a firearm to a licensed importer, licensed manufacturer, or licensed dealer for the sole purpose of repair or customizing, and notwithstanding any other provision of this part, the licensed importer, licensed manufacturer, or licensed dealer may return in interstate or foreign commerce to that person the repaired firearm or a replacement firearm of the same kind and type.

§ 178.148 Ammunition loading for personal use.

The licensing provisions of this part shall not apply to any person who engages only in hand loading, reloading,

or custom loading ammunition for his own firearm, and who does not hand load, reload, or custom load ammunition for others.

### Subpart J—Penalties, Seizures, and Forfeitures

**§ 178.161 False statement or representation.**

Any person who knowingly makes any false statement or representation with respect to any information required by the provisions of the Act or this part to be kept in the records of a person engaged in firearms or ammunition business, or in applying for any license, exemption, or relief from disability, under the provisions of the Act, shall be fined not more than $5,000 or imprisonment not more than 5 years, or both.

**§ 178.162 Transportation or receipt to commit a crime.**

Any person who ships, transports, or receives a firearm or any ammunition in interstate or foreign commerce with intent to commit therewith an offense punishable by imprisonment for a term exceeding 1 year, or with knowledge and reasonable cause to believe that an offense punishable by imprisonment for a term exceeding 1 year is to be committed therewith, shall be fined not more than $10,000, or imprisoned not more than 10 years, or both.

**§ 178.163 Commission of a Federal crime.**

Any person who uses a firearm to commit any felony which may be prosecuted in a court of the United States, or carries a firearm unlawfully during the commission of any felony which may be prosecuted in a court of the United States, shall be sentenced to a term of imprisonment for not less than 1 year nor more than 10 years. In the case of a person's second or subsequent conviction under this section, such person shall be sentenced to a term of imprisonment for not less than 5 years nor more than 25 years, and notwithstanding any other provision of law, the court shall not suspend the sentence of such person or give him a probationary sentence.

**§ 178.164 Receipt, etc., of firearms by certain persons.**

Any person who (a) has been convicted of a felony, (b) has been discharged from the Armed Forces under dishonorable conditions, (c) has been adjudged by a court of the United States or of a State or any political subdivision thereof of being mentally incompetent, (d) having been a citizen of the United States has renounced his citizenship, or (e) being an alien is illegally or unlawfully in the United States, who receives, possesses, or transports in commerce or affecting commerce, any firearm shall be fined not more than $10,000 or imprisoned for not more than 2 years, or both: *Provided, however,* That the provisions of this section shall not apply to any prisoner who by reason of duties connected with law enforcement has expressly been entrusted with a firearm by competent authority of the prison, or to any person who has been pardoned by the President of the United States or the chief executive of a State and has expressly been authorized by the President or such chief executive as the case may be, to receive, possess, or transport in commerce a firearm.

**§ 178.165 Receipt, etc., of firearms by certain employees.**

Any individual who to his knowledge and while being employed by any person who (a) has been convicted of a felony, (b) has been discharged from the Armed Forces under dishonorable conditions, (c) has been adjudged by a court of the United States or of a State or any political subdivision thereof of being mentally incompetent, (d) having been a citizen of the United States has renounced his citizenship, or (e) being an alien is illegally or unlawfully in the United States, and who, in the course of such employment, receives, possesses, or transports in commerce or affecting commerce, any firearm shall be fined not more than $10,000 or imprisoned for not more than 2 years, or both: *Provided, however,* That the provisions of this section shall not apply to an employee employed by a person who has been pardoned by the President of the United States or the chief executive of a State and has expressly been authorized by the President or such chief executive, as the case may be, to receive, possess, or transport in commerce a firearm.

**§ 178.166 Seizure and forfeiture.**

Any firearm or ammunition involved in, or used or intended to be used in, any violation of the provisions of the Act or of this part, or in violation of any other criminal law of the United States, shall be subject to seizure and forfeiture, and all provisions of the Internal Revenue Code of 1954 relating to the seizure, forfeiture, and disposition of firearms, as defined in section 5845(a) of that Code, shall, so far as applicable, extend to seizures and forfeitures under the provisions of the Act.

### Subpart K—Exportation

**§ 178.171 Exportation.**

Firearms and ammunition shall be exported in accordance with the applicable provisions of section 414 of the Mutual Security Act of 1954 (22 U.S.C. 1934) and regulations thereunder. However, licensed manufacturers, licensed importers, and licensed dealers exporting firearms and ammunition shall maintain records showing the manufacture or acquisition of the firearms and ammunition as required by this part and records showing the name and address of the foreign consignee of the firearms and ammunition and the date the firearms and ammunition were exported.

[F.R. Doc. 68-14996; Filed, Dec. 13, 1968; 8:49 a.m.]

# Title 9—ANIMALS AND ANIMAL PRODUCTS

**Chapter I—Agricultural Research Service, Department of Agriculture**

SUBCHAPTER C—INTERSTATE TRANSPORTATION OF ANIMALS AND POULTRY

## PART 97—OVERTIME SERVICES RELATING TO IMPORTS AND EXPORTS

### Administrative Instructions Prescribing Commuted Traveltime Allowances

Pursuant to the authority conferred upon the Director of the Animal Health Division by § 97.1 of the regulations concerning overtime services relating to imports and exports, effective July 31, 1966, (9 CFR 97.1), administrative instructions (9 CFR 97.2) effective July 30, 1963, as amended May 18, 1964 (29 F.R. 6318), December 7, 1964 (29 F.R. 16316), April 12, 1965 (30 F.R. 4609), June 18, 1965 (30 F.R. 7893), June 7, 1966 (31 F.R. 8020), October 11, 1966 (31 F.R. 13114), November 1, 1966 (31 F.R. 13939), November 23, 1966 (31 F.R. 14826), February 14, 1967 (32 F.R. 20843), April 15, 1967 (32 F.R. 6021), August 26, 1967 (32 F.R. 12441), September 29, 1967 (32 F.R. 13650), February 9, 1968 (33 F.R. 2756), March 7, 1968 (33 F.R. 4248), July 13, 1968 (33 F.R. 10085), July 31, 1968 (33 F.R. 10839), August 15, 1968 (33 F.R. 11587), September 25, 1968 (33 F.R. 14399), and November 8, 1968 (33 F.R. 16382), prescribing the commuted traveltime that shall be included in each period of overtime or holiday duty, are hereby amended by adding to or deleting from the respective "lists" therein as follows:

OUTSIDE METROPOLITAN AREA

FOUR HOURS

Delete: Anacortes, Wash. (served from Blaine or Seattle, Wash.)

THREE HOURS

Add: Anacortes, Wash. (served from Blaine, Wash.)

FOUR HOURS

Add: Anacortes, Wash. (served from Seattle, Wash.)

These commuted traveltime periods have been established as nearly as may be practicable to cover the time necessarily spent in reporting to and returning from the place at which the employee performs such overtime or holiday duty when such travel is performed solely on account of such overtime or holiday duty. Such establishment depends upon facts within the knowledge of the Animal Health Division.

It is to the benefit of the public that these instructions be made effective at the earliest practicable date. Accordingly, pursuant to 5 U.S.C. 553, it is found upon good cause that notice and public procedure on these instructions are impracticable, unnecessary, and contrary to the public interest, and good cause is found for making these instructions ef-