IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| JOHN COREY FRASER, et al, ) <br> on behalf of themselves and all ) <br> others similarly situated as a Class; ) <br>     *Plaintiffs*, ) <br> ) <br> v. ) <br> ) <br> BUREAU OF ALCOHOL, ) <br> TOBACCO, FIREARMS ) <br> AND EXPLOSIVES, et al. ) <br>     *Defendants* | Case No. 3:22-cv-00410 |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AND IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

COME NOW the Plaintiffs, Mr. John "Corey" Fraser, Mr. Joshua McCoy, Mr. Tyler McGrath, and Mr. Ian Shackley, (collectively, "Plaintiffs"), by and through counsel, and on behalf of themselves and a pending Class of those similarly situated, and respectfully submit their Response in Opposition to the Defendants' Supplemental Brief. In support of their argument, they state the following:

**Argument**

Since the Supreme Court's decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111, 2127 (2022), it is apparent that the Second Amendment is not a second-class right, but an enumerated and protected "pre-existing," fundamental liberty. *Id*. at 2130. The traditional methods of scrutiny for due process are irrelevant and beneath those issues presented to this Court. It remains shocking that the United States continues to claim that adult citizens of able-mind and body, fully vested with all of their rights and liberties, remain subject to the infringements at issue in this case. There is no parallel when it comes to the restriction on exercise

of such a fundamental liberty against such an otherwise qualified and equal United States citizen. The Defendants have yet to point to any similar regulations or restriction and such silence is fatal to their claims,

    **I.    The Plaintiffs Are Not Required To Demonstrate That They Are Unable To Acquire A Handgun Via Parental Participation Because A System Requiring Such Arbitrary or Limited Access To The Exercise of A Fundamental Civil Liberty Is Unconstitutional On Its Face.**

The Defendants argue "this case should be dismissed because Plaintiffs are in fact able to acquire and possess a handgun under the current regulations." ECF Doc. 45 at 3. First, the Government has not established as much. Second, if the Government is arguing that it is able to establish some fact in an affirmative defense to the claims at issue, the Plaintiffs raised an as-applied challenge as well and they are able to show that their parents are unwilling or unable to purchase the handguns at issue, but both parties and the Court know they do not need to go that far. Such a requirement is so bizarre and constitutionally unsound that it need not be entertained or pleaded. Constitutional requirements for a facial challenge pursuant to Article III do not require a Plaintiff to claim that the injury they suffer is avoidable by jumping through otherwise unconstitutional hoops or undue burdens.

The fact that the Government is claiming that its adult, law-abiding, able-bodied, able-minded, fully emancipated citizens must ask for permission and participation from wholly independent, private actors as a means of exercising such citizen's own, enumerated, pre-existing right should signal to this Court and the Nation that the Government is not confident in the merits of this case. The Government has no rebuttal for the fact that the parent in question may have been subject to removal from the home for their very own violent acts against the now-adult Plaintiff and the Plaintiff is seeking to protect themselves from the person the Government relies. No matter if the Plaintiffs' legal guardian is their grandmother, an uncle, or a foster parent, rather than a

biological parent, the Government would render the Plaintiffs second-class citizens unable to exercise their rights without parental oversight.

**II.     The Plain Text of The Second Amendment Covers The Conduct At Issue.**

The Government concedes that the first inquiry for the court post-*Bruen* is whether the *conduct* rather than the *status* of the plaintiff is what must be "encompassed" by the plain text of the Second Amendment, as it goes so far as to cite the most recent opinion of the Eleventh Circuit, *NRA v. Bondi*, 2023 U.S. App. LEXIS 5672 (11th Cir. March 9, 2023), which considered the constitutionality of Florida's law and relied on post-Reconstruction state-restrictions, rather than the federal law at the time of the Founding, because the Second Amendment was not applicable to the States until passage of the Fourteenth Amendment. *Id*. at *7 ("We begin by explaining why historical sources from the Reconstruction Era are more probative of the Second Amendment's scope than those from the Founding Era. In short, because the Fourteenth Amendment is what *caused* the Second Amendment to apply to the States, the Reconstruction Era understanding of the right to bear arms—that is, the understanding that prevailed when the States adopted the Fourteenth Amendment—is what matters."). According to *Bruen*, and even the Eleventh Circuit's *Bondi* decision, this Court should refer to the laws that were contemporary to the ratification of the Second Amendment in 1791 rather than subsequent eras that were nearly a century removed. There are no laws from the Founding that banned adult, law-abiding citizens from purchasing such firearms, therefore the Government's motion must fail.

**III.    United States Citizens Are Protected By The Second Amendment And The Government Is Arguing That A Fundamental Civil Liberty Is Not Afforded To Law-Abiding Citizens Who Have Reached The Age of Majority.**

The Government suggests that the Plaintiffs argue "too much," yet the Government is willing to defend "too little." For the first time in United States federal jurisprudence, the United States is

3

suggesting that a recognized, fundamental civil liberty, as protected by the original Bill of Rights, is restricted against law-abiding, able-bodied and able-minded adult citizens. It is not that the Plaintiffs need to advocate for those younger than them, it is just that the Supreme Court has found that constitutional rights (both enumerated and unenumerated) are protected regardless of our age. *See, e.g.*, *Tinker v. Des Moines Indep. Cmty. Sch. Dist.*, 393 U.S. 503 (1969) (recognizing First Amendment protections for minors in high school); *Goss v. Lopez*, 419 U.S. 565 (1975) (due process in civil proceedings); *Roper v. Simmons*, 543 U.S. 551 (2005) (Eighth Amendment applies to minors); *Brown v. Bd. of Educ.*, 347 U.S. 483 (recognizing Fourteenth Amendment protections for minors). If the Government's position were tenable, nearly every liberty could be subject to the age threshold established in the Founding-era rather than the ages determined by the States and prevailing common-law. "Constitutional rights do not mature and come into being magically only when one attains the state-defined age of maturity." *Planned Parenthood of Central Missouri v. Danforth*, 428 U.S. 52, 74 (1976). The age of majority at the time of a court's inquiry must serve as the delineation between whether civil liberties are fully guaranteed and whether those liberties can legitimately remain subject to age-related interference.). The age of "majority" rather than "minority" is what is at issue in this case. The definition of majority being the, "[f]ull age; the age at which, by law, a person is entitled to the management of his own affairs and *to the enjoyment of civic rights*." Majority, *Black's Law Dictionary* (11th ed. 2019). The Government suggests that the Plaintiffs have "argued too much" because they suggest the Second Amendment may apply just as equally as every other enumerated right in the Bill of Rights. The Plaintiffs need not go so far, for they are, at minimum, equally vested in the full civic panoply of rights that our Constitution enshrines. These rights are not provided or offered, but enshrined, for the Second Amendment protects "pre-existing" rights. And insofar as eighteen is the *minimum* age for fully vested "civic

4

rights," *see id*. (definition of "majority"); U.S. Const. Amend. XXVI (granting universal suffrage for the purposes of federally vested civic voting rights); *Kanter v. Barr*, 919 F.3d 437 462 (7th Cir. 2019) (Barrett, J., dissenting).

WHEREFORE, the Plaintiffs respectfully request for this honorable Court to DENY the Defendants' Motion to Dismiss and GRANT their Motion for Summary Judgment.

Respectfully submitted,

_____/s_____
Elliott M. Harding, Esq.
*Counsel for the Plaintiffs & Class*
Harding Counsel, PLLC
608 Elizabeth Ave.,
Charlottesville, VA 22901
P: 434-962-8465
E: Elliott@HardingCounsel.com

5

## CERTIFICATE OF SERVICE

On March 15, 2023, I electronically submitted the foregoing document with the clerk of court for the United States District Court for the Eastern District of Virginia using the electronic case filing system of the court. I hereby certify that I have served all counsel of record electronically as well.

                                       Respectfully submitted,

                                       _____/s_____
Elliott M. Harding, Esq.
*Counsel for the Plaintiffs & Prospective Class*
Harding Counsel, PLLC
608 Elizabeth Ave.,
Charlottesville, VA 22901
P: 434-962-8465
E: Elliott@HardingCounsel.com