IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| JUSTIN TIMOTHY FRASER, ) <br> on behalf of themselves and all ) <br> others similarly situated as a Class; ) <br> ) <br> *Plaintiff*, ) <br> ) <br> v. ) <br> ) <br> BUREAU OF ALCOHOL, ) <br> TOBACCO, FIREARMS ) <br> AND EXPLOSIVES; ) <br> STEVEN DETTELBACH, in his official capacity) <br> as Acting Director of the Bureau of ) <br> Alcohol, Tobacco, Firearms and Explosives; ) <br> MERRICK GARLAND, in his official ) <br> capacity as Attorney General of the United States) <br> <br> *Defendants* | Case No. _____ <br> <br> <br> <br> <br> CLASS ACTION |

### [PROPOSED] COMPLAINT

**COMES NOW** the Plaintiff, Mr. Justin Timothy Fraser, by and through counsel, and on behalf of himself and a Class of those similarly situated, complains of the Defendants as follows:

### INTRODUCTION

1. This is an action to vindicate the fundamental right to keep and bear arms, which is fully applicable to all law-abiding adult citizens and includes the right to acquire such arms.

2. The Second Amendment "guarantee[s] the individual right to possess and carry" handguns, and "elevates above all other interests the right of law-abiding, responsible citizens to use arms in defense of hearth and home." *District of Columbia v. Heller*, 554 U.S. 570, 635 (2008).

3. The United States prohibits a class of law-abiding, responsible citizens from fully exercising the right to keep and bear arms—those adults who are not yet twenty-one. The

federal government bans such persons from purchasing handguns from federally-licensed firearms dealers altogether.

4. At eighteen years of age, law-abiding citizens are adults for effectively all purposes and certainly for the exercise of fundamental constitutional rights, for they are neither minors nor juveniles.

5. At eighteen, citizens are eligible to serve in the military—to fight and die by arms for the country. Indeed, male citizens in this age-group are designated members of the militia by federal statute, 10 U.S.C. § 311(a), and may be conscripted to bear arms on behalf of their country, 50 U.S.C. §§ 453(a), 454(a). Yet, Section 922(b)(1) of the federal criminal code prohibits law-abiding adults in this age group from lawfully purchasing—from the most prevalent and readily available source—what the Supreme Court has called "the quintessential self-defense weapon" and "the most popular weapon chosen by Americans for self-defense in the home." *Heller*, 554 U.S. at 629.

6. This blanket ban violates the fundamental rights of millions of responsible, law-abiding American citizens and is thus invalid under the Second and Fifth Amendments.

## PARTIES

7. Mr. Justin Timothy Fraser is a resident of Palmyra, Virginia in Fluvanna County and is a citizen of the United States.

8. The pending Class is a nationwide class.

9. The Bureau of Alcohol, Tobacco, Firearms, and Explosives (the "ATF") is an arm of the Department of Justice responsible for the investigation and prevention of federal offenses involving the use, manufacture, and possession of firearms. The ATF also regulates, via

licensing, the sale, possession, and transportation of firearms and ammunition in interstate commerce. The ATF is authorized to implement the federal laws challenged in this case.

10. Defendant Steven Dettelbach is the Director of the ATF. He is sued in his individual and official capacity,

11. Defendant Attorney General Merrick Garland is the chief executive of the United States Department of Justice, which is the agency of the United States government responsible for enforcement of federal criminal laws. He has ultimate authority for supervising all of the operations and functions of the Department of Justice. He is sued in his individual and official capacity.

12. Defendants ATF, Dettelbach, and Garland are hereinafter referred to as the "federal Defendants," or "the Government."

## JURISDICTION AND VENUE

13. This action seeks relief pursuant to 28 U.S.C §§ 2201, 2202, and 28 U.S.C. § 2412. Jurisdiction is founded on 28 U.S.C. § 1331 in that this action arises under the Constitution and laws of the United States.

14. The federal Defendants, including the ATF, are amenable to suit for relief other than money damages pursuant to 5 U.S.C. § 702. Defendants Garland and Dettelbach are amenable to suit in their individual capacities for nominal damages pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) and its progeny.

15. The Court has authority to award costs and attorneys' fees against the federal Defendants under 28 U.S.C. § 2412.

16. Venue is proper in this district under 28 U.S.C. § 1391(b) and (e).

## CLASS ACTION ALLEGATIONS

17. Pursuant to Fed. R. Civ. P. 23, the Plaintiff brings this action on his own behalf and on behalf of a nationwide class (the "Nationwide Class" or "Class" or "Class Members") of similarly situated person who are defined as follows:

    > Natural persons and citizens of the United States of America who have attained the age of eighteen but who are not yet twenty-one and who have not been convicted of a felony, who are not fugitives from justice, have not been discharged from the Armed Forces under dishonorable conditions, are not unlawful users of or addicted to any controlled substances, have not been adjudicated as mental defectives or committed to a mental institution, are not on parole or probation, are not under indictment or restraint.

    Hereinafter Mr. Justin Fraser is referred to in his individual capacity but he is also incorporated and represented within the Class, which is hereinafter referred to as "the Class."

18. The Plaintiff seeks certification of claims for declaratory relief pursuant to 28 U.S.C. § 2201, injunctive relief pursuant to 28 U.S.C. § 2202, and costs and reasonable counsel fees pursuant to 28 U.S.C. § 2412.

19. This action presents a class action pursuant to Fed. R. Civ. Pr. 23.

20. **Numerosity of the Nationwide Class:** The Nationwide Class is so numerous that the individual joinder of all members, in this or any action, is impracticable. The exact number or identification of Class members is presently unknown to the Plaintiffs, but is believed to be well in excess of ten million within the relevant ages at issue. The identity of Class Members and their last known addresses may be ascertained from Defendants' records. Class Members may be informed of the pendency of this action by a combination of means including but not limited to direct mail, perhaps utilizing records possessed by defendants, public notice /legal advertisements including use of the internet, leading to registration on

a website, and assistance from outside sources such as interested amici and digital advertising.

21. **Common Questions of Law:** Common legal questions shared by the Class that concern the United States Constitution include:

    a. Does the Second Amendment apply to adult citizens under the age of twenty-one?

    b. Do the federal laws at issue, on their face or as applied, violate the Class's Second Amendment right to bear arms?

    c. Do the federal laws at issue, on their face or as applied to the Class, deprive the Class of equal protection and a fundamental liberty interest encompassed by the Fifth Amendment's due process clause?

22. **Typicality:** The Plaintiffs' claims are typical of the claims of the members of the Class because Mr. Fraser is a natural person and citizen of the United States of America who has attained the age of eighteen but who is not yet twenty-one and who has not been convicted of a felony, who is not a fugitive from justice, who has not been discharged from the Armed Forces under dishonorable conditions, is not an unlawful user of or addicted to any controlled substances, has not been adjudicated as mentally defective or committed to a mental institution, is not on parole or probation, and is not under indictment or restraint. Thus, the asserted constitutional violations for Mr. Fraser, and the Class Members are identical.

23. **Adequacy:** Mr. Fraser is an adequate representative of the Class because his interest does not conflict with the interests of the members of the Class he seeks to represent. He intends to prosecute this action vigorously. He will fairly and adequately protect the interest of the members of the Class.

24. The Plaintiff will seek to identify named class members to individually join as a means of maintaining litigation for the Class should the prospect of judicial relief for the Class become at-risk of mootness due to his age and the ultimate passage of time, as seen in *Hirschfeld v. BATFE*, 5 F.4th 407, 2021 U.S. App. LEXIS 20705, 2021 WL 2934468 (4th Cir. 2021) (opinion vacated after subsequently rendered moot following Ms. Marshall's twenty-first birthday)

25. This suit may also be maintained as a class action pursuant to Federal Rules of Civil Procedure 23(b)(2) because the Plaintiff seeks declaratory and injunctive relief, and all of the above factors of numerosity, common questions of law, typicality, and adequacy are present. The Defendants have acted on grounds generally applicable to the Plaintiff and the Class as a whole, thereby making declaratory relief and injunctive relief proper.

26. **Predominance and Superiority:** This suit may also be maintained as a class action under Fed. R. Civ. P. 23(b)(3) because questions of law common to the Class predominate over any factual questions affecting individual members of the Class and a class action is superior to other available means for the fair and efficient adjudication of this dispute.

27. Under Fed. R. Civ. P. 23(b)(1)(A), there is also a risk that Class Members, who share identical characteristics as set forth in ¶17 above, if relegated to filing individual actions to seek redress, would see those actions result in inconsistent or varying adjudications that would establish inconsistent standards of conduct for the defendants.

28. Furthermore, it would be virtually impossible for the Class Members, on an individual basis, to obtain effective redress for the wrongs done to them. Even if Class Members themselves could afford such individual litigation, the judiciary could not. Individual litigation increases the delay and expenses to all parties and the court system presented by

the complex legal issues of the case. By contrast, the class action device presents far fewer management difficulties and provides the benefits of a single adjudication, economy of scale, and comprehensive supervision by a single court.

29. Finally, Plaintiff's counsel will zealously represent the legal interest of the Class, he has fully litigated the exact legal issues presented in this suit in the Eastern and Western District of Virginia and successfully before the Fourth Circuit and he is as-familiar, if not more-so, with the all of the available arguments and law in favor of the Class. *See, e.g.*, *Hirschfeld v. BATFE*, 5 F.4th 407, 2021 U.S. App. LEXIS 20705, 2021 WL 2934468 (4th Cir. 2021).

30. Additionally, the undersigned has managed federal litigation involving a significant number of named Plaintiffs in this division and can accommodate the requisite actions necessary to inform the Class of suit as the Court deems necessary. *See, e.g., Whorley, et al, v. Northam, et al*, Case No. 3:20-cv-255 (E.D.VA 2020) (representing twenty-seven named inmate plaintiffs from multiple facilities in their 42 U.S.C. § 1983 suit seeking statewide injunctive relief from the Virginia Department of Corrections during the COVID-19 pandemic and settling the dispute with the Commonwealth via court supervised mediation process). This action presents a purely legal question and thereby reduces the likelihood of complication due to any factual differences concerning individual members of the Class.

**THE LAWS AT ISSUE**

31. The Gun Control Act of 1968 states that it was passed for the "purpose of . . . provid[ing] support to Federal, State, and local law enforcement officials in their fight against crime and violence" and "not [for] the purpose of . . . plac[ing] any undue or unnecessary Federal restrictions or burdens on law-abiding citizens with respect to the acquisition, possession,

or use of firearms appropriate to the purpose of hunting, trapshooting, target shooting, personal protection, or any other lawful activity." Pub. L. No. 90-618, § 101, 82 Stat. 1213, 1213-14 (1968). Congress declared that that Gun Control Act was not meant "to discourage or eliminate the private ownership or use of firearms by law-abiding citizens for lawful purposes." *Id.*

32. The Gun Control Act, however, does significantly discourage and eliminate the private acquisition and ownership of firearms for lawful purposes by certain law-abiding citizens. Title 18, Section 922(b)(1) of the United States Code provides: "It shall be unlawful for any licensed importer, licensed manufacturer, licensed dealer, or licensed collector to sell or deliver . . . any firearm or ammunition to any individual who the licensee knows or has reasonable cause to believe is less than eighteen years of age, and, if the firearm, or ammunition is other than a shotgun or rifle, or ammunition for a shotgun or rifle, to any individual who the licensee knows or has reasonable cause to believe is less than twenty-one years of age." And 18 U.S.C. § 922(c) states that "a licensed importer, licensed manufacturer, or licensed dealer may sell a firearm to a person who does not appear in person at the licensee's business premises . . . only if" the person signs a sworn statement attesting "that, in the case of any firearm other than a shotgun or a rifle, I am twenty-one years or more of age."

33. Likewise, a Department of Justice regulation, 27 C.F.R. § 478.99(b)(1), provides: "A licensed importer, licensed manufacturer, licensed dealer, or licensed collector shall not sell or deliver (1) any firearm or ammunition . . . , if the firearm, or ammunition, is other than a shotgun or rifle, or ammunition for a shotgun or rifle, to any individual who the importer, manufacturer, dealer, or collector knows or has reasonable cause to believe is

less than 21 years of age." Other regulations require that FFLs obtain a signed copy of Form 4473 before transferring a handgun to a purchaser, *see* 27 C.F.R. §§ 478.124(a), 478.96(b), and Form 4473 states that the information provided therein "will be used to determine whether [the transferee is] prohibited under law from receiving a firearm" and instructs licensees that it is "unlawful for a licensee to sell any firearm other than a shotgun or rifle to any person under the age of 21."

34. Title 18, Section 922(a)(1)(A) requires any person who "engage[s] in the business of importing, manufacturing, or dealing in firearms" to obtain a federal firearms license ("FFL"). A firearms "dealer," in turn, is any person who, inter alia, "engage[s] in the business of selling firearms at wholesale or retail," including pawnbrokers. 18 U.S.C. § 921(a)(11)(A), (C).

35. A person "engage[s] in the business" of selling firearms—and thus must obtain an FFL—if he "devotes time, attention, and labor to dealing in firearms as a regular course of trade or business with the principal objective of livelihood and profit through the repetitive purchase and resale of firearms." 18 U.S.C. § 921(a)(21)(C).

36. Under 18 U.S.C. § 922(a)(5), it is illegal "for any person [other than a licensed dealer] to transfer, sell, trade, give, transport, or deliver any firearm to any person . . . who the transferor knows or has reasonable cause to believe does not reside in . . . the State in which the transferor resides."

37. The combined effect of these provisions is a significant, unequal, and impermissible burden on the right to keep and bear arms of a class of millions of law-abiding adult citizens under the age of 21 years-old. Section 922(b)(1) bans the sale of handguns and handgun ammunition by any person who engages in the regular business of selling guns to anyone

eighteen to twenty years of age. These law-abiding adults are thus relegated to the irregular secondary market for face-to-face intrastate sales of used handguns. Because Section 922(a)(5) bars interstate face-to-face sales, these law-abiding adults cannot even access larger used-gun markets that the Internet and other mediums might otherwise provide.

38. The Second Amendment secures the right to purchase new handguns and handgun ammunition for self-defense and other lawful purposes and the Second Amendment's protections extend in full to law-abiding adults aged eighteen or older.

## IMPACT OF THE LAWS ON THE PLAINTIFFS

39. Plaintiff Justin Timothy Fraser is a 18-year-old resident of Palmyra, Virginia located in Fluvanna County.

40. Mr. Fraser has been admitted to attend college at Hampden-Sydney College in Prince Edward County, Virginia and will matriculate in August of 2023.

41. Prior to Mr. Fraser's matriculation to Hampden-Sydney, he will have graduated from Fork Union Military Academy in Fluvanna County and grew up hunting, engaging in firearms training, and frequenting the shooting range. He personally knows of several people who have defended their families, themselves, and their homes by the use of a firearm.

42. Mr. Fraser is a law-abiding, responsible adult citizen who is otherwise qualified to own a handgun and, but for the laws at issue, he would purchase a new handgun and handgun ammunition from a federally-licensed firearms dealer and keep such firearm while attending college.

43. On May 28, 2022, Mr. Fraser's older brother, Mr. John Corey Fraser, attempted to purchase a Glock 19x handgun from Green Top Sporting Goods, a FFL located in Ashland, Virginia, but was denied due to the laws at issue.

44. Mr. John Corey Fraser was advised that if it were not for the laws at issue, he would be permitted to purchase this firearm and its ammunition.

45. Mr. Justin Fraser was made aware of his brother's failed attempt to purchase the handgun from Green Top Sporting Goods and that his denial was due to the laws at issue.

46. Though Mr. Justin Fraser also desires to purchase a similar handgun from an FFL, he has not attempted to make such a purchase due to his awareness of the laws at issue and the inevitable futility of such an exercise, as seen by his brother. If the laws at issue were not in place, Mr. Justin Fraser would purchase a new handgun and ammunition from an FFL.

47. Mr. Justin Fraser desires to purchase and own a handgun for several purposes, including the prospect of need for the use in self-defense or for the lawful defense of others.

48. Mr. Justin Fraser has not attempted to purchase a handgun from an FFL to date because federal law prohibits an FFL from selling a handgun to him on account of his age.

49. Due to the federal laws at issue, those under twenty-one cannot purchase a handgun from a federally licensed firearm dealer.

50. Federally licensed firearm dealers are also the only source of new, or previously-unowned, firearms and ammunition.

51. If the federal laws at issue are enjoined and relief is granted, Mr. Justin Fraser and the Class would be able to purchase a handgun after having the FFL perform the otherwise required background check.

52. Without relief in this case, neither the Plaintiff nor the Class at issue will be able to purchase a new handgun, handgun ammunition, or any handgun pursuant to a background check.

53. As a prospective buyer who is over eighteen but not yet twenty-one and otherwise qualified to purchase a firearm, the Plaintiff has standing for himself and those similarly situated.

## COUNT I – Second Amendment

54. The preceding paragraphs are incorporated herein.

55. Title 18, Sections 922(b)(1) and 922(c) of the United States Code and 27 C.F.R. §§ 478.99(b)(1), 478.102, 478.124(a), (c)(1)-(5), (f), and 478.96(b) ban federally-licensed firearms dealers from selling handguns and handgun ammunition to law-abiding adults aged eighteen to twenty-one and result in the rejection of any handgun transfer to be accompanied via federal background check.

56. These laws infringe and impose an impermissible burden upon the Plaintiff's and the Class's interest in the right to keep and bear arms under the Second Amendment. These laws are facially unconstitutional in violation of the Second Amendment.

57. Alternatively, these laws are unconstitutional in violation of the Second Amendment as applied to the Plaintiffs individually and as applied to the Class.

## COUNT II – Due Process Clause of the Fifth Amendment

58. The preceding paragraphs are incorporated herein.

59. Title 18, Sections 922(b)(1) and 922(c) of the United States Code and 27 C.F.R. §§ 478.99(b)(1), 478.102, 478.124(a), (c)(1)-(5), (f), and 478.96(b) ban federally-licensed firearms dealers from selling handguns and handgun ammunition to law-abiding adults aged eighteen to twenty but do not ban the sale of the same handguns and handgun ammunition to law-abiding adults over the age of twenty.

60. These laws violate the Plaintiff's and the Class's right to equal protection guaranteed under the Due Process Clause of the Fifth Amendment to the United States Constitution. These laws are facially unconstitutional in violation of the Fifth Amendment.

61. Alternatively, these laws are unconstitutional in violation of the Fifth Amendment as applied to the Plaintiffs and as applied to the Class.

### PRAYER FOR RELIEF

WHEREFORE, Mr. Justin Timothy Fraser respectfully request that the Court certify the Class and enter a judgment in the Plaintiffs' favor, in favor of the Class, and against the Defendants as follows:

A. Preliminarily enjoin the Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them from enforcing 18 U.S.C. §§ 922(b)(1), (c) and any derivative regulations, such as 27 C.F.R. §§ 478.99(b)(1), 478.102, 478.124(a), (c)(1)-(5), (f), and 478.96(b), and provide such further declaratory relief as is consistent with the injunction;

B. Declare that 18 U.S.C. §§ 922(b)(1), (c) and any derivative regulations, such as 27 C.F.R. §§ 478.99(b)(1), 478.102, 478.124(a), (c)(1)-(5), (f), and 478.96(b), violate the right to keep and bear arms as secured by the Second Amendment to the United States Constitution.

C. Declare that 18 U.S.C. §§ 922(b)(1), (c) and any derivative regulations, such as 27 C.F.R. §§ 478.99(b)(1), 478.102, 478.124(a), (c)(1)-(5), (f), and 478.96(b), violate the Due Process Clause of the Fifth Amendment to the United States Constitution by denying equal protection of the laws to law-abiding, qualified adults between eighteen and twenty years of age in a fashion that imposes unlawful procedural burdens and deprives them of fundamental liberties.

D. Permanently enjoin the federal Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them from enforcing 18 U.S.C.

§§ 922(b)(1), (c) and any derivative regulations, such as 27 C.F.R. §§ 478.99(b)(1), 478.102, 478.124(a), (c)(1)-(5), (f), and 478.96(b), and provide such further declaratory relief as is consistent with the injunction.

E. Award any actual, compensatory, or nominal damages insofar as they are legally available.

F. Award costs, attorney's fees, and expenses to the extent permitted by 28 U.S.C. § 2412.

G. Grant any and all other and further relief as the Court deems just and proper.

            Respectfully submitted,

            _____/s_____
            Elliott M. Harding
            *Counsel for the Plaintiff & Prospective Class*
            Harding Counsel, PLLC
            1260 Clifden Greene,
            Charlottesville, VA 22901
            P: 434-962-8465
            E: Elliott@HardingCounsel.com

## CERTIFICATE OF SERVICE

On May 18, 2023, I electronically submitted the foregoing document with the clerk of court for the United States District Court for the Eastern District of Virginia using the electronic case filing system of the court. I hereby certify that I have served all counsel of record electronically as well.

                                                     Respectfully submitted,

                                                     _____/s_____
                                                     Elliott M. Harding
                                                     *Counsel for the Plaintiff & Prospective Class*
                                                     Harding Counsel, PLLC
                                                     1260 Clifden Greene,
                                                     Charlottesville, VA 22901
                                                     P: 434-962-8465
                                                     E: Elliott@HardingCounsel.com