IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| JOHN COREY FRASER, ET AL., ) ) ) **Plaintiffs,** ) ) v. ) ) BUREAU OF ALCOHOL, ) TOBACCO, FIREARMS ) AND EXPLOSIVES, ET AL., ) ) **Defendants.** | Case No. 3:22-cv-00410 |

## BRIEF IN SUPPORT OF PLAINTIFFS' AND PROPOSED PLAINTIFF'S MOTION TO ADD JUSTIN FRASER OR, IN THE ALTERNATIVE, GRANT HIS INTERVENTION

COME NOW, Mr. John Corey Fraser, Mr. Joshua McCoy, Mr. Tyler McGrath, and Mr. Ian Shackley, by and through counsel, and on behalf of themselves and a Class of those similarly situated, and Mr. Justin Timothy Fraser, the proposed Plaintiff and Intervenor, (collectively "Movants") and bring this motion to ensure that this case presents a live controversy after the existing individual plaintiffs eventually turn twenty-one. Plaintiffs and prospective Plaintiff bring Second Amendment and Equal Protection challenges to the federal ban on handgun sales to law-abiding, 18-to-21-year-old adults.

On May 10, 2023, this Court granted the Plaintiffs' Motion for Summary Judgment and denied Defendants' Motion to Dismiss.

When this suit was initiated in 2022, Mr. Justin Fraser, was not yet eighteen years old. In an abundance of caution to ensure that these controversies and this case do not become moot during any potential proceedings before the Fourth Circuit or the Supreme Court of the United States, Movants request

that this Court add Mr. Justin Fraser as a plaintiff pursuant to Rule 21 of the Federal Rules of Civil Procedure or, in the alternative, allow Mr. Fraser to intervene as a Plaintiff pursuant to Rule 24.

Mr. Fraser is a law-abiding, eighteen-year-old American citizen who is otherwise qualified to purchase a handgun and handgun ammunition from a federally licensed firearm dealer, but for his age. Adding Mr. Fraser as a party will not complicate the case or prejudice the Defendants in any way.

## ARGUMENT

I. **THIS COURT SHOULD ADD FRASER AS A PLAINTIFF UNDER RULE 21 OF THE FEDERAL RULES OF CIVIL PROCEDURE.**

Pursuant to Rule 21 of the Federal Rules of Civil Procedure, this Court has broad discretion to "at any time, on just terms, add . . . a party." FED. R. CIV. P. 21. Here, this Court should exercise its discretion to add Mr. Fraser to guard against the possibility of this case becoming moot. The Supreme Court's decision in *Mullaney v. Anderson*, 342 U.S. 415 (1952), supports Movants' request. In *Mullaney*, the Court invoked Rule 21 to permit the addition of parties as plaintiffs to cure a perceived lack of standing. The Alaska Fishermen's Union brought suit on behalf of its non-resident members to challenge a license fee the state of Alaska imposed on non-resident fishermen. Before the Supreme Court, the defendant challenged the Union's standing to maintain the suit. Invoking Rule 21, the Supreme Court granted leave to add as plaintiffs two of the non-resident members to "remove the matter from controversy." *Mullaney*, 342 U.S. at 416–17. Doing so, the Court reasoned, could "in no wise embarrass the defendant," "[n]or would

their earlier joinder have in any way affected the course of the litigation." *Id.* at 417. "To dismiss the present petition and require the new plaintiffs to start over in the District Court would entail needless waste and [would] run[] counter to effective judicial administration . . . ." *Id*. Following *Mullaney*, this Court should add Mr. Fraser as a plaintiff here. Adding Mr. Fraser will "remove [this] matter from controversy" and secure Article III jurisdiction over this case even after older Plaintiffs have turned twenty-one. *See, e.g.*, *Mullaney*, 342 U.S. at 416.

Furthermore, adding Mr. Fraser can "in no wise embarrass the" Government. *Id.* at 417. Indeed, his presence will not make a difference to the substance of the litigation, as he raises the same claims and seeks the same relief as the current Plaintiffs. *See Cali. Credit Union League v. City of Anaheim*, 190 F.3d 997, 999 (9th Cir. 1999) ("[A] party may join a lawsuit on appeal under Rule 21 when the party seeking joinder requests the same remedy as the original party and offers the same reasons for that remedy . . . ."). This conclusion is confirmed by the fact that the Government took no discovery of any of the current Plaintiffs.

Finally, Mr. Fraser's "earlier joinder [would not] have in any way affected the course of the litigation." *Mullaney*, 342 U.S. at 417. Additionally, Mr. Fraser did not turn eighteen until this case was already before this Court and it would not have been affected by the presence of Mr. Fraser as a party. In short, adding Mr. Fraser will not complicate this case or prejudice the Government in any way, it will mitigate the risk of this case becoming moot, and it will save the parties and the court system of the "needless waste" that would be entailed by requiring Mr. Fraser to "start over in the District Court." *Mullaney*, 342 U.S. at 417; *see also Newman- Green, Inc. v. Alfonzo-Larrain*,

490 U.S. 826, 837-38 (1989); *Cali. Credit Union League*, 190 F.3d at 1001. Mr. Fraser and should be added as plaintiffs under Rule 21.

## II. MR. FRASER SATISFIES THE REQUIREMENTS FOR INTERVENTION UNDER RULE 24 OF THE FEDERAL RULES OF CIVIL PROCEDURE.

Intervention under Rule 24 of the Federal Rules of Civil Procedure provides an additional, independent ground for adding Mr. Fraser and Battlefield as plaintiffs. A party has the right to intervene in a case if:

> (1) the motion to intervene is timely; (2) the potential intervener asserts an interest that is related to the property or transaction that forms the basis of the controversy in the case into which [it] seeks to intervene; (3) the disposition of that case may impair or impede the potential intervener's ability to protect [its] interest; and (4) the existing parties do not adequately represent the potential intervener's interest.

### A. The Motion Is Timely.

Four factors are to be considered in evaluating the timeliness of a motion to intervene: (1) the length of time between the would-be intervenor's learning of his interest and his petition to intervene, (2) the extent of prejudice to existing parties from allowing late intervention, (3) the extent of prejudice to the would-be intervenor if the petition is denied, and (4) any unusual circumstances.

First, Mr. Fraser has acted promptly in seeking to be added to this case. The timeliness clock does not start running until the proposed intervenor becomes aware that its interests would no longer be protected by the original parties. Here, the current Plaintiffs will fully protect Mr. Fraser's interests until they turn twenty-one, however it is possible that they will not be able to succeed before that happens. Mr. Fraser has acted with dispatch to attempt to ensure that such an event does not threaten to moot this case.

Second, the most important consideration in determining timeliness—whether any existing party to the litigation will be harmed or prejudiced by the proposed intervenor's delay in moving to intervene—weighs strongly in favor of Mr. Fraser. The relevant question is not whether intervention will prejudice any party—which it will not here—but rather whether any delay by the proposed intervenor has harmed the parties. Any delay by Mr. Fraser has been minimal, and it certainly has not prejudiced the parties. Mr. Fraser's intervention as a plaintiff will in no way affect the merits of this case, and the effect on the parties of their moving to intervene now is no different than if she had done so on her eighteenth birthday.

Third, if this Court were to deny intervention, Mr. Fraser would be significantly prejudiced. Mr. Fraser would be forced to start over with his own duplicative suit. It is certainly far less likely that, before turning twenty-one, Mr. Fraser could litigate such a suit through district court, the Fourth Circuit, and the Supreme Court than it is that he could litigate this case to its conclusion before reaching that age as an intervenor.

Fourth, and relatedly, the scope of the ban presents an unusual circumstance that should favorably influence the timeliness analysis. There is no guarantee that a case filed on an individual's eighteenth birthday will conclude before he or she turns twenty-one. Thus, in the absence of any prejudice to the Government, the equities clearly favor intervention. For all these reasons, Mr. Fraser's motion to intervene is timely.

**B. Mr. Fraser Shares Plaintiffs' Interest in Challenging the Sales Ban.**

The second factor that this Court considers in evaluating a motion to intervene is the relationship between the legal interest advanced by the current and prospective plaintiffs. Given that Mr. Fraser is represented by the same counsel and intends to press the same claims and seek the same relief as the current Plaintiffs, *see* Proposed Complaint in Intervention, this factor strongly favors intervention.

**C. Denying Intervention Would Impede Mr. Fraser's Interest in Vindicating His Constitutional Rights.**

If Mr. Fraser is excluded from this case, his ability to challenge the sales ban will be jeopardized. Furthermore, if Mr. Fraser is correct, as this Court has held, that the sales ban is unconstitutional, "its very existence stands as a fixed harm" to him and "to every [other 18-to-20-year-old's] Second Amendment right[s]." *Ezell v. City of Chicago*, 651 F.3d 684, 699 (7th Cir. 2011). Indeed, when a law infringes Second Amendment rights, "irreparable harm is presumed." *Id.* Because adding Mr. Fraser as plaintiff will not prejudice the Government in any way, there is no justification for extending the time required for Mr. Fraser to obtain a final ruling on his challenge to the sales ban by requiring him to start over in district court instead of permitting him to join this suit that has already progressed.

**D. The Existing Plaintiffs May Not Adequately Represent Mr. Fraser's Interests Due To The Passage of Time.**

"[A] potential intervenor need only show that representation by the existing parties *may* be inadequate," and the burden imposed by this requirement is "minimal." *Ross v. Marshall*, 426

F.3d 745, 762 (5th Cir. 2005) (quotation marks omitted). Mr. Fraser easily meets this modest test. The Fourth Circuit has already ruled that similar claims become moot, and, by parity of reasoning, *arguendo*, the current Plaintiffs' case will be moot when they turn twenty-one.

**E. Permissive Intervention Is Also Appropriate.**

For the foregoing reasons, Mr. Fraser is entitled to intervene as of right. Even if that were not the case, however, this Court should exercise its discretion to grant permissive intervention. Permissive intervention is appropriate when "the applicant's claim . . . and the main action have a question of law or fact in common," *Newby v. Enron Corp.*, 443 F.3d 416, 421 (5th Cir. 2006) (quotation marks omitted), and when considering permissive intervention, the Court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights," FED. R. CIV. P. 24(b)(3). These requirements are easily satisfied here: Mr. Fraser's claims are identical to the claims asserted by the existing Plaintiffs, and permitting him to intervene would not cause undue, or any, delay or prejudice. Intervention should generally be allowed where no one would be hurt and greater justice could be attained. Thus, if this Court does not add Justin Fraser as a plaintiff under Rule 21, it should do so by granting his request to intervene.

## CONCLUSION

Movants respectfully request that this Court add Mr. Justin Fraser as a plaintiff pursuant to Rule 21 or allow him to intervene as a plaintiff pursuant to Rule 24.

Respectfully submitted,
_____/s_____
Elliott M. Harding, Esq. VSB# 90442
*Counsel for Plaintiffs & Proposed Plaintiff*
Harding Counsel, PLLC
1260 Clifden Greene,
Charlottesville, VA 22901
P: 434-962-8465
E: Elliott@HardingCounsel.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this memorandum in support of Movants' Motion to Join or Intervene was filed this day, May 18, 2023, and a copy was served on opposing counsel via ECF notification.

                                           Respectfully submitted,
                                           _____/s_____
                                           Elliott M. Harding, Esq. VSB# 90442
                                           *Counsel for Plaintiffs & Proposed Plaintiff*
                                           Harding Counsel, PLLC
                                           1260 Clifden Greene,
                                           Charlottesville, VA 22901
                                           P: 434-962-8465
                                           E: Elliott@HardingCounsel.com