IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| JOHN COREY FRASER, et al., on behalf of themselves and all others similarly situated as a Class,<br><br>    Plaintiffs,<br><br>  v.<br><br>BUREAU OF ALCOHOL, TOBACCO, FIREARMS, AND EXPLOSIVES, et al.,<br><br>    Defendants. | Civil Action No. 3:22CV00410 |

**JOINT REPORT ON CLASS CERTIFICATION**

On May 10, 2023, the Court issued an opinion and order denying Defendants' motion to dismiss and granting Plaintiffs' motion for summary judgment. *See* Mem. Op. (May 10, 2023), ECF No. 47; Order (May 10, 2023), ECF No. 48.

The Court also ordered the parties to "meet and confer on how best to proceed with the question of class certification in this matter" and to "submit their recommendation(s) for future proceedings" no later than May 18, 2023. Order (May 10, 2023), ECF No. 49. The parties have conferred and do not agree on how to proceed in this matter. The parties' respective positions are stated below.

## PLAINTIFFS' POSITION

The Plaintiffs address the following issues pending before the Court. First, the Plaintiffs' request for the Court to certify the proposed Class, as pleaded and requested in the First Amended Complaint, and believe this issue remains ripe for review pursuant to Fed. R. Civ. P. 23(c)(1). Second, the Plaintiffs note that they have submitted a Motion to Add or Grant Intervention for Justin Timothy Fraser, a memorandum in support of such motion, and Mr. Justin Fraser's proposed complaint. As to how the Court chooses to proceed in addressing these issues, the Plaintiffs respectfully defer to the Court's desire for oral argument on any or all of the issues presented.

Ultimately, the Plaintiffs believe the Class can and should be certified, Mr. Justin Fraser should be added or granted leave to intervene, and the final order issuing a declaratory judgment and injunction should be granted after such issues have been decided. Insofar as the Defendants contest every aspect of that recommendation, the Plaintiffs respectfully submit that a hearing on these issues may not be necessary and submission on the briefs may be sufficient, particularly as the dispute concerns whether a final order should or should not include injunctive relief.

2

### A. Background Concerning The Pending Class.

On June 1, 2022, Mr. John Corey Fraser brought this action on his own behalf and on behalf of a nationwide class (the "Nationwide Class" or "Class" or "Class Members") of similarly situated person who are defined as follows:

> Natural persons and citizens of the United States of America who have attained the age of eighteen but who are not yet twenty-one and who have not been convicted of a felony, who are not fugitives from justice, have not been discharged from the Armed Forces under dishonorable conditions, are not unlawful users of or addicted to any controlled substances, have not been adjudicated as mental defectives or committed to a mental institution, are not on parole or probation, are not under indictment or restraint.

*See* Original Complaint, ECF Doc. 1.

On November 8, 2022, the Defendants filed their motion to dismiss. ECF Doc. 10. On November 16, 2022, the current Plaintiffs filed their First Amended Complaint on behalf of themselves and the same purported Class. ECF Doc. 18. Following a pretrial conference, the Defendants renewed their motion to dismiss, the Plaintiffs moved for summary judgment, and the Court conducted a hearing on the two motions. On May 10, 2023, the Court issued its opinion and order denying the Defendants' motions and granting the Plaintiffs' motion for summary judgment. ECF Doc. 47, 48.

### B. Class Certification Remains Ripe For Review.

Rule 23 was amended in 2003 with the requirement that a court determine class certification "at an early practicable time" after the commencement of an action rather than "as soon as practicable." *See* Fed. R. Civ. P. 23 advisory committee's notes to 2003 amendments. When making this change, the advisory committee noted that "[t]he 'as soon as practicable' exaction neither reflects prevailing practice nor captures the many valid reasons that may justify deferring the initial certification decision," such as a defendant's desire to seek dismissal or

summary judgment without class certification certification. *Id.* Thus, the 2003 amendments "restored some flexibility in deferring the certification questions in appropriate cases." *See In re Zetia Ezetimibe Antitrust Litig.*, 2021 U.S. Dist. LEXIS 263455 at *24 (E.D. Va. May 7, 2021); *see also In re Packaged Seafood Prods. Antitrust Litig.*, No. 15-MD-2670 JLS (MDD), 2020 U.S. Dist. LEXIS 93230, at *51 (S.D. Cal. May 26, 2020) (describing one-way intervention not as a "rule," but as an "argument" that "is often raised when the parties disagree whether a summary judgment motion should be decided before or after class certification certification"); *White v. Bank of Am., N.A.*, (D. Md. Mar. 27, 2012) 2012 WL 1067657, at *4 , 2012 LEXIS 44044, at *11–12 (D. Md. Mar. 27, 2012)  ("Whether substantive rulings can be made before class certification is a question subject to the court's discretion.").

The Defendants claim that one-way intervention suggests that certification is prohibited but the issue remains governed by Rule 23 and is within the Court's discretion and there is no prohibition on granting certification. The "potential problem," *American Pipe and Construction Co. v. Utah*, 414 U.S. 538, 546–47 (1974), posed by "one-way intervention" is not present in this case. When the Complaint and First Amended Complaint named the person suing on behalf of a class and then defined the purported class, the scope of the class, and the merits of classification. The Complaint and First Amended Complaint sought classification in the prayer for relief and there is no requirement for the Plaintiffs to submit a subsequent motion for the Court to consider classification. Unlike other federal districts, the Eastern District of Virginia does not have a local rule requiring a Plaintiff enter a separate motion seeking certification after initiating suit on behalf of a class. Instead, Rule 23(c)(1) states: "Time to Issue. At an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action." The timing remains

early and practicable for the Court to determine whether to certify the action as a class action and this decision will come "after a person sue[d] . . . as a class representative." *Id*.

The Defendants' argument against one-way intervention would have merit if the Plaintiffs had not brought suit on behalf of the Class in their Complaint. The Plaintiffs concede that the introduction of a class should be made prior to ruling a dispositive issue, but that was satisfied in this case. This is not a situation where the individuals brought suit and did not state that they are also suing on behalf of a class and then subsequently moved for such. Rule 23(c)(1) governs the issue and the Court maintains discretion to determine whether this remains an early and practicable time. As the district court of Maryland noted in *White*, despite considerations disfavoring one-way intervention, "there is nothing explicit in Rule 23 that requires a determination on class certification prior to decisions on other motions. Often the court 'may need to probe behind the pleadings before coming to rest on the certification question.'" 2012 LEXIS 44044, at *11-12 (citing *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982); *Gariety v. Grant Thornton, LLP*, 368 F.3d 356, 366 (4th Cir. 2004)); *In re Zetia Ezetimibe Antitrust Litig.*, 2021 U.S. Dist. LEXIS 263455 at 24 (E.D. Va. May 7, 2021); *In re Packaged Seafood Prods. Antitrust Litig.*, No. 15-MD-2670 JLS (MDD), 2020 U.S. Dist. LEXIS 93230, at *51 (S.D. Cal. May 26, 2020).

An early decision on the merits may protect both parties and the court from needless expenditure of both time and money. *Id.*; *Kim v. Commandant, Defense Language Inst.*, 772 F.2d 521, 524 (9th Cir. 1985) (holding that it was not improper for the district court to have reached the merits before class certification). In cases where the defendant has filed a potentially dispositive motion, the defendant has waived the procedural safeguards of Rule 23, limiting the possible impropriety of an early decision on the merits, at least as far as the defendant's protections are concerned. *Id.*; *Kim*, 772 F.2d at 524 (stating that where the defendant assumes the risk that

judgment will have only stare decisis effect, it is within the district court's discretion to rule on the merits first). Thus, while it is prudent in some cases to consider class certification first, it is within the court's discretion to determine that judicial economy is better served by an early decision on the merits. *White*, 2012 LEXIS 44044 at *11–12 (D. Md. Mar. 27, 2012)

"One-way intervention" involves putative class members sitting on the sidelines while the merits of a class action are decided before certification. The resulting harm that is meant to be avoided concerns putative class members observing the proceedings without assuming any risk that their individual claims may be precluded by an adverse ruling on the merits. That is not what is at issue here. The putative class has always been involved in this matter, as stated in the original and First Amended Complaint. Additionally, the Defendants would have maintained the right to seek certification and use the decision to its benefit via stare decisis had they proven successful. The interests of the class have always been before the parties and the Court due to the class-based nature of the laws at issue. When "determining the propriety of a class action, the question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met." *Eisen v. Carlisle & Jacquelin, et al.,* 417 U.S. 156, 178 (1973). In this case, all requirements of Rule 23 have been met and there are no local rules which otherwise prohibit certification at this stage or required a formal motion for certification beforehand. Nevertheless, should this Court deem a formal motion to be required in spite of Rule 23(c)(1), the Plaintiffs respectfully request time to submit such a motion for consideration prior to a final order.

### C. Class Certification Is Appropriate

As stated in the First Amended Complaint, Class certification is appropriate in this case and fits all of the material elements for a class governed by Fed. R. Civ. P. 23.

## DEFENDANTS' POSITION

The Court should decline to entertain class certification and should instead enter final judgment.[1] Plaintiffs failed to file a motion for class certification before the Court granted a dispositive motion on the merits in Plaintiffs' favor. Any consideration of class certification at this juncture would be procedurally improper and would prejudice Defendants.

"Ruling on dispositive motions prior to class certification may run the risk of encouraging class members to take advantage of a favorable ruling while not having to run the risk of an unfavorable ruling, a practice known as 'one-way intervention.'" *White v. Bank of Am., N.A.*, Civil No. CCB-10-1183, 2012 WL 1067657, at *4 (D. Md. Mar. 27, 2012). "By allowing putative class members to wait while the merits of a claim are decided, these members are given the ability to watch the proceedings without any risk [that] their individual claims . . . would be precluded by an adverse ruling on the merits." *Hyman v. First Union Corp.*, 982 F. Supp. 8, 11 (D.D.C. 1997); *see Costello v. BeavEx, Inc.*, 810 F.3d 1045, 1058 (7th Cir. 2016).

That "abusive practice" is precisely what Plaintiffs are proposing here. *See Campbell v. Nat'l R.R. Passenger Corp.*, 311 F. Supp. 3d 281, 311 n.5 (D.D.C. 2018). Had Plaintiffs filed a motion for class certification before a decision on the dispositive motions, then potential class members would have had the option to opt out and seek to litigate in another forum. But by waiting until after winning on the merits, unnamed class members would be taking advantage of Plaintiffs' victory on the merits without ever having gone through any of the ordinary risks of litigation.

Such "one-way intervention" was a principal target of the 1966 amendments to Rule 23. *Campbell*, 311 F. Supp. 3d at 311 n.5. Before those amendments, "members of the claimed class

---

[1] Defendants will file a separate motion for entry of judgment in a separate order.

could in some situations await . . . final judgment on the merits in order to determine whether participation would be favorable to their interests." *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 547 (1974). "The 1966 amendments were designed, in part, specifically to mend this perceived defect in the former Rule and to assure that members of the class would be identified before trial on the merits and would be bound by all subsequent orders and judgments." *Id.* The amendments did so by adding a requirement that "the district court . . . determine whether a case may be maintained as a class action '[a]s soon as practicable after the commencement of [the] action.'" *Curtin v. United Airlines, Inc.*, 275 F.3d 88, 92 (D.C. Cir. 2001) (quoting the then-current Fed. R. Civ. P. 23(c)) (brackets in original). Although this requirement was loosened somewhat in 2003, and now requires determination of class status "[a]t an early practicable time," Fed. R. Civ. P. 23(c)(1)(A), the 2003 amendments did "not restore the practice of 'one-way intervention' that was rejected by the 1966 revision of Rule 23," Fed. R. Civ. P. 23 advisory committee's note (2003).

To the contrary, "Rule 23 'still disfavor[s] one-way intervention' and counsels against a court 'rul[ing] on motions that encroach on the merits of a final decision before class certification.'" *Koehler v. USAA Cas. Ins. Co.*, 2019 WL 4447623, at *5 (E.D. Pa. Sept. 17, 2019) (quoting *Wallace B. Roderick Revocable Living Trust v. XTO Energy, Inc.*, 2015 WL 790081, at *2 (D. Kan. Feb. 25, 2015)) (alterations in original). Indeed, many courts observe a "rule against one-way intervention." *Taha v. County of Bucks*, 862 F.3d 292, 298 (3d Cir. 2017); *Costello*, 810 F.3d at 1057 ("The rule against one-way intervention prevents plaintiffs from moving for class certification after acquiring a favorable ruling on the merits of a claim."); *Gooch v. Life Investors Ins. Co. of Am.*, 672 F.3d 402, 432 (6th Cir. 2012) ("The rule against one-way intervention prevents potential plaintiffs from awaiting merits rulings in a class action before deciding whether to intervene in that class action."); *London v. Wal-Mart Stores, Inc.* 340 F.3d 1246, 1252–53 (11th

Cir. 2003) (referencing the "rule against one-way intervention" but reversing the district court's grant of class certification on other grounds). The Fourth Circuit has also indicated that Rule 23 is designed to prevent one-way intervention. *See Stastny v. S. Bell Tel.*, 628 F.2d 267, 275 n.11 & n.13 (4th Cir. 1980). And another court in this district recently explained and applied the rule against one-way intervention. *See generally In re Zetia (Ezetimibe) Antitrust Litig.*, No. 2:18-MD-2836, 2021 WL 9870367 (E.D. Va. May 7, 2021).

Plaintiffs' arguments for one-way intervention are without merit. Plaintiffs primarily argue that courts maintain discretion to consider class certification even at late stages of litigation. But the cases that discuss the rule against one-way intervention but still considered class certification are procedurally distinguishable. In *White*, Plaintiffs filed a motion for class certification after motions for (partial) summary judgment were filed but *before* the court ruled on those dispositive motions. *White*, 2012 WL 1067657, at *3. Thus, potential class members in *White* were on notice that they were taking the risk of joining that litigation, unlike here where the motion for class certification was never filed. The *White* court ultimately used its discretion to rule on the pending dispositive motions before the pending class certification, *see id.* at *4, but notably denied plaintiffs' dispositive motions, again avoiding an outcome where potential class members unilaterally benefited from an early ruling on the merits, *id.* at *14. In *Gooch*, the Sixth Circuit ruled that a ruling on a motion for preliminary injunction prior to class certification did not violate the "prohibition on one-way intervention" because "a preliminary injunction makes a prediction about the merits ruling and is not itself a merits ruling." *Gooch*, 672 F.3d at 433. Here, Plaintiffs waited until after ruling on their motion for summary judgment before moving for class certification, which would violate the Sixth Circuit's clear "rule against one-way intervention." *Id.* at 432. In none of the cases cited by Plaintiffs did a court allow the type of one-way intervention

9

proposed here, where Plaintiffs waited until after the Court had granted their dispositive motion on the merits before even filing a motion for class certification.

Plaintiffs also argue, without any citation, that they are not required to filed a motion for class certification at all and that the references to a class action in the Complaint and First Amended Complaint are sufficient to allow the Court to consider class certification, even after granting Plaintiffs' motion for summary judgment. This is incorrect; class certification is decided upon a motion by proposed class counsel. *See* Fed. R. Civ. P. 23 advisory committee's note (2003) (referring to "the motion for class certification"); *see also* Fed. R. Civ. P. 7(b) ("[a] request for a court order must be made by motion."). Plaintiffs have not cited any case in which a court certified a class based solely on the filing of a complaint. The "usual order of disposition," which is "often more efficient and fairer to the parties," is for a court to "decide the class question first" and thereby require class members to opt-out or agree to be bound before the Court decides the merits. *Curtin*, 275 F.3d at 92. Because the Court has already granted Plaintiffs' motion for summary judgment, Defendants respectfully submit that the Court should decline to consider class certification or any other attempt at one-way intervention[2] and enter final judgment for the four Plaintiffs.[3]

---

[2] On May 18, 2023, counsel for Plaintiffs filed a "motion to add Justin Fraser as Plaintiff or grant intervention." Defendants oppose this motion and will respond in due course. To the extent the Court is inclined to consider the motion before Defendants have had an opportunity to file a response, the Court should deny the motion for the same reason it should not consider class certification, *i.e.* adding a new plaintiff or granting intervention would violate the rule against one-way intervention.

[3] Defendants do not waive any argument that Plaintiffs are unable to satisfy the standard for class certification under Rule 23. In the event that the Court entertains a motion for class certification, Defendants will present its arguments regarding Rule 23 at that time. Defendants' position in this report is only that the Court should decline to consider a motion for class certification altogether as an improper attempt at one-way intervention.

10

Dated:  May 18, 2023

                Respectfully submitted,

                _____/s_____
                Elliott M. Harding, Esq.
                VSB No. 90442
                Harding Counsel, PLLC
                1260 Clifden Greene,
                Charlottesville, VA 22901
                P: 434-962-8465
                E: Elliott@Hardingcounsel.com

                *Attorneys for Plaintiffs*

                JESSICA D. ABER
                UNITED STATES ATTORNEY

By:   /s/ *Jonathan H. Hambrick*
                Jonathan H. Hambrick
                VSB No. 37590
                Office of the United States Attorney
                600 East Main Street, Suite 1800
                Richmond, Virginia 23219
                (804) 819-5400 (phone)
                (804) 819-7417 (fax)
                jay.h.hambrick@usdoj.gov

                BRIAN M. BOYNTON
                Principal Deputy Assistant Attorney General

                LESLEY FARBY
                Assistant Branch Director

                MICHAEL P. CLENDENEN
                (D.C. Bar No. 1660091)
                Trial Attorney
                DANIEL RIESS
                Senior Counsel
                U.S. Department of Justice

        Civil Division, Federal Programs Branch
        1100 L Street, NW
        Washington, D.C. 20005
        Tel: (202) 305-0693
        Fax: (202) 616-8460
        michael.p.clendenen@usdoj.gov

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of May, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

> Elliott Harding, Esquire
> Harding Counsel, PLLC
> 608 Elizabeth Avenue
> Charlottesville, VA 22901

> /s/ *Jonathan H. Hambrick*
> Jonathan H. Hambrick
> VSB No. 37590
> Attorney for the Defendants
> Office of the United States Attorney
> 919 East Main Street, Suite 1900
> Richmond, Virginia 23219
> Telephone: (804) 819-5400
> Facsimile: (804) 771-2316
> Email: jay.h.hambrick@usdoj.gov