IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| JOHN COREY FRASER, et al., on behalf of themselves and all others similarly situated as a Class, | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Civil Action No. 3:22CV00410 |
| | ) |
| BUREAU OF ALCOHOL, TOBACCO, FIREARMS, AND EXPLOSIVES, et al., | )<br>)<br>) |
| Defendants. | )<br>) |

## **DEFENDANTS' MOTION FOR ENTRY OF JUDGMENT IN A SEPARATE ORDER**

Defendants respectfully submit this motion for entry of judgment in a separate order for pursuant to Federal Rule of Civil Procedure 58(d). In asking the Court to enter a declaratory judgment in favor of Plaintiffs, and in submitting a proposed order to that effect, Defendants do not concede that the order granting Plaintiffs' motion for summary judgment is correct, nor do Defendants concede any arguments on the merits of Plaintiffs' claim. Defendants hereby reserve the right to appeal the Court's order entering summary judgment for Plaintiffs.

On May 10, 2023, the Court issued an opinion and order denying Defendants' motion to dismiss and granting Plaintiffs' motion for summary judgment. *See* Mem. Op. (May 10, 2023), ECF No. 47; Order (May 10, 2023), ECF No. 48. The order states that "Plaintiffs' Motion for Summary Judgment (ECF No. 28) is granted" but otherwise does not award any relief. Order (May 10, 2023), ECF No. 48. The Court also ordered the parties to "meet and confer on how best to proceed with the question of class certification in this matter" and to "submit their

recommendation(s) for future proceedings" no later than May 18, 2023. Order (May 10, 2023), ECF No. 49.

As Defendants explain in the joint report on class certification, the Court should decline to entertain a motion for class certification at this late stage of the litigation.[1] Because the Court has already granted summary judgment on the merits of Plaintiffs' claims, there is nothing left for the Court to resolve. There are no remaining claims as to any of the parties before the Court. *See* Fed. R. Civ. P. 54(b). As such, the Court should enter judgment under Rule 58(a).

Furthermore, the relief granted in the final judgment should be limited to a declaratory judgment as to the four named Plaintiffs. A court may issue a declaratory judgment "[i]n a case of actual controversy within its jurisdiction." 28 U.S.C. § 2201(a). The motion for summary judgment requests only a declaratory judgment, not an injunction. *See* Pls.' Mot. for Summ. J. at 28, ECF No. 28. A court, in its "equitable discretion," may enter a permanent injunction if a plaintiff can demonstrate:

> (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006) (citations omitted). Here, Plaintiffs have not even argued that they satisfy these requirements. As such, injunctive relief would be inappropriate.[2]

---

[1] On May 18, 2023, counsel for Plaintiffs filed a "motion to add Justin Fraser as Plaintiff or grant intervention." Defendants oppose this motion and will respond in due course. To the extent the Court is inclined to consider the motion before Defendants have had an opportunity to file a response, the Court should deny the motion for the same reason it should not consider class certification, *i.e.* adding a new plaintiff or granting intervention would violate the rule against one-way intervention.

[2] Because Plaintiffs have thus far not requested an injunction, the parties have not had an opportunity to brief whether the injunction standard is satisfied. To the extent Plaintiffs now try to

Finally, declaratory relief should not be extended beyond the four Plaintiffs before the Court. "A plaintiff's remedy must be tailored to redress the plaintiff's particular injury." *Gill v. Whitford*, 138 S. Ct. 1916, 1934 (2018). "The Court's constitutionally prescribed role is to vindicate the individual rights of the people appearing before it." *Id.* at 1933; *see also id.* at 1934 (citing *Daimler Chrysler Corp. v. Cuno*, 547 U.S. 332, 353 (2006)); *see also Madsen v. Women's Health Ctr., Inc.*, 512 U.S. 753, 765 (1994). Plaintiffs have no interest in whether other individuals may purchase handguns from federal firearm licensees ("FFLs"). Plaintiffs' claims would be fully redressed through a declaratory judgment stating that the four Plaintiffs have a constitutional right to purchase handguns from FFLs, notwithstanding the federal prohibition on such sales to persons between the ages of 18 and 20. Any relief beyond this would be particularly harmful given that other courts are already considering the same issues. *See, e.g.*, *Brown v. ATF*, No. 1:22-cv-80 (N.D. W. Va.); *Reese v. ATF*, No. 6:20-cv-1438, 2022 WL 17859138, at *2 (W.D. La. Dec. 21, 2022), *appeal filed*, No. 23-30033 (5th Cir. Jan. 13, 2023). Undersigned counsel has conferred with counsel for Plaintiffs, and Plaintiffs oppose the relief sought in this motion.

A proposed order is attached hereto.

Dated: May 18, 2023

                                                Respectfully submitted,

                                                JESSICA D. ABER
                                                UNITED STATES ATTORNEY

                              By:    /s/ *Jonathan H. Hambrick*
                                        Jonathan H. Hambrick

---

seek an injunction, they should be required to file a motion to that effect, and Defendants should have an opportunity to oppose.

VSB No. 37590
Office of the United States Attorney
600 East Main Street, Suite 1800
Richmond, Virginia 23219
(804) 819-5400 (phone)
(804) 819-7417 (fax)
jay.h.hambrick@usdoj.gov


BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

LESLEY FARBY
Assistant Branch Director

MICHAEL P. CLENDENEN
(D.C. Bar No. 1660091)
Trial Attorney
DANIEL RIESS
Senior Counsel
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
Tel: (202) 305-0693
Fax: (202) 616-8460
michael.p.clendenen@usdoj.gov

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of May, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

>Elliott Harding, Esquire
>Harding Counsel, PLLC
>608 Elizabeth Avenue
>Charlottesville, VA 22901

>/s/ *Jonathan H. Hambrick*
>Jonathan H. Hambrick
>VSB No. 37590
>Attorney for the Defendants
>Office of the United States Attorney
>919 East Main Street, Suite 1900
>Richmond, Virginia 23219
>Telephone:  (804) 819-5400
>Facsimile:  (804) 771-2316
>Email:  jay.h.hambrick@usdoj.gov