IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| **JOHN COREY FRASER, ET AL.,** ) | |
| ) | |
| *Plaintiffs* ) | |
| ) | |
| v. ) | Case No. 3:22-cv-00410 |
| ) | |
| **BUREAU OF ALCOHOL,** ) | |
| **TOBACCO, FIREARMS** ) | |
| **AND EXPLOSIVES, ET AL.,** ) | |
| ) | |
| *Defendants* | |

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF CLASS CERTIFICATION

COME NOW, the Plaintiffs, Mr. John "Corey" Fraser, Mr. Joshua Clay McCoy, Mr. Tyler Dalton McGrath, Mr. Ian Fletcher Shackley,[1] by and through counsel (collectively "Plaintiffs"), and on behalf of themselves and a Class of those similarly situated, respectfully request for this honorable Court to GRANT their Motion to Certify this Action as a Class Action. In furtherance of their motion, the Plaintiffs' submit this memorandum of law in support:

**Background:**

On June 1, 2022, Mr. John Corey Fraser brought this action on his own behalf and on behalf of a nationwide class (the "Nationwide Class" or "Class" or "Class Members") of similarly situated persons, who are defined as follows:

> Natural persons and citizens of the United States of America who have attained the age of eighteen but who are not yet twenty-one and who have not been convicted of a felony, who are not fugitives from justice, have not been discharged from the Armed Forces under dishonorable conditions, are not unlawful users of or addicted to any controlled substances, have not

---

[1] This motion is also brought on behalf of Mr. Justin Timothy Fraser, who has a pending motion to be added or granted leave to intervene as a party to the suit. His proposed complaint contains the same legal challenges to the same laws at issue and is brought on behalf of himself and the same proposed Class.

1

>been adjudicated as mental defectives or committed to a mental institution, are not on parole or probation, are not under indictment or restraint.

*See* Original Complaint, ECF Doc. 1.

The First Amended Complaint added three named individuals to the suit and the same request for Class certification. *See* First Amended Complaint, ECF Doc. 18. On November 30, 2022, the Defendants filed their motion to dismiss. ECF Doc. 21. On December 15, 2022, the Plaintiffs filed their response in opposition to the Defendants' motion to dismiss and filed their own motion for summary judgment. ECF Docs. 27, 28. After subsequent briefing, the Court conducted a hearing on the two motions and ultimately issued an opinion and order denying the Defendants' motion to dismiss and granting the Plaintiffs' motion for summary judgment. ECF Docs. 47, 48. On May 10, 2023, the Court ordered the parties to meet and confer as to the pending issue of class certification. ECF Doc. 49. Having conferred with the Defendants and learning of their opposition to class certification, the Plaintiffs respectfully move for such.

## Argument

### I. Class Certification Remains Ripe For Review And Is Appropriate.

#### A. Rule 23(c)(1) Governs The Timing of Class Certification And The Issue Remains Ripe For Review.

This motion for class certification remains ripe for review pursuant to Fed. R. Civ. P. 23(c)(1) which states: "*Certification Order. Time to Issue.* At an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action." *Id*. Rule 23 was amended in 2003 with the requirement that a court determine class certification "at an early practicable time" after the commencement of an action rather than "as soon as practicable." *See* Fed. R. Civ. P. 23 (advisory committee's notes to 2003 amendments). When making this change, the advisory committee noted that "[t]he 'as soon as practicable'

exaction neither reflects prevailing practice nor captures the many valid reasons that may justify deferring the initial certification decision," such as a defendant's desire to seek dismissal or summary judgment without class certification. *Id.* The 2003 amendments "restored some flexibility in deferring the certification questions in appropriate cases." *See In re Zetia Ezetimibe Antitrust Litig.*, 2021 U.S. Dist. LEXIS 263455, at *24 (E.D. Va. May 7, 2021); *see also In re Packaged Seafood Prods. Antitrust Litig.*, No. 15-MD-2670 JLS (MDD), 2020 U.S. Dist. LEXIS 93230, at *51 (S.D. Cal. May 26, 2020) (describing one-way intervention one-way not as a "rule," but as an "argument" that "is often raised when the parties disagree whether a summary judgment motion should be decided before or after class certification certification"); *White v. Bank of Am., N.A.*, 2012 WL 1067657, at *4 , 2012 LEXIS 44044, at *11–12 (D. Md. Mar. 27, 2012) ("Whether substantive rulings can be made before class certification is a question subject to the court's discretion.").

The Defendants claim that the doctrine of disfavoring "one-way intervention" prohibits certification at this stage due to the Court having ruled on the Plaintiffs' dispositive motion for summary judgment. Neither Rule 23, the Supreme Court of the United States, nor the United States Court of Appeals for the Fourth Circuit has suggested that the Defendants argument is a rule of absolute prohibition. The "potential problem," *American Pipe and Construction Co. v. Utah*, 414 U.S. 538, 546–47 (1974), posed by "one-way intervention" is not present in this case. When the Complaint and First Amended Complaint named the "person" suing on behalf of the Class as the class representative and defined the purported Class, the scope of the Class, and the merits of classification, the issue became ripe for review. *See* Rule 23(c)(1). The Complaint and First Amended Complaint sought classification in the prayer for relief and there is no requirement for the Plaintiffs to submit a subsequent motion before the Court gains jurisdiction to consider classification. Unlike some other federal districts, the Eastern

3

District of Virginia does not have a local rule requiring a Plaintiff enter a separate motion seeking certification after initiating suit on behalf of a class. Additionally, Rule 23 does not reference a motion requirement. The current timing remains early and practicable for the Court to determine whether to certify the action as a class action and this decision will come "after a person sue[d] . . . as a class representative." *Id*.

The Defendants' argument against one-way intervention may have had merit if the Plaintiffs did not bring suit on behalf of the purported class in their Complaint. The Plaintiffs concede that the *introduction* of a purported class should come prior to ruling on a dispositive issue. They did so in this case. This is not a situation where individuals brought suit in their personal capacity and failed to state that they are also suing on behalf of a class while choosing to subsequently move for such later. As the district court of Maryland noted in *White*, despite considerations disfavoring one-way intervention, "there is nothing explicit in Rule 23 that requires a determination on class certification prior to decisions on other motions. Often the court 'may need to probe behind the pleadings before coming to rest on the certification question.'" 2012 LEXIS 44044, at *11–12 (citing *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982); *Gariety v. Grant Thornton, LLP*, 368 F.3d 356, 366 (4th Cir. 2004)); *In re Zetia Ezetimibe Antitrust Litig.*, 2021 U.S. Dist. LEXIS 263455 at 24 (E.D. Va. May 7, 2021); *In re Packaged Seafood Prods. Antitrust Litig.*, No. 15-MD-2670 JLS (MDD), 2020 U.S. Dist. LEXIS 93230, at *51 (S.D. Cal. May 26, 2020).

There are material reasons to recognize that such a prohibition is not required. An early decision on the merits may protect both parties and the court from needless expenditure of both time and money. *Id.*; *Kim v. Commandant, Defense Language Inst.*, 772 F.2d 521, 524 (9th Cir. 1985) (holding that it was not improper for the district court to have reached the merits before class

certification). In cases where the defendant has filed a potentially dispositive motion, the defendant has waived the procedural safeguards of Rule 23, limiting the possible impropriety of an early decision on the merits, at least as far as the defendant's protections are concerned. *Id.*; *Kim*, 772 F.2d at 524 (stating that where the defendant assumes the risk that judgment will have only stare decisis effect, it is within the district court's discretion to rule on the merits first). It is within the court's discretion to determine that judicial economy is better served by an early decision on the merits. *White*, 2012 LEXIS 44044 at *11–12 (D. Md. Mar. 27, 2012)

"One-way intervention" involves putative class members sitting on the sidelines while the merits of a class action are decided before certification. The resulting harm that is meant to be avoided concerns putative class members observing the proceedings without assuming any risk that their individual claims may be precluded by an adverse ruling on the merits. That is not what is at issue here. The putative class has always been involved in this matter, as stated in the original and First Amended Complaint. Additionally, the Defendants would have maintained the right to seek certification and use the decision to their benefit via stare decisis had they proven successful. The interests of the Class have always been before the Court due to the class-based nature of the laws at issue. Nevertheless, when "determining the propriety of a class action, the question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met." *Eisen v. Carlisle & Jacquelin, et al.,* 417 U.S. 156, 178 (1973) (quoting *Miller v. Mackey International,* 452 F.2d 424, 427 (5th Cir. 1971)). All requirements of Rule 23 have been met and there are no local rules which otherwise prohibit certification at this stage or required a formal motion for certification beforehand.

### B. Class Certification Is Appropriate Pursuant to Rule 23(a).

As stated in the Complaint and the First Amended Complaint, Class certification is appropriate in this case and fits all of the material elements for a class governed by Rule 23(a).

#### 1. Numerosity of the Class

This proposed nationwide Class is so numerous that the individual joinder of all members in this or any action is impracticable. The exact number or identification of Class members is presently unknown but there is believed to be well in excess of ten million people within the relevant ages at issue. The identity of Class Members and their last known addresses may be ascertained from Defendants' records. Class Members may be informed of the pendency of this action by a combination of means including but not limited to direct mail, perhaps utilizing records possessed by defendants, public notice /legal advertisements including use of the internet leading to registration on a website, and assistance from outside sources such as interested amici and digital advertising. Additionally, notice is not required should this Court deem the Class to be certified pursuant to Rule 23(b)(1) or (b)(2). *Compare* Fed. R. Civ. P. 23(c)(2)(A) ("the court *may* direct appropriate notice") with 23(c)(2)(B) ("the court *must* direct to class members the best notice that is practicable").

#### 2. Common Questions of Law

Common legal questions or issues shared by the Class that concern the United States Constitution include: 1.) Whether the Second Amendment applies to adult citizens under the age of twenty-one; 2.) Whether the federal laws at issue violate the Class's Second Amendment right to bear arms; and 3.) Whether the federal laws at issue deprive the Class of equal protection and a fundamental liberty interest encompassed by the Fifth Amendment's due process clause. The laws at issue bestow a classification by default, in that they apply to the proposed Class without any

individualized assessment. The questions of law presented in this case are the same that apply to everyone in the Class and all those will turn eighteen and remain less than twenty-one years old throughout the pendency of litigation.

### 3. Typicality

The Plaintiffs' claims are typical of the claims of the members of the Class because all named Plaintiffs are natural persons and citizens of the United States of America who have attained the age of eighteen but who are not yet twenty-one and who have not been convicted of a felony, who are not fugitives from justice, who have not been discharged from the Armed Forces under dishonorable conditions, are not unlawful users of or addicted to any controlled substances, have not been adjudicated as mentally defective or committed to a mental institution, are not on parole or probation, and are not under indictment or restraint. Thus, the asserted constitutional violations for the individual Plaintiffs and the Class Members are identical.

### 4. Adequacy

The individual Plaintiffs are adequate representatives of the Class because their interest does not conflict with the interests of the members of the Class they seek to represent. They intend to prosecute this action vigorously. They will fairly and adequately protect the interests of the members of the Class. The Plaintiffs and their counsel will seek to identify additional named class members to individually join as a means of maintaining litigation for the Class should the prospect of judicial relief for the Class become at-risk of mootness due to the current Plaintiffs' age and the ultimate passage of time, as seen in *Hirschfeld v. BATFE*, 5 F.4th 407, 2021 U.S. App. LEXIS 20705, 2021 WL 2934468 (4th Cir. 2021) (opinion vacated after subsequently rendered moot following appellants' twenty-first birthdays). This suit may also be maintained as a class action pursuant to Federal Rules of Civil Procedure 23(b)(2) because the Plaintiff seeks declaratory and

injunctive relief, and all of the above factors of numerosity, common questions of law, typicality, and adequacy are present. The Defendants have acted on grounds generally applicable to the Plaintiff and the Class as a whole, thereby making declaratory relief and injunctive relief proper.

### 5. Predominance and Superiority

This suit may be maintained as a class action under Fed. R. Civ. P. 23(b)(3) because questions of law common to the Class predominate over any factual questions affecting individual members of the Class and a class action is superior to other available means for the fair and efficient adjudication of this dispute. Under Fed. R. Civ. P. 23(b)(1)(A), there is a risk that Class Members who share identical characteristics as set forth above would see those actions result in inconsistent or varying adjudications that would establish inconsistent standards of conduct for the defendants if forced to filing individual actions to seek redress from the laws at issue.

Furthermore, it would be virtually impossible for the Class Members, on an individual basis, to obtain effective redress for the wrongs done to them. Even if Class Members themselves could afford such individual litigation, the judiciary could not. Individual litigation increases the delay and expenses to all parties and the court system presented by the complex legal issues of the case. By contrast, the class action device presents far fewer management difficulties and provides the benefits of a single adjudication, economy of scale, and comprehensive supervision by a single court.

Finally, Plaintiffs' counsel will zealously represent the legal interests of the Class. He has fully litigated the exact legal issues presented in this suit in the Eastern and Western District of Virginia and successfully before the Fourth Circuit. He is as-familiar, if not more-so, with the all of the available arguments and law in favor of the Class. *See, e.g.*, *Hirschfeld v. BATFE*, 5 F.4th 407 (4th Cir. 2021). Additionally, the undersigned has managed federal litigation involving a

significant number of named Plaintiffs in this division and can accommodate the requisite actions necessary to inform the Class of suit, should the Court deem such notice to be necessary. *See, e.g., Whorley, et al, v. Northam, et al*, Case No. 3:20-cv-255 (E.D. Va 2020) (undersigned counsel representing 27 named inmate plaintiffs from multiple facilities in their 42 U.S.C. § 1983 suit seeking statewide injunctive relief from the Virginia Department of Corrections during the COVID-19 pandemic and settling the dispute with the Commonwealth via court supervised mediation process). This action presents a purely legal question and thereby reduces the likelihood of complication due to any factual differences concerning individual members of the Class.

## Conclusion

WHEREFORE, the Plaintiffs, on behalf of others similarly situated, do respectfully request for this honorable Court to GRANT their Motion to Certify this Action as a Class Action as proposed, ORDER that the Class be certified, and ORDER that undersigned counsel be designated as Class counsel.

Respectfully submitted,

_____/s_____
Elliott M. Harding (VSB No. 90442)
*Counsel for the Plaintiffs & Prospective Class*
Harding Counsel, PLLC
1260 Clifden Greene.,
Charlottesville, VA 22901
P: 434-962-8465
E: Elliott@HardingCounsel.com

9

**CERTIFICATE OF SERVICE**

On May 24, 2023, I electronically submitted the foregoing document with the clerk of court for the United States District Court for the Eastern District of Virginia using the electronic case filing system of the court. I hereby certify that I have served all counsel of record electronically as well.

Respectfully submitted,

_____/s_____
Elliott M. Harding (VSB No. 90442)
*Counsel for the Plaintiffs & Prospective Class*
Harding Counsel, PLLC
1260 Clifden Greene,
Charlottesville, VA 22901
P: 434-962-8465
E: Elliott@HardingCounsel.com