IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| **JOHN COREY FRASER, ET AL.,** ) | |
| ) | |
| *Plaintiffs* ) | |
| ) | |
| v. ) | Case No. 3:22-cv-00410 |
| ) | |
| **BUREAU OF ALCOHOL,** ) | |
| **TOBACCO, FIREARMS** ) | |
| **AND EXPLOSIVES, ET AL.,** ) | |
| ) | |
| *Defendants* | |

### PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR DECLARATORY JUDGMENT AND INJUNCTION

COME NOW, the Plaintiffs, Mr. John "Corey" Fraser, Mr. Joshua Clay McCoy, Mr. Tyler Dalton McGrath, and Mr. Ian Fletcher Shackley,[1] by and through counsel (collectively "Plaintiffs"), and on behalf of themselves and a Class of those similarly situated, respectfully request for this honorable Court to GRANT their Motion for a Declaratory Judgment and Injunction. In furtherance of their motion, the Plaintiffs state the following:

**Background:**

On May 19, 2023, the Court ordered the Plaintiffs to submit their motion for an injunction. Having not yet ruled on the pending motions for Mr. Justin Timothy Fraser to be added or intervene in this case, ECF Doc. 50, as well as the pending motion for Class certification, ECF Doc. 56, the Plaintiffs respectfully include them in the proposed final order seeking injunctive relief. Should this Court determine that Mr. Justin Fraser shall not be added or granted leave to intervene, or that

---

[1] This motion is also brought on behalf of Mr. Justin Timothy Fraser, who has a pending motion to be added or granted leave to intervene as a party to the suit. His proposed complaint contains the same legal challenges to the same laws at issue and is brought on behalf of himself and the same proposed Class.

1

the Class shall not be certified, they respectfully reserve the right to submit an alternative proposed order for injunctive relief so as to reflect the Court's rulings.

## Argument

The Declaratory Judgment Act provides:

> In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

28 U.S.C. § 2201; *see Trustgard Ins. Co. v. Collins*, 942 F.3d 195, 201 (4th Cir. 2019).

"A declaratory judgment action is appropriate when 'there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality[.]'" *Kotkowski v. Nationwide Prop. & Cas. Ins.*, __ F.3d __, 564 F. Supp. 3d 405, 2021 U.S. Dist. LEXIS 186893, 2021 WL 4459032, at * 1 (D. Md. Sept. 29, 2021) (quoting *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (internal quotation marks omitted)) (alteration in *Kotkowski*). Whether to grant a declaratory judgment is "committed to judicial discretion." *A.L. Mechling Barge Lines v. United States*, 368 U.S. 324, 331 (1961). In its May 10, 2023 memorandum opinion, the Court determined that the laws at issue violate the Second Amendment. There have been no changes in law or fact since then. There is no genuine dispute as to any material fact and that the Court may grant or deny further relief in this matter without further hearing or trial. For the reasons stated in the May 10, 2023 memorandum opinion, the laws at issue are unconstitutional and unenforceable.

"A party seeking a permanent injunction must demonstrate 'actual success' on the merits, rather than [the] mere 'likelihood of success' required to obtain a preliminary injunction ." *Mayor of Balt. v. Azar*, 973 F.3d 258, 274 (4th Cir. 2020) (quoting *Amoco Prod. Co. v. Vill. of Gambell*, 480 U.S. 531, 546 n.12 (1987)). The Plaintiffs have demonstrated as much per this Court's opinion on May 10, 2023. The party must also demonstrate (1) "it has suffered an irreparable injury;" (2)

"remedies available at law, such as monetary damages, are inadequate to compensate for that injury;" (3) considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted;" and (4) "the public interest would not be disserved by a permanent injunction." *Id.* (quoting *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006)). The Supreme Court has held that when the arguments and evidence show that a statutory provision is unconstitutional on its face, an injunction prohibiting its enforcement is proper. *Citizens United* v. *Federal Election Comm'n*, 558 U.S. 310, 333 (2010). Such is the case here. The ongoing deprivation of a fundamental liberty is irreparable. The remedies available at law, such as monetary damages, are entirely inadequate. The Defendants will suffer no hardship by prohibiting them from enforcing the laws at issue, for their time and resources can be spent in more effective and constitutionally sound ways. There is no disservice to the public interest by enjoining such unconstitutional laws permanently—quite the opposite. It is always in the public interest for unconstitutional laws to be prohibited from future enforcement.

WHEREFORE, the Plaintiffs, on behalf of themselves and others similarly situated, respectfully request for this honorable Court to GRANT this Motion and GRANT the Order as proposed.

Respectfully submitted,

_____/s_____
Elliott M. Harding (VSB No. 90442)
*Counsel for the Plaintiffs & Prospective Class*
Harding Counsel, PLLC
1260 Clifden Greene.,
Charlottesville, VA 22901
P: 434-962-8465
E: Elliott@HardingCounsel.com

3

## CERTIFICATE OF SERVICE

On May 24, 2023, I electronically submitted the foregoing document with the clerk of court for the United States District Court for the Eastern District of Virginia using the electronic case filing system of the court. I hereby certify that I have served all counsel of record electronically as well.

Respectfully submitted,

_____/s_____
Elliott M. Harding (VSB No. 90442)
*Counsel for the Plaintiffs & Prospective Class*
Harding Counsel, PLLC
1260 Clifden Greene,
Charlottesville, VA 22901
P: 434-962-8465
E: Elliott@HardingCounsel.com