IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| JOHN COREY FRASER, et al., on behalf of themselves and all others similarly situated as a Class, <br><br> Plaintiffs, <br><br> v. <br><br> BUREAU OF ALCOHOL, TOBACCO, FIREARMS, AND EXPLOSIVES, et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) )  Civil Action No. 3:22CV00410 |

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' AND PROPOSED PLAINTIFFS' MOTION TO ADD JUSTIN FRASER AS PLAINTIFF OR GRANT INTERVENTION

On May 10, 2023, the Court issued an opinion and order denying Defendants' motion to dismiss and granting Plaintiffs' motion for summary judgment. *See* Mem. Op. (May 10, 2023), ECF No. 47; Order (May 10, 2023), ECF No. 48. On May 18, 2023, Mr. Justin Fraser and Plaintiffs filed a motion to add Mr. Fraser as a Plaintiff or, in the alternative, a motion for Mr. Fraser to intervene as a Plaintiff. ECF No. 50. The Court should deny the motion. The motion is untimely because it seeks to add a Plaintiff after summary judgment has already been entered in favor of Plaintiffs, a practice that the Fourth Circuit discourages. Moreover, Mr. Fraser cannot meet the requirements for intervention as of right, and the Court should decline to exercise its discretion to add Mr. Fraser or grant permissive intervention.

1

**DISCUSSION**

I. **THE MOTION SHOULD BE DENIED AS AN IMPROPER ATTEMPT AT POSTJUDGMENT INTERVENTION**

The Court should decline to entertain Mr. Fraser's attempt to join this lawsuit at this point. The Fourth Circuit has long applied a "general policy to discourage postjudgment intervention." *Brink v. DeLesio*, 667 F.2d 420, 429 (4th Cir. 1981), *opinion modified and superseded on denial of reh'g*, (4th Cir. Jan. 19, 1982) (citing *Black v. Central Motor Lines, Inc.*, 500 F.2d 407, 408 (4th Cir. 1974)). That policy applies here because Mr. Fraser waited to file his motion until *after* the Court granted a dispositive motion on the merits in Plaintiffs' favor.

As Defendants have explained in their joint report on class certification, ECF No. 52, at 7–10, and as Defendants will explain in their forthcoming opposition to Plaintiffs' motion for class certification, ECF No. 56, consideration of a motion for class certification after the court has granted summary judgment on the merits in favor of Plaintiffs would violate the rule against "one-way intervention." "The rule against one-way intervention prevents plaintiffs from moving for class certification after acquiring a favorable ruling on the merits of a claim." *Costello. v. BeavEX Inc.*, 810 F.3d 1056, 1057 (7th Cir. 2016). The rule recognizes that it would be "unfair to allow members of a class to benefit from a favorable judgment without subjecting themselves to the binding effect of a favorable one." *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 547 (1974). "If an individual plaintiff were to get a favorable ruling on the merits prior to certification—and its corresponding notice and opportunity to opt out—then class members are incentivized to remain in the lawsuit to take advantage of the favorable ruling. If an individual plaintiff got an unfavorable ruling on the merits prior to class certification, class members are incentivized to opt out of the class to avoid application of the unfavorable ruling." *Costello*, 810 F.3d at 1057. Either way,

"[a]llowing class members to decide whether or not to be bound by a judgment depending on whether it is favorable or unfavorable is 'strikingly unfair' to the defendant." *Id*. at 1058 (quoting *Sprogis v. United Air Lines, Inc.*, 444 F.2d 1194, 1207 (7th Cir. 1971) (Stevens, J., dissenting)).

Indeed, many courts, including in this district, have recognized a "rule against one-way intervention." *Taha v. County of Bucks*, 862 F.3d 292, 298 (3d Cir. 2017); *Costello*, 810 F.3d at 1057 ("The rule against one-way intervention prevents plaintiffs from moving for class certification after acquiring a favorable ruling on the merits of a claim."); *Gooch v. Life Investors Ins. Co. of Am.*, 672 F.3d 402, 432 (6th Cir. 2012) ("The rule against one-way intervention prevents potential plaintiffs from awaiting merits rulings in a class action before deciding whether to intervene in that class action."); *London v. Wal-Mart Stores, Inc.* 340 F.3d 1246, 1252–53 (11th Cir. 2003) (referencing the "rule against one-way intervention" but reversing the district court's grant of class certification on other grounds); *see also Stastny v. S. Bell Tel.*, 628 F.2d 267, 275 n.11 & n.13 (4th Cir. 1980) (referring to the rule against one-way intervention); *In re Zetia (Ezetimibe) Antitrust Litig.*, No. 2:18-MD-2836, 2021 WL 9870367 (E.D. Va. May 7, 2021) (explaining and applying the rule against one-way intervention.).

The same principles that counsel against class certification after dispositive motions have been decided also apply to individual attempts to join a lawsuit as a plaintiff after the court has already ruled in favor of existing plaintiffs on the merits. Allowing Mr. Fraser to join as a plaintiff now would encourage potential plaintiffs to wait while a lawsuit plays out—or, as in this instance, several lawsuits raising similar challenges in multiple districts play out[1]—and then reap the benefits of a favorable ruling on the merits without assuming any of the risks involved with

---

[1] *See Brown v. ATF*, No. 1:22-cv-80 (N.D. W. Va.); *Reese v. ATF*, No. 6:20-cv-1438, 2022 WL 17859138, at *2 (W.D. La. Dec. 21, 2022), *appeal filed*, No. 23-30033 (5th Cir. Jan. 13, 2023).

litigation. For this reason, the Fourth Circuit has recognized a "general policy to discourage postjudgment intervention." *Brink v. DeLesio*, 667 F.2d 420, 429 (4th Cir. 1981), *opinion modified and superseded on denial of reh'g*, (4th Cir. Jan. 19, 1982) (citing *Black v. Central Motor Lines, Inc.*, 500 F.2d 407, 408). Under this policy, postjudgment intervention has been denied in cases like *Black*, 500 F.2d at 408, and *Gould v. Alleco, Inc.*, 883 F.2d 281, 286 (4th Cir. 1989).

Courts have sometimes allowed for postjudgment intervention in "cases involv[ing] unique factual situations." *Black*, 500 F.2d at 408. So, for example, in *United Airlines, Inc. v. McDonald*, 432 U.S. 385 (1977), the Supreme Court allowed a postjudgment motion to intervene by a putative class member "for the sole purpose of appealing the court's earlier denial of class certification." *Gould*, 883 F.2d at 286. Prior to the motion to intervene, the Supreme Court ruled, the intervenor "reasonably relied on the named class representatives to protect her interest." *Id.* (citing *United Airlines*, 432 U.S. at 394). Here, Mr. Fraser apparently intends to do more than appeal the denial of class certification (indeed, this court has not yet ruled on Plaintiff's postjudgment motion for class certification). It appears that Mr. Fraser intends to a) receive the benefit of any declaratory judgment or injunction entered against the government and b) defend this Court's ruling on the merits in the event that the government appeals. There is no reason why Mr. Fraser should be added to this case at this stage of litigation. He could instead file his own lawsuit, or move to intervene in another case raising similar claims in which the court has not yet ruled on dispositive motions. *See Brown v. ATF*, No. 1:22-cv-80 (N.D. W. Va.). Or, he could have moved to intervene in this case prior to a ruling on the summary judgment motions, which would have achieved the goals he now seeks through postjudgment intervention. *See Gould*, 883 F.2d at 286 (noting that *United Airlines* presented a unique scenario in which "intervention at an earlier point would have

4

served no purpose"). No special circumstances exist in this case to allow postjudgment intervention, so the motion should be denied.

## II. MR. FRASER MAY NOT INTERVENE AS OF RIGHT

Mr. Fraser's motion to intervene as of right under Federal Rule of Civil Procedure 24(a)(2) should be denied. Under Rule 24(a)(2), a party may intervene as a matter of right if,

> [o]n timely motion, . . . [the movant] claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2). So, "in addition to timeliness, intervention of right is dependent on the moving party's fulfillment of three requirements: interest, impairment of interest and inadequate representation. *Gould*, 883 F.2d at 284. Mr. Fraser's motion fails these requirements.

### A. The Motion to Intervene Is Untimely

As explained above, Mr. Fraser's motion to intervene, filed after the Court granted Plaintiff's motion for summary judgment, is an untimely attempt at postjudgment intervention and should be denied.

To "determine whether a motion to intervene in a civil action is sufficiently timely," courts in the Fourth Circuit must "assess three factors: first, how far the underlying suit has progressed; second, the prejudice any resulting delay might cause the other parties; and third, why the movant was tardy in filing its motion." *Alt v. U.S. EPA*, 758 F.3d 588, 591 (4th Cir. 2014). "[T]he most important consideration . . . is whether the delay has prejudiced the other parties." *Hill v. W. Elec. Co.*, 672 F.2d 381, 386 (4th Cir. 1982). These factors counsel against intervention here.

First, Mr. Fraser has not indicated when he learned of his interest in this case, but presumably he was aware of the case as soon as it was filed. Mr. Fraser appears to be related to

5

John Corey Fraser, the original named Plaintiff in this case.[2] So it is likely that Mr. Fraser was aware of the case from the outset. As such, there is no apparent reason why Mr. Fraser could not have joined the lawsuit at that time, or filed a motion to intervene shortly thereafter, if he turned eighteen after the initial filing of the complaint.

Second, allowing late intervention would prejudice Defendants. As discussed above, the Court has already granted summary judgment in favor of Plaintiffs. Allowing Mr. Fraser to intervene now will give him a free pass at whatever remedy is ordered (declaratory judgment or injunction) against the government, *i.e.* the scope of the remedy will be expanded beyond what the government expected when the Court issued its summary judgment ruling. *See Intown Properties Mgmt., Inc. v. Wheaton Van Lines, Inc.*, 271 F.3d 164, 169 (4th Cir. 2001) (recognizing that intervention often "expose[s] a defendant to additional liability"). And allowing intervention in these circumstances would generally encourage potential litigants to sit back and wait while multiple lawsuits against the government play out, then jump in once a court rules for plaintiffs. Courts should discourage, rather than encourage, this sort of gamesmanship. *Cf. Perry-Bey v. Holder*, No. 1:14-cv-215, 2014 WL 11515555, at *1 (E.D. Va. July 14, 2014) (transferring a case to discourage plaintiffs' apparent forum shopping).

Third, denying intervention, on the other hand, would not prejudice Mr. Fraser. As Plaintiffs acknowledge, Br. at 5, Mr. Fraser can still bring his own lawsuit, and he would be in no worse position doing so now than he would be if the instant action had never been brought in the first place. Alternatively, Mr. Fraser could move to intervene in another case challenging the same laws in which the court has not already entered summary judgment.

---

[2] The motion to intervene does not provide this information, but Plaintiffs' counsel indicated that Mr. Fraser and John Corey Fraser are related at the Court's teleconference on May 19, 2023.

Fourth, there are no unusual circumstances justifying the addition of a new party. Plaintiffs argue that the nature of the laws in question, which apply to 18-to-20 year olds, necessitate a new, younger plaintiff because the case may otherwise become moot before the appeal process can play out if the existing plaintiffs turn 21. But Plaintiffs could have avoided this problem in one of two ways. First, they could have filed a motion for class certification *before* the Court ruled on the motions for summary judgment.[3] Second, Plaintiffs could have found an associational plaintiff that represents a group of individuals, as the plaintiffs in *Brown* did. *See Brown v. ATF*, No. 1:22-cv-80 (N.D. W. Va.).

### B. Mr. Fraser's Interests Will Not Be Impaired by Denial of the Motion

Even if Mr. Fraser's request for intervention as of right were timely, it would fail for the independent reason that denying intervention will not impair or impede his ability to protect his interests. As discussed above, Mr. Fraser can still bring his own lawsuit, or he could move to intervene in another case challenging the same laws in which the court has not already entered summary judgment. Entering final judgment in this case without adding Mr. Fraser as a Plaintiff in no way leaves him in a worse position to pursue either of these actions.

### C. Alternatively, the Existing Parties Adequately Represent Mr. Fraser's Interests

Rule 24(a)(2) provides that intervention is not allowed as of right if the "existing parties adequately represent [the movant's] interest." Fed. R. Civ. P. 24(a)(2). Plaintiffs acknowledge that "the current Plaintiffs will fully protect Mr. Fraser's interests until they turn twenty-one." Br. at 4. But Plaintiffs have not indicated when that will occur. No Plaintiff has provided the Court with their date of birth, nor has Mr. Fraser. It is possible that Mr. Fraser is in fact *older* than at least one

---

[3] Defendants do not concede that Plaintiffs could establish that the Rule 23 standard is met, even if they had filed a timely motion for class certification.

of the four Plaintiffs, meaning that intervention would add nothing to prevent mootness on appeal and would only serve to expand the remedy to Mr. Fraser in the meantime. At the very least, Plaintiffs and Mr. Fraser should have to divulge their dates of birth; it is their burden to establish their entitlement to intervention. And in any event, Plaintiffs had other options available to them to avoid mootness; as discussed above, they could have filed a timely motion for class certification or added an associational plaintiff at the outset.

### III. THE COURT SHOULD DECLINE TO GRANT PERMISSIVE INTERVENTION

Federal Rule of Civil Procedure 24(b) provides for permissive intervention, "on timely motion," when an applicant's claim or defense and the main action have a question of law or fact in common and the intervention will not unduly prejudice or delay the adjudication of the rights of the original parties. Fed. R. Civ. P. 24(b). Ultimately, the decision whether a party should be allowed to permissively intervene is left to the district court's discretionary powers. *Smith v. Pennington*, 352 F.3d 884, 892 (4th Cir. 2003).

For many of the same reasons that intervention as of right is unavailable, Mr. Fraser's request for permissive intervention should also be denied. First, Mr. Fraser's motion is not timely, as it was made after summary judgment was entered for Plaintiffs. Second, as explained above, permissive intervention would prejudice the government. And finally, allowing Mr. Fraser to intervene now will give him the benefits of the court's remedy (declaratory judgment or injunction) without his having had to accept the risks of litigation. If the Court allows intervention in these circumstances, it would encourage potential litigants to wait while multiple lawsuits play out in different districts and then join after a court rules for plaintiffs on the merits. The Court should not allow this.

8

## IV. THE COURT SHOULD NOT ADD A PARTY UNDER RULE 21

Finally, Plaintiffs' motion asks the Court to "add" a party under Federal Rule of Civil Procedure 21. This request is essentially just another way of asking for permissive intervention, and the Court should deny this request. Plaintiffs' motion is untimely, and adding Mr. Fraser as a party now would prejudice the government by allowing a litigant to reap the benefits of the Court's summary judgment ruling without having to assume the risks of litigation.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion should be denied.

Dated: June 1, 2023

                Respectfully submitted,

                JESSICA D. ABER
                UNITED STATES ATTORNEY

By:   /s/ *Jonathan H. Hambrick*
       Jonathan H. Hambrick
       VSB No. 37590
       Office of the United States Attorney
       600 East Main Street, Suite 1800
       Richmond, Virginia 23219
       (804) 819-5400 (phone)
       (804) 819-7417 (fax)
       jay.h.hambrick@usdoj.gov

       BRIAN M. BOYNTON
       Principal Deputy Assistant Attorney General

       LESLEY FARBY
       Assistant Branch Director

       MICHAEL P. CLENDENEN
       (D.C. Bar No. 1660091)

>Trial Attorney
>DANIEL RIESS
>Senior Counsel
>U.S. Department of Justice
>Civil Division, Federal Programs Branch
>1100 L Street, NW
>Washington, D.C. 20005
>Tel: (202) 305-0693
>Fax: (202) 616-8460
>michael.p.clendenen@usdoj.gov
>
>*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of June, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

>Elliott Harding, Esquire
>Harding Counsel, PLLC
>608 Elizabeth Avenue
>Charlottesville, VA 22901

>/s/ *Jonathan H. Hambrick*
>Jonathan H. Hambrick
>VSB No. 37590
>Attorney for the Defendants
>Office of the United States Attorney
>919 East Main Street, Suite 1900
>Richmond, Virginia 23219
>Telephone: (804) 819-5400
>Facsimile: (804) 771-2316
>Email: jay.h.hambrick@usdoj.gov