IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| JOHN COREY FRASER, et al., on behalf of themselves and all others similarly situated as a Class, <br><br> Plaintiffs, <br><br> v. <br><br> BUREAU OF ALCOHOL, TOBACCO, FIREARMS, AND EXPLOSIVES, et al., <br><br> Defendants. | Civil Action No. 3:22CV00410 |

## DEFENDANTS' OPPOSITION TO PLANTIFFS' MOTION FOR CLASS CERTIFICATION

On May 10, 2023, the Court issued an opinion and order denying Defendants' motion to dismiss and granting Plaintiffs' motion for summary judgment. *See* Mem. Op. (May 10, 2023), ECF No. 47; Order (May 10, 2023), ECF No. 48. On May 22, 2023, Plaintiffs moved to certify a class of plaintiffs. Mot. for Class Certification ("Mot."), ECF No. 56. The Court should deny the motion for three independent reasons: The motion violates the rule against one-way intervention because it seeks class certification after summary judgment has already been entered in favor of Plaintiffs; the proposed class is not ascertainable; and in any event Plaintiffs cannot meet the requirements for class certification under Rule 23.

## DISCUSSION

### I. THE MOTION SHOULD BE DENIED AS AN IMPROPER ATTEMPT AT ONE-WAY INTERVENTION

The Court should decline to entertain class certification at this time. Plaintiffs failed to file a motion for class certification before the Court granted a dispositive motion on the merits in Plaintiffs' favor. Any consideration of class certification at this juncture would be procedurally improper and would prejudice Defendants.

"The rule against one-way intervention prevents plaintiffs from moving for class certification after acquiring a favorable ruling on the merits of a claim." *Costello. v. BeavEX Inc.*, 810 F.3d 1056, 1057 (7th Cir. 2016). The rule recognizes that it would be "unfair to allow members of a class to benefit from a favorable judgment without subjecting themselves to the binding effect of a favorable one." *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 547 (1974). "If an individual plaintiff were to get a favorable ruling on the merits prior to certification—and its corresponding notice and opportunity to opt out—then class members are incentivized to remain in the lawsuit to take advantage of the favorable ruling. If an individual plaintiff got an unfavorable ruling on the merits prior to class certification, class members are incentivized to opt out of the class to avoid application of the unfavorable ruling." *Costello*, 810 F.3d at 1057. Either way, "[a]llowing class members to decide whether or not to be bound by a judgment depending on whether it is favorable or unfavorable is 'strikingly unfair' to the defendant." *Id*. at 1058 (quoting *Sprogis v. United Air Lines, Inc.*, 444 F.2d 1194, 1207 (7th Cir. 1971) (Stevens, J., dissenting)). That "abusive practice" is precisely what Plaintiffs are proposing here. See *Campbell v. Nat'l R.R. Passenger Corp.*, 311 F. Supp. 3d 281, 311 n.5 (D.D.C. 2018). Had Plaintiffs filed a motion for class certification before a decision on the dispositive motions, then potential class members would have had the option to

opt out and seek to litigate in another forum. But by waiting until after obtaining a favorable ruling on the merits, unnamed class members would be taking advantage of Plaintiffs' victory on the merits without ever having gone through any of the ordinary risks of litigation.

Such "one-way intervention" was a principal target of the 1966 amendments to Rule 23. *Campbell*, 311 F. Supp. 3d at 311 n.5. Before those amendments, "members of the claimed class could in some situations await . . . final judgment on the merits in order to determine whether participation would be favorable to their interests." *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 547 (1974). "The 1966 amendments were designed, in part, specifically to mend this perceived defect in the former Rule and to assure that members of the class would be identified before trial on the merits and would be bound by all subsequent orders and judgments." *Id.* The amendments did so by adding a requirement that "the district court . . . determine whether a case may be maintained as a class action '[a]s soon as practicable after the commencement of [the] action.'" *Curtin v. United Airlines, Inc.*, 275 F.3d 88, 92 (D.C. Cir. 2001) (quoting the then-current Fed. R. Civ. P. 23(c)) (brackets in original). Although this requirement was loosened somewhat in 2003, and now requires determination of class status "[a]t an early practicable time," Fed. R. Civ. P. 23(c)(1)(A), the 2003 amendments did "not restore the practice of 'one-way intervention' that was rejected by the 1966 revision of Rule 23," Fed. R. Civ. P. 23 advisory committee's note (2003).

Courts have continued to enforce the rule against one-way intervention. *See Taha v. County of Bucks*, 862 F.3d 292, 298 (3d Cir. 2017); *Costello*, 810 F.3d at 1057 ("The rule against one-way intervention prevents plaintiffs from moving for class certification after acquiring a favorable ruling on the merits of a claim."); *Gooch v. Life Investors Ins. Co. of Am.*, 672 F.3d 402, 432 (6th Cir. 2012) ("The rule against one-way intervention prevents potential plaintiffs from awaiting merits rulings in a class action before deciding whether to intervene in that class action."); *London*

3

*v. Wal-Mart Stores, Inc.* 340 F.3d 1246, 1252–53 (11th Cir. 2003) (referencing the "rule against one-way intervention" but reversing the district court's grant of class certification on other grounds). The Fourth Circuit has also indicated that Rule 23 is designed to prevent one-way intervention. *See Stastny v. S. Bell Tel.*, 628 F.2d 267, 275 n.11 & n.13 (4th Cir. 1980). And another court in this district recently explained and applied the rule against one-way intervention. *See generally In re Zetia (Ezetimibe) Antitrust Litig.*, No. 2:18-MD-2836, 2021 WL 9870367 (E.D. Va. May 7, 2021).

Plaintiffs' arguments for one-way intervention are without merit. Plaintiffs argue, without any citation, that they were not required to file a motion for class certification and that the references to a class action in the Complaint and First Amended Complaint are sufficient to allow the Court to consider class certification, even after granting Plaintiffs' motion for summary judgment. *See* Mot. at 3–4. This is incorrect; class certification is decided upon a motion by proposed class counsel. *See* Fed. R. Civ. P. 23 advisory committee's note (2003) (referring to "the motion for class certification"); *see also* Fed. R. Civ. P. 7(b) ("[a] request for a court order must be made by motion."). "It is well-settled in this jurisdiction that the proponent of class certification has the burden of establishing the right to such certification under Rule 23." *Windham v. Am. Brands, Inc.*, 565 F.2d 59, 65 n.6 (4th Cir. 1977) (en banc). A plaintiff therefore cannot satisfy its burden without submitting a motion addressing the prerequisites. Plaintiffs have not cited any case in which a court certified a class based solely on the filing of a complaint.

Plaintiffs also argue that courts maintain discretion to consider class certification even at late stages of litigation. But the cases that discuss the rule against one-way intervention but still considered class certification are procedurally distinguishable. For example, in *White*, Plaintiffs filed a motion for class certification after motions for (partial) summary judgment were filed but

4

*before* the court ruled on those dispositive motions. *White v. Bank of Am., N.A.*, Civil No. CCB-10-1183, 2012 WL 1067657, at *3 (D. Md. Mar. 27, 2012). Thus, potential class members in *White* were on notice that they were taking the risk of joining that litigation, unlike here where the motion for class certification was not filed until after the Court granted Plaintiffs' motion for summary judgment. The *White* court ultimately used its discretion to rule on the pending dispositive motions before the pending class certification, *see id.* at *4, but notably denied plaintiffs' dispositive motions, again avoiding an outcome where potential class members unilaterally benefited from an early ruling on the merits, *id.* at *14. In none of the cases cited by Plaintiffs did a court allow the type of one-way intervention proposed here, where Plaintiffs waited until after the Court had granted their dispositive motion on the merits before even filing a motion for class certification.

The "usual order of disposition," which is "often more efficient and fairer to the parties," is for a court to "decide the class question first" and thereby require class members to opt-out or agree to be bound before the Court decides the merits. *Curtin*, 275 F.3d at 92. Because the Court has already granted Plaintiffs' motion for summary judgment, Defendants respectfully submit that the Court should decline to consider class certification.

## II. PLAINTIFFS HAVE FAILED TO DEMONSTRATE THAT AN IDENTIFIABLE CLASS EXISTS

Even if the motion were timely, class certification would be inappropriate here because the class is not readily ascertainable. The Fourth Circuit has "repeatedly recognized that Rule 23 contains an implicit threshold requirement that the members of a proposed class be 'readily identifiable.'" *EQT Prod. Co. v. Adair*, 764 F.3d 347, 358–59 (4th Cir. 2014) (quoting *Hammond v. Powell*, 462 F.2d 1053, 1055 (4th Cir. 1972)). "A class cannot be certified unless a court can readily identify the class members in reference to objective criteria." *Id.*

5

Plaintiffs' motion defines the proposed class as follows:

> Natural persons and citizens of the United States of America who have attained the age of eighteen but who are not yet twenty-one and who have not been convicted of a felony, who are not fugitives from justice, have not been discharged from the Armed Forces under dishonorable conditions, are not unlawful users of or addicted to any controlled substances, have not been adjudicated as mental defectives or committed to a mental institution, are not on parole or probation, are not under indictment or restraint.

Mot. at 1–2.

The proposed class is not ascertainable because it is constantly in flux. Every day, citizens who otherwise meet this definition turn twenty-one and leave the proposed class, and other citizens turn eighteen and join the class. This constant coming and going of class members is unmanageable as a practical matter. *Cf. Selby v. Principal Mut. Life Ins. Co.*, 197 F.R.D. 48, 56 (S.D.N.Y. 2000) ("[T]he class's definition must refer to a specific and bounded time frame in order to be workable . . . ."). Eventually, all of the named Plaintiffs will have aged out of the class, leaving the case moot.

The proposed class definition is also overbroad in that it includes a large number of individuals who meet the criteria but do not want to purchase a handgun. These individuals likely would not have standing to pursue the claims raised in this case. Indeed, many individuals may affirmatively disavow the rights that the named Plaintiffs are seeking to protect. The Court should not certify this overbroad class.

### III. PLAINTIFFS HAVE FAILED TO ESTABLISH THAT THE RULE 23 STANDARD IS SATISFIED

Plaintiffs' motion should be denied for the additional reason that they have failed to meet the Rule 23 standard. "Rule 23(a) requires that the prospective class comply with four prerequisites: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of

representation." *EQT Prod. Co.*, 764 F.3d at 357. Plaintiffs seeking certification under Rule 23(b)(3) must meet two additional requirements: "(1) common questions of law or fact must predominate over any questions affecting only individual class members; and (2) proceeding as a class must be superior to other available methods of litigation." *Id.* Plaintiffs argue that their proposed class satisfies the predominance and superiority requirements, indicating that their motion seeks certification as a Rule 23(b)(3) class.

The proposed class is not necessarily so numerous that individual joinder of members is impracticable. As discussed above, many individuals who meet the definition in the proposed class do not want to purchase a handgun. Others may choose to lawfully obtain a handgun as a gift from their parents or guardians. Individuals falling into these categories would not have standing to pursue these claims. Only individuals who wish to purchase a handgun from a federal firearm licensee ("FFL"), but who for whatever reason have not obtained one through one of the lawful means available to them, can pursue these claims and would be viable class members. Plaintiffs have only identified five such individuals: the four named Plaintiffs and the proposed intervenor, Justin Fraser. Without more evidence that a larger number of individuals can pursue these claims, the Court should not assume that the numerosity requirement is satisfied. Plaintiffs bear the burden of showing numerosity. *See Windham*, 565 F.2d at 65 n.6. "[W]here a putative class is some subset of a larger pool, the trial court may not infer numerosity from the number in the larger pool alone." *Allen v. Ollie's Bargain Outlet, Inc.*, 37 F.4th 890, 896 (3d Cir. 2022) (recalling a case in which census data showing 14.9 to 20.9 million individuals in the United States had mobility disabilities was insufficient to show numerosity).

The proposed class also does not meet the commonality and typicality requirements. As demonstrated in Defendants' motion to dismiss, there are questions of standing that are particular

to each individual, *e.g.*, does the individual wish to purchase a handgun, has the individual already tried to purchase a handgun from an FFL and been denied, can the individual lawfully obtain a handgun another way, etc. And many states have laws that separately prevent 18-to-20 year olds from purchasing or possessing certain kinds of firearms. So members of the putative class in those states might not have standing to challenge the federal laws because they would be barred from purchasing handguns in any event. At the very least, the Court should not certify a class of plaintiffs beyond the state of Virginia without consideration of the different interactions between state and federal laws in other states.

The named Plaintiffs are also not necessarily adequate to represent the class. As Plaintiffs concede in their motion to add Mr. Justin Fraser as a plaintiff, "the current Plaintiffs will fully protect Mr. Fraser's [and putative class members'] interests *until they turn twenty-one*." ECF No. 51, at 4 (emphasis added). Plaintiffs have not explained how they could remain adequate class representatives after they turn twenty-one.

Finally, class certification is neither appropriate nor superior to individual lawsuits. The kind of nationwide class remedy Plaintiffs are asking for would prevent other courts from considering the important issues involved in this case in the same way that a nationwide injunction would. In the context of considering nationwide injunctions, the Supreme Court has repeatedly emphasized the benefits of percolating important questions of law in multiple forums. *See Califano v. Yamasaki*, 442 U.S. 682, 702 (1979) (highlighting that nationwide injunctions "have a detrimental effect by foreclosing adjudication by a number of different courts and judges"); *see also Trump v. Hawaii*, 138 S. Ct. 2392, 2425 (2018) (Thomas, J., concurring) (explaining that universal injunctions "take a toll on the federal court system—preventing legal questions from percolating through the federal courts, encouraging forum shopping, and making every case a

8

national emergency for the courts and for the Executive Branch"); *Arizona v. Evans*, 514 U.S. 1, 23 n.1 (1995) (Ginsburg, J., dissenting) (recognizing "that when frontier legal problems are presented, periods of 'percolation' in, and diverse opinions from, state and federal appellate courts may yield a better informed and more enduring final pronouncement by this Court"). There are already other cases pending in different courts addressing challenges to the same federal laws at issue in this case, *see Brown v. ATF*, No. 1:22-cv-80 (N.D. W. Va.); *Reese v. ATF*, No. 6:20-cv-1438, 2022 WL 17859138, at *2 (W.D. La. Dec. 21, 2022), *appeal filed*, No. 23-30033 (5th Cir. Jan. 13, 2023). If this Court enters nationwide, class-wide relief, it would not only interfere with these pending cases, but it would also prevent other districts and circuits from considering the same issues and allowing the best arguments on each side to percolate prior to potential Supreme Court review.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion should be denied.

Dated: June 2, 2023

                                                Respectfully submitted,

                                                JESSICA D. ABER
                                                UNITED STATES ATTORNEY

By:   /s/ *Jonathan H. Hambrick*
          Jonathan H. Hambrick
          VSB No. 37590
          Office of the United States Attorney
          600 East Main Street, Suite 1800
          Richmond, Virginia 23219
          (804) 819-5400 (phone)
          (804) 819-7417 (fax)
          jay.h.hambrick@usdoj.gov

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

LESLEY FARBY
Assistant Branch Director

MICHAEL P. CLENDENEN
(D.C. Bar No. 1660091)
Trial Attorney
DANIEL RIESS
Senior Counsel
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
Tel: (202) 305-0693
Fax: (202) 616-8460
michael.p.clendenen@usdoj.gov

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of June 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

>Elliott Harding, Esquire
>Harding Counsel, PLLC
>608 Elizabeth Avenue
>Charlottesville, VA 22901

>/s/ *Jonathan H. Hambrick*
>Jonathan H. Hambrick
>VSB No. 37590
>Attorney for the Defendants
>Office of the United States Attorney
>919 East Main Street, Suite 1900
>Richmond, Virginia 23219
>Telephone:  (804) 819-5400
>Facsimile:  (804) 771-2316
>Email:  jay.h.hambrick@usdoj.gov