IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| JOHN COREY FRASER, et al., on behalf of themselves and all others similarly situated as a Class, | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Civil Action No. 3:22CV00410 |
| BUREAU OF ALCOHOL, TOBACCO, FIREARMS, AND EXPLOSIVES, et al., | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

## DEFENDANTS' OPPOSITION TO PLANTIFFS' MOTION FOR DECLARATORY JUDGMENT AND INJUNCTION

On May 10, 2023, the Court issued an opinion and order denying Defendants' motion to dismiss and granting Plaintiffs' motion for summary judgment. *See* Mem. Op. (May 10, 2023), ECF No. 47; Order (May 10, 2023), ECF No. 48. On May 22, 2023, Plaintiffs moved for a declaratory judgment and injunction against the government. Mot. for Declaratory Judgment and Injunction ("Mot."), ECF No. 57. The Court should deny the motion to the extent that it seeks injunctive relief against the government or declaratory relief beyond the named Plaintiffs. Defendants intend to file a motion to stay an injunction pending appeal, in the event the Court grants an injunction.

## DISCUSSION

Plaintiffs' motion seeks both declaratory relief and an injunction. As Defendants have already argued in their motion for entry of judgment in a separate order, ECF No. 53, Defendants believe that Plaintiffs' alleged injuries would be remedied by a declaratory judgment stating that

1

the four Plaintiffs have a constitutional right to purchase handguns from federal firearm licensees ("FFLs"), notwithstanding the federal prohibition on such sales to persons between the ages of 18 and 20. For that reason, the government requests that the Court enter the proposed final judgment attached to the government's motion for entry of judgment in a separate order. *See* ECF No. 53-1. In asking the Court to enter a declaratory judgment in favor of Plaintiffs, and in submitting a proposed order to that effect, Defendants do not concede that the order granting Plaintiffs' motion for summary judgment is correct, nor do Defendants concede any arguments on the merits of Plaintiffs' claim. Defendants hereby reserve the right to appeal the Court's order entering summary judgment for Plaintiffs.[1]

Plaintiffs have not satisfied their burden of demonstrating that the requirements for a permanent injunction are satisfied. A court, in its "equitable discretion," may enter a permanent injunction only if a plaintiff can demonstrate:

> (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*eBay Inc. v. MercExchange, L.L.C.,* 547 U.S. 388, 391 (2006) (citations omitted). Plaintiffs bear a "heavy burden" in satisfying these requirements. *SAS Inst., Inc. v. World Programming Ltd.*, 874 F.3d 370, 385 (4th Cir. 2017). "Satisfying these four factors is a high bar, as it should be." *Id.* Plaintiffs come nowhere near clearing that hurdle here.

The harm that Plaintiffs allegedly suffer is not irreparable; by definition, all of the plaintiffs will turn twenty-one in at most three years, at which point they will no longer be burdened by the

---

[1] Plaintiffs' motion does not argue that the Court should extend declaratory relief beyond the named Plaintiffs and proposed intervenor or putative class members. The government agrees that declaratory relief should be limited to the parties before the Court, with the caveat that the government opposes the addition of new parties or intervenors and opposes class certification.

challenged laws. Furthermore, even assuming Plaintiffs have a right to possess and carry handguns, they have not demonstrated that the challenged restrictions substantially impair that right, given that they may lawfully obtain handguns as a gift from their parents or guardians.

Plaintiffs have made only a cursory statement that "monetary damages[] are entirely inadequate," without any explanation whatsoever. Mot. at 3. And Plaintiffs do not even attempt to explain why a declaratory judgment is insufficient relief. Such a remedy would provide full relief for Plaintiffs' alleged injuries, so denial of an injunction on top of a declaratory judgment would not prejudice the Plaintiffs in any way. By contrast, enjoining an act of Congress would unquestionably impose irreparable harm on the federal government and contravene the public interest. *See United States v. Oakland Cannabis Buyers' Coop.*, 532 U.S. 483, 497 (2001) (emphasizing that "a court sitting in equity cannot ignore the judgment of Congress, deliberately expressed in legislation" (quotation marks omitted)); *see also Maryland v. King*, 567 U.S. 1301, 1303 (2012) (Roberts, C.J., in chambers) ("[A]ny time a [government] is enjoined by a court from effectuating statutes enacted by representatives of its people, it suffers a form of irreparable injury." (citation omitted)). "The presumption of constitutionality which attaches to every Act of Congress is not merely a factor to be considered in evaluating success on the merits, but an equity to be considered in favor of [the government] in balancing hardships." *Walters v. Nat'l Ass'n of Radiation Survivors*, 468 U.S. 1323, 1324 (1984) (Rehnquist, J., in chambers). An injunction would thus irreparably harm the United States and undermine the public interest.[2]

Finally, any relief entered should not be extended beyond the named Plaintiffs before the Court. "A plaintiff's remedy must be tailored to redress the plaintiff's particular injury." *Gill v. Whitford*, 138 S. Ct. 1916, 1934 (2018). "The Court's constitutionally prescribed role is to vindicate the individual rights of the people appearing before it." *Id.* at 1933; *see also id.* at 1934

---

[2] Defendants will also address irreparable harm and the public interest in their forthcoming motion for a stay of injunction pending appeal.

3

(citing *Daimler Chrysler Corp. v. Cuno*, 547 U.S. 332, 353 (2006)); *see also Madsen v. Women's Health Ctr., Inc.*, 512 U.S. 753, 765 (1994). Plaintiffs have no interest in whether other individuals may purchase handguns from FFLs. Injunctive relief, if granted, should be limited to the parties before the Court, *i.e.*, the named Plaintiffs. Any relief beyond this, including a nationwide injunction, would be particularly harmful given that other courts are already considering the same issues. *See, e.g.*, *Brown v. ATF*, No. 1:22-cv-80 (N.D. W. Va.); *Reese v. ATF*, No. 6:20-cv-1438, 2022 WL 17859138, at *2 (W.D. La. Dec. 21, 2022), *appeal filed*, No. 23-30033 (5th Cir. Jan. 13, 2023).

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion should be denied to the extent it seeks an injunction against the government. Defendants intend to file a motion to stay an injunction pending appeal, in the event the Court grants an injunction.

Dated: June 2, 2023

        Respectfully submitted,

        JESSICA D. ABER
        UNITED STATES ATTORNEY

By:   /s/ *Jonathan H. Hambrick*
        Jonathan H. Hambrick
        VSB No. 37590
        Office of the United States Attorney
        600 East Main Street, Suite 1800
        Richmond, Virginia 23219
        (804) 819-5400 (phone)
        (804) 819-7417 (fax)
        jay.h.hambrick@usdoj.gov

        BRIAN M. BOYNTON
        Principal Deputy Assistant Attorney General

LESLEY FARBY
Assistant Branch Director

MICHAEL P. CLENDENEN
(D.C. Bar No. 1660091)
Trial Attorney
DANIEL RIESS
Senior Counsel
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
Tel: (202) 305-0693
Fax: (202) 616-8460
michael.p.clendenen@usdoj.gov

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of June 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

>Elliott Harding, Esquire
>Harding Counsel, PLLC
>608 Elizabeth Avenue
>Charlottesville, VA 22901

>/s/ *Jonathan H. Hambrick*
>Jonathan H. Hambrick
>VSB No. 37590
>Attorney for the Defendants
>Office of the United States Attorney
>919 East Main Street, Suite 1900
>Richmond, Virginia 23219
>Telephone:  (804) 819-5400
>Facsimile:  (804) 771-2316
>Email:  jay.h.hambrick@usdoj.gov