IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| JOHN COREY FRASER, et al., on behalf of themselves and all others similarly situated as a Class,<br><br>    Plaintiffs,<br><br> v.<br><br>BUREAU OF ALCOHOL, TOBACCO, FIREARMS, AND EXPLOSIVES, et al.,<br><br>    Defendants. | Civil Action No. 3:22CV00410 |

## **DEFENDANTS' MOTION FOR A STAY OF INJUNCTION PENDING APPEAL**

Defendants respectfully request that this Court enter a stay, pending appeal, of any injunctive relief that the Court may enter against Defendants.

On May 10, 2023, the Court issued an opinion and order denying Defendants' motion to dismiss and granting Plaintiffs' motion for summary judgment. *See* Mem. Op. ("Op.") (May 10, 2023), ECF No. 47; Order (May 10, 2023), ECF No. 48. The order states that "Plaintiffs' Motion for Summary Judgment (ECF No. 28) is granted" but otherwise does not award any relief. Order (May 10, 2023), ECF No. 48. On May 18, 2023, Defendants filed a motion for entry of judgment in a separate order, arguing that the Court should limit relief to a declaratory judgment as to the named Plaintiffs only and that the Court should not enter an injunction. ECF No. 53. On May 22, 2023, Plaintiffs filed a motion for entry of a declaratory judgment and a permanent injunction. ECF No. 57. As explained in Defendants' opposition, Defendants oppose that motion to the extent it seeks injunctive relief or any relief that extends beyond the parties before the Court. However,

in the event that the Court enters injunctive relief, the Court should at least stay that injunction until the government determines whether to appeal, and if an appeal is taken, until the Fourth Circuit resolves that appeal on the merits. Indeed, several other district courts have recently entered stays of injunctions in comparable circumstances.

Courts consider four factors in assessing the propriety of granting a motion to stay a judgment pending appeal: (1) the movant's likelihood of prevailing on the merits of the appeal, (2) whether the movant will suffer irreparable damage absent a stay, (3) the harm that other parties will suffer if a stay is granted, and (4) the public interest. *See Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). When the government is a party, its interests and the public interest overlap in the balancing of harms. *See Nken v. Holder*, 556 U.S. 418, 426 (2009). Under those standards, Defendants are entitled to a stay of any injunction.

The first factor weighs in favor of a stay. Although this Court has ruled against the government on the merits, the Court recognized in its summary judgment order, Op. 27–28, other federal courts have come to the opposite conclusion.[1] The Fifth Circuit has determined that the challenged restrictions "seem, to us, to be firmly historically rooted," *Nat'l Rifle Ass'n v. ATF*, 700 F.3d 185, 204 (5th Cir. 2013), a district court in that circuit recently upheld the constitutionality of the restrictions, *see Reese v. ATF*, No. 6:20-cv-1438, 2022 WL 17859138, at *2 (W.D. La. Dec. 21, 2022), *appeal filed*, No. 23-30033 (5th Cir. Jan. 13, 2023), and earlier this year, the Eleventh Circuit confirmed the constitutionality of a state law that sweeps more broadly than the federal restrictions at issue here, *see Nat'l Rifle Ass'n v. Bondi*, 61 F.4th 1317, 1332 (11th Cir. 2023). At a minimum, the merits present a close question, as is evident from the Fourth Circuit's divided

---

[1] During the teleconference on May 19, 2023, the Court indicated that a stay of an injunction would likely be appropriate.

opinion in *Hirschfeld v. ATF*, 5 F.4th 407, 452 (4th Cir. 2021), *as amended* (July 15, 2021), *vacated*, 14 F.4th 322, 325 (4th Cir. 2021). Given these precedents, it is at least fairly likely that the Fourth Circuit will rule in favor of the government in any appeal.

The equities confirm that a stay is warranted. "When a statute is enjoined," the government "necessarily suffers the irreparable harm of denying the public interest in enforcement of its laws."*Planned Parenthood of Greater Tex. Surg. Health Servs. v. Abbott*, 734 F.3d 406, 419 (5th Cir. 2013). That principle applies with heightened force here, where plaintiffs ask this Court to enjoin the enforcement of a federal statute that has been the law of the land for more than half a century. *See United States v. Oakland Cannabis Buyers' Coop.*, 532 U.S. 483, 497 (2001) (emphasizing that "a court sitting in equity cannot ignore the judgment of Congress, deliberately expressed in legislation" (quotation marks omitted)); *see also Maryland v. King*, 567 U.S. 1301, 1303 (2012) (Roberts, C.J., in chambers) ("[A]ny time a [government] is enjoined by a court from effectuating statutes enacted by representatives of its people, it suffers a form of irreparable injury." (citation omitted)). "The presumption of constitutionality which attaches to every Act of Congress is not merely a factor to be considered in evaluating success on the merits, but an equity to be considered in favor of [the government] in balancing hardships." *Walters v. Nat'l Ass'n of Radiation Survivors*, 468 U.S. 1323, 1324 (1984) (Rehnquist, J., in chambers). An injunction would thus irreparably harm the United States and undermine the public interest.

Moreover, the restrictions at issue represent a public safety measure that Congress determined was necessary to reduce crime. In enacting the restrictions, Congress determined "that the ease with which" handguns could be acquired by "juveniles without the knowledge or consent of their parents or guardians[] . . . and others whose possession of such weapons is similarly contrary to the public interest[]" constitutes "a significant factor in the prevalence of lawlessness

3

and violent crime in the United States." Omnibus Crime Control and Safe Streets Act of 1968, Pub. L. No. 90-351, tit. IV, § 901(a)(2), 82 Stat. 197, 225. More recent empirical evidence confirms that "eighteen-to-twenty-one-year-olds . . . engage in risk-taking behavior (including involvement in criminal activity) at a higher rate than older adults." Elizabeth S. Scott et al., *Young Adulthood as a Transitional Legal Category*, 85 Fordham L. Rev. 641, 645 (2016). Permitting such individuals to obtain handguns from federal firearm licensees ("FFLs") without obtaining their parents' permission thus presents a danger to public safety.

In addition, if the Court enjoins the government from enforcing the challenged laws and does not issue a stay, Plaintiffs would presumably purchase their desired handguns from a FFL. But the laws only operate against the FFLs, not against individuals ages 18 to 20 who are in possession of a handgun.[2] So even if the government prevails on appeal, it would not be possible at that point to undo the effects of the injunction, *i.e.*, it would be impossible to recover the handguns from the Plaintiffs. A stay would prevent that possibility, respect a longstanding Act of Congress, and promote public safety.

By contrast, any harm to other parties from a stay would be minimal. A stay would prevent Plaintiffs from purchasing handguns from FFLs only until they either reach the age of 21 or until any appeal concludes. In the interim, Plaintiffs would remain free to obtain shotguns and rifles from FFLs and to obtain handguns from those sellers via their parents. To the extent Plaintiffs seek to acquire handguns over their parents' objections, they fall within the category of individuals Congress identified as posing a threat to public safety.

---

[2] Individuals under the age of 18 are prohibited from possessing handguns. 18 U.S.C. § 922(x).

For these reasons, two recent district court decisions enjoining state age-based firearms regulations stayed those injunctions pending appellate review. In *Firearms Policy Coalition v. McCraw*, the court observed that the state had "a likelihood of success on the merits" given that the Second Amendment inquiry "presents many questions without fully formed answers," recognized that the other factors "all weigh heavily in favor of granting an injunction," and issued a stay sua sponte. 623 F. Supp. 3d 740, 757 (N.D. Tex. 2022). And in *Worth v. Harrington*, the court concluded, after observing that "reasonable minds could easily disagree" as to the constitutionality of age-based firearms regulations, that a stay was appropriate. No. 21-cv-1348, slip op. at 9 (D. Minn. Apr. 24, 2023). The same approach is warranted here.

Accordingly, Defendants have demonstrated a likelihood of success in any appeal and have demonstrated that the balance of the equities favors a stay. Defendants respectfully request that the Court stay any injunctive relief ordered against the government until the government determines whether to appeal, and if an appeal is taken, until the Fourth Circuit resolves that appeal on the merits.

A proposed order is attached hereto.

Dated:  June 2, 2023

                                              Respectfully submitted,

                                              JESSICA D. ABER
                                              UNITED STATES ATTORNEY

                              By:    /s/ *Jonathan H. Hambrick*
                                              Jonathan H. Hambrick
                                              VSB No. 37590
                                              Office of the United States Attorney
                                              600 East Main Street, Suite 1800

Richmond, Virginia 23219
(804) 819-5400 (phone)
(804) 819-7417 (fax)
jay.h.hambrick@usdoj.gov


BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

LESLEY FARBY
Assistant Branch Director

MICHAEL P. CLENDENEN
(D.C. Bar No. 1660091)
Trial Attorney
DANIEL RIESS
Senior Counsel
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
Tel: (202) 305-0693
Fax: (202) 616-8460
michael.p.clendenen@usdoj.gov

*Attorneys for Defendants*

6

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of June, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

>Elliott Harding, Esquire
>Harding Counsel, PLLC
>608 Elizabeth Avenue
>Charlottesville, VA 22901

>/s/ *Jonathan H. Hambrick*
>Jonathan H. Hambrick
>VSB No. 37590
>Attorney for the Defendants
>Office of the United States Attorney
>919 East Main Street, Suite 1900
>Richmond, Virginia 23219
>Telephone: (804) 819-5400
>Facsimile: (804) 771-2316
>Email: jay.h.hambrick@usdoj.gov