**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| **JOHN COREY FRASER, ET AL.,**      ) | |
|      ) | |
| *Plaintiffs*      ) | |
|      ) | |
| **v.**      ) | **Case No. 3:22-cv-00410** |
|      ) | |
| **BUREAU OF ALCOHOL,**      ) | |
| **TOBACCO, FIREARMS**      ) | |
| **AND EXPLOSIVES, ET AL.,**      ) | |
|      ) | |
| *Defendants* | |

**PLAINTIFFS' REPLY TO THE DEFENDANTS' RESPONSE IN OPPOSITION TO**
**CLASS CERTIFICATION**

NOW COME, the Plaintiffs, Mr. John "Corey" Fraser, Mr. Joshua Clay McCoy, Mr. Tyler Dalton McGrath, and Mr. Ian Fletcher Shackley (collectively "Plaintiffs"), by and through counsel, and on behalf of themselves and a pending Class of those similarly situated, provide this Reply to the Defendants' Response in Opposition to their Motion for Class Certification. In furtherance of their motion, the Plaintiffs state the following:

**Argument**

The Defendants ask this Court to deny class certification so that they may continue defending a series of unconstitutional laws and regulations that are inherently class-based prohibitions on the fundamental liberty to keep and bear arms. The original Complaint and First Amended Complaint alerted the Defendants of the class action, identifies the specific acts giving rise to the claim, and requests certification. A specific motion to certify the class was not required prior to the Court considering the issue. *See, e.g.*, *Toscano v. United States*, 98 Fed. Cl. 152, 154–55 (2011). ("While we recognize that plaintiffs in *Bright* [*v. United States*, 603 F.3d 1273 (Fed. Cir. 2010)] had filed a timely motion for class certification, the court never declared that a

motion was required. Rather, it held it sufficient that class certification was 'sought' [in the complaint]."). The Plaintiffs' interpretation comports with Rule 23, "which neither requires nor mentions a motion for class certification." *Cf. id.* (considering class certification based on pleadings in the Complaint). Rule 23 "assumes that the court may certify a class on the basis of the complaint: 'At an early practicable time after a person sues as a class representative, the court must determine by order whether to certify the action as a class action.'" *Id.* "The clear implication is that the court may certify or deny the class on the basis of the complaint." *Id.*; *see also Letouzel v. Eastman Kodak Co.*, 2006 U.S. Dist. LEXIS 33453 at *5–6 (W.D.N.Y. May 25, 2006) ("Although plaintiff has not yet moved for class certification, courts may decide the issue of certification based on a review of the complaint prior to a party's motion to certify the proposed class." (citing *Reinisch v. New York Stock Exchange*, 52 F.R.D. 561, 564 (S.D.N.Y. 1971); *Miller v. Motorola, Inc.*, 76 F.R.D. 516 (N.D. Ill. 1977)). "Ordinarily, such a determination follows a motion for class certification," but a defendant may "move for an order denying class certification before the plaintiff has filed such motion." *Borgese v. Baby Brezza Enters. LLC*, 2021 U.S. Dist. LEXIS 30216 , 2021 WL 634722, at *2 (S.D.N.Y. Feb. 18, 2021).

In this case, the Defendants conceded that there are no issues of material fact in the First Amended Complaint, which presented those facts supporting the Class and certification. Having waived any challenge to those facts, the Defendants invited the current posture of the case and have yet to claim any form of actual prejudice should certification be granted. Instead, they merely recite the general concerns underlying the policy disfavoring one-way intervention and the prejudice that such policy is intended to prevent.

The Defendants did not move to strike any aspect of the First Amended Complaint concerning the Class allegations. If they wanted to prevent the Court from entertaining a motion for class

certification, they should have moved to strike the pleadings or argued that summary judgment was not appropriate due to such Class-related pleadings. A court may strike from any pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). Additionally, Rule 23(d)(1)(D) states that a district court "may issue orders that . . . require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly." FED. R. CIV. P. 23(d)(1)(D). Courts utilize this rule to strike class allegations. *See Barasich v. Shell Pipeline Co.*, No. 05-4180, 2008 U.S. Dist. LEXIS 47474 at *8 2008 WL 6468611 (E.D. La. June 19, 2008). "A defendant may move to strike class allegations . . . . where the complaint itself demonstrates that the requirements for maintaining a class action cannot be met." *Delarue v. State Farm Lloyds*, No. 1:09-CV-237, 2010 WL 11530499, at *2 (E.D. Tex. Mar. 10, 2010) (citing *Rios v. State Farm Fire & Cas. Co.*, 469 F. Supp. 2d 727, 740 (S.D. Iowa 2007)). A court may also strike class allegations when the issues are "plain enough from the pleadings" that a class cannot be maintained. *Gant v. Whynotleaseit, LLC*, No. CV H-13-3657, 2014 WL 12606313, at *1 (S.D. Tex. Dec. 11, 2014), *report and recommendation adopted*, 2015 WL 12804529 (S.D. Tex. Jan. 16, 2015) (citing *Gen Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, (1982); *John v. Nat'l Sec. Fire & Cas. Co.*, 501 F.3d 443, 445 (5th Cir. 2007)).

Unlike other cases in which the reasons weighing against one-way intervention are an issue, there is no trial or dispositive *factual* determination that could be made against the plaintiffs that would encourage a prospective class member to go seek an alternative judgment in another suit. The judge-made "policy" against one-way intervention is not only inapplicable, but even it if was, it would be significantly outweighed by the public policy that favors final adjudication on the merits as to whether these class-based restrictions at issue are constitutional. *See, e.g., Craig v.*

*Boren*, 429 U.S. 190, 193–94 (1976) ("In such circumstances, a decision by us to forgo consideration of the constitutional merits in order to await the initiation of a new challenge to the statute by injured third parties would be impermissibly to foster repetitive and time-consuming litigation under the guise of caution and prudence."). Denial of certification solely in the name of deference to the initiation of the same suit, seeking the same direct class, "can serve no functional purpose." *Cf. id.* "[I]t may be that a class could be assembled, whose fluid membership always included some with live claims. But if the assertion of the right is to be 'representative' to such an extent anyway, there seems little loss in terms of effective advocacy from allowing its assertion" by this pending Class. *Cf. id.*

If Congress wanted to include a prohibition against class certification at this stage of the case, they knew how to do so. Nevertheless, Rule 23 only requires the Court to grant certification "at an early practicable time." The Court should do so as a means of advancing finality on the merits and eliminating the prospect of the Defendants reaping an unequal benefit by avoiding final judgment due to the inevitable mootness that will arise on appeal as a result of the temporal elements that underly the unconstitutional scheme. *See, e.g.*, *Hirschfeld v. BATFE*, 5 F.4th 407 (4th Cir. 2021)(vacated for mootness on appeal). This case presents a unique scenario in which the laws are not "capable of repetition yet evading review," for each individual plaintiff will only be young enough to be impacted for a period once in their life. Nevertheless, certification ensures the permanent standing necessary for a final determination as to whether these class-based restrictions are lawful. These interests outweigh any procedural policy that otherwise weighs against

certification. *Cf. Craig*, 429 U.S. at 193–94. Nevertheless, one way intervention does not bar certification,[1] a certifiable class exist, and the Plaintiffs have satisfied the standards of Rule 23.

## I.     The Policy Against "One-Way Intervention" Does Not Bar Certification In This Case.

Whether substantive rulings can be made before class certification is a question subject to the Court's discretion. *White v. Bank of Am., N.A.*, 2012 WL 1067657, at *4 , 2012 LEXIS 44044, at *11–12 (D. Md. Mar. 27, 2012). The timing of a class certification motion is "not often an independent ground to deny certification, though it is relevant in the context of the multi-prong analysis required by Rule 23." *See Trevizo v. Adams*, 455 F.3d 1155, 1161 (10th Cir. 2006) (affirming that the fact that the "lawsuit had been pending for five years before the plaintiffs moved for class certification" did "not create an independent basis for denying a party's motion" to certify a class under Rule 23). "Rather, the delay [in moving for class certification] will be evaluated in light of the circumstances of the case and certification will be denied only when the late timing of the determination may cause prejudice or unduly complicate the case." 7AA Wright, Miller & Kane, *Federal Practice and Procedure: Civil*, § 1785.3 (3rd ed., 2008, updated 2021) (collecting cases). The only prejudice in this case is caused by the laws at issue. The Defendants are attempting to escape final review on the merits by relying on the fact that the individual oppression lasts for a short enough period that final appellate review is practically impossible prior to any specific individual's claim becoming moot. The fundamentals of due process alone are

---

[1] Out of an abundance of caution, should this Court be concerned about the technicality of granting class certification at this stage, the Plaintiffs would not oppose the dissolution and set aside of the Summary Judgment order so that certification may be considered and then Summary Judgment reimposed afterwards. *See, e.g., Free v. Allstate Indem. Co.*, 541 F. Supp. 3d 767, 772–73 (E.D. Tex. 2021) ("In the alternative, when courts are presented with existing one-way intervention problems, they may give the plaintiff the option to choose whether to retain the favorable summary judgment ruling and proceed as an individual or ask the court to set aside the summary judgment and proceed as a class.").

reason to grant class certification in this unique case. Every member of the proposed Class has a right to have a final determination for their case and controversy. The Defendants' proffered solution is to suggest the Plaintiffs could have sought an association plaintiff to provide association or organizational standing. The Constitution does not allow for such a requirement and it would be effectively as oppressive as holding the Plaintiffs. Lack standing because their parents could theoretically purchase firearms for them. Due process reigns supreme and, absent some explicit legislation to the contrary, it would be fundamentally unjust to bar class certification and let the Defendants inevitably escape an adverse judgment on the merits based on a scheme that can escape final review.

## II.     A Certifiable Class Exists.

### A.  The Class Is Ascertainable.

The Defendants argue that certification is inappropriate because "the class is not readily ascertainable." Def. Opp. to Class Cert., at 5, ECF Doc. 61. It strains credulity to suggest that the class-based prohibitions at issue do not inherently define the Class on their face. Though the claims are "so inherently transitory" that the appellate courts may not have enough time to rule on the merits before any one originally-named individual Plaintiff remains impacted, the laws consistently impact those within the age bracket defined in the Class. Additionally, age-based classifications have always been "in flux," yet their inherently transitory nature does not mean it is ineligible for certification. *See, e.g., County of Riverside v. McLaughlin*, 500 U.S. 44, 51–52 (1991); *Gerstein v. Pugh*, 420 U.S. 103, 110–11 n.11 (1975); *Sosna v. Iowa*, 419 U.S. 393, 402 n.11 (1975); *Swisher v. Brady*, 438 U.S. 204, 213-214, n.11 (1978); *Schall v. Martin*, 467 U.S. 253, 256 n.3 (1984); *see also Craig*, 429 U.S. at 194 ("[I]t may be that a class could be assembled, whose fluid membership always included some [males] with live claims.").

In *McLaughlin*, the Supreme Court explicitly held that "[i]t is true, of course, that the claims of the named plaintiffs have since been rendered moot . . . . Our cases leave no doubt, however, that by obtaining class certification, plaintiffs preserved the merits of the controversy for our review. In factually similar cases we have held that 'the termination of a class representative's claim does not moot the claims of the unnamed members of the class.'" *Id*. Even if the Class was not certified until after all of the Plaintiffs' claims had become moot, it would not deprive the Court of jurisdiction. *McLaughlin*, 500 U.S. at 52. The Supreme Court recognized in *Gerstein  v. Pugh*, 420 U.S. 103 (1975) that "some claims are so inherently transitory that the trial court will not have even enough time to rule on a motion for class certification before the proposed representative's individual interest expires." *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 399 (1980), citing *Gerstein, supra*, at 110, n.11. In such cases, the "relation back" doctrine is properly invoked to preserve the merits of the case. *Swisher*, 438 U.S. at 213–214, n.11; *Sosna, supra*, at 402, n.11.

### B.  Whether An Individual Class Member Wants To Refrain From Exercising Their Second Amendment Rights Is Irrelevant To Class Certification.

The Defendants claim that the proposed Class is overbroad and should not be certified because some members may not want to exercise their Second Amendment rights and purchase a handgun from a federally licensed firearm dealer. Whether someone chooses to exercise their rights does not mean that an invidious scheme does not violate their rights. Individuals' personal desires may ebb and flow and their ideological stances are irrelevant for class inclusion in a case such as this. *See J.D. v. Azar*, 925 F.3d 1291, 1318 (D.C. Cir. 2019).

> What about situations in which absent members do know about a pending action they ideologically oppose, and also learn about the class certification order and their formal inclusion in the certified class? The Supreme Court has held that 'a desire  to vindicate value interests'—i.e., ideological interests—does not 'provide a judicially cognizable interest' sufficient to confer standing to bring an action. *Diamond v.*

*Charles*, 476 U.S. 54, 66–67 (1986). And that rule specifically encompasses a 'conscientious objection to abortion.' *Id.* Yet if such an interest, standing alone, does not suffice to enable bringing an action, it is unclear why it compels being excluded from one. We are aware of no decision holding otherwise.

That is unsurprising, as a class might often include absent members who, if alerted to their membership, would prefer to be excluded from the action. Rule 23(b)(2)'s very design—which, unlike Rule 23(b)(3), has no mandate for an opt-out opportunity,—presupposes the presence of some absent members who might exclude themselves if given the chance: again, in 'any conceivable case, some of the members of the class . . . will not wish' to 'assert their rights.'. How, then, would courts distinguish the circumstances in which subjective opposition gives rise to a conflict of interest precluding class certification from those in which it does not?

If, say, a Second Amendment claim were brought on behalf of a class of persons subject to a firearms regulation, would there be a need to deny class certification because some absent members may strongly support gun-control measures like the challenged one? Or if a (b)(2) challenge to the consideration of race in a college-admissions process were brought on behalf of all members of the allegedly disfavored racial groups (e.g., Caucasian) denied admission—as was precisely the case in *Gratz v. Bollinger*, 539 U.S. 244, 252–53 [2003]—should certification be denied because the class may include absent members who ideologically support affirmative action? That manner of logic could ultimately stymie certification in virtually any (b)(2) case.

*Id.* (internal citations omitted).

The "common practice or policy" does not have to injure every class member or injure them in exactly the same manner. *M.D. v. Perry*, 294 F.R.D. 7, 28 (S.D. Tex. 2013). "Class certification is appropriate 'if class members complain of a pattern or practice that is generally applicable to the class as a whole. Even if some class members have not been injured by the challenged practice, a class may nevertheless be appropriate.'" *Id.* (citing *In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, 678 F.3d 409, 420 (6th Cir. 2012)); *Gooch v. Life Investors Ins. Co. of Am.*, 672 F.3d 402, 428 (6th Cir. 2012)).

## III.   The Rule 23 Standard Is Satisfied.

For reasons stated in the Plaintiffs' Memorandum of Law in Support of Class Certification, ECF Doc. 58, and those stated herein, Rule 23's standards have been satisfied. As to numerosity,

commonality, and typicality, the Class involves all otherwise-qualified firearm owners between 18 and 21 years old and the law violates their constitutional rights in a uniform manner. That figure amounts to approximately 10 to 14 million people, at minimum, according to the 2020 Census and the Court can take judicial notice generally of the overwhelming numerosity. *See* United States Census Bureau, *P12 Sex by Age for Selected Age Categories of 2020 Census*, ages 18-20, available at (https://data.census.gov/table?q=P12&d=DEC+Demographic+and+Housing+Characteristics). The Plaintiffs do not need to continue adding individuals to reach some arbitrary threshold. The Defendants' citation to similar cases pending in other courts provide additional evidence that others throughout the nation are impacted. Whether members of the Class may access different firearms from an FFL, may purchase a handgun from a private sale, may have their parent buy a handgun for them, or do not wish to have a handgun at all is as irrelevant for the purposes of numerosity as it is to standing generally. Additionally, the interplay between the federal laws at issue and any respective state laws are irrelevant. Therefore, a nationwide class remains appropriate.

As to adequacy, the Defendants' argument that the named Plaintiffs will age-out of the Class and therefore their claims may become moot is irrelevant for the purposes of adequate representation due to the relation-back doctrine previously discussed. *See, e.g.*, *Swisher*, 438 U.S. at 213–214, n.11; *Sosna*, 419 U.S. at 402, n.11. Nevertheless, the Plaintiffs averred that they will continue to identify qualified named-Plaintiffs to join their suit in an individual, named capacity. They have already done so in their First Amended Complaint and now with their pending-motion to add Justin Timothy Fraser. It is disingenuous for the Defendants to claim that Justin Fraser cannot now join the suit in his individual capacity as an 18-year-old and then argue that the lead Plaintiffs are inadequate representatives due to their own aging.

Finally, the Defendants argument that a nationwide class will stymie alternative review of the same claims in other circuits is without merit. First, the same issues pre-*Bruen* were litigated in the Fifth Circuit in *NRA v. BATFE*, 700 F.3d 185 (5th Cir. 2012) and in this Circuit in *Hirschfeld*, 5 F.4th 407. The Fifth Circuit now has an opportunity to review the same issue post-*Bruen* in *Reese v. BATFE*, 2022 U.S. Dist. LEXIS 230140, 2022 WL 17859138 (W.D. La. Dec. 21, 2022), *appeal filed*, No. 23-30033 (5th Cir. Jan. 13, 2023) and the Fourth Circuit may eventually review this Court's decision upon the Defendants' eventual appeal. The Defendants argument about allowing multiple challenges in other states or circuits would effectively foreclose every nationwide class. This Court does not need to avoid certification just to allow an unconstitutional scheme to remain in effect in ten other circuits. Should these issues find their way before the Supreme Court of the United States, they will be reviewed *de novo*. It may be helpful to the higher Court to have alternative judicial opinions to review, but such value is far outweighed by the Class's interests in having their fundamental liberties protected in a uniform and efficient manner. At most, the Plaintiffs suggest qualifying the proposed Class by simply excepting those individuals who have already brought suit on the same merits prior to certification.

## Conclusion

WHEREFORE, the Plaintiffs, on behalf of others similarly situated, do respectfully request for this honorable Court to GRANT their Motion to Certify this Action as a Class Action as proposed, ORDER that the Class be certified, and ORDER that undersigned counsel be designated as Class counsel.

Respectfully submitted,

_____/s_____
Elliott M. Harding (VSB No. 90442)
*Counsel for the Plaintiffs & Prospective Class*

Harding Counsel, PLLC
1260 Clifden Greene.,
Charlottesville, VA 22901
P: 434-962-8465
E: Elliott@HardingCounsel.com

## CERTIFICATE OF SERVICE

On June 9, 2023, I electronically submitted the foregoing document with the clerk of court for the United States District Court for the Eastern District of Virginia using the electronic case filing system of the court. I hereby certify that I have served all counsel of record electronically as well.

Respectfully submitted,

_____/s_____
Elliott M. Harding (VSB No. 90442)
*Counsel for the Plaintiffs & Prospective*
*Class*
Harding Counsel, PLLC
1260 Clifden Greene,
Charlottesville, VA 22901
P: 434-962-8465
E: Elliott@HardingCounsel.com