IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| JOHN COREY FRASER, ET AL.,  ) | |
| ) | |
| *Plaintiffs*  ) | |
| ) | |
| v.  ) | Case No. 3:22-cv-00410 |
| ) | |
| BUREAU OF ALCOHOL,  ) | |
| TOBACCO, FIREARMS  ) | |
| AND EXPLOSIVES, ET AL.,  ) | |
| ) | |
| *Defendants* | |

### PLAINTIFFS' AND MOVANT'S REPLY TO DEFENDANTS' RESPONSE IN OPPOSITION TO MOTION TO INTERVENTION

NOW COME, the Plaintiffs, Mr. John "Corey" Fraser, Mr. Joshua Clay McCoy, Mr. Tyler Dalton McGrath, and Mr. Ian Fletcher Shackley (collectively "Plaintiffs"), and the proposed Intervenor, Mr. Justin Timothy Fraser, (collectively "Movants"), by and through counsel, and on behalf of themselves and a pending Class of those similarly situated, provide this Reply to the Defendants' Response in Opposition to their Motion for the Court to add Mr. Justin Fraser or permit him to intervene in this case. In furtherance of their motion, the Movants state the following:

**Argument**

**I. There Is No Rule Barring Mr. Justin Fraser From Intervening or Being Added At This Stage of The Case And This Case Inherently Involves A Unique Factual Scenario That Justifies Intervention.**

There is no "rule" barring post-judgment intervention and courts allow intervention in cases involving "unique factual situations." Black, 500 F.2d 407, 408 (4th Cir. 1974). At most, there is a "general policy to discourage" it, absent material factors weighing to the contrary but such factors are present in this case. As seen in *Hirschfeld v. ATF*, 14 F.4th 322 (4th Cir. 2021) (vacating prior decision in favor of Plaintiffs due to mootness on appeal), the laws at issue present

1

a unique but undeniable conflict between the time necessary to exhaust appellate review of what are purely legal questions and the preservation of a justiciable case and controversy. This alone should qualify as the sort of "unique factual situation" that justifies intervention. The Defendants should not be permitted to escape final judicial review of their unconstitutional regulatory scheme on appeal by weaponizing the temporal elements that underly the system against justiciability.

This case also presents a "unique factual situation" because it presents purely legal issues and the Defendants conceded as much. In this scenario, the outcome of the dispositive motions are irrelevant as to whether intervention would or would not be beneficial because it is a case that will have *de novo* appellate review. Intervention would benefit him regardless of whether the Court ruled in favor of the Defendants or the Plaintiffs. This is not a case where Justin Fraser benefited by waiting for the Court to rule in his favor or would be encouraged to bring a separate suit had the Court ruled against his interests. Final review on the merits remains the ultimate objective and intervention prior to appeal advances his interests even if the Defendants had proven successful with their motion to dismiss. Finally, the unique factual situation concerning the temporal elements of the laws at issue make it such that post-judgment intervention should be permitted because Justin Fraser could not have joined earlier in the suit, for he was not 18 when the case was filed.

## II. Justin Fraser Could Not Have Intervened Earlier In The Case And His Interests Are Not Adequately Protected Pending Class Certification.

Justin Timothy Fraser was born on April 27, 2005. The interests he seeks to advance in this case did not ripen into a justiciable case or controversy until he turned 18 on April 27, 2023. At that time, the Court already heard oral argument and received the final briefing. The Defendants' argument that he could have entered the case earlier is without merit. Additionally, the Defendants' claim that he could be older than the named plaintiffs is incorrect. *See* Def. Resp., ECF Doc. 60 at 7. The Amended Complaint clearly states that the other named Plaintiffs are 20 and 19, *see*

Amended Complaint, ECF Doc. 18 at 11, ¶¶41–44, while the Proposed Intervenor Complaint states Justin Fraser is 18. *See* Proposed Intervenor Complaint, ECF Doc. 50-1 at 10, ¶40; *see also* Memorandum In Support of Intervention, ECF Doc. 51 at 1 ("When this suit was initiated in 2022, Mr. Justin Fraser was not yet eighteen years old."). As a result, there is no guarantee that his interests will be adequately represented by the parties absent class certification or intervention.

The Defendants suggest that the Plaintiffs could have sought an associational plaintiff to ensure that Justin Fraser's interests are adequately represented should they turn 21 prior to an exhaustion of appeal. First, there is no requirement that an individual must rely on the participation of an independent third party such as an association to seek redress for constitutional violations. There is even less of a reason to think such plaintiffs would seek associational plaintiffs to ensure the interests of a non-party remain protected. Nevertheless, this is one of many reasons why the Plaintiffs brought a Class Action, moved for certification, and certification should be granted. The Defendants also argue that Justin Fraser's interests could be protected if the Plaintiffs moved for class certification prior to the Court granting summary judgment, yet the Defendants do not even concede that the standards of Rule 23 class certification are met and would presumably challenge such certification if filed earlier in the case. Therefore, assuming the Defendants' challenges would be in good faith, there would be no guarantee that Justin Frasers' interests could or would be adequately represented even if class certification had been sought prior to a judgment.

### III. The Defendants Have Failed To Allege Any Prejudice And Would Actually Be Prejudiced Should Intervention Not Be Granted.

There is no legitimate claim of prejudice to the Defendants should intervention be granted. In fact, the Defendants and the Court would be prejudiced without it because they would inherently have to spend additional time, money, and resources defending and deciding the additional case. The Defendants now suggest that Justin Fraser should engage in the wasteful exercise of filing a

separate suit—a suit in which he would merely move for summary judgment on the same grounds and then cite the Court's opinion and judgment already rendered. Such a hyper-technical application of the general policy against post-judgment intervention is neither encouraged nor necessary. As a result, Mr. Justin Fraser should be added or permitted to intervene.

## IV. Rule 21 Permits This Court To Add Mr. Justin Fraser.

Pursuant to Fed. R. Civ. P. 21, this Court has broad discretion to "at any time, on just terms, add . . . a party." Id. Here, this Court should exercise its discretion to add Mr. Justin Timothy Fraser to guard against the possibility of this case becoming moot. The Supreme Court's decision in *Mullaney v. Anderson*, 342 U.S. 415 (1952), supports Movants' request. In *Mullaney*, the Court invoked Rule 21 to permit the addition of two parties as plaintiffs to cure a perceived lack of standing. The Alaska Fishermen's Union brought suit on behalf of its non-resident members to challenge a license fee the state of Alaska imposed on nonresident fishermen. Before the Supreme Court, the defendant challenged the Union's standing to maintain the suit. Invoking Rule 21, the Supreme Court granted leave to add as plaintiffs two of the non-resident members to "remove the matter from controversy." *Mullaney*, 342 U.S. at 416–17. Doing so, the Court reasoned, could "in no wise embarrass the defendant," "[n]or would their earlier joinder have in any way affected the course of the litigation." *Id*. at 417. "To dismiss the present petition and require the new plaintiffs to start over in the District Court would entail needless waste and [would] run[] counter to effective judicial administration . . . ." *Id*. Following *Mullaney*, this Court should add Mr. Fraser. Adding Mr. Fraser as a plaintiff will "remove [this] matter from controversy" and secure Article III jurisdiction over this case even after the all of the current Plaintiffs have turned twenty-one. *Cf. id.* at 416. Furthermore, adding Mr. Fraser can "in no wise embarrass the" Defendants. *Id*. at 417. Indeed, his presence will not make a difference to the substance of the litigation, as he raises the

4

same claims and seeks the same relief as the current Plaintiffs. *See Cali. Credit Union League v. City of Anaheim*, 190 F.3d 997, 999 (9th Cir. 1999) ("[A] party may join a lawsuit *on appeal* under Rule 21 when the party seeking joinder requests the same remedy as the original party and offers the same reasons for that remedy . . . .") (emphasis added). This conclusion is confirmed by the fact that the Defendants took no discovery of any of the Plaintiffs. Finally, Mr. Fraser's "earlier joinder [would not] have in any way affected the course of the litigation." *Mullaney,* 342 U.S. at 417. Mr. Fraser did not turn 18 until this case was already submitted for a dispositive decision and would not have been affected by his presence beforehand. In short, adding Mr. Fraser as a plaintiff will not complicate this case or prejudice the Government in any way, it will mitigate the risk of this case becoming moot, and it will save the parties and the court system of the "needless waste" that would be entailed by requiring Mr. Fraser to "start over in the District Court." *Mullaney*, 342 U.S. at 417; *see also Newman- Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 837-38 (1989); *Cali. Credit Union League*, 190 F.3d at 1001. Mr. Fraser should be added as a plaintiff under Rule 21.

V. **Rule 24 Permits Mr. Fraser To Intervene.** '

Intervention under Rule 24 provides an additional, independent ground for adding Mr. Fraser as a plaintiff. A party has the right to intervene in a case if: (1) the motion to intervene is timely; (2) the potential intervener asserts an interest that is related to the property or transaction that forms the basis of the controversy in the case into which [it] seeks to intervene; (3) the disposition of that case may impair or impede the potential intervener's ability to protect [its] interest; and (4) the existing parties do not adequately represent the potential intervener's interest.

A. **The Motion Is Timely.**

Four factors are to be considered in evaluating the timeliness of a motion to intervene: (1) the length of time between the would-be intervenor's learning of his interest and his petition to

5

intervene, (2) the extent of prejudice to existing parties from allowing late intervention, (3) the extent of prejudice to the would-be intervenor if the petition is denied, and (4) any unusual circumstances. First, Mr. Fraser acted promptly in seeking to be added to this case. The timeliness clock does not start running until the proposed intervenor becomes aware that its interests would no longer be protected by the original parties. Here, the current Plaintiffs will fully protect Mr. Fraser's interests until they turn 21, however it is likely that they will not be able to succeed before that happens. Mr. Fraser acted with dispatch to attempt to ensure that the Plaintiffs' age does not threaten to moot this case before appellate courts have a chance to consider the Defendants' appeal.

Second, the most important consideration in determining timeliness—whether any existing party to the litigation will be harmed or prejudiced by the proposed intervenor's delay in moving to intervene—weighs strongly in favor of Mr. Fraser. The relevant question is not whether intervention will prejudice any party—which it will not—but rather whether any delay by the proposed intervenor has harmed the parties. Any delay by Mr. Fraser was minimal, as he did not even have a ripe case for review until April 27, 2023, just two weeks prior to this Court's May 10, 2023 opinion and order granting summary judgment. Mr. Fraser's intervention will in no way impact the merits of this case, and the effect on the parties of his moving to intervene is no different than if he had done so in the intervening weeks between his eighteenth birthday and the Court's order.

Third, if this Court were to deny intervention, Mr. Fraser would be significantly prejudiced. and forced to start over with his own duplicative suit. Fourth, and relatedly, the scope of the sales ban presents an unusual circumstance that should favorably influence the timeliness analysis. There is no guarantee that a case filed on an individual's eighteenth birthday will conclude before

he or she turns twenty-one. Thus, in the absence of any prejudice to the Defendants, the equities clearly favor intervention. For all these reasons, Mr. Fraser's motion to intervene is timely.

### B. Mr. Fraser Shares Plaintiffs' Interest in Challenging the Sales Ban.

The second factor that this Court considers in evaluating a motion to intervene is the relationship between the legal interest advanced by the current and prospective plaintiffs. Given that Mr. Fraser is represented by the same counsel and presents the same claims and seeks the same relief as the current Plaintiffs, *see* Proposed Complaint in Intervention, this factor strongly favors intervention.

### C. Denying Intervention Would Impede Mr. Fraser's Interest in Vindicating His Constitutional Rights.

If Mr. Fraser is excluded from this case, his ability to challenge the sales ban will be jeopardized. Furthermore, if Mr. Fraser is correct, as this Court has already determined, and the sales ban is unconstitutional, "its very existence stands as a fixed harm" to him and "to every [other 18-to- 20-year-old's] Second Amendment right[s]." *Ezell v. City of Chicago*, 651 F.3d 684, 699 (7th Cir. 2011). Indeed, when a law infringes Second Amendment rights, "irreparable harm is presumed." *Id*. Because adding Mr. Fraser as a plaintiff will not prejudice the Defendants in any way, there is no justification for extending the time required for him to obtain a final ruling on his challenge to the sales ban by requiring him to start over in district court instead of permitting him to join this suit that has already progressed through the district court and the court of appeals.

### D. The Existing Plaintiffs May Not Adequately Represent Mr. Fraser's Interests Absent Class Certification.

"[A] potential intervenor need only show that representation by the existing parties *may* be inadequate," and the burden imposed by this requirement is "minimal." *Ross v. Marshall*, 426 F.3d 745, 762 (5th Cir. 2005) (quotation marks omitted) (emphasis added). Mr. Fraser easily meets this

7

modest test. The Fourth Circuit already ruled that similar claims may become moot, and, by parity of reasoning, the other Plaintiffs' will be moot when they turn 21.

### E. Permissive Intervention.

For the foregoing reasons, Mr. Fraser is entitled to intervene as of right. Even if that were not the case, however, this Court should exercise its discretion to grant permissive intervention. Permissive intervention is appropriate when "the applicant's claim . . . and the main action have a question of law or fact in common," *Newby v. Enron Corp.*, 443 F.3d 416, 421 (5th Cir. 2006) (quotation marks omitted), and when considering permissive intervention, the Court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights," Fed. R. Civ. P. 24(b)(3). These requirements are easily satisfied here: Mr. Fraser's claims are identical to those claims asserted by the existing Plaintiffs, and permitting him to intervene would not cause undue (or, in fact, any) delay or prejudice. Intervention should generally be allowed where no one would be hurt and greater justice could be attained. Thus, if this Court does not add Fraser as plaintiffs under Rule 21, it should do so by granting their request to intervene.

### Conclusion

WHEREFORE, the Movants respectfully request for this honorable Court to GRANT their Motion to Add Justin Fraser or, in the alternative, Grant his Intervention in the case.

Respectfully submitted,

_____/s_____
Elliott M. Harding, Esq. VSB# 90442
*Counsel for the Movants*
Harding Counsel, PLLC
1260 Clifden Greene,
Charlottesville, VA 22901
P: 434-962-8465
E: Elliott@HardingCounsel.com

**CERTIFICATE OF SERVICE**

On June 9, 2023, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Eastern District of Virginia, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or *pro se* parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

_____/s_____
Elliott M. Harding, Esq. VSB# 90442
*Counsel for the Movants*
Harding Counsel, PLLC
1260 Clifden Greene,
Charlottesville, VA 22901
Tel: 434-962-8465
E: Elliott@HardingCounsel.com