IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| JOHN COREY FRASER, ET AL., ) | |
| ) | |
| *Plaintiffs* ) | |
| ) | |
| v. ) | Case No. 3:22-cv-00410 |
| ) | |
| BUREAU OF ALCOHOL, ) | |
| TOBACCO, FIREARMS ) | |
| AND EXPLOSIVES, ET AL., ) | |
| ) | |
| *Defendants* | |

**PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE IN OPPOSITION TO MOTION FOR DECLARATORY JUDGMENT AND INJUNCTION**

NOW COME, the Plaintiffs, Mr. John "Corey" Fraser, Mr. Joshua Clay McCoy, Mr. Tyler Dalton McGrath, and Mr. Ian Fletcher Shackley (collectively "Plaintiffs"), by and through counsel, and on behalf of themselves and a pending Class of those similarly situated, provide this Reply to the Defendants' Response in Opposition to their Motion for Declaratory Judgment and Injunction. In furtherance of their motion, the Plaintiffs state the following:

**Argument**

**I.    The Laws At Issue Are Unconstitutional And Must Be Enjoined.**

The laws at issue violate the Second Amendment, therefore "irreparable harm is presumed." *Ezell v. City of Chicago*, 651 F.3d 684, 699 (7th Cir. 2011). Without an injunction, the Plaintiffs cannot exercise their rights that the Defendants continue to infringe. The Defendants' opposition to the injunction is fraught with bad faith[1] attempts to relitigate the issues already presented to the Court. At this point, the public interest would be best served by the United States

---

[1] Fed. R. Civ. P. 11(c)(3) states that "[o]n its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b)," which governs sanctionable conduct.

1

seeking to uphold the fundamental liberties of her citizens rather than having its agents force the Plaintiffs and the prospective Class from entering the same regulated system the Government has created. In fact, the Defendants' argument against an injunction calls the entire federal licensure system into question and they have proffered no evidence that there is an interest in denying these specific Plaintiffs, or the pending Class for that matter, their right to purchase a handgun through a federally licensed firearm dealer and engage in a system that includes things such as background checks, registration, and product protection. Therefore, the presumption of irreparable harm has not been rebutted, the Plaintiffs have already proven successful on the merits, the balance of hardships weighs in favor of the Plaintiffs, and the public's interest in having its citizens capable of exercising their fundamental liberties reigns supreme. For these reasons and those previously stated in the Plaintiffs' Memorandum of Law in Support of their Motion for Declaratory Judgment and Injunction, in their First Amended Complaint, and in their Motion for Summary Judgment, an injunction is appropriate, equitable, and should be granted.

## Conclusion

WHEREFORE, the Plaintiffs respectfully request for this honorable Court to GRANT their Motion for Declaratory Relief and an Injunction as well as any additional relief that this Court may deem appropriate.

Respectfully submitted,

_____/s_____
Elliott M. Harding, Esq. VSB# 90442
*Counsel for the Plaintiffs*
Harding Counsel, PLLC
1260 Clifden Greene,
Charlottesville, VA 22901
P: 434-962-8465
E: Elliott@HardingCounsel.com

## CERTIFICATE OF SERVICE

On June 9, 2023, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Eastern District of Virginia, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or *pro se* parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

_____/s_____
Elliott M. Harding, Esq. VSB# 90442
*Counsel for the Plaintiffs*
Harding Counsel, PLLC
1260 Clifden Greene,
Charlottesville, VA 22901
Tel: 434-962-8465
E: Elliott@HardingCounsel.com