IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| JOHN COREY FRASER, ET AL., ) | |
| ) | |
| *Plaintiffs* ) | |
| ) | |
| v. ) | Case No. 3:22-cv-00410 |
| ) | |
| BUREAU OF ALCOHOL, ) | |
| TOBACCO, FIREARMS ) | |
| AND EXPLOSIVES, ET AL., ) | |
| ) | |
| *Defendants* | |

**PLAINTIFFS' SECOND MEMORANDUM OF LAW IN SUPPORT OF CLASS CERTIFICATION**

COME NOW, the Plaintiffs, Mr. John "Corey" Fraser, Mr. Joshua Clay McCoy, Mr. Tyler Dalton McGrath, Mr. Ian Fletcher Shackley,[1] by and through counsel (collectively "Plaintiffs"), and on behalf of themselves and a Class of those similarly situated, respectfully request for this honorable Court to GRANT their Motion to Certify this Action as a Class Action. In furtherance of their motion, the Plaintiffs submit this supplemental memorandum of law in support:

**Background:**

On June 1, 2022, Mr. John Corey Fraser brought this action on his own behalf and on behalf of a nationwide class (the "Nationwide Class" or "Class" or "Class Members") of similarly situated persons, who are defined as follows:

> Natural persons and citizens of the United States of America who have attained the age of eighteen but who are not yet twenty-one and who have not been convicted of a felony, who are not fugitives from justice, have not been discharged from the Armed Forces under dishonorable conditions, are not unlawful users of or addicted to any controlled substances, have not

---

[1] This motion is also brought on behalf of Mr. Justin Timothy Fraser, who has a pending motion to be added or granted leave to intervene as a party to the suit. His proposed complaint contains the same legal challenges to the same laws at issue and is brought on behalf of himself and the same proposed Class.

1

>been adjudicated as mental defectives or committed to a mental institution, are not on parole or probation, are not under indictment or restraint.

*See* Original Complaint, ECF Doc. 1.

The First Amended Complaint added three named individuals to the suit and the same request for Class certification. *See* ECF Doc. 18. On November 30, 2022, the Defendants filed their motion to dismiss. ECF Doc. 21. On December 15, 2022, the Plaintiffs filed their response in opposition to the Defendants' motion to dismiss and filed their own motion for summary judgment. ECF Docs. 27, 28. After subsequent briefing, the Court conducted a hearing on the two motions and ultimately issued an opinion and order denying the Defendants' motion to dismiss and granting the Plaintiffs' motion for summary judgment. ECF Docs. 47, 48. On May 10, 2023, the Court ordered the parties to meet and confer as to the pending issue of class certification. ECF Doc. 49. The Plaintiffs then moved for Class Certification. ECF Doc. 56, 58. The Defendants filed their response in opposition, ECF Doc. 61, and the Plaintiffs filed their reply. ECF Doc. 64. The Court has since ordered additional briefing on the matter, ECF Doc. 68, and the Plaintiffs supplement their motion with this Second Memorandum in Support of Class Certification.[2]

## Argument

### I. Class Certification Remains Ripe For Review And Appropriate.

#### A. Rule 23(c)(1) Governs The Timing of Class Certification And The Issue Remains Ripe For Review.

This motion for class certification remains ripe for review pursuant to Fed. R. Civ. P. 23(c)(1) which states: "*Certification Order.* Time to Issue. At an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action

---

[2] A proposed Order for injunctive relief, should the Court deny class certification, is also attached as requested by the Court.

as a class action." *Id*. Rule 23 was amended in 2003 with the requirement that a court determine class certification "at an early practicable time" after the commencement of an action rather than "as soon as practicable." *See* Fed. R. Civ. P. 23 (advisory committee's notes to 2003 amendments). When making this change, the advisory committee noted that "[t]he 'as soon as practicable' exaction neither reflects prevailing practice nor captures the many valid reasons that may justify deferring the initial certification decision," such as a defendant's desire to seek dismissal or summary judgment without class certification. *Id.* The 2003 amendments "restored some flexibility in deferring the certification questions in appropriate cases." *See In re Zetia Ezetimibe Antitrust Litig.*, 2021 U.S. Dist. LEXIS 263455, at *24 (E.D. Va. May 7, 2021); *see also In re Packaged Seafood Prods. Antitrust Litig.*, No. 15-MD-2670 JLS (MDD), 2020 U.S. Dist. LEXIS 93230, at *51 (S.D. Cal. May 26, 2020) (describing one-way intervention one-way not as a "rule," but as an "argument" that "is often raised when the parties disagree whether a summary judgment motion should be decided before or after class certification certification"); *White v. Bank of Am., N.A.*, 2012 WL 1067657, at *4 , 2012 LEXIS 44044, at *11–12 (D. Md. Mar. 27, 2012) ("Whether substantive rulings can be made before class certification is a question subject to the court's discretion.").

The Defendants claim that the doctrine of disfavoring "one-way intervention" prohibits certification at this stage due to the Court having ruled on the Plaintiffs' dispositive motion for summary judgment. Neither Rule 23, the Supreme Court of the United States, nor the United States Court of Appeals for the Fourth Circuit has suggested that the Defendants argument is a rule of absolute prohibition. The "potential problem," *American Pipe and Construction Co. v. Utah*, 414 U.S. 538, 546–47 (1974), posed by "one-way intervention" is not present in this case. When the Complaint and First Amended Complaint named the "person" suing on behalf of the Class as the class representative

and defined the purported Class, the scope of the Class, and the merits of classification, the issue became ripe for review. *See* Rule 23(c)(1). The Complaint and First Amended Complaint sought classification in the prayer for relief and there is no requirement for the Plaintiffs to submit a subsequent motion before the Court gains jurisdiction to consider classification. Unlike some other federal districts, the Eastern District of Virginia does not have a local rule requiring a Plaintiff enter a separate motion seeking certification after initiating suit on behalf of a class. Additionally, Rule 23 does not reference a motion requirement. The current timing remains early and practicable for the Court to determine whether to certify the action as a class action and this decision will come "after a person sue[d] . . . as a class representative." *Id*.

The Defendants' argument against one-way intervention may have had merit if the Plaintiffs did not bring suit on behalf of the purported class in their Complaint. The Plaintiffs concede that the *introduction* of a purported class should come prior to ruling on a dispositive issue. They did so in this case. This is not a situation where individuals brought suit in their personal capacity and failed to state that they are also suing on behalf of a class while choosing to subsequently move for such later. As the district court of Maryland noted in *White*, despite considerations disfavoring one-way intervention, "there is nothing explicit in Rule 23 that requires a determination on class certification prior to decisions on other motions. Often the court 'may need to probe behind the pleadings before coming to rest on the certification question.'" 2012 LEXIS 44044, at *11–12 (citing *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982); *Gariety v. Grant Thornton, LLP*, 368 F.3d 356, 366 (4th Cir. 2004)); *In re Zetia Ezetimibe Antitrust Litig.*, 2021 U.S. Dist. LEXIS 263455 at 24 (E.D. Va. May 7, 2021); *In re Packaged Seafood Prods. Antitrust Litig.*, No. 15-MD-2670 JLS (MDD), 2020 U.S. Dist. LEXIS 93230, at *51 (S.D. Cal. May 26, 2020).

There are material reasons to recognize that such a prohibition is not required. An early decision on the merits may protect both parties and the court from needless expenditure of both time and money. *Id.*; *Kim v. Commandant, Defense Language Inst.*, 772 F.2d 521, 524 (9th Cir. 1985) (holding that it was not improper for the district court to have reached the merits before class certification). In cases where the defendant has filed a potentially dispositive motion, the defendant has waived the procedural safeguards of Rule 23, limiting the possible impropriety of an early decision on the merits, at least as far as the defendant's protections are concerned. *Id.*; *Kim*, 772 F.2d at 524 (stating that where the defendant assumes the risk that judgment will have only stare decisis effect, it is within the district court's discretion to rule on the merits first). It is within the court's discretion to determine that judicial economy is better served by an early decision on the merits. *White*, 2012 LEXIS 44044 at *11–12 (D. Md. Mar. 27, 2012)

"One-way intervention" involves putative class members sitting on the sidelines while the merits of a class action are decided before certification. The resulting harm that is meant to be avoided concerns putative class members observing the proceedings without assuming any risk that their individual claims may be precluded by an adverse ruling on the merits. That is not what is at issue here. The putative class has always been involved in this matter, as stated in the original and First Amended Complaint. Additionally, the Defendants would have maintained the right to seek certification and use the decision to their benefit via stare decisis had they proven successful. The interests of the Class have always been before the Court due to the class-based nature of the laws at issue. Nevertheless, when "determining the propriety of a class action, the question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met." *Eisen v. Carlisle & Jacquelin, et al.,* 417 U.S. 156, 178 (1973) (quoting *Miller v. Mackey International,* 452 F.2d 424, 427 (5th Cir. 1971)). All

requirements of Rule 23 have been met and there are no local rules which otherwise prohibit certification at this stage or required a formal motion for certification beforehand.

### B.  Class Certification Is Appropriate Pursuant to Rule 23(a).

As stated in the Complaint and the First Amended Complaint, Class certification is appropriate in this case and fits all of the material elements for a class governed by Rule 23(a).

#### 1.  Numerosity of the Class

This proposed nationwide Class is so numerous that the individual joinder of all members in this or any action is impracticable. The exact number or identification of Class members is presently unknown but there is believed to be well in excess of ten million people within the relevant ages at issue. The Class involves all otherwise-qualified firearm owners between 18 and 21 years old and the law violates their constitutional rights in a uniform manner. That figure amounts to approximately 10 to 14 million people,[3] at minimum, according to the 2020 Census and the Court can take judicial notice generally of the overwhelming numerosity. *See* United States Census Bureau, *P12 Sex by Age for Selected Age Categories of 2020 Census*, ages 18-20, available at (https://data.census.gov/table?q=P12&d=DEC+Demographic+and+Housing+Characteristics).

#### 2.  Common Questions of Law

Common legal questions or issues shared by the Class that concern the United States Constitution include: 1.) Whether the Second Amendment applies to adult citizens under the age of twenty-one; 2.) Whether the federal laws at issue violate the Class's Second Amendment right to bear arms; and 3.) Whether the federal laws at issue deprive the Class of equal protection and a fundamental liberty interest encompassed by the Fifth Amendment's due process clause. The laws

---

[3] This Court may take notice of the general numerosity of the Class and census estimates via FED. R. EVID. 201 concerning judicial notice.

at issue bestow a classification by default, in that they apply to the proposed Class without any individualized assessment. The questions of law presented in this case are the same that apply to everyone in the Class and all those will turn eighteen and remain less than twenty-one years old throughout the pendency of litigation.

### 3. Typicality

The Plaintiffs' claims are typical of the claims of the members of the Class because all named Plaintiffs are natural persons and citizens of the United States of America who have attained the age of eighteen but who are not yet twenty-one and who have not been convicted of a felony, who are not fugitives from justice, who have not been discharged from the Armed Forces under dishonorable conditions, are not unlawful users of or addicted to any controlled substances, have not been adjudicated as mentally defective or committed to a mental institution, are not on parole or probation, and are not under indictment or restraint. Thus, the asserted constitutional violations for the individual Plaintiffs and the Class Members are identical.

### 4. Adequacy

The individual Plaintiffs are adequate representatives of the Class because their interest does not conflict with the interests of the members of the Class they seek to represent. They intend to prosecute this action vigorously. They will fairly and adequately protect the interests of the members of the Class. The Plaintiffs and their counsel will seek to identify additional named class members to individually join as a means of maintaining litigation for the Class should the prospect of judicial relief for the Class become at-risk of mootness due to the current Plaintiffs' age and the ultimate passage of time, as seen in *Hirschfeld v. BATFE*, 5 F.4th 407 (4th Cir. 2021) (opinion vacated after rendered moot following appellants' twenty-first birthdays). The Defendants have

acted on grounds generally applicable to the Plaintiff and the Class as a whole, thereby making declaratory relief and injunctive relief proper.

### 5. Predominance and Superiority

This suit may be maintained as a class action under Fed. R. Civ. P. 23(b)(3) because questions of law common to the Class predominate over any factual questions affecting individual members of the Class and a class action is superior to other available means for the fair and efficient adjudication of this dispute. Under Fed. R. Civ. P. 23(b)(1)(A), there is a risk that Class Members who share identical characteristics as set forth above would see those actions result in inconsistent or varying adjudications that would establish inconsistent standards of conduct for the defendants if forced to filing individual actions to seek redress from the laws at issue. Furthermore, it would be virtually impossible for the Class Members, on an individual basis, to obtain effective redress for the wrongs done to them. Even if Class Members themselves could afford such individual litigation, the judiciary could not. Individual litigation increases the delay and expenses to all parties and the court system presented by the complex legal issues of the case. By contrast, the class action device presents far fewer management difficulties and provides the benefits of a single adjudication, economy of scale, and comprehensive supervision by a single court. Plaintiffs' counsel will zealously represent the legal interests of the Class. He has fully litigated the exact legal issues presented in this suit in the Eastern and Western District of Virginia and successfully before the Fourth Circuit. He is as-familiar, if not more-so, with the all of the available arguments and law in favor of the Class. *See, e.g.*, *Hirschfeld v. BATFE*, 5 F.4th 407 (4th Cir. 2021). Additionally, the undersigned has managed federal litigation involving a significant number of named Plaintiffs in this division and can accommodate the requisite actions necessary to inform the Class of suit, should the Court deem such notice to be necessary. *See, e.g., Whorley, et al, v.*

*Northam, et al*, Case No. 3:20-cv-255 (E.D. Va 2020) (undersigned counsel representing 27 named inmate plaintiffs from multiple facilities in their 42 U.S.C. § 1983 suit seeking statewide injunctive relief from the Virginia Department of Corrections during the COVID-19 pandemic and settling the dispute with the Commonwealth via court supervised mediation process). This action presents a purely legal question and thereby reduces the likelihood of complication due to any factual differences concerning individual members of the Class.

    **II.    Class Certification Is Appropriate Pursuant to Each of the Permissible Avenues Permitted By Rule 23(b) But Rule 23(b)(2) Remains The Most Appropriate.**

The Court may certify the proposed Class pursuant to either Rule 23(b)(1), (b)(2), or (b)(3), and the Plaintiffs address the grounds for each in chronological order. Nevertheless, the Plaintiffs believe Rule 23(b)(2) is the most appropriate avenue of the three options for certification and reiterate from their Complaint and memorandum in support of class certification that the requisite factors of Rule 23(a) are satisfied.

    **A. Class Certification Is Appropriate Pursuant to Rule 23(b)(1).**

Rule 23(b)(1) states that:

> A class action may be maintained if Rule 23(a) is satisfied and if prosecuting separate actions by . . . individual class members would: (A) create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interest.

*Id*.

The proposed Class includes all adult citizens between the ages of 18 and 21 who would otherwise be legally permitted to purchase a handgun and ammunition from a federally licensed firearm dealer according to federal law but for the laws at issue and their categorical age-based

prohibition. If individual class members are required to seek judicial relief without class certification, there is a substantial risk that there will be inconsistent or varying adjudications throughout different federal districts and Circuit Courts of Appeals with respect to individual class members that would establish incompatible standards of conduct for the defendants. For example, should an individual member receive a favorable judgment in the Eastern District of Virginia but then travel to a state in the Court of Appeals for the Fifth Circuit and the latter court render a decision in favor of the Defendants in another suit, there would be incompatible standards applicable to the same plaintiff and defendant concerning the purchase of a handgun from an FFL. Additionally, there would be adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members who are not parties to the individual adjudications and would substantially impair their ability to protect their interests. As a result, class certification pursuant to Rule 23(b)(1) remains appropriate.

### B. Class Certification Is The Most Appropriate Pursuant to Rule 23(b)(2).

Rule 23(b)(2) states that a class action may be maintained if "the party opposing the class has acted . . . on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." *Id*. Rule 23(b)(2) is the most appropriate avenue by which class certification should be granted in this case, as the laws at issue are categorical on their and therefore the Defendants have "acted on grounds that apply generally to the class" and "final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." The key to the (b)(2) class is "the indivisible nature of the injunctive or declaratory remedy warranted--the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 360 (2011) ("In other words, Rule 23(b)(2) only when a

single injunction or declaratory judgment would provide relief to each member of the class."). That is what this Court is faced with, in that the relief requested applies equally to every member of the proposed class for the same exact reason. Contrary to the Defendants' claims that some members of the Class may not have attempted to purchase a handgun from an FFL, or may not even want to, the "fact that some class members may have suffered no injury or different injuries from the challenged practice does not prevent the class from meeting the requirements of Rule 23(b)(2)." *Rodriguez v. Hayes*, 591 F.3d 1105, 1125 (9th Cir. 2010). "[I]t is sufficient to meet the requirements of Rule 23(b)(2) that class members complain of a pattern or practice that is generally applicable to the class as a whole." *Id*. The laws at issue apply equally throughout the United States, therefore "this is an issue of nationwide consequence." *See, e.g., Lutz v. Int'l Ass'n of Machinists & Aero. Workers*, 196 F.R.D. 447, 454 (E.D. Va. 2000) ("A class action is precisely what is now needed to provide a nationwide answer to this nationwide question . . . ."); *see also Berry v. LexisNexis Risk & Info. Analytics Grp., Inc.*, 2014 U.S. Dist. LEXIS 124415, at *34 (E.D. Va. Sept. 5, 2014), affirmed by *Berry v. Schulman*, 807 F.3d 600 (4th Cir. 2015) ("The Court finds that certification of the Rule 23(b)(2) class in this case is appropriate because the injunctive relief sought is indivisible and applicable to all members of the Rule 23(b)(2) class.") (citation and internal quotation marks omitted). Application of Rule 23(b)(2) is particularly appropriate when class-wide discrimination is alleged, because "the common claim is susceptible to a single proof and subject to a single injunctive remedy." *Senter v. General Motors Corp.*, 532 F.2d 511, 525 (6th Cir. 1976), *cert. denied*, 429 U.S. 870 (1976); *see also* Fed. R. Civ. P. 23(b)(2) Advisory Committee's Note (noting that subdivision (b)(2) properly reaches "various actions in the civil-rights field where a party is charged with discriminating unlawfully against a class, usually one whose members are incapable of specific enumeration"); *Johnson v. Martin*, 2002 U.S. Dist.

LEXIS 12550, at *28 (W.D. Mich. Apr. 29, 2002) (noting that suits involving allegedly illegal or unconstitutional prison policy are well situated for Rule 23(b)(2) certification because such classes seek to enjoin the operation of a policy, are dependent on the general legality or constitutionality of the policy, and are susceptible to common defenses as to the entire class).

### C. Class Certification Is Appropriate Pursuant to Rule 23(b)(3).

Certification pursuant to Rule 23(b)(3) is also appropriate, in that a question of law is common to all class members, the legal issue predominates over any factual questions affecting individual members, and a class action remains superior to other available methods for fairly and efficiently adjudicating the controversy. There is no known interest in class members seeking to individually control the prosecution of separate actions seeking injunctive relief in this case. *See* FED. R. CIV. P. 23(b)(3)(A). Additionally, the extent and nature of litigation concerning the controversy supports class certification due to the stage of litigation and the material impact that the passage of time would otherwise have on the justiciability of any other individual members' claims should they be forced to initiate an independent suit from an initial complaint. *See* FED. R. CIV. P. 23(b)(3)(B).

It is also uniquely desirable to concentrate this litigation in the Fourth Circuit, as it is one of only two[4] in the nation that has rendered published opinions on similar challenges, *see Hirschfeld, et al. v. BATFE, et al.*, 5 F.4th 407 (4th Cir. 2021) (vacated for mootness) which may make it more likely to take the case for *en banc* review and expedite litigation to the benefit of those who would otherwise be denied individual findings due to the passage of time. *See* FED. R. CIV. P. 23(b)(3)(C). Finally, the difficulties in managing the class are limited given the categorical

---

[4] *See NRA v. BATFE*, 714 F.3d 334 (5th Cir. 2013) (affirming district court decision in favor of the Defendants in a decision pre-*Bruen*).

12

nature of the laws and the fact that individual factual variables are of no concern. *See* FED. R. CIV. P. 23(b)(3)(D). The legal claims in this suit predominate over any factual issues and this case has advanced significantly compared to any suit that could be filed via initial pleadings. As a result, Rule 23(b)(3) remains an appropriate means by which certification should be ordered.

### III. The Concerns About A Nationwide or Universal Injunction Do Not Apply In This Case Because Class Certification Is Appropriate And The Plaintiffs Do Not Seek A Nationwide Injunction Should Certification Be Denied.

The Court of Appeals for the Fourth Circuit and Supreme Court of the United States have stated that "nationwide" or "universal" injunctions are disfavored in the context of cases that lack class certification. *See Casa de Maryland, Inc. v. Trump*, 971 F.3d 220, 259 (4th Cir. 2020); *Dept. of Homeland Sec. v. New York* 140 S. Ct. 599, 600 (2020); *Trump v. Hawaii*, 138 S. Ct. 2392 (2018) (on appeal from *Hawaii v. Trump*, 878 F.3d 662, 701 (9th Cir. 2017)). The law review articles cited by the Supreme Court also specifically concern cases in which classes are not certified pursuant to Rule 23. *See, e.g.*, Bray, *Multiple Chancellors: Reforming the National Injunction*, 131 HARV. L. REV. 417, 419 (2017) ("That is, in non–class actions, federal courts are issuing injunctions that are universal in scope—injunctions that prohibit the enforcement of a federal statute, regulation, or order *not only against the plaintiff, but also against anyone*.); Morley, *De Facto Class Actions? Plaintiff- and Defendant-Oriented Injunctions in Voting Rights, Election Law, and Other Constitutional Cases*, HARV. J.L. & PUB. POL'Y 487, 535 (2016) ("Rule 23 provides an exception to this principle, allowing one party to litigate on behalf of a class of rightholders when, among other things, a court determines that the rule's numerosity, commonality, typicality, and adequacy of representation requirements are satisfied.").

The Plaintiffs concede that a nationwide injunction would not be appropriate in this matter should class certification be denied. Nevertheless, the Plaintiffs and the proposed Class are seeking injunctive

and declarative relief and, should the Class be certified, such an injunction remains appropriate. Therefore, the Plaintiffs do not believe that the cited concerns of the Fourth Circuit in *Casa de Maryland, Inc.* or by the Supreme Court in *Dept. of Homeland Sec.* are at issue unless certification is denied and they do not suggest that a nationwide injunction should be issued absent certification.

## Conclusion

WHEREFORE, the Plaintiffs, on behalf of others similarly situated, do respectfully request for this honorable Court to GRANT their Motion to Certify this Action as a Class Action as previously proposed, ORDER that the Class be certified, ORDER that an injunction be entered in favor of the Plaintiffs and the Class, and ORDER that undersigned counsel be designated as Class counsel pursuant to Rule 23(g).

Respectfully submitted,
_____/s_____
Elliott M. Harding (VSB No. 90442)
*Counsel for Plaintiffs & Prospective Class*
Harding Counsel, PLLC
1260 Clifden Greene.,
Charlottesville, VA 22901
P: 434-962-8465
E: Elliott@HardingCounsel.com

## CERTIFICATE OF SERVICE

On July 17, 2023, I electronically submitted the foregoing document with the clerk of court for the United States District Court for the Eastern District of Virginia using the electronic case filing system of the court. I hereby certify that all counsel of record have been served electronically.

Respectfully submitted,

_____/s_____
Elliott M. Harding (VSB No. 90442)
*Counsel for Plaintiffs & Prospective Class*
Harding Counsel, PLLC
1260 Clifden Greene,
Charlottesville, VA 22901
P: 434-962-8465
E: Elliott@HardingCounsel.com