IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

JOHN COREY FRASER, et al., on behalf of themselves and all others similarly situated as a Class,

Plaintiffs,

v.

BUREAU OF ALCOHOL, TOBACCO, FIREARMS, AND EXPLOSIVES, et al.,

Defendants.

Civil Action No. 3:22CV00410

**DEFENDANTS' SECOND OPPOSITION TO PLANTIFFS' MOTION FOR CLASS CERTIFICATION**

On May 10, 2023, the Court issued an opinion and order denying Defendants' motion to dismiss and granting Plaintiffs' motion for summary judgment. *See* Mem. Op. (May 10, 2023), ECF No. 47; Order (May 10, 2023), ECF No. 48. Following that decision, on May 22, 2023, Plaintiffs moved to certify a class of plaintiffs. Mot. for Class Certification ("Mot."), ECF No. 56. Pursuant to the Court's order, ECF No. 68, Plaintiffs filed a second memorandum ("Mem.") in support of class certification, ECF No. 69, and Defendants hereby submit this response. The Court should deny the motion for three independent reasons: The motion violates the rule against one-way intervention because it seeks class certification after summary judgment has already been entered in favor of Plaintiffs; the proposed class is not ascertainable; and in any event Plaintiffs cannot meet the requirements for class certification under Rule 23. Further, for the reasons explained herein and in prior briefing, the Court should limit any relief to a declaratory judgment

as to the named Plaintiffs only, and in the event that the Court enters injunctive relief, the Court should stay such an injunction.

**DISCUSSION**

## I. THE MOTION SHOULD BE DENIED AS AN IMPROPER ATTEMPT AT ONE-WAY INTERVENTION

The Court should decline to entertain class certification at this time. Plaintiffs failed to file a motion for class certification before the Court granted a dispositive motion on the merits in Plaintiffs' favor. Any consideration of class certification at this juncture would be procedurally improper and would prejudice Defendants.

"The rule against one-way intervention prevents plaintiffs from moving for class certification after acquiring a favorable ruling on the merits of a claim." *Costello. v. BeavEX Inc.*, 810 F.3d 1056, 1057 (7th Cir. 2016). The rule recognizes that it would be "unfair to allow members of a class to benefit from a favorable judgment without subjecting themselves to the binding effect of an unfavorable one." *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 547 (1974). "If an individual plaintiff were to get a favorable ruling on the merits prior to certification—and its corresponding notice and opportunity to opt out—then class members are incentivized to remain in the lawsuit to take advantage of the favorable ruling. If an individual plaintiff got an unfavorable ruling on the merits prior to class certification, class members are incentivized to opt out of the class to avoid application of the unfavorable ruling." *Costello*, 810 F.3d at 1057. Either way, "[a]llowing class members to decide whether or not to be bound by a judgment depending on whether it is favorable or unfavorable is 'strikingly unfair' to the defendant." *Id*. at 1058 (quoting *Sprogis v. United Air Lines, Inc.*, 444 F.2d 1194, 1207 (7th Cir. 1971) (Stevens, J., dissenting)); *see Campbell v. Nat'l R.R. Passenger Corp.*, 311 F. Supp. 3d 281, 311 n.5 (D.D.C. 2018).

That unfairness is illustrated by Plaintiffs' approach here. Now that Plaintiffs have obtained a favorable merits ruling, they seek to transform that ruling into a judgment that binds the government with respect to all members of the putative class. But had the government won on the merits instead, Plaintiffs would not have sought class certification, and members of the putative class would have been free to bring suit in other courts. Under Plaintiff's approach, the government would thus need to prevail on the merits in every district court in which a law is challenged, while the putative class need only prevail in one court to gain complete relief. Disregarding the rule against one-way intervention thus implicates many of the same concerns that have led courts and commentators—including those referenced in this Court's supplemental briefing order—to criticize nationwide injunctions. *See infra* Part IV (discussing the problems with nationwide injunctive relief).

"[O]ne-way intervention" was thus a principal target of the 1966 amendments to Rule 23. *Campbell*, 311 F. Supp. 3d at 311 n.5. Before those amendments, "members of the claimed class could in some situations await . . . final judgment on the merits in order to determine whether participation would be favorable to their interests." *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 547 (1974). "The 1966 amendments were designed, in part, specifically to mend this perceived defect in the former Rule and to assure that members of the class would be identified before trial on the merits and would be bound by all subsequent orders and judgments." *Id.* The amendments did so by adding a requirement that "the district court . . . determine whether a case may be maintained as a class action '[a]s soon as practicable after the commencement of [the] action.'" *Curtin v. United Airlines, Inc.*, 275 F.3d 88, 92 (D.C. Cir. 2001) (quoting the then-current Fed. R. Civ. P. 23(c)) (brackets in original). Although this requirement was loosened somewhat in 2003, and now requires determination of class status "[a]t an early practicable time," Fed. R. Civ. P.

23(c)(1)(A), the 2003 amendments did "not restore the practice of 'one-way intervention' that was rejected by the 1966 revision of Rule 23," Fed. R. Civ. P. 23 advisory committee's note (2003).

For these reasons, courts consistently enforce the rule against one-way intervention. *See Taha v. County of Bucks*, 862 F.3d 292, 298 (3d Cir. 2017); *Costello*, 810 F.3d at 1057 ("The rule against one-way intervention prevents plaintiffs from moving for class certification after acquiring a favorable ruling on the merits of a claim."); *Gooch v. Life Investors Ins. Co. of Am.*, 672 F.3d 402, 432 (6th Cir. 2012) ("The rule against one-way intervention prevents potential plaintiffs from awaiting merits rulings in a class action before deciding whether to intervene in that class action."); *London v. Wal-Mart Stores, Inc.* 340 F.3d 1246, 1252–53 (11th Cir. 2003) (referencing the "rule against one-way intervention" and reversing the district court's grant of class certification on other grounds). The Fourth Circuit has also indicated that Rule 23 is designed to prevent one-way intervention. *See Stastny v. S. Bell Tel.*, 628 F.2d 267, 275 n.11 & n.13 (4th Cir. 1980). And another court in this district recently explained and applied the rule against one-way intervention. *See generally In re Zetia (Ezetimibe) Antitrust Litig.*, No. 2:18-MD-2836, 2021 WL 9870367 (E.D. Va. May 7, 2021).

Plaintiffs' arguments for disregarding the rule against one-way intervention are without merit. Plaintiffs argue, without any citation, that they were not required to file a motion for class certification and that the references to a putative class action in the Complaint and First Amended Complaint are sufficient to allow the Court to consider class certification, even after granting Plaintiffs' motion for summary judgment. *See* Mot. at 3–4. This is incorrect; class certification is decided upon a motion by proposed class counsel. *See* Fed. R. Civ. P. 23 advisory committee's note (2003) (referring to "the motion for class certification"); *see also* Fed. R. Civ. P. 7(b) ("[a] request for a court order must be made by motion."). "It is well-settled in this jurisdiction that the proponent of class

certification has the burden of establishing the right to such certification under Rule 23." *Windham v. Am. Brands, Inc.*, 565 F.2d 59, 65 n.6 (4th Cir. 1977) (en banc). A plaintiff therefore cannot satisfy its burden without submitting a motion addressing the prerequisites, and, pursuant to the rule against one-way intervention, must do so prior to a merits ruling. Plaintiffs have not cited any case in which a court certified a class based solely on the filing of a complaint.

Plaintiffs also argue that courts maintain discretion to consider class certification even at late stages of litigation. But the cases that discuss the rule against one-way intervention while still considering class certification are procedurally distinguishable. For example, in *White*, Plaintiffs filed a motion for class certification after motions for (partial) summary judgment were filed but *before* the court ruled on those dispositive motions. *White v. Bank of Am., N.A.*, Civil No. CCB-10-1183, 2012 WL 1067657, at *3 (D. Md. Mar. 27, 2012). Thus, potential class members in *White* were on notice that they were taking the risk of joining that litigation, unlike here where the motion for class certification was not filed until after the Court granted Plaintiffs' motion for summary judgment. The *White* court ultimately used its discretion to rule on the pending dispositive motions before the pending class certification, *see id.* at *4, but notably denied plaintiffs' dispositive motions, avoiding an outcome where potential class members unilaterally benefited from an early ruling on the merits, *id.* at *14. Here, Plaintiffs fail to identify any case-specific facts that would justify disregarding the rule against one-way intervention. Indeed, although Plaintiffs acknowledge that they intended to seek class-wide relief from the time they initiated this suit, they provide no explanation for their delay in moving for certification. So even assuming courts have discretion to ignore the rule against one-way intervention in exceptional cases, Plaintiffs have failed to demonstrate that this is such a case. Plaintiffs have failed to cite a single case in which a court allowed the type of one-way intervention proposed here, where Plaintiffs waited until after the

Court had granted their dispositive motion on the merits before even filing a motion for class certification. Because the Court has already granted Plaintiffs' motion for summary judgment, the Court should decline to consider class certification.

## II. PLAINTIFFS HAVE FAILED TO ESTABLISH THAT THE RULE 23(a) STANDARD IS SATISFIED

Plaintiffs' motion should be denied for the additional reason that they have failed to meet the Rule 23 standard. "Rule 23(a) requires that the prospective class comply with four prerequisites: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation." *EQT Prod. Co.*, 764 F.3d at 357. Plaintiffs seeking certification under Rule 23(b)(3) must meet two additional requirements: "(1) common questions of law or fact must predominate over any questions affecting only individual class members; and (2) proceeding as a class must be superior to other available methods of litigation." *Id.*

Plaintiffs have not met their burden of establishing that the class is so numerous that individual joinder of members is impracticable. As discussed above, many individuals who meet the definition in the proposed class do not want to purchase a handgun. Others may choose to lawfully obtain a handgun as a gift from their parents or guardians. Individuals falling into these categories would not have standing to pursue these claims. Only individuals who wish to purchase a handgun from a federal firearm licensee ("FFL"), but who for whatever reason have not obtained one through one of the lawful means available to them, can pursue these claims and would be viable class members. Plaintiffs have only identified five such individuals: the four named Plaintiffs and the proposed intervenor, Justin Fraser. Without more evidence that a larger number of individuals can pursue these claims, the Court should not assume that the numerosity requirement is satisfied. Plaintiffs bear the burden of showing numerosity. *See Windham*, 565 F.2d

at 65 n.6. "[W]here a putative class is some subset of a larger pool, the trial court may not infer numerosity from the number in the larger pool alone." *Allen v. Ollie's Bargain Outlet, Inc.*, 37 F.4th 890, 896 (3d Cir. 2022) (recalling a case in which census data showing 14.9 to 20.9 million individuals in the United States had mobility disabilities was insufficient to show numerosity).

The proposed class also does not meet the commonality and typicality requirements. As explained in Defendants' motion to dismiss, there are questions of standing that are particular to each individual, *e.g.*, does the individual wish to purchase a handgun, has the individual already tried to purchase a handgun from an FFL and been denied, can the individual lawfully obtain a handgun another way, etc. And many states have laws that separately prevent 18-to-20 year olds from purchasing or possessing certain kinds of firearms. *See, e.g.*, *Nat'l Rifle Ass'n v. Bondi*, 61 F.4th 1317, 1320 (11th Cir. 2023) (discussing Florida law), *reh'g en banc granted, opinion vacated*, No. 21-12314, 2023 WL 4542153 (11th Cir. July 14, 2023); *see also* ECF No. 30-2. So members of the putative class in those states would lack standing to challenge the federal laws because they would be barred from purchasing handguns in any event. At the very least, the Court should not certify a class of plaintiffs beyond the state of Virginia without consideration of the different interactions between state and federal laws in other states.

## III. CLASS CERTIFICATION IS NOT APPROPRIATE UNDER RULE 23(b)(1), 23(b)(2), OR 23(b)(3)

Plaintiffs assert that the Court can certify a class under Rule 23(b)(1), 23(b)(2), or 23(b)(3). Because the Rule 23(a) requirements are not satisfied, *see supra* Part II, class certification is not appropriate, *see* Fed. R. Civ. P. 23(b). In any event, the Court should not certify a class under any of the three avenues for class certification.

Certification under Rule 23(b)(1)(A) is appropriate where separate actions could result in "inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class." Fed. R. Civ. P. 23(b)(1)(A). That is not the case here. An injunction or declaratory judgment that applies only to the named plaintiffs in this case would mean only that the government could not enforce these federal laws against FFLs for selling handguns to these plaintiffs. If another court ruled a different way for other plaintiffs, as has already happened, *see Reese v. ATF*, No. 6:20-cv-01438, 2022 WL 17859138, at *10 (W.D. La. Dec. 21, 2022), then the government could continue to enforce these laws as it pertains to sales to those individuals. Complying with these judgments would not be inconsistent. "Certification [under Rule 23(b)(1)(A)] is not appropriate simply because some plaintiffs may be successful in their suits against a defendant while others may not." *Pipefitters Loc. 636 Ins. Fund v. Blue Cross Blue Shield of Mich.*, 654 F.3d 618, 633 (6th Cir. 2011).

Certification under Rule 23(b)(1)(B) is appropriate where separate actions could result in "adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests." Fed. R. Civ. P. 23(b)(1)(B). Plaintiffs do not explain how this standard is met. "[C]ourts are wont to certify under Rule 23(b)(1)(B) except in the most compelling situations." *In re Paxil Litig.*, 212 F.R.D. 539, 553 (C.D. Cal. 2003). Certification under Rule 23(b)(1)(B) is generally sought in situations where a defendant in a damages case has limited funds and the ability of other members of a class to receive full payment of a later judgment would be impaired by an earlier judgment in favor a subset of plaintiffs. *See Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 830–31 (1999); *Herrera v. Charlotte Sch.*

*of Law, LLC*, 818 Fed. App'x 165, 173 (4th Cir. 2020). Because Plaintiffs in this case seek equitable relief, not damages, Rule 23(b)(1)(B) is inapplicable.

Certification under Rule 23(b)(2) governs situations in which "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). "Rule 23(b)(2) applies only when a single injunction or declaratory judgment would provide relief to each member of the class." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 360 (2011). But a single injunction or declaratory judgment would not necessarily provide relief to all of the proposed class members in this case. As mentioned above, many states have laws that separately prevent 18-to-20 year olds from purchasing or possessing certain kinds of firearms. So an injunction or declaratory judgment would not provide any relief to members of the putative class in those states because they would still be barred from purchasing handguns. At an absolute minimum, the interactions between other states' laws and the federal laws at issue precludes the certification of any class extending beyond the Commonwealth of Virginia.[1]

A class can be certified under Rule 23(b)(3) only if plaintiffs satisfy the predominance and superiority requirements. Fed. R. Civ. P. 23(b)(3). As explained in the next section, *see infra* Part IV, proceeding as a class action is not superior to individual lawsuits because doing so would deprive other courts of the opportunity to consider these issues. Indeed, other cases have already been filed raising the same kinds of claims at issue here. *See Brown v. ATF*, No. 1:22-cv-80 (N.D. W. Va.); *Reese v. ATF*, No. 6:20-cv-1438, 2022 WL 17859138, at *2 (W.D. La. Dec. 21, 2022), *appeal filed*, No. 23-30033 (5th Cir. Jan. 13, 2023); *see also* Fed. R. Civ. P. 23(b)(3)(B) (stating

[1] Despite bearing the burden of showing that a nationwide class should be certified, Plaintiffs have not addressed the argument that any class should be extended no further than Virginia.

that the Court should consider "the extent and nature of any litigation concerning the controversy already begun by or against class members"). And there is no reason why this district is more desirable for litigation than any other forum. *See* Fed. R. Civ. P. 23(b)(3)(C). Plaintiffs claim that the Fourth Circuit's previous consideration of these issues in *Hirschfeld v. ATF*, 5 F.4th 407 (4th Cir. 2021), makes this a superior forum for a nationwide class. On the contrary, concentrating these challenges only in one circuit that has already considered these issues prevents the opportunity for percolation of issues in different forums. *See infra* Part IV.

Finally, class certification would be inappropriate under any of the Rule 23(b) avenues because the class is not readily ascertainable. The Fourth Circuit has "repeatedly recognized that Rule 23 contains an implicit threshold requirement that the members of a proposed class be 'readily identifiable.'" *EQT Prod. Co. v. Adair*, 764 F.3d 347, 358–59 (4th Cir. 2014) (quoting *Hammond v. Powell*, 462 F.2d 1053, 1055 (4th Cir. 1972)). "A class cannot be certified unless a court can readily identify the class members in reference to objective criteria." *Id.*

Plaintiffs' motion defines the proposed class as follows:

> Natural persons and citizens of the United States of America who have attained the age of eighteen but who are not yet twenty-one and who have not been convicted of a felony, who are not fugitives from justice, have not been discharged from the Armed Forces under dishonorable conditions, are not unlawful users of or addicted to any controlled substances, have not been adjudicated as mental defectives or committed to a mental institution, are not on parole or probation, are not under indictment or restraint.

Mot. at 1–2.

The proposed class is not ascertainable because it is constantly in flux. Every day, citizens who otherwise meet this definition turn twenty-one and leave the proposed class, and other citizens

turn eighteen and join the class.[2] This constant coming and going of class members is unmanageable as a practical matter. *Cf. Selby v. Principal Mut. Life Ins. Co.*, 197 F.R.D. 48, 56 (S.D.N.Y. 2000) ("[T]he class's definition must refer to a specific and bounded time frame in order to be workable . . . ."). The proposed class definition is also overbroad in that it includes a large number of individuals who meet the criteria but do not want to purchase a handgun. These individuals likely would not have standing to pursue the claims raised in this case. Indeed, many individuals may affirmatively disavow the rights that the named Plaintiffs are seeking to protect. The Court should not certify this overbroad class.

## IV. CLASS CERTIFICATION IS INAPPROPRIATE BECAUSE, LIKE NATIONWIDE INJUNCTIVE RELIEF, IT PREVENTS OTHER COURTS FROM CONSIDERING THE ISSUES INVOLVED IN THIS CASE

Class certification is not appropriate to individual lawsuits because the kind of nationwide class remedy Plaintiffs seek would prevent other courts from considering the important issues involved in this case in the same way that a nationwide injunction would. In the context of considering nationwide injunctions, the Supreme Court has repeatedly emphasized the benefits of permitting percolation of important questions of law in multiple forums. *See Califano v. Yamasaki*, 442 U.S. 682, 702 (1979) (highlighting that nationwide injunctions "have a detrimental effect by foreclosing adjudication by a number of different courts and judges"); *see also Trump v. Hawaii*, 138 S. Ct. 2392, 2425 (2018) (Thomas, J., concurring) (explaining that universal injunctions "take a toll on the federal court system—preventing legal questions from percolating through the federal courts, encouraging forum shopping, and making every case a national emergency for the courts

[2] The class is also in flux because, every day, individuals are convicted of felonies or fall into the another prohibited categories, such as unlawful users of or persons addicted to any controlled substances.

and for the Executive Branch"); *Dep't of Homeland Sec. v. New York*, 140 S. Ct. 599, 600 (2020) (Gorsuch, J., concurring in the grant of stay) ("Equitable remedies, like remedies in general, are meant to redress the injuries sustained by a particular plaintiff in a particular lawsuit."); *Arizona v. Evans*, 514 U.S. 1, 23 n.1 (1995) (Ginsburg, J., dissenting) (recognizing "that when frontier legal problems are presented, periods of 'percolation' in, and diverse opinions from, state and federal appellate courts may yield a better informed and more enduring final pronouncement by this Court"); *CASA de Md., Inc. v. Trump*, 971 F.3d 220, 258–59 (4th Cir. 2020) ("[N]ationwide injunctions are incompatible with the well-recognized bar against litigants raising the rights of others."), *reh'g en banc granted*, 981 F.3d 311 (4th Cir. 2020) (mem.). There are already other cases pending in different courts addressing challenges to the same federal laws at issue in this case, *see Brown*, No. 1:22-cv-80 (N.D. W. Va.); *Reese*, 2022 WL 17859138, at *2 (currently on appeal). If this Court enters nationwide, class-wide relief, it would not only interfere with these pending cases, but it would also prevent other districts and circuits from considering the same issues and allowing the arguments on each side to percolate prior to potential Supreme Court review.

In *CASA de Maryland*, the Fourth Circuit recognized that the practice of courts issuing nationwide injunctions conflicts with Congress's prescribed procedure under Rule 23(b)(2) for an injunction protecting a group of litigants that share a common interest. *CASA de Md.*, 971 F.3d at 259; *see also id.* ("[C]lass actions are the appropriate way to resolve the *small* subset of cases in which an injunction protecting only the plaintiff could prove too narrow." (emphasis added)). "Only those who can satisfy the rigorous requirements Congress imposed for class certification are eligible to avail themselves of Rule 23 injunctions." *Id.*; *see also* Bray, *Multiple Chancellors: Reforming the National Injunction*, 131 Harv. L. Rev. 417, 471–72 (2017) (cited in *Dep't of*

*Homeland Sec.*, 140 S. Ct. at 600 (Gorsuch, J., concurring in the grant of stay)); Morley, *De Facto Class Actions? Plaintiff- and Defendant-Oriented Injunctions in Voting Rights, Election Law, and Other Constitutional Cases*, 38 Harv. J.L. & Pub. Pol'y 487, 523–27 (2016) (cited in *Dep't of Homeland Sec.*, 140 S. Ct. at 600 (Gorsuch, J., concurring in the grant of stay)).

Here, such certification is not appropriate because even under Rule 23(b)(2), certification of a nationwide class would ignore differences in state laws regarding the sale and possession of firearms by individuals under the age of 21 and the interactions between those laws and the federal laws at issue here. *See supra* Part III; *see also supra* Part II (demonstrating Plaintiffs' inability to satisfy the Rule 23(a) requirements). And because the Court has already ruled in favor of Plaintiffs on the merits, granting class certification and class relief at this juncture would be more akin to granting a nationwide injunction than cases in which class certification is granted before a ruling on the merits. *See supra* Part I (discussing the rule against one-way intervention). In any event, "the Supreme Court has recognized[ that] it is generally 'preferable to allow several courts to pass on a given [issue] in order to gain the benefit of adjudication by different courts in different factual contexts.'" *CASA de Md.*, 971 F.3d at 260 (quoting *Califano*, 442 U.S. at 702). "And the value of percolation is at its apex where, as here, 'a regulatory challenge involves important or difficult questions of law.'" *Id.* (quoting *Los Angeles Haven Hospice, Inc. v. Sebelius*, 638 F.3d 644, 664 (9th Cir. 2011)). Certification in this case of a class beyond the named Plaintiffs, and certainly beyond the Commonwealth of Virginia, would deprive other courts the opportunity to consider these difficult questions.

Legal scholars agree that, although nationwide injunctions *may* be entered if the Rule 23(b) standard for certification is satisfied, courts should be wary of doing so in most instances. As Professor Morley writes, "nationwide classes should be certified, and nationwide injunctions

granted, in constitutional and statutory challenges to federal statutes, regulations, and other policies—if at all—only under certain narrow circumstances." Morley, *Nationwide Injunctions, Rule 23(b)(2), and the Remedial Powers of the Lower Courts*, 97 B.U. L. Rev. 615, 620 (2017) (cited in *Hawaii*, 138 S. Ct. at 2429 (Thomas, J., concurring)). "Our judicial system is structured to prevent a district court's legal and constitutional rulings from having nationwide effect as a matter of stare decisis," Morely notes, and "Rule 23(b)(2) is far too insubstantial to constitute a reason for departing from that baseline and allowing a single judge to adjudicate the claims of all right holders throughout the nation in a single, bet-the-farm proceeding." *Id.* at 634. "When a district court certifies a nationwide class, however, it assumes the power to issue binding judgments and injunctions concerning people outside the scope of its geographic jurisdiction." *Id.* at 640. Morley argues that nationwide classes and injunctions

> are appropriate, in light of the concerns set forth in [*United States v. Mendoza*, 464 U.S. 154 (1984), [only] where: Supreme Court precedent (without intermediating circuit-level precedents) directly renders the challenged legal provision indisputably invalid or otherwise conclusively resolves the legal issue; the plaintiff seeks to enforce an indivisible right or contends that the challenged provision is unduly burdensome; or the entity that enacted the provision at issue would not have intended for it to continue being applied if certain people had to be exempted from it.

*Id.* at 646.[3] None of these special circumstances apply in this case.

[3] Here, "indivisible" rights are rights in which "it is impossible to grant relief just to a single plaintiff without effectively granting relief to all other affected right holders," such as "the right to a desegregated school system or legislative districts of equal population size." *Id.* at 657 n.184.

## V. IF THE COURT DENIES CLASS CERTIFICATION, IT SHOULD LIMIT RELIEF TO A DECLARATORY JUDGMENT WITH RESPECT TO NAMED PLAINTIFFS ONLY

The Court has also asked the parties to "specify the injunctive and declaratory" relief that it should grant "if the motion for class certification is denied." ECF No. 68, at 2. Plaintiffs concede that they are not seeking a nationwide injunction absent class certification, Mem. at 13, and their proposed order indicates that they agree any injunction would be limited to the named Plaintiffs, ECF No. 69-1, at 1. For the reasons explained in Defendants' previous briefing, *see* Mot. for Entry of Judgment in a Separate Order, ECF No. 53; Opp'n to Mot. for Declaratory Judgment & Injunction, ECF No. 62, the Court should limit relief to a declaratory judgment only with respect to the named Plaintiffs. To that end, Defendants respectfully refer the Court to the attached proposed order. In asking the Court to enter a declaratory judgment in favor of Plaintiffs, Defendants do not concede that the order granting Plaintiffs' motion for summary judgment is correct, nor do Defendants concede any arguments on the merits of Plaintiffs' claim. Defendants hereby reserve the right to appeal the Court's order entering summary judgment for Plaintiffs. In the event that the Court enters an injunction, the Court should stay the injunction pending appeal. *See* Mot. for a Stay of Injunction Pending Appeal, ECF No. 63.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion should be denied.

Dated: July 28, 2023

Respectfully submitted,

JESSICA D. ABER
UNITED STATES ATTORNEY

By: /s/ *Jonathan H. Hambrick*
Jonathan H. Hambrick
VSB No. 37590
Office of the United States Attorney
600 East Main Street, Suite 1800
Richmond, Virginia 23219
(804) 819-5400 (phone)
(804) 819-7417 (fax)
jay.h.hambrick@usdoj.gov

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

LESLEY FARBY
Assistant Branch Director

MICHAEL P. CLENDENEN
(D.C. Bar No. 1660091)
Trial Attorney
DANIEL RIESS
Senior Counsel
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
Tel: (202) 305-0693
Fax: (202) 616-8460
michael.p.clendenen@usdoj.gov

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of July 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Elliott Harding, Esquire
Harding Counsel, PLLC
608 Elizabeth Avenue
Charlottesville, VA 22901

/s/ *Jonathan H. Hambrick*

Jonathan H. Hambrick
VSB No. 37590
Attorney for the Defendants
Office of the United States Attorney
919 East Main Street, Suite 1900
Richmond, Virginia 23219
Telephone: (804) 819-5400
Facsimile: (804) 771-2316
Email: jay.h.hambrick@usdoj.gov