IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JOHN COREY FRASER, et al., on behalf
of themselves and all others
similarly situated as a Class,
    Plaintiffs,

v.                            No. 3:22-cv-00410

BUREAU OF ALCOHOL, TOBACCO,
FIREARMS AND EXPLOSIVES, et al.,
    Defendants.

## MEMORANDUM OPINION

This matter is before the Court on PLAINTIFFS' AND PROPOSED PLAINTIFF'S MOTION TO ADD JUSTIN FRASER AS PLAINTIFF OR GRANT INTERVENTION ("the MOTION") (ECF No. 50). Having considered the MOTION, the supporting, opposing, and reply briefs (ECF Nos. 51, 60, 65), and, for the reasons set forth below, PLAINTIFFS' AND PROPOSED PLAINTIFF'S MOTION TO ADD JUSTIN FRASER AS PLAINTIFF OR GRANT INTERVENTION (ECF No. 50) will be granted, in part and denied without prejudice in part, as moot.

## BACKGROUND

This case is a constitutional challenge under the Second Amendment to an interlocking collection of federal statutes and regulations that prevent 18-to-20-year-olds from purchasing

1

handguns from federally-licensed firearms dealers ("FFLs"). MEMORANDUM OPINION at 4 (ECF No. 47). Plaintiffs are all men over the age of 18 but under the age of 21. Id. at 2; see also FIRST AMENDED COMPLAINT ("FAC") at ¶¶ 41-44 (ECF No. 18). Aside from their age, they are all otherwise qualified to purchase handguns. FAC ¶ 49.

Plaintiffs originally filed this action in June 2022 and then filed the FAC in November of that year. MEMORANDUM OPINION at 3. In November 2022, the Government filed DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT ("Motion to Dismiss") (ECF No. 21) and, in December 2022, Plaintiffs filed PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ("Motion for Summary Judgment") (ECF No. 28). The Court held oral argument on the two motions on February 8, 2023. Minute Entry 2/8/2023 (ECF No. 37). On May 10, 2023, the Court entered an ORDER (ECF No. 48) and accompanying MEMORANDUM OPINION (ECF No. 47) denying the Motion to Dismiss and granting the Motion for Summary Judgment. In the MEMORANDUM OPINION, the Court concluded that, in accordance with the Supreme Court's opinion in N.Y. State Rifle & Pistol Associations, Inc. v. Bruen, 142 S.Ct. 2111 (2021), "[b]ecause the statutes and regulations in question are not consistent with our Nation's history and tradition, they, therefore, cannot stand." MEMORANDUM OPINION at 65.

2

The parties were then directed to meet and confer on how best to proceed in this matter. MAY 10, 2023 ORDER (ECF No. 49). Unfortunately, the parties filed a joint status report informing the Court that they "do not agree on how to proceed." JOINT REPORT ON CLASS CERTIFICATION at 2 (ECF No. 52). Thereafter, the Plaintiffs filed the MOTION.[1] The facts and legal contentions are adequately presented in the materials before the Court and oral argument would not aid the decisional process.

## DISCUSSION

Justin Timothy Fraser ("Justin Fraser") is an 18-year-old Virginia resident. [PROPOSED] COMPLAINT ("Proposed Complaint") ¶ 39 (ECF No. 50-1). He is the younger brother of named Plaintiff John Corey Fraser ("John Fraser"). Id. at ¶ 43. It is alleged that Justin Fraser "is a law-abiding, responsible adult citizen who is otherwise qualified to own a handgun and, but for the laws at issue, he would purchase a new handgun and handgun ammunition from a federally-licensed firearms dealer." Id. at ¶ 42. The Government

---

[1] On May 18, 2023 the Government filed DEFENDANTS' MOTION FOR ENTRY OF JUDGMENT IN A SEPARATE ORDER (ECF No. 53). On May 22, 2023 Plaintiffs filed PLAINTIFFS' MOTION FOR CLASS CERTIFICATION (ECF No. 56) and PLAINTIFFS' MOTION FOR DECLARATORY JUDGMENT AND INJUNCTION (ECF No. 57). And, on June 2, 2023, the Government filed DEFENDANTS' MOTION FOR A STAY OF INJUNCTION PENDING APPEAL (ECF No. 63). Having reviewed the parties' original briefing, the Court ORDERED the parties to file amended briefs addressing PLAINTIFFS' MOTION FOR CLASS CERTIFICATION. JULY 7, 2023 ORDER (ECF No. 68). That amended briefing has also been filed. These motions will be addressed in separate opinions and orders.

does not contend otherwise.

Justin Fraser asks to be added as a party plaintiff pursuant to Fed. R. Civ. P. 21 or, in the alternative, to be allowed to intervene as a plaintiff under Fed. R. Civ. P. 24(a) or (b).[2] The Government opposes the MOTION arguing that it was untimely filed and that it is an improper attempt at post-judgment intervention.[3] In addition, the Government asserts that it would be prejudiced if intervention were permitted under Fed. R. Civ. P. 24. Id. at 6. It asserts the same argument in opposing the request to be added as a party under Fed. R. Civ. P. 21, which is, according to the Government, "just another way of asking for permissive intervention." Id. at 9.

*Rule 21*

Fed. R. Civ. P. 21 provides that, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." The rule was adopted to eliminate inflexible rules of joinder borne of formalistic procedures long ago abandoned by the federal courts. 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure, § 1681 (3d ed.) (April 2023). The rule

---

[2] BRIEF IN SUPPORT OF PLAINTIFFS' AND PROPOSED PLAINTIFF'S MOTION TO ADD JUSTIN FRASER OR, IN THE ALTERNATIVE, GRANT HIS INTERVENTION ("Br. in Supp. of Intervention") at 2, 4, & 7 (ECF No. 51).

[3] DEFENDANTS' OPPOSITION TO PLAINTIFFS' AND PROPOSED PLAINTIFFS' MOTION TO ADD JUSTIN FRASER AS PLAINTIFF OR GRANT INTERVENTION ("Opp. to Motion to Intervene") at 2, 5 (ECF No. 60).

allows cases to be adjudicated on the merits and, by conditioning joinder on "just terms," it protects adverse parties from prejudice.

It can be used, for example, to preserve jurisdiction or to cure venue defects. 7 Wright, Miller, & Kane, Federal Practice and Procedure, § 1682. In so doing, the rule fosters judicial efficiency and facilitates adjudication of cases on their merits.

The Government does not address the merits of Justin Fraser's proposed request to be added as a party plaintiff under Rule 21. Instead, the Government argues, in conclusory fashion, that the Rule 21 aspect of the MOTION is "just another way of asking for permissive intervention." Opp. to Motion to Intervene at 9. However, the Government does make the conclusory contention that it will be prejudiced if Justin Fraser is added as a party "by allowing a litigant to reap the benefits of the Court's summary judgment ruling without having to assume the risks of litigation." Id. at 9. However, the Government does not explain what perceived risks will be avoided or how the Government will be prejudiced.

Considering that the stated reason for joinder of Justin Fraser as a party plaintiff is to assure that the case will not become moot on appeal (as did the kindred case of Hirschfeld v. Bureau of Alcohol, Firearms, & Tobacco, 5 F.4th 407 (4th Cir. 2021), vacated as moot by, 14 F.4th 322 (4th Cir. 2021)), the

5

Government's claim of prejudice warrants no credence. In this case, the Government has represented that it plans to appeal the final order to be issued in this case. And, it is not unlikely that the losing side on appeal will seek review by the Supreme Court of the United States. Given the time that the appellate process likely will take, it is entirely possible that the presently named Plaintiffs could age out while the appellate process is underway. If that were to occur, the case could be dismissed as moot, and a new case would be filed challenging the statute and rules that are the subject of the decisions presented, briefed, argued, and decided here. Allowing Justin Fraser to be added as a party now will preserve jurisdiction during the appellate process and will conserve judicial resources and contribute to judicial efficiency.

That result is especially appropriate because both parties brought the resolution of the case forward at the earliest possible movement by filing dispositive motions. Both were charged with knowledge that a decision on the other side's motion could end the case before the district court. In that circumstance and considering the fate of Hirschfeld, the Government's objection to add Justin Fraser as a party to preserve jurisdiction during the appellate process is without merit.

Of course, Justin Fraser will be bound by the current record, the positions taken in the Plaintiffs' briefs and oral arguments, and the decisions issued in this case. That will protect the Government from prejudice.

*Rule 24*

Under Fed. R. Civ. P. 24(b), "anyone" may intervene who submits a "timely motion" and "is given a conditional right to intervene by a federal statute" or "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

*Timeliness*

"[T]imeliness is a cardinal consideration of whether to permit intervention," Houston Gen. Ins. Co. v. Moore, 193 F.3d 838, 839 (4th Cir. 1999) (quotation marks and citation omitted), and "is to be determined from all the circumstances" of the case, NAACP v. New York, 413 U.S. 345, 365-66 (1973). The Fourth Circuit has articulated three factors to consider in assessing timeliness: "<u>first, how far the underlying suit has progressed; second, the prejudice</u> any resulting delay might cause the other parties; and third, <u>why the movant was tardy</u> in filing its motion." Alt v. EPA,

7

758 F.3d 588, 591 (4th Cir. 2014) (emphasis added); see also NAACP, 413 U.S. at 365-66 ("the point to which the suit has progressed" is but one factor to consider). The purpose of the timeliness requirement "is to prevent a tardy intervenor from derailing a lawsuit within sight of the terminal." Alt, 758 F.3d at 591 (quotation marks and citation omitted).

Timeliness is a relative concept that necessitates a factual inquiry. In this case, both parties immediately filed dispositive motions. It is true that the Court has already ruled on, and granted, the Motion for Summary Judgment (ECF No. 28) and denied the Motion to Dismiss (ECF No. 21). "There is considerable reluctance on the part of the courts to allow intervention after the action has gone to judgment and a strong showing will be required of the applicant." Houston General Ins. Co., 193 F.3d at 840 (quoting 7C Wright, Miller, & Kane, Federal Practice and Procedure: Civil 2d., § 1916, at 444-45 (West 1986) (footnotes omitted)). But, even the "entry of final judgment" in a case "is not an absolute bar to filing a motion to intervene." Id.

In this case, granting the Motion to Intervene will not derail the case or cause any delays. Discovery was neither taken nor needed in this case nor will any need to be taken as to Justin Fraser. That is because this case presents a facial challenge to a federal statute and regulations; and resolution of the dispute

8

turned on a purely legal question. The Government will not be required to expend any "extra effort" if Justin Fraser is added to the case. Alt, 758 F.3d at 591. Thus, the Government will not be prejudiced in any way.

Finally, Justin Fraser had good reason to delay filing his motion to intervene. When the case was filed, Justin Fraser was seventeen and he remained seventeen through the date of oral argument on the Motion for Summary Judgment.[4] Thus, he had no standing to challenge the handgun prohibition as to 18-to-20-years-olds. See Lujan v. Defs. of Wildlife, 504 U.S. 555, 560-61 (1992) (requiring plaintiffs to "have suffered an injury in fact" before bringing suit). Justin Fraser turned eighteen on April 27, 2023, only a few weeks before to the Court's May 10, 2023 ORDER and accompanying MEMORANDUM OPINION granting summary judgment in favor of the Plaintiffs. Reply to Motion to Intervene at 6. The passage of time between his birthday and the filling of the request to intervene was not long and the Government's timeliness argument is of little weight, if not frivolous. Thus, the Motion to Intervene is timely.

---

[4] PLAINTIFFS' AND MOVANT'S REPLY TO DEFENDANTS' RESPONSE IN OPPOSITION TO MOTION TO INTERVENTION ("Reply to Motion to Intervene") at 6 (ECF No. 65).

9

### *Common Question of Law or Fact*

Justin Fraser's case is no different than that of his brother and the three other named Plaintiffs. He presents the same questions of law based on the same undisputed fact pattern. Justin Fraser proceeds on the same grounds-both on the merits and as to standing-as the named Plaintiffs.[5] Indeed, Justin Fraser's case is indistinguishable from that of the other Plaintiffs.

### *Undue Delay or Prejudice*

The Government claims that, if Justin Fraser is added to the litigation, "the scope of the remedy will be expanded beyond what the government expected when the Court issues its summary judgment ruling." Opp. to Motion to Intervene at 6. Furthermore, it claims that "allowing intervention in these circumstances would generally encourage potential litigants to sit back and wait while multiple lawsuits against the government play out, then jump in once a court rules for plaintiffs." Id.

Neither argument has merit. And, neither warrants a finding of undue delay or prejudice to the Government. First, the remedy that will ensue the Court's summary judgment ruling (an injunction

---

[5] Justin Fraser, like Joshua Clay McCoy, Tyler Dalton McGrath, and Ian Fletcher Shackley, wishes to buy a handgun but has not attempted to do so because of his "awareness of the laws at issue and the inevitable futility of such as exercise." FAC ¶ 53; [PROPOSED] COMPLAINT ¶ 46. John Fraser, on the other hand, did attempt to buy a handgun and was turned away by an FFL. FAC ¶¶ 50-51. All four Plaintiffs and Justin Fraser present identical arguments on the merits.

10

against enforcing the challenged regulations or a declaration that they are unconstitutional or both) would be the same whether Justin Fraser is or is not a party to the litigation. The "scope of the remedy" is thus unchanged.

Furthermore, the Government cannot plausibly claim that it did not understand the magnitude of this litigation or the potential injunctive consequences if the Plaintiffs prevailed. Plaintiffs made clear from the start that they were bringing a class action that presented a facial challenge to the laws and regulations.

The Government's second point, that allowing intervention would encourage gamesmanship, rings hollow. There is no evidence whatsoever to suggest that Justin Fraser or the Plaintiffs are engaging in gamesmanship. Instead, as Plaintiffs candidly admit, Justin Fraser's intervention is "to guard against this case becoming moot." Br. in Supp. of Motion to Intervene at 2. And there is good reason to do so. In a substantially similar case, the Fourth Circuit found the case moot when the named plaintiff turned 21 during the appellate process. See Hirschfeld, 14 F.4th 322, 325. In so ruling, the Fourth Circuit strongly indicated that, if a motion for intervention of additional plaintiffs between the ages of eighteen and twenty had been made before the named plaintiff's twenty-first birthday, the motion would have been

11

granted. Id. at 326. In this case, that motion has been timely made.

Neither of the Government's purported reasons arise to the level of prejudice.

## CONCLUSION

For the reasons set forth above, PLAINTIFFS' AND PROPOSED PLAINTIFF'S MOTION TO ADD JUSTIN FRASER AS PLAINTIFF OR GRANT INTERVENTION (ECF No. 50) will be granted in part and denied in part. The MOTION to add Justin Fraser a Plaintiff under Rule 21 will be granted. The alternate motion to allow Justin Fraser to intervene, although substantively meritorious, is procedurally no longer relevant because Justin Fraser will be added as a Plaintiff. Thus, the request for leave to intervene under Rule 24 will be denied as moot. The Clerk will be directed to change the caption of the case to add Justin Timothy Fraser as a Plaintiff. The style of all subsequent pleadings will bear the name of all Plaintiffs, including Justin Timothy Fraser.

It is SO ORDERED.

/s/ REP

Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: August 21, 2023

12