IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JOHN COREY FRASER, JOSHUA CLAY
MCCOY, TYLER DALTON MCGRATH,
IAN FLETCHER SHACKLEY, and
JUSTIN TIMOTHY FRASER, on behalf
of themselves and all others
similarly situated as a Class,
    Plaintiffs,

v.   No. 3:22-cv-410

BUREAU OF ALCOHOL, TOBACCO,
FIREARMS AND EXPLOSIVES, STEVEN
DETTELBACH, and MERRICK GARLAND,
    Defendants.

## MEMORANDUM OPINION

This matter is before the Court on DEFENDANTS' MOTION FOR A STAY OF INJUNCTION PENDING APPEAL (ECF No. 63). For the reasons set forth below, DEFENDANTS' MOTION FOR A STAY OF INJUNCTION PENDING APPEAL (ECF No. 63) will be granted.

## BACKGROUND

This case is a constitutional challenge under the Second Amendment to an interlocking collection of federal laws and regulations that prevent 18-to-21-year-olds from purchasing handguns from federally-licensed firearms dealers ("FFLs"). MEMORANDUM OPINION at 4 (ECF No. 47). Plaintiffs are all men over the age of 18 but under the age of 21. Id. at 2; see also First

1

Amended Complaint ("FAC") at ¶¶ 41-44 (ECF No. 18). Aside from their age, they are all otherwise qualified to purchase handguns. FAC ¶ 49. That is not disputed.

Plaintiffs originally filed suit in June 2022 and filed their FIRST AMENDED COMPLAINT in November of that year. MEMORANDUM OPINION at 3. In November 2022, the Government filed DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT ("Motion to Dismiss") (ECF No. 21) and, in December 2022, Plaintiffs filed PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ("Motion for Summary Judgment") (ECF No. 28). The Court held oral argument on the two motions on February 8, 2023. Minute Entry 2/8/2023 (ECF No. 37). On May 10, 2023, the Court entered an ORDER (ECF No. 48) and accompanying MEMORANDUM OPINION (ECF No. 47) denying the Government's Motion to Dismiss and granting the Plaintiffs' Motion for Summary Judgment. In the Memorandum Opinion, applying to mode of analysis specified in New York State Rifle & Pistol Associations, Inc. v. Bruen, 142 S.Ct. 2111 (2021), the Court concluded that, "[b]ecause the statutes and regulations in question are not consistent with our Nation's history and tradition, they, therefore, cannot stand." MEMORANDUM OPINION at 65.

The Court ordered the parties to meet and confer on how best to proceed in this matter. MAY 10, 2023 ORDER (ECF No. 49). The

2

parties filed a joint status report informing the Court that they "do not agree on how to proceed." JOINT REPORT ON CLASS CERTIFICATION at 2 (ECF No. 52). On June 2, 2023, the Government filed DEFENDANTS' MOTION FOR A STAY OF INJUNCTION PENDING APPEAL ("Motion for Stay") (ECF No. 63).[1]

The Court granted PLAINTIFFS' MOTION FOR DECLARATORY JUDGMENT AND INJUNCTION ("Motion for Declaratory Judgment & Injunction") (ECF No. 57), denied DEFENDANTS' MOTION FOR ENTRY OF JUDGMENT IN A SEPARATE ORDER (ECF No. 53), imposed an injunction and granted declaratory relief on August 30, 2023. See MEMORANDUM OPINION (ECF No. 79), August 30, 2023 ORDER (ECF No. 80), FINAL ORDER OF INJUNCTION (ECF No. 81), FINAL ORDER OF DECLARATORY RELIEF (ECF No. 82)

## DISCUSSION

The Government filed DEFENDANTS' MOTION FOR A STAY OF INJUNCTION PENDING APPEAL ("Motion for a Stay") (ECF No. 63). Plaintiffs have not filed any opposition to the Motion for a Stay.

---

[1] On May 18, 2023 Plaintiffs filed PLAINTIFFS' AND PROPOSED PLAINTIFF'S MOTION TO ADD JUSTIN FRASER AS PLAINTIFF OR GRANT INTERVENTION ("Motion for Intervention") (ECF No. 50) and the Government filed DEFENDANTS' MOTION FOR ENTRY OF JUDGMENT IN A SEPARATE ORDER (ECF No. 53). On May 22, 2023 Plaintiffs filed PLAINTIFFS' MOTION FOR CLASS CERTIFICATION ("Motion for Class Cert.") (ECF No. 56) and PLAINTIFFS' MOTION FOR DECLARATORY JUDGMENT AND INJUNCTION ("Motion for Declaratory Judgment & Injunction") (ECF No. 57). The Court granted Plaintiffs' Motion for Intervention. AUG. 24, 2023 ORDER (ECF No. 73) and MEMORANDUM OPINION (ECF No. 72).

3

The Court will thus treat this as an unopposed motion and will grant the Motion for a Stay. Even if it were opposed, the Court finds compelling reasons to grant a stay.

Fed. R. Civ. P. 62(c) allows courts to stay injunctions pending appeals. As the Supreme Court of the United States explained, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). However, the granting of a stay pending appeal is "extraordinary relief." Personhuballah v. Alcorn, 155 F.Supp.3d 552, 558 (E.D.Va. 2016) (citation and quotation marks omitted).

When determining if a stay pending appeal is appropriate, courts consider the following factors:

> (1) whether the stay applicant has made <u>a strong showing that he is likely to succeed on the merits</u>; (2) whether the applicant will be <u>irreparably injured</u> absent a stay; (3) whether issuance of the stay will <u>substantially injure the other parties interested</u> in the proceeding; and (4) where the <u>public interest</u> lies.

Nken v. Holder, 129 S.Ct. 1749, 1761 (2009) (quoting Hilton v. Braunskill, 481 U.S. 770, 776 (1987)) (emphasis added); see also Coalition for TJ v. Fairfax Cnty. Sch. Bd., No. 22-1280, 2022 WL 986994, at *1 (4th Cir. March 31, 2022) (citing Nken, 129 S.Ct.

4

1749); Long v. Robinson, 422 F.2d 977, 979 (4th Cir. 1970).[2] These "factors contemplate individualized judgments in each case" and "the formula cannot be reduced to a set of rigid rules." Hilton, 481 U.S. at 777.

**Likely to Succeed on the Merits**

The first factor to consider is "whether the stay applicant has made a strong showing that he is likely to succeed on the merits." This standard "does not require the trial court to change its mind or conclude that its determination on the merits was erroneous." United States v. Fourteen Various Firearms, 897 F.Supp. 271, 273 (E.D.Va. 1995) (citation and quotation marks omitted). Instead, it requires that "the issues presented on appeal could be rationally resolved in favor of the party seeking the

---

[2] Despite the clear distillation of these four factors, there remains some uncertainty among district courts regarding "the precise standard in the Fourth Circuit" and the balancing of these factors. Does 1-5 v. Cooper, No. 1:13CV711, 2016 WL 10587195, at *1 (M.D.N.C. March 2, 2016); see also Kadel v. Folwell, 1:19CV272, 2022 WL 11166311, at *2 (M.D.N.C. Oct. 19, 2022); Rose v. Logan, No. RDB-13-3592, 2014 WL 3616380, at *1-2 (D. Md. July 21, 2014); Ohio Valley Enviro. Coalition, Inc. v. U.S. Army Corps of Engineers, 890 F.Supp.2d 688, 690 (S.D.W. Va. 2012). Some district courts "have applied a 'sliding-scale' approach to these factors, while others have required that all four factors be definitively met." Kadel, 2022 WL 11166311, at *2 (collecting cases). The Eastern District of Virginia, however, has consistently found that it is proper to balance these factors and the Court will do so here. United States v. Fourteen Various Firearms, 897 F.Supp. 271, 272 (E.D. Va. 1995) ("In applying the four standards, the Fourth Circuit has not specifically indicated that 'balancing' should be used but there is no reason to believe that such balancing is not appropriate") (quoting St. Agnes Hosp. v. Riddick, 751 F.Supp. 75, 76 (D. Md. 1990) (cleaned up); Project Vote/Voting for Am., Inc. v. Long, 275 F.R.D. 473, 474 (E.D. Va. 2011); see also 11 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure, § 2904 (3d ed.) (April 2023). ("a stay will be granted if the balance of equities favors this action").

5

stay." Id. The question, therefore, is whether "[r]easonable minds" could disagree on the correct outcome of the case. Worth v. Jacobson, No. 21-cv-1348, 2023 WL 3052730, at *2 (D. Minn. April 24, 2023).

In assessing this factor, "[m]any courts also take into account that the case raises substantial difficult or novel legal issues meriting a stay." 11 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure, § 2904 (3d ed.) (April 2023); Edelman v. Jordan, 414 U.S. 1301, 1302 (1973) (in chambers opinion of Circuit Justice Rehnquist) (granting a stay when the case posed a "substantial legal question"). Because this case is "one of first impression that touches on matters of substantial national importance," (i.e., the constitutionality of a federal statute) it is "certainly a 'substantial case on the merits.'" Project Vote/Voting for Am., Inc. v. Long, 275 F.R.D. 473, 474 (E.D. Va. 2011) (quoting Hilton v. Braunskill, 481 U.S. 770, 778 (1987)).

The questions posed by this litigation are not only substantial, they are also novel. This litigation posed the difficult question of the proper definition of "the people" in the Second Amendment and whether 18-to-21-year-olds fall within in it. In well-reasoned and thoughtful opinions, district courts have landed on both sides of that debate. MEMORANDUM OPINION at 27-30

(gathering cases). Of course, this Court adopted a definition that made it necessary to grapple with the contrary opinions of its sister courts. Indeed, another district court has ruled for the Government in a substantially similar case, which has been appealed. Reese v. ATF, No. 6:20-CV-01438, 2022 WL 17859138 (W.D. La. Dec. 21, 2022). So too did a panel of the Eleventh Circuit when it upheld a state statute imposing an age-based restriction on gun ownership. National Rifle Assoc. v. Bondi, 61 F.4th 1317 (11th Cir. 2023), vacated by granting rehearing en banc, 72 F.4th 1346 (11th Cir. 2023) (memorandum opinion). The simple fact that our sister courts have split of this question makes clear that reasonable minds can-and have-disagreed.

In deciding to grant summary judgment to Plaintiffs, the Court applied the standard newly articulated by the Supreme Court in Bruen. "Bruen marks a sea-change in Second Amendment law, throwing many prior precedents into question." MEMORANDUM OPINION at 15. The Fourth Circuit has not yet had the opportunity to apply the Bruen standard nor has it opined on the continued validity of its pre-Bruen precedents. The Supreme Court of the United States has also not yet had the opportunity to further clarify any part of its ruling. It has, however, recently granted certiorari on a Second Amendment case which may provide further clarity on the proper application of the test articulated in Bruen. United States

v. Rahimi, 61 F.4th 443 (5th Cir. 2023), cert. granted, No. 22-915, 2023 WL 4278450 (U.S. June 30, 2023) (No. 22-915).

In particular, as this Court has noted before, Bruen's requirement that courts conduct a historical inquiry poses many "challenges." MEMORANDUM OPINION at 40 n.20. As other courts have noted, the test for determining what is a proper "'historical analogy' . . . presents many questions without fully formed answers." Firearm Policy Coalition, Inc. v. McCraw, 623 F.Supp.3d 740, 757 (N.D. Tex. 2022). The Fourth Circuit has not yet opined on the proper application of this test. Thus, there remain some unresolved questions about the exact application of the Bruen analytical mode.

Other courts, including two district courts upon which this Court relied, have stayed their rulings in similar cases. MEMORANDUM OPINION at 30. In Worth, the District of Minnesota stayed it's ruling after making a finding that "this area of law is far from settled and the questions presented by this dispute are open to differing conclusions." 2023 WL 3052730, at *2. So too did the Northern District of Texas after finding that its "crystal ball" was "clouded" by the lack of Fifth Circuit precedent pertaining to the application of Bruen. Firearm Policy Coalition, 623 F.Supp.3d at 757.

In sum, this area of law is in flux. Courts around the nation

8

are grappling with how to apply <u>Bruen</u> and coming to conflicting results on substantially similar questions. And the Courts of Appeals are just now turning to the application of <u>Bruen</u>. All of the foregoing clearly counsels that the exercise of equitable authority calls for the granting of a stay of the injunction pending appeal.

**Irreparable Injury to the Government**

As explained in the MEMORANDUM OPINION awarding an injunction, ECF No. 79, the Government will suffer no harm from the enjoining of an unconstitutional law. <u>See</u> <u>Legend Night Club v. Miller</u>, 637 F.3d 291, 302-03 (4th Cir. 2011).

But, if this Court were to deny a stay of the injunction and thereafter its ruling were overturned by the Fourth Circuit or the Supreme Court, individuals whom Congress did not wish to purchase handguns could have purchased them in the meantime. It would be difficult, if not impossible, to then claw-back those purchased weapons. <u>See</u> <u>Edelman v. Jordan</u>, 414 U.S. 1301, 1302-03 (1973) (in chambers opinion of Circuit Justice Rehnquist) (<u>noting</u> the difficulties in recovering welfare funds if paid out and <u>granting</u> a stay). The Government furthermore would be placed in a difficult position of changing and then re-changing its guidance to FFLs and its processes, procedures, and forms, causing significant confusion for law enforcement officers, retailers, and citizens.

This confusion could hamper the Government's ability to effectively engage in law enforcement, thus jeopardizing public safety interests. See Maryland v. King, 133 S.Ct. 1, 2 (2012) (Roberts, C.J. in chambers). This factor supports a stay.

**Substantial Injury to Plaintiffs**

As to the third factor ("whether issuance of the stay will substantially injure the other parties interested in the proceeding"), Nken v. Holder, 129 S.Ct. 1749, 1761 (2009), Plaintiffs certainly have a strong interest in exercising their constitutional rights and the stay will delay the date on which they may do so. This is an injury, but, as Plaintiffs implicitly acknowledge by not filing a response, they do not assert that they will be "substantially injure[d]" by this delay. Moreover, the parties will no doubt urge the Court of Appeals to expedite the forthcoming appeal so that there will be no recurrence of Hirschfeld v. Bureau of Alcohol, Firearms, & Tobacco, 5 F.4th 407 (4th Cir. 2021), vacated as moot by, 14 F.4th 322 (4th Cir. 2021).

## CONCLUSION

For the reasons set forth above and balancing all the factors,[3] a stay of the FINAL ORDER OF INJUNCTION (ECF No. 81) and the FINAL ORDER OF DECLARATORY RELIEF (ECF No. 82) pending appeal

---

[3] Long v. Robinson, 422 F.2d 977, 979 (1970).

10

is appropriate, and the DEFENDANTS' MOTION FOR A STAY OF INJUNCTION PENDING APPEAL (ECF No. 63) will be granted.

It is SO ORDERED.

/s/ REP

Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: August 30, 2023

11