IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| JOHN COREY FRASER;<br>JOSHUA MCCOY;<br>TYLER MCGRATH;<br>IAN SHACKLEY; and<br>JUSTIN FRASER;<br>on behalf of themselves and the Class of similarly situated individuals<br><br>*Plaintiffs*,<br><br>v.<br><br>BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES;<br>STEVEN DETTELBACH, in his official capacity as Acting Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives;<br>MERRICK GARLAND, in his official capacity as Attorney General of the United States<br><br>*Defendants* | Case No. 3:22-cv-410<br><br><br><br>CLASS ACTION |

### MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DESIGNATE LEAD COUNSEL FOR CLASS ACTION

NOW COME, the Plaintiffs, by and through counsel, and respectfully move pursuant to Fed. R. Civ. P. 23(g) to appoint the undersigned, Mr. Elliott M. Harding, Esq., as lead Class counsel for this action. In furtherance of their Motion, the Plaintiffs state the following:

### Legal Standard

On August 30, 2023, this Court granted the Plaintiffs' motion for Class certification, ECF Doc. 78, and is now in a position to appoint Class counsel per Rule 23(g). Pursuant to Fed. R. Civ. P. 23(g)(2), "[w]hen one applicant seeks appointment as class counsel, the court may appoint that applicant only if the applicant is adequate under Rule 23(g)(1) and (4)." The undersigned remains the only applicant seeking appointment as class counsel in this matter, therefore the Court may

grant the Plaintiffs' motion after finding that the undersigned is adequate pursuant to Rule 23(g)(1) and (4). Rule 23(g)(1)(A) requires the Court to consider (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class.

Additionally, the Court may "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class," Rule 23(g)(1)(B), "order potential class counsel to provide information on any subject pertinent to the appointment and to propose terms for attorney's fees and nontaxable costs," Rule 23(g)(1)(C), "include in the appointing order provisions about the award of attorney's fees or nontaxable costs under Rule 23(h)," Rule 23(g)(1)(D), and "may make further orders in connection with the appointment." Rule 23(g)(1)(E). Finally, Rule 23(g)(4) requires that "Class counsel must fairly and adequately represent the interests of the class." For the foregoing reasons, the Plaintiffs respectfully argue that the undersigned qualifies for appointment in this matter.

## Argument

I. **The Applicant Satisfies The Requisite Factors of Rule 23(g)(1)(A)(i)-(iv) and 23(g)(4).**

   A. **The work counsel has done in identifying or investigating potential claims in the action.**

The undersigned has zealously and fully litigated the legal issues presented in this suit throughout the course of litigation before this Court, as well in a similar suit presenting the same claims before the Western District of Virginia and then successfully on appeal before the Fourth Circuit. *See, e.g.*, *Hirschfeld v. BATFE*, 5 F.4th 407, 2021 U.S. App. LEXIS 20705, 2021 WL

2934468 (4th Cir. 2021). He respectfully posits that he is as-familiar, if not more-so, with the all of the available arguments and law in favor of the Class and their claims than any other counsel who is actively presenting similar claims anywhere in the United States.

### B. Counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action.

The undersigned has handled complex civil rights litigation that required managing over twenty active individual plaintiffs in the same suit, albeit not in a certified class action. Specifically, he was lead counsel in federal litigation involving a significant number of Plaintiffs in this division and can accommodate any of the requisite actions necessary to inform the Class of suit as the Court deems necessary. *See, e.g., Whorley, et al, v. Northam, et al*, Case No. 3:20-cv-255 (E.D.VA 2020) (representing 27 inmate plaintiffs from multiple facilities throughout the Commonwealth of Virginia in their 42 U.S.C. § 1983 suit seeking statewide injunctive relief from the Virginia Department of Corrections during the COVID-19 pandemic and settling the dispute with the Commonwealth via court supervised mediation process). Because this action presents a purely legal question and thereby reduces the likelihood of complication due to any factual differences concerning individual members of the Class, the undersigned respectfully argues that types of claims asserted in this matter negate a heightened experiential requirement of managing certified Class actions.

### C. Counsel's knowledge of the applicable law.

For the similar reasons that the undersigned should satisfy the requisite standards for Rule 23(g)(1)(A)(i), Plaintiffs believe that the undersigned has proven well-versed in the applicable law of this case. He has litigated the underlying issue for the last five years, having initially filed suit in 2018 in a similar matter in *Hirschfeld v. BATFE*, Case No. 3:18-cv-00103 (W.D. Va. Charlottesville Division) and then represented those Plaintiffs successfully on appeal before the

Fourth Circuit and now these Plaintiffs before this Court. The arguments presented have changed over the passage of time due to intervening decisions from the Supreme Court of the United States and the undersigned remains abreast of all similar cases pending throughout the nation. As a result, the Plaintiffs respectfully believe that the undersigned is satisfactorily knowledgeable of the applicable law in this suit.

### D. The resources that counsel will commit to representing the class.

To date, the undersigned has fronted all costs associated with the course of litigating these matters before this Court, as well as those costs associated with similar litigation before the Western District of Virginia in *Hirschfeld v. BATFE*, Case No. 3:18-cv-00103 (W.D. Va. Charlottesville Division) and the Fourth Circuit in *Hirschfeld v. BATFE*, Case No. 19-2250 (4th Cir.). Insofar as additional resources may be required for future costs of litigation on appeal, the undersigned remains in a position to adequately provide whatever may be necessary, including those notice requirements for such Class. Due to the nature of this nationwide matter, and as this Court noted in its Memorandum Opinion granting Class certification, notice is only required in this suit in the case of settlement or request for attorney's fees and therefore this matter does not present heightened costs or atypical case management. Such notice may be satisfied in such a matter via "appropriate media publication with a national reach" and the undersigned remains in a position to handle such costs should they prove necessary. Because this Class was certified pursuant to Rule 23(b)(2), it remains within this Court's discretion as to whether any additional notice is required and it does not appear as if such notice would be necessary or appropriate in the suit. *See* Rule 23(c)(2)(A).

### E. The applicant will fairly and adequately represent the interests of the class.

Having remained steadfast in pursuit of justice for individuals who fall within the certified Class, and now in pursuit of this Class as a whole, the Plaintiffs believe that the applicant has proven that he will fairly and adequately represent their interests and those of the Class as a whole. Therefore, they believe that the applicant satisfies the requisite factor of Rule 23(g)(4).

## Conclusion

WHEREFORE, the Plaintiffs respectfully request for this honorable Court to GRANT their motion pursuant to Fed. R. Civ. P. 23(g) and ORDER that Mr. Elliott M. Harding, Esq. be appointed as lead counsel on behalf of the Class.

Respectfully submitted,

_____/s_____
Elliott M. Harding
*Counsel for the Plaintiffs*
Harding Counsel, PLLC
1260 Clifden Greene,
Charlottesville, VA 22901
P: 434-962-8465
E: Elliott@HardingCounsel.com

## CERTIFICATE OF SERVICE

On August 31, 2023, I electronically submitted the foregoing document with the clerk of court for the United States District Court for the Eastern District of Virginia using the electronic case filing system of the court. I hereby certify that I have served all counsel of record electronically.

Respectfully submitted,

_____/s_____
Elliott M. Harding
*Counsel for the Plaintiffs*
Harding Counsel, PLLC
1260 Clifden Greene,
Charlottesville, VA 22901
P: 434-962-8465
E: Elliott@HardingCounsel.com