IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| JOHN COREY FRASER; ) | |
| JOSHUA MCCOY; ) | |
| TYLER MCGRATH; ) | |
| IAN SHACKLEY; and ) | |
| JUSTIN FRASER; ) | |
| on behalf of themselves and the Class of similarly ) | |
| situated individuals ) | |
| ) | |
| *Plaintiffs*, ) | Case No. 3:22-cv-410 |
| ) | |
| v. ) | |
| ) | |
| BUREAU OF ALCOHOL, ) | |
| TOBACCO, FIREARMS ) | CLASS ACTION |
| AND EXPLOSIVES, et al. ) | |
| | |
| *Defendants* | |

**MEMORANDUM OF LAW IN SUPPORT OF CLASS COUNSEL'S APPLICATION FOR AN AWARD OF ATTORNEY'S FEES AND EXPENSES**

COMES NOW, Elliott M. Harding, Esq., as counsel for the named plaintiffs and as appointed counsel on behalf of the certified Class, and respectfully submits this memorandum in support of his application for an award of attorney's fees and expenses.

I.   **Introduction and Standard.**

Class counsel achieved a significant benefit on behalf of the Class by prevailing in this case. Pursuant to 28 U.S.C. § 2412, or the Equal Access to Justice Act ("EAJA"), the prevailing party in a civil action against the United States is entitled to attorney's fees upon timely petition if the government's position was not "substantially justified" and no special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A); *Crawford v. Sullivan,* 935 F.2d 655, 656 (4th Cir.1991). The fee application must be supported by an itemized statement. 28 U.S.C.

1

§ 2412(d)(1)(B). Attorney's fees and expenses under the EAJA must also be reasonable. *Mitchum v. Ashtrue,* 586 F. Supp. 2d 424, 425 (D.S.C. 2007) (citing 28 U.S.C. § 2412(b), (d)(2)(A)).

It is within the discretion of the district court to determine a reasonable fee award. *See* 28 U.S.C. § 2412(b); *May v. Sullivan,* 936 F.2d 176, 177 (4th Cir. 1991). "Exorbitant, unfounded, or procedurally defective fee applications . . . are matters that the district court can recognize and discount." *Comm'r I.N.S. v. Jean,* 496 U.S. 154, 163 (1990). "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary . . . ." *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983) (considering an award under 42 U.S.C. § 1988).

**II.     The Defendant's Position Was Not Substantially Justified.**

Attorney's fees shall be awarded in this matter unless the Court finds "that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The Fourth Circuit provided guidance as to the standard for assessing whether the Government's position is substantially justified in *Roanoke River Basin Ass'n v. Hudson*, 991 F.2d 132 (4th Cir. 1993). In *Roanoke River Basin Ass'n*, the Court stated that the EAJA was enacted to address Congress' concerns with civil actions in which the government is litigating against private parties whose resources are substantially outweighed by those of the government. *Id*. at 138. Absent a potential right for reimbursement of litigation expenses, a private litigant might be coerced to agree to orders that represent an unreasonable exercise of government power and reflect an erroneous or inaccurate application of an agency rule of general application. *Id*. It was anticipated that, by providing a mechanism for leveling the playing field, not only would access by private litigants to the courts and administrative proceedings be facilitated, but also the public interest would be served by insuring, through a more balanced adversarial process, that only

2

reasonable governmental positions on policy and rules would be enforced. *Id.*; *Commissioner, INS v. Jean*, 496 U.S. 154, 163 n.11, 165 n.14 (1990). Moreover, it is clear that Congress intended to address governmental misconduct whether that conduct preceded litigation, compelling a private party to take legal action, or occurred in the context of an ongoing case through prosecution or defense of unreasonable positions. *See Thompson v. Sullivan*, 980 F.2d 280, 281-82 (4th Cir. 1992) (citing *Jean*, 496 U.S. at 158-60); *Crawford v. Sullivan*, 935 F.2d 655, 656-57 (4th Cir. 1991) (same). The inquiry should not be issue by issue, but focuses instead on whether the Government's position throughout the case was substantially justified. A wholistic review of this case shows that it was anything but substantially justified.

At every possible opportunity, the Government took unjustifiable positions and none of them were adopted by this Court. Less than one month after the Complaint was filed, the Supreme Court decided *N.Y. State Rifle & Pistol Assoc., Inc. v. Bruen*, 597 U.S. __, 142 S. Ct. 2111 (2022), yet the Government failed to conduct any internal review in light of the opinion or take any remedial action to affirmatively stop its implementation of the laws. Meanwhile, in the course of litigation, the Government failed to produce one citation to any regulation that was remotely similar or analogous from our nation's Founding to the laws at issue. This came after *Bruen* explicitly stated that such a showing is generally required to satisfy Second Amendment scrutiny. *Id*. at 597 U.S. __, __, 142 S. Ct. 2111, 2131–32 (2022). Then the Government proceeded to argue that the Plaintiffs lacked standing to bring their suit due to a provision in the laws at issue that otherwise allow parents to purchase a handgun for their adult child. This argument was advanced with no precedent or any similar doctrine concerning an adult citizen's exercise of a fundamental liberty being subject to parental participation. During oral argument, the Government suggested that the individual Plaintiffs and members of the Class did not, and do not, fall within the definition of the

3

People for purposes of the Second Amendment. This argument had no citation to authority and came after realizing that categories of citizens that would not have fit within such definition in 1791 are now fully protected by the Constitution. The Government then opposed class certification after having effectively waiving the issue altogether and inviting the expedited disposition of the case. In sum, the Government's general position may have been justifiable pre-*Bruen*, but it certainly is not at this time given the absolute lack of any Founding-era support for the position that it has and will continue to advance.

Arguably the most illustrative example of the Government's lack of "substantial justification" came after the Court issued its opinion granting summary judgment. In spite of the Court's decision, the Government chose to oppose the issuance of injunction altogether, even after the Court held that the laws at issue are unconstitutional and the Government knew that a stay could be levied pending appeal. This truly highlights the fact that the Defendants are unjustifiably determined to infringe on the civil liberties of millions of its citizens rather than protect those who it is meant to serve. The EAJA was created for this exact scenario, as it ultimately requires a "private Attorney General" to litigate against such an untenable and oppressive position by those in authority. *See, e.g., Red School House, Inc. v. Office of Economic Opportunity*, 386 F. Supp. 1177 (D. Minn. 1973) (finding basis for attorney's fees is that attorney acted as private attorney general in case so that attorney has effectuated strong congressional policy which has benefitted large class of people and necessity and financial burden of private enforcement are such as to make award essential). The exception to an award of attorney's fees does not apply and this petition should be granted. "When a plaintiff obtains an injunction that carries a 'systemic effect of importance' or serves a 'substantial public interest,' a substantial fee award may be

justified. *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 760 (2d Cir. 1998). This is such an injunction. *Id*.

    **III.**    **The Requested Attorney's Fees are Reasonable and Appropriate.**

        **A. The Lodestar Method Is The Appropriate Method of Awarding Attorney's Fees.**

Courts within the United States Court of Appeals for the Fourth Circuit may use two competing methods of calculation for attorneys' fees: the lodestar method or the percentage of recovery method. *Haney v. Genworth Life Ins. Co.*, 2023 U.S. Dist. LEXIS 26173 (E.D. Va. Feb. 15, 2023); *In re The Mills Corp. Sec. Litig.*, 265 F.R.D. 246, 260 (E.D. Va. 2009). The Court has discretion to use either method. *Grissom v. The Mills Corp.*, 549 F.3d 313, 320 (4th Cir. 2008). Because this case did not involve an award of damages, but only equitable relief, the lodestar method is appropriate. Under the lodestar method, the Fourth Circuit has held that "a proper calculation" of attorneys' fees requires three steps: (1) calculating a lodestar figure by multiplying the number of hours worked by a reasonable billing rate; (2) deducting fees for hours worked on unsuccessful and unrelated claims; and (3) awarding a percentage of the remaining amount, in consideration of "the degree of success enjoyed by the plaintiff." *In re Lumber Liquidators*, 27 F.4th 291, 300 (4th Cir. 2022) (quoting *McAfee v. Boczar*, 738 F.3d 81, 88 (4th Cir. 2013)). The undersigned has already eliminated any hours recorded for work on Justin Fraser's motion for class certification which was rendered moot when this Court granted certification later the same day. Aside from that motion, the Plaintiffs were successful in all of their motions and achieved the result and relief they desired from the outset of this case. Meanwhile, the Defendants' contested motions were overruled and therefore the Plaintiffs' efforts in responding in opposition to such motions must be considered necessary and merited as well.

5

### B. Class Counsel's Fee Request Is Fair and Reasonable Under Fourth Circuit Authority.

To determine reasonableness, the Court employs a seven-factor test that combines the Fifth Circuit's twelve-factor *Johnson* test and the Third Circuit's seven-factor *Gunter* test. *Id.*; *In re Genworth Fin. Sec. Litig.*, 210 F. Supp. 3d 837, 843 (E.D. Va. 2016).

#### 1. The Result Obtained for the Class Supports The Requested Fee.

The Plaintiffs were granted all the relief sought in this matter as well as class certification and a nationwide injunction. Absent one motion that was rendered moot due to class certification being granted in the interim, the Plaintiffs proved successful in obtaining a uniquely beneficial result for the Class and therefore this factor must support reasonableness of the fee requested.

#### 2. The Endorsement of Named Plaintiffs Support the Requested Fee.

Given that this case does not involve financial damages and was certified pursuant to Rule 23(b)(2), which does not require notice or afford objections to class members, there is no avenue by which plaintiffs or the Class would oppose the petition for fees. Nevertheless, the named Plaintiffs all sought attorney's fees via 28 U.S.C. § 2412 in the original Complaint as well as both Amended Complaints. Therefore, this factor should also weigh slightly in favor of reasonableness.

#### 3. The Skill and Efficiency of Class Counsel Support The Requested Fee.

The undersigned is a solo-practitioner who has handled criminal and civil rights litigation in federal and state courts. He has successfully litigated constitutional claims and civil rights litigation concerning the First, Second, Fourth, Fifth, Eighth, and Fourteenth Amendments. He is uniquely qualified in this matter due to having previously argued the merits of a related matter before the United States Court of Appeals for the Fourth Circuit, *Hirschfeld, et al. v. BATFE, et al.*, 5 F.4th 407 (4th Cir. 2021). Having litigated the *Hirschfeld* case, counsel moved as efficiently

as possible to avoid mootness concerns and achieve a decision on the merits. As a result, this factor should weigh in favor of reasonableness.

### 4. The Complexity of the Litigation Supports The Requested Fee.

This case concerns foundational constitutional principles and concerns the fundamental liberties of millions of American citizens. In light of the Supreme Court's intervening decision in *Bruen*, counsel was required to advance a historical argument and survey the laws from the original colonies and the states of 1791 as well as subsequent laws concerning firearms regulation. Generally speaking, this case presents one of the more complex constitutional questions concerning the Second Amendment and comes at a time when the precedent concerning the issue has changed in a very short timeframe. As a result, this factor should also weigh in favor of a finding of reasonableness.

### 5. The Risk of Nonpayment Supports The Requested Fee.

Had the Plaintiffs proven unsuccessful in this matter, counsel would have received no payment whatsoever and would have born the costs of litigation as he did previously following the vacatur of *Hirschfeld, et al. v. BATFE, et al.*, 5 F.4th 407 (4th Cir. 2021). The amount of time, filing fees, costs, travel, and preparation would have been all for naught had the case not proven successful. As a result, this factor must weigh in favor of reasonableness.

### 6. Awards In Comparable Cases Support The Requested Fee.

Civil rights litigation involving matters such as voting rights have resulted in fee awards that reach into the millions of dollars. *See, e.g.*, *Veasey v. Abbott*, 13 F.4th 362 (5th Cir. 2021) (upholding $6.7 million in fees). The current request for $107,368.50 is not an unreasonable amount in light of the fact that the Class and injunctive relief addresses the violation of fundamental liberties for millions of citizens as guaranteed by the Second Amendment.

7. **The Time and Labor Expended Support The Requested Fee.**

a. **Class Counsel's Lodestar Multiplier Is Reasonable and Appropriately Rewards and Incentivizes Counsel for Efficient Work.**

Since fee awards are designed to encourage efficient litigation and great results, which Class Counsel believes to have been accomplished here, courts recognize that the fee award should "include a reward or enhancement beyond the lodestar figure to account for the difficulty of the case, the degree of success achieved, and other qualitative factors." *MicroStrategy*, 172 F. Supp. 2d at 787. Overall, the awarding of fees "contemplate[s] the exercise of sound judgment by the trial court in adjusting the lodestar figure after a qualitative assessment of various factors[.]" *Id*. Each of those factors, along with the Court's careful analysis in *Skochin v. Genworth Fin., Inc.*, No. 3:19-cv-49-REP, 2020 WL 6536140 (E.D. Va. Nov. 5, 2020), supports the requested fee. Counsel is not seeking a multiplier at this stage of litigation but merely for all of his recorded time be compensated at the below-market rate of $465. He has already discounted those hours spent on the motion for class certification by Justin Fraser that was denied due to mootness. Otherwise, all other filings in this case are compensable based on the merits and success. Counsel has attached Exhibit A which generally summarizes the categories of time associated with particular efforts.

b. **Class Counsel's Hours and Rates Are Reasonable.**

Although courts need not apply "exhaustive scrutiny" to Class Counsel's lodestar and "may accept the hours estimates provided by Lead Counsel[,]" *Phillips v. Triad Guar. Inc.*, No. 1:09CV71, 2016 WL 2636289, at *7 (M.D.N.C. May 9, 2016), courts may "examine [the lodestar's] components and assess their reasonableness[,]" *MicroStrategy*, 172 F. Supp. 2d at 788. Here, Class Counsel's hours and rates are reasonable for practitioners in this area of the law. First, the more 230.9 hours committed to this action to date are reasonable in light of the degree of difficulty involved in prosecuting this complicated constitutional case against the United States.

8

Class Counsel's hours demonstrate that he litigated this action with exceptional efficiency and had every reason to have it resolved in a timely fashion due to the temporal elements of the laws at issue. The lodestar accrued in this case was warranted and is not duplicative work. For example, while drafting similar complaints in the *Hirschfeld* case certainly streamlined that effort here, Class Counsel still had to fundamentally reform the Complaints and motions for summary judgment, as well as draft motions for class certification and injunctive relief that were not necessary in the past. He also had brand new arguments and historical references to address in briefs in opposition to the Defendants motion due to materially different factors such as the *Bruen* opinion and new success in the trial court. In doing so, Class Counsel needed to amend, draft, and address entirely new arguments and filings that are all specific to these named Plaintiffs, this Class, and this Court in a post-*Bruen* era. In the end, Class Counsel was able to do this work more efficiently given his work in the prior cases, but this case still required its own, independent efforts that justify the requested fees. Second, Class Counsel's rates are "within the range of reasonableness*." In re MicroStrategy, Inc.*, 172 F. Supp. 2d 778, 788 (E.D. Va. 2001). Class Counsel's rates are lower than the standard set by private firms in the Richmond market. As a result, these factors must weigh in favor of a finding of reasonableness.

### IV. Class Counsel's Litigation Expenses Are Reasonable and Were Necessarily Incurred.

Class Counsel seeks an award of $918.3 in litigation expenses. Class Counsel's expenses and charges are set forth in the accompanying firm declarations in Exhibit B. The "items of costs reported include expenditures for travel, filing fees, and the court reporter and they bear a reasonable relationship to the time and effort expended and the result achieved.

### V. Conclusion.

WHEREFORE, the named Plaintiffs, the Class, and their undersigned Class Counsel respectfully request for this honorable Court to GRANT their petition for attorney's fees and award an amount of reasonable fees to awarded in the total amount of $107,368.50 and costs in the amount of $918.30 and any other relief that this Court may deem reasonable and appropriate.

Respectfully submitted,

_____/s_____
Elliott M. Harding
*Counsel for the Plaintiffs*
Harding Counsel, PLLC
1260 Clifden Greene,
Charlottesville, VA 22901
P: 434-962-8465
E: Elliott@HardingCounsel.com

**CERTIFICATE OF SERVICE**

On September 14, 2023, I electronically submitted the foregoing document with the clerk of court for the United States District Court for the Eastern District of Virginia using the electronic case filing system of the court. I hereby certify that I have served all counsel of record electronically.

Respectfully submitted,

_____/s_____
Elliott M. Harding
*Counsel for the Plaintiffs*
Harding Counsel, PLLC
1260 Clifden Greene,
Charlottesville, VA 22901
P: 434-962-8465
E: Elliott@HardingCounsel.com